IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN DELAHOY, MARY DUNAHOE, FRANK TASTINGER, TERRY TIGHE, JOANNE MICHANOWICZ, CORY HIGHTOWER, and ERIC BOSCH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Defendants. | Case 2:22-cv-04132-CCC-CLW<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Marilyn Delahoy, Mary Dunahoe, Frank Tastinger, Terry Tighe, Joanne Michanowicz, Eric Bosch, and Cory Hightower, individually and on behalf of all others similarly situated (the "Class"), through their undersigned counsel, allege as follows against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together "Samsung").

## INTRODUCTION

1. Plaintiffs and the Class are purchasers of Samsung gas and electric ranges (the "Ranges") that include dangerous latent defects in the design of their front-mounted burner control knobs that make the Ranges susceptible to unintentional

1

actuation (the "Defect"). The control knobs on the Ranges are prone to, and do, rotate as a result of minor, inadvertent contact. When the knobs on the Ranges are accidentally and inadvertently contacted, the Ranges actuate without warning and cause the ignition of gas Range burners and heating of electric Range cooktops unbeknownst to the consumer. This unintentional actuation of the Ranges thus creates hazardous conditions—leaking gas or heating electric cooktops to extreme temperatures—and serious risk of fire, property damage, and personal injury.

2.    The Ranges span several model numbers, but they all contain the same defect and are all subject to unintentional actuation.

3.    The defective condition of the Ranges is the result of the low detent (catch that prevents motion until released) force and tiny distance the burner control knobs need to travel to be turned to the "on" position, which is inadequate to prevent unintentional actuation. In other words, the ease with which the knobs can be pushed in and rotated without resistance fails to prevent the Ranges from being actuated inadvertently.

4.    As Samsung acknowledges, this two-factor actuation mechanism is required by international standards. Samsung's own user manuals also instruct that consumers must both push and turn the control knobs to actuate the Ranges. But, in practice, this does not prove to be the case.

5.    Further, the control knobs are placed on the Ranges without the necessary

2

guards to prevent such unintentional actuation.

6.      The propensity of the Ranges to be unintentionally actuated—*i.e.*, turned on by accident—creates a significant and largely unappreciated safety risk for Plaintiffs and the Class.  This defective condition renders the Ranges hazardous and unsafe for normal and expected use.  The Defect substantially impedes the central function of the Ranges, which serve one purpose: safe cooking.

7.      Since at least 2014, Samsung has known that its Ranges were susceptible to unintentional actuation.  Consumers have filed numerous incident reports about the Defect with the U.S. Consumer Product Safety Commission (the "CPSC").  Consumers have also filed complaints with Samsung directly via product reviews and online community forums.

8.      In addition, Samsung has expressly admitted that the Ranges contain a defective and dangerous condition, as it maintains a page on its website titled "Range knobs accidentally turn on cooktop too easily," the existence of which further confirms the company's knowledge of the Defect.

9.      Despite this admission—and rather than curing the Defect—Samsung has instead elected to conceal it from Plaintiffs and the Class by including misleading information in the above-described web page.  On that page, Samsung falsely claims that, despite the unintentional actuation and safety hazards they present, the Range knobs are compliant with applicable international standards.

10. Samsung also advises consumers that they can purchase after-market third-party cooktop knob covers or locks to circumvent the inherently defective design of the knobs. Again, instead of curing the Defect.

11. More recently, Samsung has updated the above web page to inform Range owners that they can purchase replacement knobs from Samsung to guard against the Defect at an additional cost to the consumer—brazenly seeking to profit from a serious safety hazard that Samsung itself created.

12. Because of Samsung's false and misleading statements, and the company's concealment of the Defect, Plaintiffs and the Class were deceived and deprived of the benefit of their bargain. A range that turns on without a consumer's knowledge has no value because it cannot be used safely. Alternatively, the Ranges have far less value than promised at the point of sale, because a range prone to unintentional actuation, and the attendant risk of harm, is less valuable than one that operates safely.

13. The below allegations are based upon personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

14. This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the Class is a citizen of a state different from that of Defendants, (b) the amount in controversy exceeds

4

$5,000,000, exclusive of interest and costs, (c) the Class consists of more than 100 class members, and (d) none of the exceptions under 28 U.S.C. § 1332(d) applies to this action.

15.    The United States District Court for the District of New Jersey has jurisdiction over Defendants because they reside and transact business in New Jersey, have purposely availed themselves of the laws of New Jersey, and because many of the specific events giving rise to this action occurred in New Jersey.

16.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Defendants have marketed, advertised, and sold the Ranges, and otherwise conducted extensive business, within this District. In addition, both Defendants' principal place of business is in Ridgefield Park, New Jersey.

## PARTIES

17.    Plaintiff Marilyn Delahoy is a citizen and resident of Niagara Falls, New York.

18.    Plaintiff Mary Dunahoe is a citizen and resident of Whitehouse, Texas.

19.    Plaintiff Frank Tastinger is a citizen and resident of Sunrise, Florida.

20.    Plaintiff Terry Tighe is a citizen and resident of Springfield, Nebraska.

21.    Plaintiff Joanne Michanowicz is a citizen and resident of Ellsworth, Michigan.

22.    Plaintiff Cory Hightower is a citizen and resident of San Jose, California.

23.    Plaintiff Eric Bosch is a citizen and resident of Lee Summit, Missouri.

24.    Defendant Samsung Electronics Co., Ltd. ("SECL") is a South Korean multinational corporation located in Seoul, South Korea. SECL designs, manufactures, and distributes Ranges for sale in this jurisdiction. According to samsung.com, SECL's "North America Headquarters" is in Ridgefield Park, New Jersey. SECL also regularly monitors its wholly owned subsidiaries' financial risk arising from operating activities and regularly dispatches financial risk managers to its regional headquarters in the United States.

25.    SECL is and has at all times relevant been in the business of manufacturing, distributing, marketing, promoting, and selling the Ranges throughout the United States and in this jurisdiction. SECL purposely directs its conduct toward this District and engages in a continuous course of business in this District, both by intentionally locating its wholly owned subsidiary in this District and by selling thousands of ranges and other consumer goods in this District every year.

26.    Defendant Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary of SECL. SEA is a New York corporation with its headquarters in Ridgefield Park, New Jersey. SEA warranties products designed, manufactured, and distributed by SECL, and it acts as SECL's agent in the processing of warranty claims related to defects in manufacturing or materials used by SECL during the

manufacturing process.

27.    SEA is and has at all relevant times been in the business of distributing, marketing, promoting, and selling the Ranges described herein throughout the United States and in this jurisdiction. SEA resides in and engages in a continuous course of business in this District and sells thousands of ranges and other consumer goods in this District every year.

28.    SECL and SEA (collectively, "Defendants" and/or "Samsung") are in the business of manufacturing, producing, distributing, and selling consumer appliances, including Ranges, to customers throughout the United States, both directly and through its network of authorized resellers.

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

### A.    Plaintiff Delahoy

29.    In or around October 2019, Ms. Delahoy purchased a new Samsung Range Model Number NE58F9710WS from Orville's—an authorized Samsung reseller—in Amherst, New York for $1,096.00.

30.    Ms. Delahoy reviewed Samsung marketing materials before she purchased her Range.  She was persuaded to purchase the Range because Samsung's placement of the knob controls on the Range's front, rather than above its cooktop, appeared to make it safer.  Indeed, front-mounted knobs allowed Ms. Delahoy to control the cooktop's temperature without having to reach across the Range.

31.    Ms. Delahoy was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Delahoy would not have purchased her Range.

32.    Ms. Delahoy purchased the Range for personal, family, or household use.

33.    Ms. Delahoy uses, and at all times has used, her Range in a normal and expected manner.

34.    Ms. Delahoy began noticing that her Range was being turned on inadvertently in the spring of 2021, when contractors working in her kitchen unintentionally actuated it on two separate occasions.

35.    In early 2022, for example, Ms. Delahoy inadvertently actuated the Range herself while she was cooking.  The cooktop heated while Ms. Delahoy had bacon grease cooling on what she thought was an inactive back burner.  She did not realize the back burner of the Range had been activated until she heard bacon grease cracking and saw it splattering all over her kitchen.  In handling this emergency, however, Ms. Delahoy burned her arm, which lead to a blister than has now become a scar:

8



36.     Just weeks after, Ms. Delahoy's Range was unintentionally actuated by a guest attempting to serve themself a slice of pizza.  Ms. Delahoy and her guests soon began to smell smoke in her nearby living room.  Ms. Delahoy quickly returned to the kitchen, where she found that the pizza box had caught fire from her Range's burner.  Ms. Delahoy disposed of the burning box in the snow outside her house.

37.     Shortly thereafter, Ms. Delahoy contacted Samsung about her Range and the Defect.

38.     At that time, a Samsung representative told her that it was interested in her claim and, also, that the company would send out a technician to repair her Range.

39.     While visiting the Delahoy home on or about March 1, 2022, the Samsung technician told her that the burner controls were compliant with Samsung's intended design—but also agreed that they were dangerous.  The technician promised to escalate Ms. Delahoy's concerns to Samsung's Research & Development Division.  He also

further suggested that Ms. Delahoy purchase knob covers for her burner controls and advised that Samsung might be able to send her a set of such covers.

40.    Ms. Delahoy told the Samsung technician that this Range should be recalled because its poor design would eventually cause a fire leading to someone's death.

41.    Despite Ms. Delahoy's input, and the Samsung technician's assurances that he would escalate the issue and provide knob covers, she still has not received any fix to the Defect.

42.    Rather, Ms. Delahoy received only an email from Samsung's Specialty Claims department informing her that the technician was unable to find manufacturing defects in her Range and that Samsung was not able to proceed with any additional accommodations.

43.    In early June 2022, Ms. Delahoy was using a 7-gallon stock pot on her Range to simmer (using the "low" setting) 60 meatballs, 2 racks of spare ribs, 8 chicken thighs, and Italian sausage in a large volume of homemade spaghetti sauce.

44.    Following the scent, Ms. Delahoy's dog attempted to hoist itself up on the Range to see what was cooking; in doing so, the dog hit the burner knob onto "high."

45.    Plaintiff Delahoy noticed the change too late, so everything in the pot ended up burning and the pot itself was badly scorched.  Had Plaintiff Delahoy not noticed that the burner was on high until later, it possibly could have started a fire.

46.     Ms. Delahoy and her family continue to use the stove; however, when not in use, Ms. Delahoy removes all the front-mounted burner control knobs as a safety precaution.

47.     Before purchasing her Range, Ms. Delahoy did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Delahoy would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Delahoy has suffered significant economic injury.

### B.     Plaintiff Dunahoe

48.     On or around December 31, 2017, Ms. Dunahoe purchased a new Samsung Range Model Number NE58K9430SS from Lowe's—an authorized Samsung reseller—in Tyler, Texas for approximately $900.

49.     Ms. Dunahoe reviewed Samsung marketing materials before she purchased her Range.

50.     Ms. Dunahoe was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Dunahoe would

not have purchased her Range.

51.     Ms. Dunahoe purchased the Range for personal, family, or household use.

52.     Ms. Dunahoe uses, and at all times has used, her Range in a normal and expected manner.

53.     Mr. Dunahoe and her family began noticing that her Range was being turned on inadvertently within months of it being installed.  They noted that just brushing up against the front-mounted control knobs or lightly cleaning the Range could actuate it and activate the burners.  Ms. Dunahoe and her family tried to warn everyone who visited their home about this safety hazard.

54.     In or around November 2018, Ms. Dunahoe's 12-year-old grandson unintentionally actuated her Range while leaning up to get brownies that were cooling on the cooktop.  At that time, Ms. Dunahoe was in the master bathroom.  Ms. Dunahoe soon smelled smoke and, upon arriving in the kitchen, found the source of it to be the melted, oven-ready plastic plate on which the brownies were cooling.  The smoke in the kitchen left soot everywhere and required significant cleaning.  It also damaged surrounding décor, china, and the cooktop itself.

55.     On another occasion, Ms. Dunahoe inadvertently actuated her Range when she was bringing in groceries.  Ms. Dunahoe noticed that a plastic bag was burning when she came back to the house after unloading another bag from her vehicle. The vegetables in the burnt plastic bag were ruined.

56.     Ms. Dunahoe and her family continue to use the stove but have placed a makeshift guard across the Range's front-mounted burner controls in an effort to prevent unintentional actuation.  In addition, Ms. Dunahoe removes the Range knobs when she is not using the appliance.

57.     Before purchasing her Range, Ms. Dunahoe did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Dunahoe would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Dunahoe has suffered significant economic injury.

### C.     Plaintiff Tastinger

58.     In or around February 2021, Mr. Tastinger purchased a new Samsung Range Model Number NE63T8711SG from BrandsMart—an authorized Samsung reseller—in Sunrise, Florida for $1399.88.

59.     Mr. Tastinger reviewed Samsung marketing materials before he purchased his Range.

60.     Mr. Tastinger was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials

13

and workmanship for one year.  Absent this warranty, Mr. Tastinger would not have purchased his Range.

61.    Mr. Tastinger purchased the Range for personal, family, or household use.

62.    Mr. Tastinger uses, and at all times has used, his Range in a normal and expected manner.

63.    Mr. Tastinger began noticing that his Range was being turned on inadvertently within weeks of it being installed.

64.    In November 2021, Mr. Tastinger's Range actuated inadvertently while contractors were installing an overhead microwave.  A bath towel had been placed on the Range's cooktop during the microwave installation to prevent scratches and other damage.  That towel unfortunately caught fire from the hot cooktop that was actuated unintentionally.  Mr. Tastinger smelled the burning towel and pulled it off the cooktop and threw it in the sink before a more significant fire could spread.

65.    Mr. Tastinger contacted Samsung by phone about his Range and the Defect.  The Samsung representative informed him that he could purchase knobs that would prevent the unintentional actuation but failed to take Mr. Tastinger's information or provide further guidance.

66.    Before purchasing his Range, Mr. Tastinger did not and could not have known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to his purchase of the Range on the product's packaging, in promotional and

marketing materials, in the accompanying print materials, or through some other means, Mr. Tastinger would not have purchased the Range or would have paid substantially less. As a direct result of Samsung's conduct, Mr. Tastinger has suffered significant economic injury.

### D.    Plaintiff Tighe

67.    On December 6, 2020, Mr. Tighe purchased a new Samsung Range Model Number NE63T8751SS from Nebraska Furniture Mart—an authorized Samsung reseller—in Omaha, Nebraska for $2,399.00.

68.    Mr. Tighe reviewed Samsung marketing materials before he purchased his Range.

69.    Mr. Tighe was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year. Absent this warranty, Mr. Tighe would not have purchased his Range.

70.    Mr. Tighe purchased the Range for personal, family, or household use.

71.    Mr. Tighe uses, and at all times has used, his Range in a normal and expected manner.

72.    In or around March 2021, a child bumped into the Range while getting snacks and inadvertently activated the Range's cooktop. A wooden noodle board had

been placed on top of the Range by Mr. Tighe to prevent the glass cooktop from getting cracked or otherwise damaged.  When the child unintentionally actuated the Range, however, the noodle board began smoldering.  Mr. Tighe eventually smelled smoke and found that it was emanating from his Range.  Fortunately, Mr. Tighe intervened before suffering extensive property damage or personal injury.

73.    Mr. Tighe and his family continue to use the Range but now place a folding card table in front it to act as a guard against unintentional actuation of the Range's front-mounted burner controls.  Mr. Tighe and his family also constantly check to see if the Range is off.

74.    Before purchasing his Range, Mr. Tighe did not and could not have known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to his purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Mr. Tighe would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Mr. Tighe has suffered significant economic injury.

### E.    Plaintiff Michanowicz

75.    On or around February 27, 2018, Ms. Michanowicz purchased a new Samsung Range Model Number NX58H5600SS from Home Depot—an authorized Samsung reseller—in Gaylord, Michigan for $687.83.

16

76.     Ms. Michanowicz' s Range was delivered and installed a few weeks after she purchased it.

77.     Ms. Michanowicz reviewed Samsung marketing materials before she purchased her Range.

78.     Ms. Michanowicz was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Michanowicz would not have purchased her Range.

79.     Ms. Michanowicz purchased the Range for personal, family, or household use.

80.     Ms. Michanowicz uses, and at all times has used, her Range in a normal and expected manner.

81.     Ms. Michanowicz noticed her Range was being unintentionally actuated within months of its installation.  She noticed that if she bumped into the Range or leaned over it, it would turn on extremely easily.

82.     Ms. Michanowicz continues to use the Range but is very cautious around it and watches carefully when others are near it.  She is particularly concerned about young children playing in the vicinity of the Range.

83.     Ms. Michanowicz purchased replacement knobs from Amazon, that are

identical to the original knobs, but the replacement knobs did not cure the unintentional actuation issue.

84.    Before purchasing her Range, Ms. Michanowicz did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Michanowicz would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Michanowicz has suffered significant economic injury.

**F.    Plaintiff Hightower**

85.    On or around February 18, 2021, Ms. Hightower purchased a new Samsung Range, Model No. NE63T8311SS from Costco—an authorized Samsung reseller—online for $1,099.99.

86.    Ms. Hightower reviewed Samsung marketing materials before she purchased her Range.

87.    Ms. Hightower was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Hightower would not have purchased her Range.

88.     Ms. Hightower purchased the Range for personal, family, or household use.

89.     Ms. Hightower uses, and at all times has used, her Range in a normal and expected manner.

90.     Ms. Hightower noticed that her Range could be turned on inadvertently when a cutting board on the stovetop was burned after a control knob was inadvertently actuated and the cooktop began heating.

91.     In May or June of 2022, Ms. Hightower reached out to Costco regarding the Defect. Upon information and belief, Costco immediately or soon after reached out to Samsung about Ms. Hightower's complaint, but Samsung failed to provide a sufficient remedy to cure the Defect.

92.     Before purchasing her Range, Ms. Hightower did not and could not have known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Hightower would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Hightower has suffered significant economic injury.

**G.     Plaintiff Bosch**

93.     On or around April 25, 2020, Mr. Bosch purchased a new Samsung Range

Model Number NE58K9430SS from Lowe's—an authorized Samsung reseller—in Lee Summit, Missouri for approximately $800.00.

94.    Mr. Bosch reviewed Samsung marketing materials before he purchased his Range.

95.    Mr. Bosch was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Mr. Bosch would not have purchased his Range.

96.    Mr. Bosch purchased the Range for personal, family, or household use.

97.    Mr. Bosch uses, and at all times has used, his Range in a normal and expected manner.

98.    Soon after installation, Mr. Bosch noticed that nearly anyone walking by the front-burner control knobs ran the risk of causing the Range to actuate.  On one occasion, the unintentional activation of the Range resulted in a small box, which was resting on it, catching fire.  Fortunately, Mr. Bosch was able to put out the fire before significant damage to property or person occurred.

99.    Mr. Bosch and his family continue to use the Range but use a makeshift guard to prevent inadvertent actuation of the Range's front-mounted burner controls.

100.    Before purchasing his Range, Mr. Bosch did not and could not have

known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to his purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Mr. Bosch would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Mr. Bosch has suffered significant economic injury.

<strong>FACTUAL ALLEGATIONS COMMON TO THE CLASS</strong>

**H.    The Ranges**

101.   The Ranges all have front-mounted knobs that control their burners, for example:[1]

---

[1]    In clockwise/descending order: https://www.samsung.com/us/home-appliances/ranges/electric/ne58f9710ws-slide-in-electric-range-with-flex-duo-oven-ne58f9710ws-aa/ (Model Number NE58F9710WS, which is the model owned by Plaintiff Delahoy); https://www.samsung.com/us/home-appliances/ranges/electric/ne58k9430ss-5-8-cu-ft-slide-in-electric-range-ne58k9430ss-aa/ (Model Number NE58K9430SS, which is the model owned by Plaintiff Dunahoe); https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu-ft-front-control-slide-in-electric-range-with-smart-dial-air-fry-wi-fi-in-black-stainless-steel-ne63t8711sg-aa/ (Model Number NE63T8711SG, which is the model owned by Plaintiff Tastinger); https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-smart-dial--air-fry---wi-fi-in-stainless-steel-ne63t8751ss-aa/ (Model Number NE63T8751SS, which is the model owned by Plaintiff Tighe); https://www.samsung.com/us/home-appliances/ranges/gas/nx58h5600ss-gas-range-with-convection-nx58h5600ss-aa/ (Model Number NX58H5600SS, which is the model owned by Plaintiff Michanowicz); https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-convection-in-stainless-steel-ne63t8311ss-aa/ (Model Number NE63T8311SS, which

21







---

is the model owned by Plaintiff Hightower).

 

102. The models at-issue include, but are not limited to: NE58F9500SS, NE58F9710WS, NE58H9950WS, NE58K9430SS, NE58K9500SG, NE58K9850WG, NE58R9311SS, NE63T8511SS, NE63T8711SS, NE63T8511SG, NE63T8311SS, NE63T8711SG, NE63T8111SG, NE63T8311SG, NE63T8751SG, NE63T8751SS, NE58R9431ST, FX710BGS, NX584311SG, NX58F5500SW, NX58H5600SS, NX58M6630SS, NX58M9420SS, NX60A6711SS, NX58R5601SG, NX58R6631ST, and all other models (discontinued or still available for sale) containing substantially similar front-mounted burner controls.

103. The National Home Builders Association states that the useful life of a gas range is 15 to 23 years, with 19 years being the average.[2] The National Home

---

[2] https://www.mrappliance.com/expert-tips/appliance-life-guide/.

Builders Association also states that the useful life of an electric range is 13 to 20 years, with 16 years being the average.[3]

## I.    The Defect

104.    Consumers reasonably expect that Ranges can only be actuated by intentional and deliberate action. Stated another way, consumers would not anticipate that inadvertent contact with a Range's burner controls—while cooking or performing other activities in its proximity, or by pets or children—will actuate the Range. However, because of the Defect, inadvertent contact with the burner controls may, and has, resulted in unintended actuation of Ranges.  Indeed, inadvertent contact with burner controls by pets and children has caused Ranges to actuate and create fires and emit deadly gases.[4]

105.    Unfortunately, and unbeknownst to consumers, because of the Defect, each knob actuates the Ranges through a single smooth motion—a push motion with a twist—requiring minimal force and distance.   This design is susceptible to unintentional actuation rendering the Ranges dangerously defective.

106.    The process to actuate a Range should and is intended to be the result of two separate and distinct purposeful actions: a first action (pushing the control knob in), followed by a second action (rotating the knob to the desired heating level).

---

[3] *Id.*

[4] https://www.youtube.com/watch?v=K2GFZoAW-a0.

107.    The user manuals for the Ranges purchased by Plaintiffs describe the process as such:[5]

_____

[5]    In the following order from top to bottom: https://downloadcenter.samsung.com/content/UM/201903/20190314220034725/NE58F9710WS_AA_AC_DG68-00506A-13_EN-MES-CFR_WEB.pdf    (Warranty for Model Number NE58F9710WS, which is the model owned by Plaintiff Delahoy); https://downloadcenter.samsung.com/content/UM/201903/20190319151425876/NE58K9430SS_AA_AC_DG68-00721A-06_EN-CFR.pdf (Warranty for Model Number NE58K9430SS, which is the model owned by Plaintiffs Dunahoe and Bosch); https://downloadcenter.samsung.com/content/UM/202112/20211214153015960/NE63T8711_AA_DG68-01209A-07_EN-MES-CFR_211207.pdf (Warranty for Model Number NE63T8711SG, which is the model owned by Plaintiff Tastinger); https://downloadcenter.samsung.com/content/UM/202107/20210716111032090/NE63T8751_AA_DG68-01208A-05_EN-MES-CFR_210702.pdf (Warranty for Model Number NE63T8751SS, which is the model owned by Plaintiff Tighe); https://downloadcenter.samsung.com/content/UM/202103/20210308173903855/NX58H5_Series_AA_DG68-00526A-15_EN.pdf    (Warranty    for    Model    Number NX58H5600SS, which is the model owned by Plaintiff Michanowicz); https://downloadcenter.samsung.com/content/UM/202103/20210322170025699/NE63T831_AA_DG68-01211A-04_EN-MES-CFR_210315.pdf (Warranty for Model Number NE63T8311SS, which is the model owned by Plaintiff Hightower).

25

## HOW TO SET THE APPLIANCE FOR SURFACE COOKING

 CAUTION
- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

### Single surface unit control knob (left rear, right rear)

1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.



### Bridge surface unit control knob (left front)

1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the single surface unit, turn the control knob to the single burner setting.
   - To use the bridge surface unit, turn the control knob to the bridge burner setting.



### Triple surface unit control knob (right front)

The triple surface unit has 3 cooking sizes to select from so you can match the size of the cooking area to the size of the cookware you are using.

1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** settings.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** settings.
   - To use the small surface unit, turn the control knob to the **small burner (C)** settings.



 If you removed knob for cleaning, insert it after check to direction. (refer to above figure)

**English - 36**

26

 The area on the knob between the high and off settings is not appropriate for cooking.

## Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

## Using the warming center

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

 • **The surface warmer will not glow red like the cooking elements.**

 • Do not warm food on the warming center for more than two hours.
   • Use only cookware and dishes recommended as safe for oven and cooktop use.
   • Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
   • When warming pastries and breads, use covers that have an opening to allow moisture to escape.
   • Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
   • Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
   • Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

1. Turn the warming center on.
   Press **Warming Center On/Off**.

2. Select the power setting you want.
   Press **Warming Center Level** once to set it to the Level 1 setting. Press the pad twice for the Level 2 setting, 3 times for Level 3.

3. Turn the warming center off.
   Press **Warming Center On/Off**.

• Pressing **Oven Off** does not turn the warming center off.
• For best results, all foods on the warming center should be covered with a lid or aluminum foil. When warming pastries or breads, the lid or foil should be vented to allow moisture to escape.

## Recommended settings

| LEVEL | TYPE OF FOOD |
|---|---|
| 1 | Breads/pastries, casseroles, gravies, eggs |
| 2 | Dinner plate with foods, soups (cream), vegetables, sauces, stews, meats |
| 3 | Fried foods, soups (liquid), hot beverages |

English - 37

08 SURFACE COOKING

**Cooking areas**

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- Pans should not extend more than ¹/₂" to 1" beyond the cooking area.
- When a control is turned on, a glow can be seen through the glass cooking surface. The element will cycle on and off to maintain the preset heat setting, even at high settings.
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 22.

**How to set the appliance for cooktop cooking**

⚠ CAUTION

- The surface elements may be hot and burns may occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Surface unit control knob**





Single (Left rear, Right rear)    Dual (Left front, Right front)

1. Push the knob in.
2. Turn in either direction to the setting you want.
   - Position A : Single burner
   - Position B : Dual burner

ⓘ NOTE

If you remove a knob for cleaning, make sure you re-attach it in the correct orientation. Refer to the figure on the previous page.

⚠ CAUTION

The area between the high and off settings is not appropriate for cooking.

**Recommended settings**

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping food warm, melting, simmering |

**Using the warming center**

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

ⓘ NOTE

The surface warmer will not glow red like the cooking elements.

⚠ CAUTION

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, the cover should have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.

Surface cooking

English  21

# Surface cooking

**Hot surface indicator**

- Comes on when the unit is turned on or hot to the touch.
- Stays on even after the unit is turned off.
- Glows until the unit is cooled to approximately 150 °F.

**Cooking areas**

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- **Pans should not extend more than ½" to 1" beyond the cooking area.**
- When a control is turned on, you can see a glow through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 26.

## How to set the appliance for surface cooking

⚠ CAUTION

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Single surface unit control knob (Left Rear, Right Rear)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.

**Dual surface unit control knob (Left Front)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

24  English

**Triple surface unit control knob (Right Front)**



The triple surface unit has 3 cooking sizes to select from so you can match the size of the cooking area to the size of the cookware you are using.
1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** settings.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** settings.
   - To use the small surface unit, turn the control knob to the **small burner (C)** settings.

🛈 NOTE

If you remove the knob for cleaning, make sure to reattach it in the correct orientation. (Refer to the illustration above.)

⚠ CAUTION

- Please note, operation of lighting knob may not synchronize with the actual operation of the radiant heater when there is a problem with the product.
- The area on the knob between the high and off settings is not appropriate for cooking.

## Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

## Using the warming center

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

🛈 NOTE

The surface warmer will not glow red like the cooking elements.

⚠ CAUTION

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, use covers that have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
- Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
- Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

Surface cooking

## Surface cooking

**Hot surface indicator**

- Comes on when the unit is turned on or hot to the touch.
- Stays on even after the unit is turned off.
- Glows until the unit is cooled to approximately 150 °F.

**Cooking areas**

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- **Pans should not extend more than ½" to 1" beyond the cooking area.**
- When a control is turned on, you can see a glow through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 26.

### How to set the appliance for surface cooking

⚠ CAUTION

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Single surface unit control knob (Left Rear, Right Rear)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.

**Dual surface unit control knob (Left Front)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

---

**Triple surface unit control knob (Right Front)**



The triple surface unit has 3 cooking sizes to select from so you can match the size of the cooking area to the size of the cookware you are using.
1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** settings.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** settings.
   - To use the small surface unit, turn the control knob to the **small burner (C)** settings.

ⓘ NOTE

If you remove the knob for cleaning, make sure to reattach it in the correct orientation. (Refer to the illustration above.)

⚠ CAUTION

- Please note, operation of lighting knob may not synchronize with the actual operation of the radiant heater when there is a problem with the product.
- The area on the knob between the high and off settings is not appropriate for cooking.

### Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

**Using the warming center**

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

ⓘ NOTE

The surface warmer will not glow red like the cooking elements.

⚠ CAUTION

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, use covers that have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
- Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
- Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

30

# Surface cooking

**⚠ WARNING**

BEFORE USING THE SURFACE BURNERS, make sure to follow all the safety warnings and precautions listed on page **6**. Failure to do so could result in product damage, personal injury, and/or death.

### Lighting a gas surface burner

Make sure all surface burners are positioned and assembled properly.

 

1. Push in and turn the control knob to the LITE position. You will hear a "clicking" sound indicating the electronic ignition system is working properly.
2. After the surface burner lights, turn the control knob to adjust the power setting of the surface burner and turn off the electronic ignition system.

**☉ NOTE**

We highly recommend using the left rear side burner for simmering tomato sauce and right rear side burner for melting chocolate.

### Manually lighting a gas surface burner

If a power failure occurs, the surface burners can still be lit manually.

**☉ NOTE**

Use extreme caution when manually lighting a surface burner.

1. Hold a long gas grill lighter to the surface burner you want to light.
2. Push in and turn the control knob for that burner to the LITE position.
3. After the burner has lit, set the control knob and the burner to the desired setting.

### Flame size selection

**⚠ WARNING**

Flames larger than the bottom of the cookware will not result in faster heating, but could result in a fire hazard and/or personal injury.

The flames on the burners should always stay under the cookware. The flames should never extend beyond the bottom surface and/or up the sides of the cookware.

Always watch the flames when adjusting the heat setting with the control knob(s). The flames should always match the size of the cookware being used.

### Gas surface burners and control knobs



Your gas range cooktop has five gas burners. All sealed cooktop burners use an open-port design which provides easy assembly and accurate and dependable operation. The different burner sizes ensure you have the proper heat source for the desired cooking job.

The right rear side burner provides precise cooking performance for delicate foods and foods that require low heat for long cooking times. The right rear side burner lets you use the LO setting for a very low simmer setting.

The left rear side and center round burners are general-purpose burners that can be used for most cooking. The HI to LO settings provide a wide range of cooking temperatures to meet your cooking needs.

## Surface cooking

**Hot surface indicator**

- Comes on when the unit is turned on or hot to the touch.
- Stays on even after the unit is turned off.
- Glows until the unit is cooled to approximately 150 °F.

**Cooktop on/off lamp**

- The lamp turns on when the surface control knobs are not in off position.
- The lamp turns off when the surface control knobs are in off position.

**Cooking areas**

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- **Pans should not extend more than ½" to 1" beyond the cooking area.**
- When a control is turned on, you can see a glow through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 26.

### How to set the appliance for surface cooking

⚠ **CAUTION**

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Single surface unit control knob (Left Rear, Right Rear)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.

---

**Dual surface unit control knob (Left Front, Right Front)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

ⓘ **NOTE**

If you remove the knob for cleaning, make sure to reattach it in the correct orientation. (Refer to the illustration above.)

⚠ **CAUTION**

- Please note, operation of lighting knob may not synchronize with the actual operation of the radiant heater when there is a problem with the product.
- The area on the knob between the high and off settings is not appropriate for cooking.

### Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

**Using the warming center**

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

ⓘ **NOTE**

The surface warmer will not glow red like the cooking elements.

⚠ **CAUTION**

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, use covers that have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
- Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
- Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

108.    However, because of the low detent force and miniscule distance the control knobs need to travel to allow users to actuate their Ranges, the Ranges are often

32

inadvertently actuated by a single continuous motion.

109.   All of the Ranges are also uniformly defective because they all fail to appropriately guard against unintentional actuation.  The design of the Ranges puts no space between the consumer and the hazard.  There are no guards that reduce the risk of unintentional actuation during cleaning or other inadvertent contact made by a user, bystander, child, or pet.

110.   While some of the Ranges may contain an oven handle that could have a guarding effect, its design is wholly insufficient to act as an effective guard or barrier. As an initial matter, the outermost burner control knobs in each of the Ranges protrude further than the oven handles themselves—therefore eliminating any guarding property they may have. Moreover, any such guarding effect is further blunted by the oven handles' rounded (rather than squared) design, which permits inadvertent contact.

111.   The Defect renders Samsung Ranges unusable for their intended central purpose: safe cooking.  Unintentional actuation allows electric cooktops to reach extreme temperatures and gas Ranges to emit toxic fumes; both electric and gas Ranges present a fire risk.

112.   The Ranges are defective at the point of sale. Consumers could not reasonably know about the defect at the point of sale and could not discover the defect with a reasonable investigation at the time of purchase or delivery because a reasonable inspection by a consumer would not reveal whether the materials of the Ranges, the

design of the Ranges, and/or the manufacturing processes related to the Ranges render them unsafe for normal and expected use.

### J.    Samsung's Knowledge of the Defect

113.    At all relevant times, Samsung knew that the Ranges it marketed and sold were prone to unintentional actuation, and, therefore, that the Ranges were inherently defective, unmerchantable, and unfit for their intended use.

114.    Consumers submitted incident reports about the Defect to the U.S. Consumer Product Safety Commission ("CPSC")") as early as 2014.  The following is a sample of those complaints, which demonstrate that Samsung knew about the Defect by at least 2014. The CPSC transmitted all these complaints to Defendants.

115.    Report sent to Samsung on April 21, 2014 regarding a Range Model No. FX710BGS:[6]



**Incident Details**

**Incident Description:** The knobs on the stove do not lock and easily get moved into the gas on position by nudging or when cleaning. We have had them go accidentally many times and didn't know it until someone smelled gas.
**Incident Date:** 4/13/2014
**Incident Location:** Home/Apartment/Condominium

116.    Report sent to Samsung on June 11, 2014 regarding a Range Model No. NE58F9500SS:[7]

---

[6] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1397006
[7] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1406450

---

**Incident Details**

**Incident Description:** I purhased a Model# NE58F9500SS 5.8 cu ft. slide in electric range made by Samsung from The Home Depot in January 2014. It has a glass top. On several occasions either my husband or I have accidentally turned on a burner when leaning against the oven. Luckily, we have not had anything on top of the burner when it was started. However, I am fearful that this could happen and result in a fire. This oven was a replacement for another glass top oven which we had for almost 20 years. It is normal for us to set the mail and/or other items on the stove top when it is not in use. I am reporting this today because my husband accidentally turned on a burner again.

**Incident Date:** 6/3/2014

**Incident Location:** Home/Apartment/Condominium

---

117.    Report sent to Samsung on April 1, 2015 regarding a Range Model No. NE58F9710WS:[8]

---

**Incident Details**

**Incident Description:** On January 9, 2015, I bought a Samsung Electric Range, Model # NE58F9710WS, Serial # J1927DCFA00500T from Best Buy, Norwalk, CT. Unfortunately, this product appears to be very dangerous. I would give this range an good/excellent rating if I wasn't having such a problem with the stovetop controls. Almost every time I am cooking or using the microwave which is installed above the stove, I accidentally turn on a burner by leaning into one of the knobs on the front of the range. On many occasions, I have turned around to smell or feel the heat of the burner, which I unknowingly turned on. I am 5' 5" tall and when using the microwave above the stove, the same thing happens, I've accidentally pressed into a control know and a stovetop burner is accidentally turned on. Also, when wiping the front panel or cleaning the stove, it is easy to turn on the warming drawer at the bottom of the stove. Again, very dangerous. I have almost caused a fire on 2 occasions with this range. I look forward to your reply and a resolution to my problem. I have also emailed Samsung about this problem. Please contact me at the above email address or my cell phone [REDACTED]. Sincerely, [REDACTED]

**Incident Date:** 3/23/2015

**Incident Location:** Home/Apartment/Condominium

---

118.    Report sent to Samsung on April 25, 2017 regarding a Range Model No. NE58K9430SS:[9]

---

**Incident Details**

**Incident Description:** !The new Samsung electric stove that we bought in September and installed with the new kitchen in November has a design flaw-the knobs are too sensitive and turn if bumped into or leaned against. It happened on 3 occasions and we were unaware that the burners were activated, so we had 3 fires already, 2 fires damaged the glass cooktop, and third fire damaged the oven door, and also burned the pots and pans that I was storing in the oven. Samsung sent a technician who suggested that I remove the knobs when the stove is not in use. I explained to him that this stove is a fire hazard, that my husband who is 78 year old and cannot walk steadily can easily bump into the knob again, but technician sent a report to Samsung stating that there is nothing wrong with the stove and that I simply complain that the knobs are too sensitive. I checked the online forums and found that several people also complain about this issue. Samsung refuses to acknowledge the flaw, stating that the fires were caused accidentally by me and therefore the warranty does not apply. I begged them to listen to me, but they said that the only way for me to receive a refund is for the technician to say that it is not repairable. The technician that came today said that he cannot do anything about the knobs, that this is a design flaw, but as far as his position allows him the most that he can do is to try and replace the cooktop and oven door if Samsung approves this repair. I am afraid to live with fire hazard, and want this stove out of my house. I had an [REDACTED] stove for 10 years, the same type as Samsung and never had any issues with it.

**Incident Date:** 12/24/2016

**Incident Location:** Home/Apartment/Condominium

---

119.    Report sent to Samsung on May 17, 2017 regarding a Range Model No.

---

[8] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1474926

[9] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1644104

NE58K9850WG:[10]

> **Incident Details**
>
> **Incident Description:** Hello, I purchased a Samsung 5.8 cu. ft. Slide-In Electric Flex Duo Range with Dual Door (model NE58H9850WG/AA) last fall. It is an oven with a smooth cook-top and burner knobs on the front at roughly counter height. Very shortly after installing it, we noticed that it was very easy to accidentally turn the burners on. The knobs do not have to be depressed to work, and have very little resistance to turning or tactile feedback when they are. Until you feel the heat or see a burner turn red, the only indication that someone has accidentally turned a burner on, is that a light around the knob quietly illuminates. Almost immediately after it was installed, everyone in my family, including the adults, began having incidents of accidentally turning burners on. We implemented rules about being careful around the oven, not reaching over it for things, and not setting anything on the cook-top. However, it is all to easy to set things on a smooth cook top "temporarily" when counter space is full, and unfortunately, this past weekend, as my family was leaving for an all-day school-related trip, one of us (probably one my sons) accidentally brushed up against one of the knobs and turned a burner on as we were walking out the door. Several things had been placed on the cook-top at the time. A small fire smoldered in our house for 10-12 hours until a family member came over that evening to feed our dogs and found pervasive smoke and soot damage throughout the house. Our dogs luckily were fine, but both the insurance adjuster and our fire restoration contractor said our house would have burned down had we not had tiles on the wall behind the oven. We will be out of our house for 4-6 weeks, and the damage (not including hotel lodging and other incidentals) is estimated to be at $30k-$40k. Within a few short months, we--otherwise prudent people--had numerous close calls with this oven, ultimately resulting in a serious house fire. I feel it is an unreasonably dangerous product. Thanks, [REDACTED]
>
> **Incident Date:** 5/13/2017
>
> **Incident Location:** Home/Apartment/Condominium

120.   Report sent to Samsung on August 28, 2017 regarding a Range Model No.

NE58H9950WS:[11]

> **Incident Details**
>
> **Incident Description:** My Samsung slide in range model NE58H9950WS has sensitive electronic controls and it sometimes is accidentally turned on if touched when I lean/reach over it. I was cleaning my countertop around the range when a warming function was accidentally turned on. I heard a very loud and long buzzing sound which I discovered was coming from the range. Smoke was coming from around the range and counter. I tried to turn off the oven warming but was not able to do so. I ran to my electrical breaker box and turned off electricity to stop feeding power to what was clearly an electrical fire. (I was not cooking food or cleaning my oven at the time.) I contacted Samsung because I believe the range is unsafe/defective. They said my 3yr 1mo old range is out of warranty and they have no interest in investigating the electrical safety issue.
>
> **Incident Date:** 7/14/2017
>
> **Incident Location:** Home/Apartment/Condominium

121.   Report sent to Samsung on February 9, 2018 regarding a Model No.

NX58F5500SW:[12]

---

[10] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1664175

[11] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1688225

[12] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1725899

---

**Incident Details**

**Incident Description:** The submitter said the control knobs on the range are extremely sensitive to the touch and it poses a fire hazard. The submitter said sometime in October he had an incident with the knob accidently being touched and gas filled up the house. The submitter said he does not have a good sense of smell and him and his grandson did not notice the gas odor but his wife noticed when she came home. The submitter said they had to open the doors and windows to ventilate the odor. The submitter said there have been other incidents since then but they have been more cautious with checking the range. Many times it happens when him and his wife are grabbing things from the cabinets above the range. The submitter said all five of the knobs have this issue. He said sometimes the knob will turn causing it to ignite and other times it turns causing the burner to release gas. He contacted the firm and notified them of his concerns but they advised him that it was a design of the rnage. The submitter said he asked to speak with their safety department but they told him they didn't have one. The submitter does not feel safe having the range but they refused to provide a replacement or refund. The firm sent a technician to inspect the range and the technician found that the range worked as intended and they did not deem it as unsafe.

**Incident Date:** 10/31/2017

**Incident Location:** Home/Apartment/Condominium

---

122.    Report sent to Samsung on February 9, 2018 regarding a Model No. NE58K9500SG:[13]

---

**Incident Details**

**Incident Description:** Knob on ceramic stove top turned on by itself to high, item on stove top caught fire causing smoke and burning smell This was a Samsung range Model #NE58K9500SG. There are many complaints online reporting the same problem This item is a FIRE HAZARD

**Incident Date:** 12/12/2017

**Incident Location:** Home/Apartment/Condominium

---

123.    Report sent to Samsung on June 22, 2018 regarding a Model No. NX58H5600SS:[14]

---

**Incident Details**

**Incident Description:** Caller bumped the front of the stove before going upstairs for a few moment. After about 20 minutes the caller noticed a strong gas odor coming from the kitchen. Caller noticed the knob was turned and was releasing gas but not igniting. Caller contacted the gas company and they informed her to leave the house immediately and to close the door gently so nothing can ignite the gas. The gas company sent out a technician to clear the gas leak. Caller believes this product is a fire hazard.

**Incident Date:** 3/20/2018

**Incident Location:** Unspecified

---

124.    Report sent to Samsung on February 19, 2019 regarding a Model No. NX58M9420SS:[15]

---

[13] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1719046

[14] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1755044

[15] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1821347

**Incident Details**

**Incident Description:** During my research at Best Buy, for what I was able to afford, I bought a Samsung NX58M9420SS , WITH a regular Bake & Convection Bake and the four different sized burners I didn't need. When the installers came, he cross-treaded the gas pipe causing gas to leak into my house. I called PSEG at 11:30pm on the coldest night of the year and PSEG shut the gas off in my house. With no heat, I used candles and space heaters from keeping the pipes from freezing until I could get to BB on Sunday at 11am and fight with them to give me written permission to hire an outside contractor because their 'techs' did not work on Sunday. 1/1st, the KNOBS ON THIS MODEL ARE VERY DANGEROUS, and a hazard with children, adults, the elderly and anyone wearing "clothing" around it/leaning over, brushing up, bumping, leaning, reaching, will turn on the knobs, click, click and twice I actually turned on the jets on 2 burners while reaching into the upper microwave!!!! The stove went back because the oven would not keep temperature at 350 degrees on the REGULAR bake cycle. You would set the bake temp at 350 degrees - the stove would range from 225 to 400 degrees. How are you to bake at a constant temperature? You will either under cook or over cook what is in the oven The stove went back

**Incident Date:** 1/13/2018

**Incident Location:** Home/Apartment/Condominium

125.   Report sending to Samsung on February 4, 2020 regarding Model No. Model No. NX58M6630SS:[16]

**Incident Details**

**Incident Description:** My samsung range burners turn on just by bumping into the stove. They illuminate when they are turned on. Whiles leaning against the range, the burners come on. This is extremely dangerous. My mother never even turned oven on & she bumped & the flame was on. Often you are not aware you turned stove on. It has happened numerous times. I'm concerned about a fire occurring. I contact Samsung & they sent representative out. They stated it was nothing they can do, since the burners are sensitive. We just have be extra careful. A fire can initiate based on the poor craftsmanship of this product.

**Incident Date:** 12/22/2019

**Incident Location:** Home/Apartment/Condominium

126.   Report sent to Samsung on July 27, 2020 regarding a Model No. NE58R9311SS:[17]

**Incident Details**

**Incident Description:** The control knobs on this stove stick out to a point that are very easy to come into contact with. A sight brush against the knob causes it to turn on. The closest heat level to the Off position is the hottest. Since purchasing it in March 2019 we have had numerous accidental turn-ons. It was purchased at the Kahului, HI Costco store. I read several owner comments who complained about the controls. But the rating was very high. I have reported this problem to Costco, I sent a complaint to Samsung appliance division and I checked their factory parts department to see if they had recessed knobs to fit my stove; they did not. My personal feeling is the knobs are designer overkill. They look nice but are impractical and unsafe. The reason I am sending this complaint is that tonight was the last straw. While preparing the evening meal one knob was brushed and burned part of the meal on the stove. I'm very surprised that children don't cause the burners to turn on. My email is [REDACTED] Thank you [REDACTED]

**Incident Date:** 7/16/2020

**Incident Location:** Home/Apartment/Condominium

127.   Report sent to Samsung on November 2, 2020 regarding a Model No.

---

[16] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1936160

[17] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1996420

NX584311SG:[18]

> **Incident Details**
>
> **Incident Description:** On at least 7 different occasions gas range burner ignited (unintentionally) when walking/working around stove. On one occasion a small explosion burned the hair air of my arm. We have had to evacuate the home when the smell of gas was overwhelming, we found the gas was on without ignitors firing.
>
> **Incident Date:** 9/17/2020
>
> **Incident Location:** Home/Apartment/Condominium

128.   Report sent to Samsung on March 24, 2021 regarding a Model No. NE63T8511SS:[19]

> **Incident Details**
>
> **Incident Description:** I purchased a Samsung front control electric range (NE63T8511SS) on 11/20/2020 and took delivery on 12/26/2020. The range controls on the front are easily activated while brushing against them to place items in the the microwave or cabinets above the range. Though we've caught the burners turning on multiple times, it has twice resulted in kitchen fires and once resulted in a minor burn to my hand.
>
> **Incident Date:** 3/13/2021
>
> **Incident Location:** Home/Apartment/Condominium

129.   Report sent to Samsung on August 2, 2021 regarding a Model No. NE63T8711SS:[20]

> **Incident Details**
>
> **Incident Description:** I bumped into the oven range and the range turned on without my knowledge. It caught a Cardboard box on fire and there was a small fire in my kitchen. The range buttons depress WAY too easily and there is no way to lock them. I have since noticed multiple reviews of the product citing this same concern. I am afraid my dog could turn on the range while I am not at home just by jumping to look up there.
>
> **Incident Date:** 7/24/2021
>
> **Incident Location:** Home/Apartment/Condominium

130.   Report sent to Samsung on September 23, 2021 regarding a Model No. NE63T8111SG:[21]

---

[18] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=2021846

[19] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3114393

[20] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3397184

[21] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3448251

---

**Incident Details**

**Incident Description:** On 5 different occasion my range has turned on and started fires. First time it burnt the drying mat I had placed on the stove top. Second time it melted the items in a bag of groceries that I placed on top of the range. Third time on 7/22/21, it scorched a pan that was on top of the stove. Forth time on 9/9/21, there were flames coming from the back left area of the range top. Fifth time on 9/20/21there were flames from a pizza that was on top of the range. The only damage that has happened so far is the flame marks on the wall that I have repainted over and the discoloration of the stove top. The knob are to sensitive and easily turned on by the slightest touch. My shirt touched the oven controls while cooking and turned the oven on. My kitten has been jumping on the stove and turning the knobs starting the fire. This oven is not safe to have . The last 2 fires have happened during the night and have been woken up by the smoke detectors going off.

**Incident Date:** 9/20/2021

**Incident Location:** Home/Apartment/Condominium

---

131.    Report sent to Samsung on November 8, 2021 regarding a Model No. NE63T8751SG:[22]

---

**Incident Details**

**Incident Description:** The consumer indicates that the cooktop dials are too sensitive and two times already a burner has been turned on without the person's knowledge. One of these times a dish towel was atop the cooktop and caught fire. The other time the consumer was cleaning the oven range when the burner turned on; the consumer was able to turn it off immediately. The consumer contacted the Manufacturer and explained the situation; the representative she spoke to took her information and informed her a representative would be reaching out to her in two days. They did not. She had to call again. The consumer states that both the cooktop and the oven are used approximately three times per week. The consumer plans on keeping her unit for at least the next thirty days in case an investigation ensues. Report Update: They sent out a repairman to investigate. He said basically there wasn't a problem because I could quit bumping, no one or nothing was hurt in fire. I asked why Samsung did not provide knob guards either with stove or those that requested. He said, "Samsung is not in the business of product safety items". He is also checking out oven because even though oven shows for example 400 degrees, everything I've made has either burned or I've taken out early. He did not have a thermocouple with him so he is coming back on Tues, 10/26/2021.

**Incident Date:** 9/15/2021

**Incident Location:** Home/Apartment/Condominium

---

132.    Consumers have also submitted complaints about the Defect directly to Samsung via reviews posted to its website.  A sampling of those complaints is below.

133.    Complaint sent to Samsung 8 years ago regarding a Model No. regarding a Model No. NE58F9500SS:[23]

---

[22] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3461637

[23] https://www.samsung.com/us/home-appliances/ranges/electric/ne58f9500ss-slide-in-electric-range-ne58f9500ss-aa/



**StoveHater** · 8 years ago

### Knobs turn on if you brush against them

Did not lean against the knobs, I simply brushed against them. Had the unit 3 days, accidentally turned on burners twice. Not good. Also, you CANNOT CHILDPROOF THESE KNOBS!!! The way they go on the stove, there's no way to do it. Samsung confirmed this via live chat. My only option is to remove the knobs and only attach them when i'm using the stove. Or climb under the cabinet and unplug the unit when not in use, as suggested by Samsung. Freaking splendid idea Samsung, thanks! Problem #2: soup bubbles (soft boil) on the lowest burner setting. Samsung's response: common problem, don't worry about it. Well, every other stove I have used over the past 40 years never made soup bubble on the lowest setting (below a 2). I wish I could throw this stove back at Samsung, but I can't since my countertops were built around the stove. I'm really sad that I spend so much money on a product that I hate.

134.    Complaint sent to Samsung 7 years ago regarding a Model No. regarding a Model No. NE58F9710WS:[24]



**MAZLAZ** · 7 years ago

### Stove top turns on easily and beware for safety reasons

The knobs on the range turn on so easily it is a safety risk. Twice I had things smoking on the range when the range was thought to be off. If you just bump against it. Others has this problem too wish I checked it out before I bought. Also fast boil took 30 minutes to start to boil - -way too slow.

135.    Complaint sent to Samsung 3 years ago regarding a Model No. NE58K9430SS:[25]

---

[24] https://www.samsung.com/us/home-appliances/ranges/electric/ne58f9710ws-slide-in-electric-range-with-flex-duo-oven-ne58f9710ws-aa/

[25]    https://www.samsung.com/us/home-appliances/ranges/electric/ne58k9430ss-5-8-cu-ft-slide-in-electric-range-ne58k9430ss-aa/

★★★☆☆

**UncleScotty** · 3 years ago

**Burner Control Heads up**

knobs can be accidentally turned on too easily.

be very cautious working around the front of the range.

136. Complaint to Samsung 2 years ago regarding a Model No. NE58K9500SG:[26]

★☆☆☆☆

Nancy · 2 years ago

**Totally dissatisfied**

based on this experience i will never purchase another samsung appliance again. the knobs are easily knocked "on" which happened and caused a pot to burn and crack the cooktop. thankfully it did not burn down my house and now i have to keep the knobs completely off the range unless i am cooking. highly inefficient and unattractive. but worse is the customer service - total lack of it. they could not find a vendor to service the repair in my area and i had to take care of it myself with the "promise" of reimbursement. this happened back in feb 2020. it's now nov 2020...still no reimbursement.

137. Complaint to Samsung 5 years ago regarding a Model No. NE58K9850WG:[27]

_____

[26] https://www.samsung.com/us/home-appliances/ranges/electric/ne58k9500sg-slide-in-electric-range-ne58k9500sg-aa/

[27]     https://www.samsung.com/us/home-appliances/ranges/electric/ne58k9850wg-slide-in-electric-flex-duo-range-with-dual-door-black-stainless-steel-ne58k9850wg-aa/



Amily · 5 years ago

**Fire!!!**

We have had numerous fires and one child burned. The knobs are very sensitive and can be bumped on too easily. I have notified Samsung and they sent out a technician but they can't do anything because the mechanism is encased. I am putting it out to the curb tonight.

138.    Complaint  sent  to  Samsung  1  year  ago  regarding  a  Model  No. NE63T8511SS:[28]



Kathryn · 2 years ago

**Not completely child safe**

Previous reviews raved about the child safe features of this stove. It is not child safe! The lock button only locks the control panel and door but is right in the front and easy to unlock for anyone over 3. It also does not lock the knobs at all, and they are super sensitive and can turn on with a bump, tap, or seemingly if you look at them hard enough. Cool features, but not worth the additional price we paid for the safety features we thought we were getting. All of our reasonably expected research seemed to confirm the salesperson's statement of child safety. We feel lied to.

139.    Complaint  sent  to  Samsung  2  years  ago  regarding  Model  No. NE63T8711SG:[29]

---

[28]    https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu-ft-front-control-slide-in-electric-range-with-air-fry-in-stainless-steel-ne63t8511ss-aa/

[29]    https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu-ft-front-control-slide-in-electric-range-with-smart-dial-air-fry-wi-fi-in-black-stainless-steel-ne63t8711sg-aa/



Cheryl · 2 years ago

**The sorriest customer service ever**

do nit purchase this range ...the sorriest customer service ever.. it started when we purchased this range with a smart dale and tried to register it and nobody that work for samsung could tell us where to locate a serial number, the wi-fi will not stay connected, you cannot read the temperature level on the illuminated knobs , i have to use a flashlight on the side to see the temperature level, and the knobs are so sensitive if you lean over the range you will turn them on. they also offered a backsplash promotion if you purchase a stove and when i try to submit it they told me i was not eligible.i think they offer these promotions just to get your money

140.     Complaint  sent  to  Samsung  7  years  ago  regarding  a  Model  No.
NX584311SG:



Boogerthecat · 7 years ago

**HUGE IMPROVEMENT**

Great set up. Only dislike is knobs stick out on front a little further than I'd like, worry about accidental turn on if leaned on.
Cooks evenly and much better than our old electric model!

141.     Complaint  sent  to  Samsung  9  months  ago  regarding  a  Model  No.
NX58M9420SS:[30]

---

[30] https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu--ft--slide-in-gas-range-with-fan-convection-nx58m9420ss-aa/

44



**Marshcan** · 9 months ago

**Details**

the range looks really nice.
1. the knobs on the front are occasionally bumped and turned on.
2. the touch screen is really sensitive to touch. seems like it would be best to have a lock button on the touch screen.
3. warranty - the warranty is for one year. after 22 months the mother board/main pcb needs to be replaced. it isn't a super expensive part, but it is required for the range to function. after getting an error code, i was able to find out that the main pcb has to be replaced. samsung made a point of it being out of warranty. think about this, a $1900 stove lasts less than 2 years and the company is unwilling to back their product for a $100 part. seriously... i think this is a problem.

142.    Complaint sent to Samsung 9 months ago regarding a Model No. NE63T8111SG:[31]



**P Richter** · 2 years ago

**Sensitive**

we have had this oven working for about a week..in that time, it has locked us out 3 times to where the touch panel is not responding to anything. there is no icon to say what is happening. samsung support just says reset your breaker. this is a real pain to have to go outside in the raining freezing weather to flip the breaker. we also had to install child protection on the knobs because they accidently come on while preparing food. another problem. i really want to know why the panel becomes unresponsive to touch. i can turn it on with the ap but not at the oven front. why?

143.    Complaint sent to Samsung 2 years ago regarding a Model No.

---

[31]    https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu-ft-front-control-slide-in-electric-range-in-black-stainless-steel-ne63t8111sg-aa/

NE63T8311SG:[32]

★★★★★

tctvec · 2 years ago

**Stove has great features, BUT...**

Bought for wheelchair bound user and it is great that the controls are in front but they are way too sensitive. We have nearly started a fire in the kitchen twice due to this. And the volume is not loud enough for anyone to hear, and this should be a safety hazard because if we could hear the stove when we bump against the controls and turn something on, we wouldn't risk fire in the kitchen. We shouldn't have to take the knobs off just to prevent this like we are doing. The smart stove is not so smart in this regard! My Samsung washer and dryer had way louder volume & thought sure this stove would be the same, but NO. We have called support and they told us there is no way to adjust the volume to make it louder.

144.    Complaint sent to Samsung 1 year ago regarding a Model No. NX60A6711SS:[33]

★★★★★

Becky · a year ago

**So many things have gonw wrong**

the panel bas warped from the heat
the stove top had peeled and chipped
its so easy to bump a knob and ignite the gas
and all but two of my knobs have broken.

145.    Complaint sent to Samsung 3 years ago regarding a Model No.

---

[32]    https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-convection-in-black-stainless-steel-ne63t8311sg-aa/

[33]    https://www.samsung.com/us/home-appliances/ranges/gas/6-0-cu-ft-smart-freestanding-gas-range-with-no-preheat-air-fry-convectionplus-stainless-cooktop-in-stainless-steel-nx60a6711ss-aa/

NE58R9431ST:[34]

★★★☆☆

**UncleScotty** · 3 years ago

**Burner Control Heads up**

knobs can be accidentally turned on too easily.

be very cautious working around the front of the range.

146. Complaint sent to Samsung 11 months ago regarding a Model No. NE63T8511SG:[35]

★☆☆☆☆

**Suzy** · 11 months ago

**Easy to turn on knobs**

I am obviously not a quick study as I have accidentally turned the burners on by accident three times. The first two times I caught the mistake quickly. The last time resulted in a kitchen fire. They are extremely touchy and I would not recommend. Especially if you have kids, dogs or slow learning adults (lol).

147. Complaint sent to Samsung 2 years ago regarding a Model No. NX58R5601SG:[36]

---

[34] https://www.samsung.com/us/home-appliances/ranges/electric/5-8-cu--ft--slide-in-electric-range-in-tuscan-stainless-steel-ne58r9431st-aa/

[35] https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu-ft-front-control-slide-in-electric-range-with-air-fry-in-black-stainless-steel-ne63t8511sg-aa/

[36] https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu-ft-freestanding-gas-range-with-convection-in-black-stainless-steel-nx58r5601sg-aa/



**Carmi** · 2 years ago

**Stove works fine**

6 months- works well-but knobs turn on at slightest bump and stainless steel is of poor quality-scratches very easily. wouldn't recommend to anyone with small children

148.    Complaint sent to Samsung 2 years ago regarding a Model No. NE63T8311SS:[37]



**Stacy** · 2 years ago

**Fire hazzard**

waited 2 1/2 months for range to be delivered and now less than a week of having it i am looking to return it. the knobs for the burners are too sensitive. in less than a week there has been two fires. a knob has been bumped and the burner came on without anyone knowing. it was until the house was filled with smoke and flames from somethingn laid on the stove top that we realized the stove was on. i am afraid that one of my children or possibly a dog will accidentally hit it and it will cause major damage.
i love the range cooking and feature wise but i don't know what i can do to prevent this from happening. model number ne63t8511sg slide in range.

149.    Complaint sent to Samsung 2 years ago regarding a Model No. NE63T8751SS:[38]

---

[37]    https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-convection-in-stainless-steel-ne63t8311ss-aa/

[38]    https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-smart-dial--air-fry---wi-fi-in-stainless-steel-ne63t8751ss-aa/



**Reviewwarrior** · 2 years ago

**Best thing to cook in**

let me start by saying this electric range is amazing! i love the controls and the different ways to cook. it is easy to clean and the express boil is absolutely a must have. we cook on our stove at least once a day. the reason for the 4 star is that the "lock option" only locks the inside stove. also to get to the bottom portion of the stove you also have to open the top. because of the design of the knobs, i have yet to find a child proof lock that fits this. i wish there was 2 locking options that would lock the knobs as well. i have 3 kids 5 and under so safety is big in our family. the absolute best part of the range is how fast the oven heats up. i was in shock at how quick it reached 400 degrees. this is a serious must have in any kitchen.

150.    Complaint sent to Samsung 5 years ago regarding a Model No. NX58R6631ST:[39]



**Steve1414** · 5 years ago

**GAS KNOBS WAY TO BIG**

GREAT oven cooks fast and even BUT watch out for the LARGE top burns knobs they are VERY LARGE and you can easily hit into them turning them on, also watch the small children around the stove the knobs light up a pretty blue color that small children like to see

151.    Other consumers have taken to the Samsung Community forum to voice their frustration with the Defect:[40]

---

[39]       https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu-ft-true-convection-freestanding-gas-range-with-illuminated-knobs-in-tuscan-stainless-steel-nx58r6631st-aa/

[40]       https://us.community.samsung.com/t5/Kitchen-and-Family-Hub/Knobs-on-Range-move-too-Easily-Fire/td-p/2174929



152.   In addition, as explained above, certified Samsung appliance technicians have observed unintentional actuation in Ranges in the field.  In fact, the technician that Samsung sent to repair Plaintiff Delahoy's Range acknowledged that the Ranges were dangerous for this very reason.

153.   Lastly, Samsung maintains a page on its website titled "Range knobs accidentally turn on cooktop too easily."[41]   Samsung's inclusion of a web page specifically addressing the problems Plaintiffs and the Class experienced further confirms that these problems have been known to Samsung.

### K.    Samsung Not Only Failed to Disclose the Defect, Samsung Affirmatively Concealed It

154.   Despite knowledge of the Defect, Samsung has nevertheless repeatedly

---

[41]   https://www.samsung.com/us/support/troubleshooting/TSG01203557/

dismissed and denied the Defect.

155.    A prior iteration of the above page on Samsung's website—"Range knobs accidentally turn on cooktop too easily"—stated that:

> Although our ranges and some of our cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. This can be particularly dangerous with gas cooktops. Although all knobs must be made this way to meet international standards, third party products are available to address this issue.

156.    Recently, Samsung updated this webpage to elaborate upon its claims that, despite the unintentional actuation experienced by Range users, the knobs were not defectively designed—rather, they are compliant with the "two-factor mechanism" required by international standards:[42]

> The knobs on Samsung ranges are designed to meet the requirements set by international standards, which requires a two-factor mechanism. This means two movements are simultaneously required to turn on an element: pushing in and turning. The knob will not turn unless force is being applied to push it inwards. All ranges with knobs must meet this standard and Samsung is no exception.[43]

157.    However, as explained above, the knobs actuate the Ranges through a single smooth motion requiring little force and distance to permit rotation release. Indeed, cooktops can be turned on with one continuous motion.  This is contrary to the international standards cited by Samsung.

---

[42]    *Id.*

[43]    *Id.*

158.   Knowing this, Samsung hedges against its attestations of compliance with industry standards by advising consumers to take matters into their own hands and purchase third-party cooktop knob covers or locks to remedy the Defect:

> However, there is something you can do. Getting some cooktop knob covers [https://www.amazon.com/s?k=cooktop+knob+covers] or locks can protect your knobs from accidentally being brushed against. Some even offer child-proofing. This is the option we recommend for those who are concerned that their cooktop may be too easy to accidentally turn on. If at any point you need to replace the knobs, visit samsungparts.com to purchase replacements.[44]

159.   In addition, Samsung also states that owners of the Ranges can purchase replacement knobs from Samsung:

> If at any point you need to replace the knobs, visit samsungparts.com [https://www.samsungparts.com/PartsList.aspx?Catalog=Parts_and_Ac cessories&SearchKey=knob] to purchase replacements.[45]

160.   The Samsung web page described above is an express acknowledgement and admission that Range burners can be inadvertently actuated by normal and expected use of the Range, that the Ranges are unsafe at the time of sale to consumers, and that remedial post-sale remedies are necessary to make the Ranges safe, or at least safer, for their intended and expected use.

161.   Samsung not only knows about the Defect, and has known about it for

---

[44]   *Id.*

[45]   *Id.*

some time, it has taken affirmative steps to conceal the Defect from Plaintiff and the Class—and to profit from it.

### L.    Samsung's Deficient Warranty Service

162.    Samsung provided a uniform, express one-year factory warranty against manufacturing defects in materials and workmanship.  Such a warranty was included in the user manual for the model Range purchased by Plaintiffs.

163.    Upon information and belief, Samsung routinely denies warranty claims arising from the Defect.

164.    In addition to the express warranty, Samsung marketed, advertised, and warranted that the Ranges were of merchantable quality and fit for their intended purpose. Samsung also marketed, advertised, and warranted that the Ranges were free from defects and did not pose an unreasonable risk to persons or property. However, a range that can be actuated unintentionally is not fit for its intended purposes and would not pass without objection in the trade.

165.    Federal law mandates that any manufacturer or seller offering a product to customers, whether directly or indirectly, cannot disclaim implied warranties of merchantability and fitness for a particular purpose where that manufacturer has made an express warranty.

166.    Samsung has not implemented an effective remedy for consumers who are at risk because of the Defect.  And despite being made aware of the Defect,

Samsung has failed to provide effective repairs.

### M.    Injuries and Risk of Imminent Harm to Plaintiff and the Class

167.    Plaintiffs and the other Class purchased their Ranges solely for their personal, residential purposes and only used the Ranges as intended and in accordance with the operating instructions provided by Samsung.

168.    In light of the Defect, Plaintiffs and other Class Members paid far more than the reasonable value of the Range, and would have paid substantially less, or not have purchased a Range at all, had Samsung adequately disclosed the Defect.

169.    Samsung has profited and continues to profit from the sale of defective Ranges by failing to disclose the above-described Defect and continuing to sell Ranges at prices well above their reasonable value.

170.    As a direct and proximate result of Samsung's false warranties, misrepresentations, and failure to disclose the Defect in these Ranges, Plaintiffs and the Class have purchased the Ranges and have suffered injury as a result.

171.    As a direct and proximate result of Samsung's concealment of the Defect, its failure to warn its customers of the Defect and the safety risks posed by the Ranges, and its failure to remove the defective Ranges from consumers' homes or otherwise remedy the Defect, Plaintiffs and the Class purchased Samsung's defective and unsafe Ranges and, in many cases, use them in their homes to this day. Had Plaintiffs and the Class known of this serious safety risk, they would not have purchased the Ranges,

would have paid substantially less for their Ranges than they paid, and/or would have removed them from their homes as a result of the risk of unintentional actuation.

## TOLLING OF THE STATUTE OF LIMITATIONS

### A.     Discovery Rule

172.   The causes of action alleged accrued upon discovery of the defective nature of the Ranges. Because the Defect is latent, and Samsung concealed it, Plaintiffs and members of the Class did not discover and could not have discovered the Defect through reasonable and diligent investigation. Reasonable and diligent investigation did not and could not reveal a factual basis for a cause of action based on Samsung's concealment of the Defects.

### B.     Fraudulent Concealment

173.   Any applicable statutes of limitation have been tolled by Samsung's knowing, active, and ongoing concealment and denial of the facts as alleged herein.

174.   Samsung was and is under a continuous duty to disclose to Plaintiffs and the Class the true character, quality and nature of the Ranges, particularly with respect to the serious risks to public safety presented by the Ranges.

175.   At all relevant times, and continuing to this day, Samsung knowingly, affirmatively and actively misrepresented and concealed the true character, quality, and nature of the Ranges and sold the Ranges into the stream of commerce as if they were safe for use.

176.    Given Samsung's failure to disclose this non-public information, over which Samsung had exclusive control, about the defective nature of the Ranges and attendant safety risks—and because Plaintiffs and Class Members could not reasonably have known that the Ranges were thereby defective—Plaintiff and Class Members reasonably relied on Samsung's assurances of safety. Had Plaintiff and class members known that the Ranges pose a safety risk to the public, they would not have purchased the Ranges.

177.    Plaintiffs and the Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and the Class could not reasonably have discovered the true, latently defective nature of the Ranges.

## C.    Estoppel

178.    Samsung was and is under a continuing duty to disclose to Plaintiffs and the Class the true character, quality, and nature of the Ranges.  Samsung knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Ranges, and the concealment is ongoing.  Samsung knew of the Defects and the serious safety risk they posed to consumers and has actively concealed them.  Plaintiffs reasonably relied on Samsung's assurances of safety. For these reasons, Samsung is estopped from relying on any statute of limitations in defense of this action.

179.    Additionally, Samsung is estopped from raising any defense of laches due

to its own conduct as alleged herein.

## CLASS ACTION ALLEGATIONS

180.    Plaintiffs bring this action on their own behalf and on behalf of the following Classes and Subclasses pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and/or (c)(4):

### Nationwide Electric Class

All residents of the United States and its territories who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

### Nationwide Gas Class

All residents of the United States and its territories who purchased a new gas Range or otherwise acquired a gas Range, primarily for household use and not for resale.

### California Electric Sub-Class

All residents of California who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

### Florida Electric Sub-Class

All residents of Florida who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

### Michigan Gas Sub-Class

All residents of Michigan who purchased a new gas Range or otherwise acquired a gas Range, primarily for household use and not for resale.

## Missouri Electric Sub-Class

All residents of Missouri who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

## Nebraska Electric Sub-Class

All residents of Nebraska who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

## New York Electric Sub-Class

All residents of New York who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

## Texas Electric Sub-Class

All residents of Texas who purchased a new electric Range or otherwise acquired an electric Range, primarily for household use and not for resale.

181.   The Class and the Subclass are referred to collectively as the "Class" for convenience.   Excluded from the Class and Subclass are Samsung, its affiliates, employees, officers, and directors; and the Judge(s) assigned to this case.   Plaintiffs reserve the right to modify, change, or expand the Class definitions above in response to discovery and/or further investigation.

182.   *Numerosity*.   Upon information and belief, the class is so numerous that joinder of all members is impracticable.   In the first quarter of 2020, Samsung accounted for approximately 21.6% of U.S. home appliance sales.   And Samsung had

the second largest market share for cooking appliances, specifically, between 2016 and the third quarter of 2019. The Classes and Subclasses therefore must contain, at the very least, hundreds if not thousands of members each.

183. ***Commonality***. The answers to questions common to the Class will drive the resolution of this litigation. Specifically, resolution of this case will be driven by questions relating to the Ranges' common design, whether the design is defective, whether the defective design poses a safety risk, Samsung's knowledge of the Defect, the uniform diminution in value of the Ranges, and the corresponding unjust enrichment to Samsung. The common questions of law and fact include, but are not limited to, the following:

a.    Whether the Ranges pose unreasonable safety risks to consumers;

b.    Whether Samsung knew or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.    Whether Samsung concealed the safety risks its Ranges pose to consumers;

d.    Whether the safety risks the Ranges pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase an electric range;

e.    Whether the Ranges possess material Defects;

f.    Whether Samsung knew or should have known of the inherent Defects in the Ranges when it placed them into the stream of commerce;

g.    Whether Samsung concealed the Defects from consumers;

h.    Whether the existence of the Defects are material facts reasonable

purchasers would have considered in deciding whether to purchase a range;

i.     Whether the Ranges are merchantable;

j.     Whether the Ranges are fit for their intended use;

k.     Whether Samsung was unjustly enriched by the sale of defective Ranges to the Plaintiff class;

l.     whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Ranges caused Class Members' injuries; and

m.    whether Samsung should be enjoined from further sales of the Ranges.

184.  **_Typicality_**.  Plaintiffs have the same interest as all members of the classes they seek to represent, and all of Plaintiffs' claims arise out of the same set of facts and conduct as all other members of the classes. Plaintiffs and all class members own or owned a Range designed or manufactured by Samsung with uniform Defects. All the claims of Plaintiffs and Class Members arise out of Samsung's placement of a product into the marketplace it knew was defective and posed safety risks to consumers, and from Samsung's failure to disclose the known safety risks and Defects. Also typical of Plaintiffs and Class members' claims are Samsung's conduct in designing, manufacturing, marketing, advertising, warranting, and selling the defective Ranges, Samsung's conduct in concealing the Defects in the Ranges, and Plaintiffs' and Class members' purchase of the defective Ranges.

185.  **_Adequacy_**. Plaintiffs will fairly and adequately represent and protect the

interest of the Class Members: Plaintiffs' interests align with those of the Class Members, and Plaintiffs have no fundamental conflicts with the Class. Plaintiffs have retained counsel competent and experienced in products liability, consumer protection, and class action litigation, who will fairly and adequately represent the Class.

186.    *Predominance and Superiority*.  The common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable. Samsung has acted in a uniform manner with respect to the Plaintiffs and Class Members.

187.    Samsung is a sophisticated party with substantial resources, while Class Members are not, and prosecution of this litigation is likely to be expensive. Because the economic damages suffered by any individual Class Member may be relatively modest compared to the expense and burden of individual litigation, it would be impracticable for Class Members to seek redress individually for Samsung's wrongful conduct as alleged herein.

188.    The concealed safety risks described above support swiftly and efficiently managing this case as a class action, which preserves judicial resources and minimizes the possibility of serial or inconsistent adjudications.

189.    Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Samsung's unlawful and wrongful conduct. Without

a class action, Class Members will continue to suffer the undisclosed risks attendant to the Ranges and incur monetary damages, and Samsung's misconduct will continue without remedy. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

190.   There will be no undue difficulty in the management of this litigation as a class action.

191.   Alternatively, certification may be appropriate as to individual issues as those issues will raise common questions applicable to all class members and materially advance the litigation.

192.   *Ascertainability*.  The Class is defined by reference to objective criteria, and there is an administratively feasible mechanism to determine who fits within the Class. The Class consists of purchasers and owners of certain Ranges, and class membership can be determined using receipts, photographs, ownership documentation, and records in Samsung's and other databases.

193.   *Injunctive and Declaratory Relief*.  Samsung has acted and refused to act on grounds that apply generally to the Class, so injunctive and/or declaratory relief is appropriate with respect to the entire Class. Samsung made uniform representations and warranties to the Class as a whole, Samsung concealed facts from and made material misrepresentations to the Class as a whole, and Samsung has destroyed and may still be destroying evidence relevant to the allegations of the Class.

## CLAIMS FOR RELIEF

### Count I
### *Violation of the New Jersey Consumer Fraud Act*
### N.J.S.A. 56:8-1, et seq.
### (On Behalf of the Nationwide Class)

194.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

195.    Plaintiffs bring this claim individually and on behalf of the Nationwide Class.

196.    The New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.) ("NJCFA") states, in relevant part:

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . ." N.J.S.A. 56:8-2.

197.    Plaintiffs and Class Members are consumers who purchased Ranges for personal, family, or household use.

198.    The advertisement, promotion, distribution, supply, or sale of the Ranges is a "sale or advertisement" of "merchandise" governed by the NJCFA.

199.    Before Plaintiffs' and Class Members' purchase of the Ranges, Samsung violated the NJCFA by making:

    1.    uniform representations that its Ranges were of a particular standard, quality, or grade when they were not and are not, and that they would perform as represented when they did not, as set forth

above; and

2.    false and/or misleading statements about the capacity and characteristics of the Ranges, as set forth above, that were unfair, deceptive, or otherwise fraudulent, had and continue to have the capacity to, and did, deceive the public and cause injury to Plaintiffs and Class Members.

200.   Samsung, in its communications with and disclosures to Plaintiffs and Class Members, intentionally concealed or otherwise failed to disclose that the Ranges included design Defects that pose a safety risk to consumers.

201.   Plaintiffs and Class Members reasonably expected that the Ranges would allow for safe cooking, and not present a safety hazard, both before and at the time of purchase, and reasonably expected that Samsung did not design the Ranges to incorporate material Defects known to Samsung, and that the Ranges would perform as represented by Samsung in its promotional materials, service manuals, and owner's manuals. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Range. Moreover, Samsung intended for consumers, including Plaintiffs and Class Members, to rely on its assurances regarding the Ranges' purported safety.

202.   Samsung had exclusive knowledge that the Ranges had and have the Defects, which gave rise to a duty to disclose these facts. Samsung breached that duty

by failing to disclose these material facts.

203.   The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances. There is a strong public interest in consumer appliance safety, as well as in truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life.

204.   Had Plaintiffs and Class Members known about the design Defects and accompanying safety risks, and/or that the Ranges did not operate as advertised, they would not have purchased the Ranges or would have paid less than they did for them. As a direct and proximate result of Samsung's actions, Plaintiffs and Class Members have suffered ascertainable loss and other damages.

205.   New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Nationwide Class Members under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.

206.   New Jersey has a significant contact, or significant aggregation of contacts, to the claims asserted by each Plaintiffs, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair. Samsung's headquarters and principal place of business are in Ridgefield Park, New Jersey. Samsung also owns property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Samsung's conduct under New

Jersey's laws. Samsung's decision to reside in New Jersey and avail itself of New Jersey's laws render the application of New Jersey law to the claims at hand constitutionally permissible.

207.   The application of New Jersey's laws to the proposed Nationwide Class members is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiffs and the proposed Nationwide Class members, and New Jersey has a greater interest in applying its laws here than any other interested State.

**Count II**
*Magnuson-Moss Warranty Act*
**(15 U.S.C. § 2301)**
**(On behalf of the Nationwide Class)**

208.   Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

209.   Plaintiffs bring this claim individually and on behalf of the Nationwide Class.

210.   Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

211.   Samsung is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

212.   The Ranges are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

213.  15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

214.  Samsung's implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

215.  Samsung's express warranty is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

216.  Defendants breached the implied warranty and the express warranty by virtue of the above-described acts.

217.  Plaintiffs and the other Class Members notified Samsung of the breach within a reasonable time and/or were not required to do so. Samsung was also on notice of the Defect from, among other sources, the complaints and service requests it received from Class Members and its resellers.

218.  Defendants' breach of the implied warranty and express warranty deprived Plaintiffs and Class Members of the benefits of their bargains.

219.  Plaintiffs and the Class Members have had sufficient direct dealings with either Samsung or its agents (resellers and technical support) to establish privity of contract between Samsung, on one hand, and Plaintiffs and each of the other Class Members on the other hand. Nonetheless, privity is not required here because Plaintiffs and each of the other Class Members are intended third-party beneficiaries of contracts between Samsung and its resellers, and specifically, of Samsung's implied warranties.

The distributors were not intended to be the ultimate consumers of the Ranges and have no rights under the warranty agreements provided with the Ranges; the warranty agreements were designed for and intended to benefit the consumer only.

220. Samsung breached these warranties, as described in more detail above and below. Without limitation, the Ranges contain a Defect that puts Class Members safety in jeopardy. The Class Ranges share a common defect in that they are manufactured with defective materials and/or with poor workmanship. Contrary to Samsung's representations about its Ranges, the Ranges are defective in manufacture, materials and/or workmanship and are unsafe. The Ranges share a common defect that causes unintentional actuation. The resulting failures and manifestations of the defect are occurring within the warranty terms and period.

221. Affording Samsung a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here. Indeed, Samsung has long been on notice of the claims of Plaintiffs and Class members and has refused to provide a remedy, instead placing the blame on customers or refusing to acknowledge the existence of the defect.

222. At the time of sale of each of the Ranges, Samsung knew, should have known, or was reckless in not knowing of its misrepresentations and omissions concerning the Ranges' Defect and inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the Defect. Under the circumstances, the

remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resort to an informal dispute resolution procedure and/or afford Samsung a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

223.    Plaintiff and Class Members would suffer economic hardship if they returned their Ranges but did not receive the return of all payments made by them. Because Samsun is refusing to acknowledge any revocation of acceptance and return immediately any payments made, Plaintiffs and the other Class members have not re-accepted their Ranges by retaining them.

224.    The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

225.    Plaintiff, individually and on behalf of all Class Members, seeks all damages permitted by law, in an amount to be proven at trial.

### Count III
### *Fraud By Omission*
### (On behalf of the Nationwide Class or, in the Alternative, all Subclasses)

226.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of each of the State Subclasses.

227.    Samsung knew that the Ranges suffered from the Defect, were defectively

designed and/or manufactured and were not suitable for their intended use.

228.   Samsung concealed from and failed to disclose to Plaintiffs and Class

Members the defective nature of the Ranges.

229.   Samsung was under a duty to Plaintiffs and Class Members to disclose the

defective nature of the Ranges because:

    a.    Samsung were in a superior position to know the true state of facts about the safety defect contained in the Ranges;

    b.    The omitted facts were material because they directly impact the safety of the Ranges;

    c.    Samsung knew the omitted facts regarding the Defect were not known to or reasonably discoverable by Plaintiffs and Class Members;

    d.    Samsung made partial disclosures about the quality of the Class Ranges without revealing their true defective nature; and

    e.    Samsung actively concealed the defective nature of the Class Ranges from Plaintiffs and Class Members.

230.   The facts concealed or not disclosed by Samsung to Plaintiffs and the

other Class Members are material in that a reasonable person would have considered

them to be important in deciding whether to purchase Samsung's Ranges or pay a lesser

price for them. Whether a range can be safely owned and operated is a material safety

concerns. Had Plaintiffs and Class Members known about the defective nature of the

Ranges, they would not have purchased or would have paid less for them.

231.   Samsung concealed or failed to disclose the true nature of the design

and/or manufacturing defects contained in the Ranges in order to induce Plaintiffs and

Class Members to act thereon. Plaintiffs and the other Class Members justifiably relied on Samsung's omissions to their detriment. This detriment is evident from Plaintiffs' and Class Members' purchase of Samsung's defective Ranges.

232.   Samsung continued to conceal the defective nature of the Ranges even after Class Members began to report the problems. Indeed, Samsung continues to cover up and conceal the true nature of the problem today.

233.   As a direct and proximate result of Samsung's misconduct, Plaintiffs and Class Members have suffered and will continue to suffer actual damages. Plaintiffs and the Class reserve their right to elect either to (a) rescind their purchase or lease of the Ranges and obtain restitution (b) affirm their purchase or lease of the Ranges and recover damages.

234.   Samsung's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and the Class's rights and well-being to enrich Samsung. Samsung's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

### Count IV
### *Breach of Express Warranty*
### (On Behalf of the Nationwide Class or, in the Alternative, all Subclasses)

235.  Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

236.   Plaintiffs brings this count on behalf of themselves, on behalf of the Nationwide Class, and on behalf of all Subclasses.

237.   Samsung's Warranty provides in relevant part that the Ranges are "warranted by SAMSUNG against manufacturing defects in materials or workmanship for the limited warranty period, starting from the date of original purchase, of: One (1) Year Parts and Labor."

238.   Had Plaintiffs and the Class known the Ranges were unsafe for use, they would not have purchased them.

239.   Samsung has breached its warranty and refused to provide appropriate warranty relief notwithstanding the risks of using the Ranges. Plaintiffs and the Class reasonably expected, at the time of purchase, that the Ranges were safe for their ordinary and intended use.

240.   To the extent privity may be required, Plaintiffs and the Class can establish privity with Samsung or alternatively, Plaintiffs can establish that they fall into an exception to a privity requirement. Plaintiffs and the Class relied on Samsung's warranties and dealt directly with Samsung through the exchange of warranty and recall information.

241.   Alternatively, Plaintiffs and the Class were foreseeable third-party beneficiaries of Samsung's sale of the Ranges.

242.   Plaintiffs are not required to give notice to Samsung, a remote

manufacturer, and Samsung has had notice of the type and source of claims in this matter for years. As a direct and proximate result of Samsung's breach of its express warranty, Plaintiffs and the Class have sustained damages in an amount to be determined at trial.

243. Samsung has refused to provide appropriate warranty relief notwithstanding the risks of using the Ranges. Plaintiffs and the Class reasonably expected, at the time of purchase, that the Ranges were safe for their ordinary and intended use.

## Count V
### *Breach of the Implied Warranty of Merchantability*
### (On behalf of the Nationwide Class or, in the Alternative, all Subclasses)

244. Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

245. By operation of law, Samsung as the manufacturer of the Ranges and as the provider of a limited warranty for the Ranges, impliedly warranted to Plaintiffs and the Class that the Ranges were of merchantable quality and safe for their ordinary and intended use.

246. Such implied warranty of merchantability, contained in U.C.C. § 2-314, has been codified in each Subclass state. *See, e.g*., Cal. Com. Code §§ 2314, et seq.; Fla. Stat. Ann. §§ 672.314, et seq.; Mo. Rev. Stat. §§ 400.2-314, et seq; Neb. Rev. Stat. §§ 2-314, et seq.; N.Y. U.C.C. Law §§ 2-314, et seq.; Tex. Bus. & Com. Code §§ 2.314,

et seq.

247. Samsung breached the implied warranty of merchantability in connection with the sale and distribution of the Ranges. At the point of sale, the Ranges, while appearing normal, contained latent defects as set forth herein rendering them unsuitable and unsafe for personal use.

248. Samsung breached the implied warranty of merchantability in connection with the sale and distribution of the Ranges. At the point of sale, the Ranges, while appearing normal, contained latent defects as set forth here rendering them unsuitable and unsafe for personal use.

249. Had Plaintiffs and the Class known the Ranges were unsafe for use, they would not have purchased or leased them.

250. To the extent privity may be required, Plaintiffs and the Class can establish privity with Samsung or alternatively, Plaintiffs can establish that they fall into an exception to a privity requirement. Plaintiffs and the Class relied on Samsung's warranties and dealt directly with Samsung through the exchange of warranty and recall information.

251. Alternatively, Plaintiffs and the Class were foreseeable third-party beneficiaries of Samsung's sale of the Ranges.

252. Plaintiffs are not required to give notice to Samsung, a remote manufacturer, and Samsung has had notice of the type and source of claims in this

matter for years.

253.  Samsung has refused to provide appropriate warranty relief notwithstanding the risks of using the Ranges. Plaintiffs and the Class reasonably expected, at the time of purchase, that the Ranges were safe for their ordinary and intended use.

254.  As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and the Class have sustained damages in an amount to be determined at trial.

## Count VI
### *California Unfair Competition Law*
### Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair and Fraudulent Prongs)
### (On Behalf of Plaintiff Hightower and the California Sub-Class)

255.  Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

256.  California Business & Professions Code § 17200 ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

257.  The acts and practices of Samsung as alleged herein constitute "unfair" business acts and practices under the UCL in that Samsung's conduct is unconscionable, immoral, deceptive, unfair, illegal, unethical, oppressive, and/or unscrupulous. Further, the gravity of Samsung's conduct outweighs any conceivable benefit of such conduct.

258.   Samsung has, in the course of its business and in the course of trade or commerce, undertaken and engaged in unfair business acts and practices under the UCL by concealing the Defect and its risks.

259.   These acts also constitute "fraudulent" business acts and practices under the UCL in that Samsung's conduct is false, misleading, and has a tendency to deceive California Subclass members and the general public.

260.   Plaintiff Hightower and California Subclass members have suffered injury in fact and have lost money as a result of Samsung's fraudulent business acts or practices.

261.   The above-described unfair business acts or practices present a threat and likelihood of harm and deception to Plaintiff Hightower and California Subclass members in that Samsung has systematically perpetrated the unfair conduct upon members of the public by engaging in the conduct described herein.

262.   Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiff Hightower and California Subclass members seek an order providing restitution and disgorgement of all profits relating to the above-described unfair business acts or practices, and injunctive and declaratory relief as may be appropriate.

263.   Because of their reliance on Samsung's omissions concerning the defective Ranges, Plaintiff Hightower and California Subclass members suffered an ascertainable loss of money, property, and/or value and were harmed and suffered

actual damages.

264.  Plaintiff Hightower and California Subclass members are reasonable consumers who did not expect the risks inherent with the Defective Ranges.

265.  Samsung's conduct in concealing and failing to disclose the true risks of the defective Ranges is unfair in violation of the UCL, because it is immoral, unethical, unscrupulous, oppressive, and substantially injurious.

266.  Samsung acted in an immoral, unethical, unscrupulous, outrageous, oppressive, and substantially injurious manner.

267.  The gravity of harm resulting from Samsung's unfair conduct outweighs any potential utility. The practice of selling Defective Ranges that present a substantial safety risk to consumers harms the public at large and is part of a common and uniform course of wrongful conduct.

268.  The harm from Samsung's conduct was not reasonably avoidable by consumers because only Samsung was aware of the true facts concerning the risks of its Defective Ranges, and Samsung did not disclose those risks, despite knowing of such defects. Plaintiff Hightower and California Subclass members did not know of and had no reasonable means of discovering the true risk of using the Defective Ranges.

269.  Plaintiff Hightower and California Subclass members suffered injury in fact, including lost money or property, as a result of Samsung's unfair acts. Absent Samsung's unfair conduct, Plaintiffs would not have bought the Defective Ranges.

270.    Through their unfair conduct, Samsung acquired money that Plaintiffs and California Subclass members once had ownership of.

271.    Plaintiff Hightower and California Subclass members accordingly seek appropriate relief under the UCL, including (a) restitution in full and (b) such orders or judgments as may be necessary to enjoin Samsung from continuing their unfair practices.

**Count VII**
***California Unfair Competition Law***
**Cal. Bus. & Prof. Code §§ 17200, et seq. (Unlawful Prong)**
**(On Behalf of Plaintiff Hightower and the California Sub-Class)**

272.    Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

273.    The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200 ("UCL"). By engaging in business practices which are also illegal, Samsung has violated the UCL.

274.    Samsung's "unlawful" acts and practices include its breach of express warranty, breach of the implied warranty, violations of the Magnuson-Moss Federal Warranty Act, fraud-based omissions, and unjust enrichment.

275.    More specifically, Samsung breached applicable warranties in connection with the sale and distribution of the Defective Ranges. Samsung sold the Defective Ranges to Plaintiff Hightower and the California Subclass members, knowing that they

were defective and could cause serious injury and property damages. Samsung further refused to provide appropriate warranty relief in connection with the Defective Ranges, despite knowing the inherent risks of their Defective Ranges.

276.    Plaintiff Hightower and California Subclass members conferred tangible and material economic benefits upon Samsung by purchasing the Defective Ranges. Plaintiff Hightower and California Subclass members would not have purchased the Defective Ranges had they known the associated risks, or that Samsung would refuse to appropriately repair or replace the devices.

277.    Plaintiff Hightower and California Subclass members hold a property interest and right to possession in their respective Defective Ranges. Plaintiff Hightower and California Subclass members have a legal interest in their ability to safely use these Ranges and to have their Ranges appropriately repaired or replaced. Samsung's actions violated these interests and rights.

278.    Samsung reaped unjust profits, revenue, and benefits by virtue of their UCL violations. Plaintiff Hightower and California Subclass members seek restitutionary disgorgement of these unjust profits and revenues.

### Count VIII
### *California Consumers Legal Remedies Act*
### Cal. Bus. & Prof. Code §§ 1750, *et seq*.
### (On Behalf of Plaintiff Hightower and the California Sub-Class)

279.    Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

280.   The California Consumers Legal Remedies Act ("CLRA") protects California consumers from deceptive and unfair trade practices.

281.   Samsung's conduct described herein constitutes the knowing act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of merchandise, the Defective Ranges, in trade or commerce in California, and was made by Samsung with knowledge of the serious risks associated with use of the Defective Ranges and with the intention that Plaintiff Hightower and California Subclass members would rely on such conduct in purchasing the Ranges, making it unlawful under Cal. Civ. Code §1750, et seq.

282.   Plaintiff Hightower and California Subclass members relied on the material representations made by Samsung and purchased the Defective Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Cal. Civ. Code §1750, et seq. Plaintiff Hightower and California Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Defective Ranges) that resulted in the damages.

283.   Accordingly, pursuant to Cal. Civ. Code §1750, et seq., Plaintiff Hightower and California Subclass members are entitled to recover their actual

damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Defective Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiff Hightower and California Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

284.   To the extent that any pre-suit notice was purportedly required, Samsung has had notice of its violations due to Plaintiffs' and other customers' complaints. Further, at a minimum on October 1, 2022, Plaintiff Hightower, through counsel, sent Samsung a letter complying with any required pre-suit notification requirements. Samsung has failed to remedy its unlawful conduct. Plaintiff Hightower, through counsel, will amend the complaint with damages in 30 days from the date of October 1, 2022, if Samsung fails to remedy its violations.

## Count IX
### *Missouri Merchandising Practices Act*
### Mo. Rev. Stat. § 407.010, *et seq*.
### (On Behalf of Plaintiff Bosch and the Missouri Sub-Class)

285.   Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

286.    The Missouri Merchandising Practices Act ("MMPA") was created to protect Missouri consumers from deceptive and unfair business practices.

287.    Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the sale and advertisement of merchandise, the Defective Ranges, in trade or commerce in Missouri, making it unlawful under Mo. Rev. Stat. § 407.020.

288.    Plaintiff Bosch and Missouri Subclass members purchased the Defective Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Mo. Rev. Stat. § 407.020.

289.    Plaintiff Bosch and Missouri Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Defective Ranges) that resulted in the damages.

290.    Accordingly, pursuant to Mo. Rev. Stat. § 407.025, Plaintiff Bosch and Missouri Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Defective Ranges as represented (their prices) paid and their actual values at the time

of purchase ($0.00), or (b) the cost to replace the Defective Ranges, and (c) other miscellaneous, incidental, and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiff and Missouri Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

**COUNT X**
*Violations of the Nebraska Consumer Protection Act*
**Neb. Rev. Stat. §59-1601, et seq.**
**(On Behalf of the Nebraska Subclass)**

291.   Plaintiff Tighe incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

292.   Plaintiff brings this claim individually and on behalf of the Nebraska Subclass.

293.   The Nebraska Consumer Protection Act ("NCPA") was created to protect Nebraska consumers from deceptive and unfair business practices that restrain trade and commerce in Nebraska.

294. Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the advertisement and sale of merchandise, the Ranges, in restraint of trade or commerce in Nebraska, which affects the public interest, making it unlawful under Neb. Rev. Stat.

§59-1601, et seq.

295.   Plaintiff and Nebraska Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Neb. Rev. Stat. §59-1601, et seq.

296.   Plaintiff and Nebraska Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that resulted in the damages.

297.   Accordingly, pursuant to Neb. Rev. Stat. §59-1601, et seq., Plaintiff and Nebraska Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiffs and Nebraska Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

**COUNT XI**
*Violations of Nebraska Uniform Deceptive Trade Practices Act*
**Neb. Rev. Stat. §87-301, et seq.**
**(On Behalf of the Nebraska Subclass)**

298.   Plaintiff Tighe incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

299.   Plaintiff brings this claim individually and on behalf of the Nebraska Subclass.

300.   The Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA") was created to protect Nebraska consumers from deceptive and unfair business practices.

301.   Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the advertisement and sale of merchandise, the Ranges, in trade or commerce in Nebraska, making it unlawful under Neb. Rev. Stat. §87-301, et seq.

302.   Plaintiff and Nebraska Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Neb. Rev. Stat. §87-301, et seq. Plaintiffs and Nebraska Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that resulted in the damages.

85

303.    Accordingly, pursuant to Neb. Rev. Stat. §87-301, et seq., Plaintiffs and Nebraska Subclass members are entitled any and all equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

**Count XII**
***Violations of the New York Deceptive Acts and Practices Act***
**N.Y. Gen. Bus. Law §§ 349, 350**
**(On behalf of the New York Subclass)**

304.    Plaintiff Delahoy incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

305.    Plaintiff brings this claim under the laws of New York, individually and on behalf of the New York Subclass.

306.    New York Class members are "persons" within the meaning of the New York General Business Law ("GBL"). N.Y. Gen Bus. Law § 349(h).

307.    Samsung is a "person, firm, corporation or association or agent or employee thereof" within the meaning of the GBL. N.Y. Gen Bus. Law § 349(b).

308.    Samsung's conduct as alleged herein occurred in "the conduct of business, trade or commerce" within the meaning of GBL section 350.

309.    Under GBL section 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce" are unlawful.

310.    Section 350 also makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce[.]" False advertising includes "advertising, including labeling, of a commodity . . . if such advertising fails to reveal facts of material in the

light of . . . representations [made] with respect to the commodity." N.Y. Gen Bus. Law § 350-a.

311. Samsung's acts and practices, described herein, are deceptive, misleading, oppressive, unconscionable, and substantially injurious in violation of GBL sections 349 and 350 for the reason stated throughout and, in particular, Count VI.

312. In the course of Samsung's business, it failed to disclose and actively concealed the Defect with the intent that consumers rely on that concealment in deciding whether to purchase a Range.

313. Samsung's deceptive acts or practices were materially misleading. Samsung's conduct was likely to, and did, mislead reasonable consumers, including Plaintiff Delahoy, about the true performance and value of the Ranges.

314. Plaintiff Delahoy and the New York Subclass members reasonably relied on Samsung's partial misrepresentations and omissions of material facts when purchasing Ranges. Plaintiff Delahoy and New York Subclass members were unaware of, and lacked a reasonable means of discovering, the material facts that Samsung suppressed. Had Ms. Delahoy and New York Subclass members known that the Ranges were defective, they would not have purchased Ranges, would not have purchased them at the prices they did, or would have returned them during the remorse periods.

315. Samsung's actions set forth above occurred in the conduct of trade or

commerce.

316.    Samsung's misleading conduct concerns widely purchased consumer products and affects the public interest.  Samsung's conduct includes unfair and misleading acts or practices that have the capacity to deceive consumers and are harmful to the public at large.

317. Plaintiff Delahoy and the New York Subclass members suffered ascertainable loss as a direct and proximate result of Samsung's GBL violations. Among other things, Plaintiff Delahoy and the New York Subclass members overpaid for their Ranges, and their Ranges suffered a diminution in value.  These injuries are the direct and natural consequence of Samsung's material misrepresentations and omissions.

318.    Accordingly, Plaintiff Delahoy, individually and on behalf of the New York Subclass, requests that this Court enter such orders or judgments as may be necessary to enjoin Samsung from continuing its unfair and deceptive practices.  Under the GBL, Plaintiff Delahoy and the New York Subclass members are entitled to recover their actual damages or $50, whichever is greater.  Additionally, because Samsung acted willfully or knowingly, Plaintiff Delahoy and the New York Subclass members seek three times their actual damages.

## COUNT XIII
### *Violation of the Texas Deceptive Trade Practices and Consumer Protection Act*
### *Tex. Bus. Comm. Code Ann. §§ 17.41, et seq.*
### *(On Behalf of Texas Subclass)*

319.   Plaintiff Dunahoe incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

320.   Plaintiff brings this claim individually and on behalf of the Texas Subclass.

321.   The Texas Deceptive Trade Practices Act ("TDTPA") was created to protect Texas consumers from deceptive and unfair business practices. The conduct described herein constitutes a violation of several of the provisions enumerated in Tex. Bus. & Com. Code Ann. § 17.46(b), including but not limited to, misleading, misrepresenting, omitting, or supplying false information to consumers as to the source, affiliation, certification, characteristics, ingredients, uses, benefits, quantities, standard, or condition of the Ranges.

322.   Plaintiff and Texas Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Tex. Bus. & Com. Code Ann. § 17.46(b).

323.   Plaintiff and Texas Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that

89

resulted in the damages.

324.   Accordingly, pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(1), (h), Plaintiffs and Texas Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiffs and Texas Subclass members are entitled to recover treble damages for the willful and knowing violation of the TDTPA and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

325.   To the extent that any pre-suit notice was purportedly required, Samsung has had notice of its violations for nearly a year. Further, at a minimum on October 1, 2022, Plaintiff, through counsel, sent Samsung a letter complying with any required pre-suit notification requirements. Samsung has failed to remedy its unlawful conduct.

**Count XIV**
***Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA),***
**Fla. Sta. § 501.201 *et seq.***
**(On behalf of the Florida Subclass)**

326.   Plaintiff Tastinger incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

327.   Plaintiff Tastinger brings this claim under the laws of Florida, individually and on behalf of the Florida Subclass.

328.   Plaintiff Tastinger, the Florida Subclass Members, and Defendant are "consumers" as defined by Fla. Stat. § 501.203(7).

329.   Samsung engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

330.   The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).

331.   Samsung's acts and practices, described herein, are unfair in violation of Florida law for the reasons stated below.

332.   In the course of its business, Samsung concealed and suppressed material facts concerning the Ranges. Samsung failed to disclose the Defect. Samsung also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Ranges.

333.   Samsung thus violated the FDUTPA by, at a minimum, employing deception, deceptive acts or practices, fraud, concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression,

or omission, in connection with the sale of the Ranges.

334.   Samsung intentionally and knowingly misrepresented material facts regarding the Ranges with intent to mislead Plaintiff Tastinger and the Florida Subclass members into relying upon Samsung's omissions when deciding to purchase Ranges.

335.   Samsung owed Plaintiff Tastinger and the Florida Subclass a duty to disclose the true nature of the Ranges because Defendant: (a) possessed exclusive knowledge about the Defect; (b) intentionally concealed the foregoing from Plaintiff Tastinger and the Florida Subclass; and (c) made incomplete representations about the Ranges, while purposefully withholding material facts from Plaintiff Tastinger and the Florida Subclass that contradicted these representations.

336.   Samsung knew about the Defect at time of sale. Samsung acquired additional information concerning the Defect after the Ranges were sold but continued to conceal information.

337.   Samsung knew or should have known that its conduct violated the FDUTPA.

338.   Samsung's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Tastinger.

339.   By engaging in the above-described acts and practices, Samsung has committed one or more acts of unfair competition.

340.   Samsung's acts and practices have deceived and/or are likely to deceive

members of the consuming public and the members of the Class.

341.   Plaintiff Tastinger and the Florida Subclass suffered ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Tastinger and the Florida Subclass members who purchased the Ranges would not have purchased them or would have paid significantly less if the Defect had been disclosed.

342.   Samsung had an ongoing duty to Plaintiff Tastinger and Florida Subclass to refrain from unfair and deceptive practices under the FDUTPA. All owners of the Ranges suffered ascertainable loss in the form of the diminished value of their Ranges as a result of Samsung's deceptive and unfair acts and practices made in the course of Samsungs business

343.   Plaintiff Tastinger and Florida Subclass members are entitled to recover their actual damages under Fla. Stat. § 501.211(2) and reasonable attorneys' fees under Fla. Stat. § 501.2105(1).

344.   Plaintiff Tastinger and the Florida Subclasss also seek an order enjoining Samsung's unfair and deceptive acts or practices pursuant to Fla. Stat. § 501.211, and any other just and proper relief available under the FDUTPA.

### Count XV
### *Violations of the Michigan Consumer Protection Act (MCPA),*
### Mich. Comp. Laws Ann. §445.901, et seq.
### (On behalf of the Michigan Subclass)

345.  Plaintiff Michanowicz incorporates by reference each preceding and

succeeding paragraph as though fully set forth herein.

346.   Plaintiff Michanowicz brings this claim under the laws of Michigan, individually and on behalf of the Michigan Subclass.

347.   The Michigan Consumer Protection Act was created to protect Michigan consumers from deceptive and unfair business practices.

348.   Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the sale and advertisement of merchandise, the Ranges, in trade or commerce in Michigan, made with the intention that Plaintiff Michanowicz and Michigan Subclass members would rely upon such conduct in purchasing the Ranges, making it unlawful under Mich. Comp. Law Ann. §445.901, et seq.

349.   Plaintiff Michanowicz and Michigan Subclass members relied upon the material representations made by Samsung and purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Mich. Comp. Law Ann. §445.901, et seq.

350.   Plaintiff Michanowicz and Michigan Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions

(purchasing the Ranges) that resulted in the damages. Accordingly, pursuant to Mich. Comp. Law Ann. §445.901, et seq., Plaintiff Michanowicz and Michigan Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiff Michanowicz and Michigan Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung unlawful conduct.

## Count XVI
### *Unjust Enrichment (In the Alternative)*
**(On Behalf of the Nationwide Class or, in the Alternative, the Subclasses)**

351.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

352.   Plaintiffs and Class members conferred a tangible and material economic benefit upon Samsung by purchasing the defective Ranges.

353.   Samsung received proceeds from its intentional sale of defective Ranges with defective control knobs, which were purchased by Plaintiff and Class Members

for an amount far greater than the reasonable value of the defective Ranges.

354.    In exchange for the purchase price paid by Plaintiff and Class Members, Samsung provided defective Ranges that are likely to pose a material risk of fire or injury within their useful lives. This Defect renders the Ranges unfit, and indeed, unsafe for their intended use.

355.    Plaintiffs and Class Members reasonably believed that the Ranges would function as advertised and warranted, and did not know, nor could have known, that the Ranges contained Defects at the time of purchase.

356.    Samsung received and is aware of the benefit conferred by Plaintiffs and Class Members and has retained that benefit despite its knowledge that the benefit is unjust.

357.    Under the circumstances, permitting Samsung to retain the proceeds and profits from the sales of the defective Ranges would be unjust. Therefore, Samsung should be required to disgorge the unjust enrichment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the above defined Classes, by and through counsel, pray the Court grant the following relief:

A.    An Order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    An Order appointing all Plaintiffs as representatives for the Nationwide Class and each Plaintiff as representative for the Class of his or her state of residence, and appointing her counsel as lead counsel for the Class;

C.     An order awarding Plaintiffs and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung;

D.     A Declaration that the Ranges are defective and pose a serious safety risk to consumers and the public;

E.     An Order enjoining Samsung, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture, marketing, and sale of the defective Ranges; requiring Samsung to issue corrective actions including notification, recall, service bulletins, and fully-covered replacement parts and labor, or replacement of the Ranges; and requiring Samsung to preserve all evidence relevant to this lawsuit and notify Range owners with whom it comes in contact of the pendency of this and related litigation;

F.     Nominal damages as authorized by law;

G.     Restitution as authorized by law;

H.     Punitive damages as authorized by law;

I.     Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

J.     An order awarding attorney's fees pursuant to applicable Federal and State law;

K.     Interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

L.     Any and all other and further relief as this Court deems just, equitable, or proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all counts so triable.

Dated: October 2, 2022                    Respectfully submitted,


                                          ___/s/ Zac Arbitman_____
                                          Alan M. Feldman
                                          Edward S. Goldis
                                          Zachary Arbitman
                                          FELDMAN SHEPHERD WOHLGELERNTER
                                          TANNER WEINSTOCK & DODIG, LLP
                                          1845 Walnut Street, 21st Floor
                                          Philadelphia, PA 19103
                                          T: (215) 567-8300
                                          F: (215) 567-8333
                                          afeldman@feldmanshepherd.com
                                          egoldis@feldmanshepherd.com
                                          zarbitman@feldmanshepherd.com

                                          Michael F. Ram
                                          Marie N. Appel
                                          MORGAN & MORGAN
                                          711 Van Ness Ave, Suite 500
                                          San Francisco, CA 94102
                                          mram@forthepeople.com
                                          mappel@forthepeople.com

                                          *Attorneys for Plaintiffs and the Class*