## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN DELAHOY, MARY DUNAHOE, FRANK TASTINGER, TERRY TIGHE, JOANNE MICHANOWICZ, CORY HIGHTOWER, and ERIC BOSCH, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, et al.,<br><br>        Defendants. | Case 2:22-cv-04132-CCC-CLW |
| ROBERT A. MASON, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, et al.,<br><br>        Defendants. | Case 2:22-CV-06186-CCC-CLW |
| KAYCE KLEEHAMER, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, et al.,<br><br>        Defendants. | Case 2:22-cv-06312-CCC-CLW |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. BACKGROUND ................................................................................................3

III. STANDARD OF REVIEW TABLE OF CO ....................................................5

IV. ARGUMENT ....................................................................................................5

A. *Delahoy* Counsel Identified, Investigated, and Filed the First Class Action Against Samsung Regarding the Defect. ...............................................5

B. *Delahoy* Counsel are Uniquely Experienced in Litigation Regarding the Defect. .............................................................................................................7

C. *Delahoy* Counsel Have a Track Record of Success in Major Class Action, Consumer Protection, and Product Liability Matters. ................................10

D. *Delahoy* Counsel Have the Resources to Fully Fund this Litigation to Completion. ...................................................................................................14

E. *Delahoy* Counsel are Diverse. ......................................................................15

V. CONCLUSION ...............................................................................................17

# TABLE OF AUTHORITIES

*Allen v. Holiday Universal*,
  249 F.R.D. 166, 187 (E.D. Pa. 2008) ....................................................... 13

*Brito v. LG Elec. USA Inc.*,
  2:22-cv-05777-JMV-JSA (D.N.J.) ........................................................ 6, 11

*Chamberlain v. Ford Motor Co.*,
  402 F.3d 952 (9th Cir. 2005) ................................................................... 18

*Delahoy v. Samsung Elecs. Am., Inc.*,
  No. 2:22-cv-04132-CCC-CLW (D.N.J.) ........................................... 7, 8, 10

*Durso v. Samsung Elecs. Am., Inc.*,
  No. 12-5352 (D.N.J. Aug. 7, 2013) ............................................................ 9

*Falk v GM*,
  496 F. Supp. 2d 1088 (2007) .................................................................... 17

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................. 18

*In re General Motors Corp. Product Liability Lit.*,
  MDL. No. 1896 (W.D. Wash.) ................................................................. 17

*In re JUUL Labs, Inc. Mktg, Sales Prac. and Prod. Liab. Litig.*,
  No. 3:19-MD-02913 (N.D. Cal.) .............................................................. 19

*In re Robinhood Outage Litig.*,
  No. 20-cv-01626-JD (N.D. Cal. July 14, 2020) ...................................... 20

*In re Vanguard Chester Funds Litig.*,
  No. CV 22-955 (E.D. Pa. Sept. 1, 2022) ............................................ 11, 13

*In Re Zinc Antitrust Litig.*,
  No. 14 Civ-3728 (PAE) (S.D.N.Y.) ......................................................... 15

*In re: Google Buzz Privacy Litig.*,
  No. 5:10-cv-00672-JW (N.D. Cal. May 31, 2011) .................................. 18

*In re: Liquid Aluminum Sulfate Antitrust Litig.*,
    No. 16-md-02687 (D.N.J.) .................................................................................. 13, 15

*In Re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod.*
    *Litig.*, MDL No. 3014 ............................................................................................... 16

*In re: The Bank Of New York Mellon ADR FX Litig.*,
    No. 1:16-cv-00212 (S.D.N.Y.) ................................................................................ 15

*Kamakahi v. Am. Soc. for Reprod. Med.*,
    No. C 11-01781 SBA (N.D. Cal. Mar. 14, 2012) .................................................. 12

*Kleehamer v. Samsung Elecs. Am., Inc.*,
    No. 2:22-cv-06312-CCC-CLW (D.N.J.) ............................................................ 8, 10

*Mason v. Samsung Elecs. Am., Inc.*,
    No. 5:22-cv-01244 (C.D. Cal.) .......................................................................... 8, 10

*McAdams v. Monier*,
    (Cal. Ct. App.) ........................................................................................................ 18

*Nat'l Assoc. of Radiation Survivors v. Walters*,
    No. 83-c-1861 (N.D. Cal.) ...................................................................................... 18

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    No. 21-cv-08812 (N.D. Cal. July 26, 2022) ........................................................... 13

*Sayce v. Forescout Technologies, Inc.*,
    No. 20-cv-00076-SI, (N.D. Cal. Nov. 19, 2020) .................................................... 20

*Tapply v. Whirlpool Corp.*,
    1:22-cv-00758-JMB-RSK (W.D. Mich) ............................................................ 6, 11

*Weston v. Subaru of America, Inc.*,
    No. 1:20-cv-05876-CPO-SAK (D.N.J.) ................................................................. 16

*Zivkovic v. Laura Christy LLC*,
    329 F.R.D. 61, 77 (S.D.N.Y. 2018) ....................................................................... 13

iv

**Other Authorities**

MANUAL FOR COMPLEX LITIG., § 10.221 ....................................................................12

Smith Eibeler, LLC, Employment and Litigation Lawyers, Firm Overview..............14

Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340,
419–20 (3d Cir. 2002) .........................................................................................9

Duke Law Center for Judicial Studies, Standards and Best Practices for Large Mass-
Tort MDLs (Dec. 19, 2014).................................................................................20

**Rules**

Fed R. Civ. P. 23(g) ...............................................................................................5, 21

Fed R. Civ. P. 23(g)(1) ...............................................................................................9

Fed R. Civ. P. 23(g)(1)(A)......................................................................................9, 11

Fed R. Civ. P. 23(g)(1)(A)(ii)..................................................................................11, 12

Fed R. Civ. P. 23(g)(1)(B) ...........................................................................................9

Fed R. Civ. P. 42.........................................................................................................8

## MOTION TO APPOINT FELDMAN SHEPHERD AND MORGAN & MORGAN AS INTERIM CO-LEAD CLASS COUNSEL

Plaintiffs Marilyn Delahoy, Mary Dunahoe, Frank Tastinger, Terry Tighe, Joanne Michanowicz, Eric Bosch, and Cory Hightower, ("Plaintiffs") respectfully move for an Order pursuant to Federal Rules of Civil Procedure Rule 23(g) appointing Zachary Arbitman of Feldman Shepherd Wohlgelernter Tanner Weinstock Dodig LLP ("Feldman Shepherd") and Marie N. Appel of Morgan & Morgan as interim co-lead counsel ("*Delahoy* Counsel") in the above-captioned action.

## I.    INTRODUCTION

The three class actions now consolidated before the Court concern ranges (the "Ranges") manufactured by Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") that include dangerous latent defects in the design of their front-mounted burner control knobs that make the Ranges susceptible to unintentional actuation (the "Defect").  The control knobs on the Ranges are prone to, and do, rotate as a result of minor, inadvertent contact.  When the knobs on the Ranges are accidentally and inadvertently contacted, the Ranges actuate without warning and cause the ignition of gas Range burners and heating of electric Range cooktops unbeknownst to the consumer.  This unintentional actuation of the Ranges thus creates hazardous conditions—leaking gas or heating electric cooktops to extreme temperatures—and serious risk of fire, property damage, and

1

personal injury.

*Delahoy* Counsel filed the first class action against Samsung regarding the Defect.  In February 2022, *Delahoy* Counsel began studying the Defect and, in March 2022, announced that it was investigating a potential class action lawsuit on behalf of purchasers of Samsung Ranges.  *See* https://info.feldmanshepherd.com/samsung-range-knobs?hs_preview=aCzVqWeq-68048755979.

 *Delahoy* Counsel filed their Complaint on June 17, 2022—roughly four and half months after identifying the Defect, investigating it thoroughly, and deeming the matter ripe for judicial resolution.  *Delahoy* Counsel have collectively spent hundreds of hours developing the case, speaking with potential class representatives, and filing two substantial Complaints.  *Delahoy* Counsel have also retained multiple experts and staffed up their litigation teams with the intention of vigorously prosecuting this case.

In addition, Feldman Shepherd and Morgan & Morgan are jointly prosecuting two other similar class actions against different manufacturers.  *See Tapply v. Whirlpool Corp.*, 1:22-cv-00758-JMB-RSK (W.D. Mich); *Brito v. LG Elec. USA Inc.*, 2:22-cv-05777-JMV-JSA (D.N.J.).   *Delahoy* Counsel are invested in this litigation and committed to doing right by the classes.

*Delahoy* Counsel also have deep experience in class action, consumer protection, and products liability matters beyond the instant issue. *See* Firm Profiles

of *Delahoy* Counsel at Exhibit 1 to the Declaration of Zachary Arbitman (Exhibit A) and Exhibit 1 to the Declaration of Marie N. Appel (Exhibit B).  They have the human and financial resources to take important cases, such as this one, to trial if need be. Feldman Shepherd and Morgan & Morgan have both obtained numerous verdicts on behalf of classes, including one obtained by Alan Feldman and Edward Goldis in an automotive defect class action filed in New Jersey state court.  Feldman Shepherd's regional focus, with its headquarters in Philadelphia and a New Jersey office in Cherry Hill, is well-complimented by Morgan & Morgan's depth and national reach. Together, they boast a bench of over 800 attorneys.

Finally, and importantly, appointing Zachary Arbitman of Feldman Shepherd and Marie N. Appel of Morgan & Morgan as *Delahoy* Counsel would afford younger and diverse attorneys the rare opportunity to serve in a leadership capacity in a largescale class action.  With the support of their firms, and the benefit of their own significant experience, Mr. Arbitman and Ms. Appel are well-suited to take on their first appointments as class counsel and steer this litigation to a successful result.

## II.   BACKGROUND

On June 17, 2022, *Delahoy* Counsel filed a class action complaint on behalf of Marilyn Delahoy in the United States District Court for the District of New Jersey against Samsung Electronics, America, Inc. and Samsung Electronics Co., Ltd. seeking relief for purchasers and owners of Ranges containing the Defect.  *See Delahoy v.*

*Samsung Elecs. Am., Inc.*, No. 2:22-cv-04132-CCC-CLW (D.N.J.). Delahoy, along with six additional proposed class representatives, filed an Amended Class Action Complaint on October 2, 2022. *Id.* at ECF 18.

On July 18, 2022, Robert A. Mason filed a class action complaint in the United States District Court for the Central District of California against Samsung seeking relief for purchasers and owners of Ranges containing the Defect. *See Mason v. Samsung Elecs. Am., Inc.,* No. 5:22-cv-01244 (C.D. Cal.). On October 18, 2022, the parties in the *Mason* action requested that the case be transferred to the United States District Court for the District of New Jersey due to the existence of the *Delahoy* case. *Id.* (ECF 23). The case has since been transferred (*id.* at ECF 25), and is now before Judge Cecchi. *Mason v. Samsung Elecs. Am., Inc.,* No 2:22-CV-06186-CCC-CLW (D.N.J.) (Cecchi, J.).

On October 28, 2022, Kayce Kleehamer filed a class action complaint in the United States District Court for the District of New Jersey against Samsung seeking relief for purchasers and owners of Ranges containing the Defect. *See Kleehamer v. Samsung Elecs. Am., Inc.,* No. 2:22-cv-06312-CCC-CLW (D.N.J.) (Cecchi, J.).

*Delahoy* Counsel took the lead in drafting the proposed Stipulation regarding Consolidation pursuant to Federal Rule of Civil Procedure 42 that the parties filed on November 10, 2022. Arbitman Decl. ¶ 16; *Delahoy*, No. 2:22-cv-04132-CCC-CLW, at ECF 20-1. The Court entered a Stipulation and Order regarding Consolidation on

November 14, 2022 (*id.* at ECF 21), and directed attorneys for Plaintiffs to submit applications for interim class counsel 7 days later. *Id.*  Plaintiffs now submit their application for appointment as interim lead class counsel.

## III.   STANDARD OF REVIEW

The issue of which attorney or group of attorneys to appoint as interim class counsel is governed by Rule 23(g)(1) of the Federal Rules of Civil Procedure. The rule directs the Court to consider counsel's (i) work to identify or investigate the claims; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) knowledge of the particular area of law; and (iv) resources. Fed R. Civ. P. 23(g)(1)(A).  The court may also consider any other factor that affects counsel's ability to act in the best interests of the putative class. Fed R. Civ. P. 23(g)(1)(B); *see* Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 419–20 (3d Cir. 2002) (citing additional considerations regarding counsel's motivation, experience, and understanding of case and lead plaintiff's economic stake in litigation).

## IV.   ARGUMENT

### A.   *Delahoy* Counsel Identified, Investigated, and Filed the First Class Action Against Samsung Regarding the Defect.

When analyzing the first Rule 23(g)(1)(A) factor, *i.e.*, the work that counsel have done to identify or investigate potential claims, the court may look to whether proposed counsel have "interview[ed] class members, research[ed] the claims, and

5

engag[ed] experts" to determine the depth of their investigation. *See Durso v. Samsung Elecs. Am., Inc.*, No. 12-5352, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013).

*Delahoy* Counsel developed the legal theory in this litigation after conducting a thorough investigation and consulting with multiple experts in the field.  *See* Arbitman Decl., *¶¶* 8-12.  ***This matter is not one where Delahoy Counsel simply won the race to the courthouse in the wake of major breaking news regarding the Ranges or Defect***.

In working up the case, *Delahoy* Counsel interviewed scores of potential class members and engaged several individuals—seven in total—best-suited to represent the class.  *See id.* ¶ 11.  *Delahoy* Counsel continue to speak with potential class members regularly and will continue to do so throughout the entirety of this litigation. *See id.*

The breadth and depth of *Delahoy* Counsel's analysis, and the scope of the claims they allege on behalf of the putative class, is most readily apparent from their detailed Complaint and Amended Class Action Complaint.  *See* ECF 1, 18.  Given the similarity of the *Mason* and *Kleehamer* Complaints, it appears as though the plaintiffs in those cases have benefitted from the fruits of *Delahoy* Counsel's labor. *Compare Delahoy,* ECF 1 and 18*, with Mason,* No 2:22-CV-06186-CCC-CLW, ECF 1 (Exhibit 2 to Arbitman Decl.), *and Kleehamer,* No. 2:22-cv-06312-CCC-CLW,

ECF 1 (Exhibit 3 to Arbitman Decl.).

Because those plaintiffs have not substantially developed the claims set forth in detail in the *Delahoy* complaint or retained a larger number of class representatives, *Delahoy* Counsel are entitled to the "inference that the first-filing party has spent more time and resources investigating the matter." *In re Vanguard Chester Funds Litig.*, No. CV 22-955, 2022 WL 3971053, at *4 (E.D. Pa. Sept. 1, 2022). The first factor in the Rule 23(g)(1)(A) analysis—the work done by competing counsel to identify and investigate the claims—therefore cuts in favor of appointing Feldman Shepherd and Morgan & Morgan as interim co-lead class counsel.

## B. *Delahoy* Counsel are Uniquely Experienced in Litigation Regarding the Defect.

*Delahoy* Counsel are prosecuting two other similar class actions, as co-counsel, against different manufacturers. See *Tapply v. Whirlpool Corp.*, 1:22-cv-00758-JMB-RSK (W.D. Mich); *Brito v. LG Elec. USA Inc.*, 2:22-cv-05777-JMV-JSA (D. N.J.). This not only demonstrates their commitment to the litigation, but is also evidence of *Delahoy* Counsel's superior experience with the particular issue at bar. *See* Fed R. Civ. P. 23(g)(1)(A)(ii).

Moreover, the fact that *Delahoy* Counsel are working on all of these matters as a team is evidence of their ability to work cooperatively and collaboratively. *Delahoy* Counsel will likewise work cooperatively with defense counsel, and counsel for other plaintiffs and class members, to secure a just, speedy, and inexpensive determination

7

in this action—all in the interest of achieving the best possible outcome for the aggrieved consumers.

As will be the case here, both *Whirlpool* and *LG* have been prosecuted without waste or duplication of effort. *Delahoy* Counsel are confident they will be able to continue to utilize these same strategies to ensure the efficient and economical litigation of this matter. *Delahoy* Counsel will recommend the use of proven methodologies from prior cases to monitor billing, control costs, review assignments, and avoid duplication of efforts of Plaintiffs' counsel. Additionally, *Delahoy* Counsel will appropriately staff this action and communicate effectively to avoid duplicative or unnecessary work. With the Court's approval, *Delahoy* Counsel will also encourage the use of Zoom and other videoconferencing options for hearings and depositions. Such applications have been used successfully during the COVID-19 pandemic; the continued use of remote meetings, when feasible, will be an invaluable cost-saving measure.

In line with the above, *Delahoy* Counsel do not see a purpose for an oversized executive committee. *See Kamakahi v. Am. Soc. for Reprod. Med.*, No. C 11-01781 SBA, 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) ("Committees of counsel can sometimes lead to substantially increased costs[.]") (quoting MANUAL FOR COMPLEX LITIG., § 10.221). "Committees of counsel . . . sometimes lead to substantially increases costs, and . . . should try to avoid unnecessary duplication of

effort and control fees and expenses."   MANUAL § 10.221.

Lastly, counsel's experience in this District is also relevant to the Rule 23(g)(1)(A)(ii) inquiry. *See Allen v. Holiday Universal*, 249 F.R.D. 166, 187 (E.D. Pa. 2008); *see also Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 21-cv-08812, 2022 WL 3571995, at *5 (N.D. Cal. July 26, 2022) (highlighting the selected counsel's "significant experience litigating securities class actions, including in this district"); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 77 (S.D.N.Y. 2018) (appointing class counsel in a FLSA action, in part, because of counsel's "extensive experience litigating employment law cases in this District, including class actions").

Mr. Arbitman has been personally involved in several cases in this District, including at least one class action, *In re: Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-02687 (D.N.J.).  He and all but one attorney on the Feldman Shepherd class action team are admitted to practice in New Jersey and practice there regularly. *See* Exhibit 1 to Arbitman Decl.

Neither Attorney Klinger nor Attorney Suciu are barred in the State of New Jersey nor are any of the lead attorneys from the Chestnut Cambronne firm.  Further, "the experience of proposed local or liaison counsel is generally given less weight than the experience of 'lead' counsel for a given plaintiff cohort, as these attorneys are generally utilized for administrative, rather than substantive purposes."  *In re Vanguard Chester Funds Litig.*, 2022 WL 3971053, at *4 .   Thus, Chestnut

Cambronne's association with local counsel at Smith Eibeler, LLC—a firm which appears to focus on employment and business, rather than consumer, litigation—does not overcome that firm's lack of ties to this District. *See* Smith Eibeler, LLC, Employment and Litigation Lawyers, Firm Overview, available at https://www.jerseyemploymentlawyers.com/firm-overview.html ("Robert W. Smith and Christopher J. Eibeler formed Smith Eibeler, LLC in 2011 to serve New Jersey employees, individuals and small businesses in a wide range of employment law issues and business litigation.")

### C. *Delahoy* Counsel Have a Track Record of Success in Major Class Action, Consumer Protection, and Product Liability Matters.

*Delahoy* Counsel have also successfully prosecuted many other cases against powerful corporations for violations of product liability and consumer protection laws. *See* Exhibit 1 to Arbitman Decl., and Exhibit 1 to Appel Decl. (Firm Profiles). Feldman Shepherd and Morgan & Morgan have unparalleled experience in significant cases, including class actions, involving dangerous products. *See id.* *Delahoy* Counsel have established relationships with top consumer appliance experts and will call on damages experts, with whom they have previously worked, to ensure that damage models meet the theory of liability pursued.

The firms also have class certification expertise that will be critical to this case. *See id.* And each firm has unique experience taking class actions through trial, to successful verdict, and affirmance on appeal. *See id.* This know-how is critical

where, as here, the defendant has engaged a well-heeled law firm with experienced trial counsel of its own.  *See* Firm Biography of Michael J. Mueller, Esq., available at https://www.huntonak.com/en/people/michael-mueller.html ("He has tried more class actions to verdict than perhaps any other attorney in the country, including the defense of nine private class actions and a Secretary of Labor enforcement action against a Fortune 100 food manufacturer.").

**Zachary Arbitman.**  Mr. Arbitman has a decade of experience litigating high-stakes cases.  He has helped recover over $250 million dollars in whistleblower, class action, and catastrophic personal injury matters to date.  *See* Exhibit 1 to Arbitman Decl.  Mr. Arbitman's class action practice focuses on important consumer protection cases—namely, product liability, false advertising, and antitrust matters.  *See* Exhibit 1 to Arbitman Decl.

Mr. Arbitman has prosecuted numerous class actions, prior to his joining Feldman Shepherd last year, that have resulted in significant recoveries, including: *In re: Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements in antitrust class action alleging defendants unlawfully allocated customers and markets and fixed the price of liquid aluminum sulfate); *In re: The Bank Of New York Mellon ADR FX Litig.*, No. 1:16-cv-00212 (S.D.N.Y.) ($72.5 million settlement in class action alleging BNY Mellon overcharged American depositary receipt holders for the conversion of foreign currency dividends to U.S.

11

dollars); *In Re Zinc Antitrust Litig.*, No. 14 Civ-3728 (PAE) (S.D.N.Y.); ($9.85 million recovery in an antitrust class action alleging monopolization and attempted monopolization conduct resulting in inflated market pricing for Special High Grade Zinc).

**Marie N. Appel.**  Ms. Appel has dedicated her career to helping consumers and has over twenty years of experience litigating consumer class action cases in both state and federal court. She is currently counsel on a number of cases including *In Re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Prod. Litig.*, MDL No. 3014 (Medical Monitoring Working Group); and *Weston v. Subaru of America, Inc.*, No. 1:20-cv-05876-CPO-SAK (D.N.J.) (Plaintiffs' Steering Committee).  *See* Exhibit 1 to Appel Decl.

**Alan M. Feldman.**  Mr. Arbitman is joined by Alan Feldman, Co-Managing Shareholder and one of the founders of Feldman Shepherd.  Mr. Feldman has obtained substantial verdicts and settlements in class action cases filed in state and federal courts, including a $6 million verdict against Kia Motors in a class action concerning a defective braking system. The verdict was affirmed by the Pennsylvania Supreme Court and ultimately led to Kia paying more than $10 million to class members.

Mr. Feldman also secured a $6.3 million jury verdict against Kia Motors for a defective braking system on Kia Sephia models sold in New Jersey from 1997

through 2000. The defective system caused premature wear of brake pads and rotors, necessitating replacement at approximately 10,000-mile intervals instead of the expected 20,000 mile minimum useful life. Because Kia's warranty did not cover brake components, Kia owners were compelled to spend substantial sums for additional brake repairs caused by the defective braking system. The trial judge granted Kia's post-trial motion to have the verdict set aside and ordered claims proceedings which resulted in damage awards of just over $40,000 to a small number of qualifying class members. The Appellate Division reinstated the full amount of the verdict for the entire class.

In addition, Mr. Feldman has obtained many multimillion-dollar verdicts and settlements in product liability litigation in both state and federal courts, including nearly $100 million in settlements in IKEA dresser tip-over cases; a $36.5 settlement for the family of two food truck explosion victims; an $18 million settlement against the manufacturer of a portable electrical heater; an $8 million recovery for the family of a child who suffocated while being carried by his mother in an infant baby sling; and $8 million for a hunter who became paralyzed from the waist down as the result of a defective tree stand.

**Michael F. Ram.**  Ms. Appel is joined by Michael Ram, Head of Morgan & Morgan's Class Action Consumer Products & Automotive Litigation. Mr. Ram has nearly four decades experience prosecuting class actions, including several that have

resulted in important published decisions. *See, e.g. Falk v GM*, 496 F. Supp. 2d 1088 (2007) which became *In re General Motors Corp. Product Liability Lit.*, MDL. No. 1896 (W.D. Wash.) (defective speedometers); *Chamberlain v. Ford Motor Co*., 402 F.3d 952 (9th Cir. 2005) (affirming class certification); *Hanlon v. Chrysler Corp*., 150 F.3d 1011 (9th Cir. 1998) (approving class action settlement); *McAdams v. Monier*, 2015 WL 5968461 (Cal. Ct. App.). He was a co-recipient of the Trial Lawyer of the Year Award given by Trial Lawyers for Public Justice for his class action trial work on *Nat'l Assoc. of Radiation Survivors v. Walters*, No. 83-c-1861 (N.D. Cal.) He was co-lead counsel for plaintiffs in *Chamberlain v. Ford Motor Co.*, No. 03-cv-2628 (N.D. Cal.), a class action involving defective intake manifolds that generated four published opinions, including one by the Ninth Circuit, and settled one court day before the class trial. He was court-appointed liaison counsel for the plaintiffs in *In re: Google Buzz Privacy Litig*., an internet privacy class action alleging misappropriation and misuse of Gmail users' personal data. No. 5:10-cv-00672-JW (N.D. Cal. May 31, 2011) (order approving $8.5 million class action settlement). Exhibit 1 to Appel Decl.

> **D.** ***Delahoy* Counsel Have the Resources to Fully Fund this Litigation to Completion.**

*Delahoy* Counsel have committed, and will continue to commit, significant financial resources to the case.  Both firms have years of experience prosecuting and self-funding complex litigation and have advanced substantial expenses in doing so.

14

This case is no different.  *Delahoy* Counsel will bring their substantial resources to bear in financing and staffing this case as needed. Arbitman Decl., ¶ 12; Appel Decl., ¶ 3.

Both firms have also dedicated eminent litigators to this matter as well. Though Mr. Arbitman and Ms. Appel will lead the litigation, Mr. Feldman and Mr. Ram will personally dedicate whatever time is necessary to assist them in doing so.  *Delahoy* Counsel also maintain rosters of talented attorneys and capable staff necessary to deal with the substantial amount of discovery, motion practice, and trial work that this action will require. Indeed, the class will benefit from *Delahoy* Counsel's combined bench of more than 800 attorneys.

These resources further evidence that Feldman Shepherd and Morgan & Morgan are fully prepared for and capable of taking this matter to verdict if need be. Approaching the litigation with a trial focus, as *Delahoy* Counsel does, allows for maximizing the value of the putative class's claims and leverage in settlement discussions. Both firms are focused on obtaining real relief for consumers and have the resolve necessary to take complex class actions to trial—and have a track record of doing so—should that be in the best interests of the plaintiffs and putative class.

### E.   *Delahoy* Counsel are Diverse.

The lack of opportunities for younger and diverse members of the legal community has been consistently noted by the judiciary for years. *See In re JUUL*

*Labs, Inc. Mktg, Sales Prac. and Prod. Liab. Litig.*, No. 3:19-MD-02913 (N.D. Cal.), ECF No. 321 at 4:7-12 (Orrick, J.) (emphasizing the importance of "diversity and all of its aspects from the types of cases, the geographic distribution, MDL experience, as well as the more immutable diversity characteristics"); *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) ("[L]eadership roles should be made available to newer and less experienced lawyers, and the attorneys running this litigation should reflect the diversity of the proposed national class."); *Sayce v. Forescout Technologies, Inc.*, No. 20-cv-00076-SI, 2020 WL 6802469, at *9 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity, including by female lawyers" among one applicant group and "strongly urg[ing] all parties to this case to make meaningful litigation opportunities available to junior and underrepresented lawyers throughout the pendency of this action"); Duke Law Center for Judicial Studies, Standards and Best Practices for Large Mass-Tort MDLs, at 45 (Dec. 19, 2014) ("Litigants and the civil justice system benefit from diversity of leadership. . . [i]t cannot be said that there are not enough talented individuals with the education, background and experience to effectively lead MDL litigation to permit greater diversity.").

This case provides an exceptional vehicle to buck this longstanding trend. In addition to having the knowledge, experience, and resources to best represent the class, *Delahoy* Counsel should also address the need for more youth and diversity in

leadership roles.  *Delahoy* Counsel address this issue head-on by proposing Mr. Arbitman and Ms. Appel to lead this litigation, which would be the first time either has been appointed to do so.

## V.     CONCLUSION

If appointed by the Court, *Delahoy* Counsel will be honored to represent Plaintiffs and the Class. They will commit the necessary time and resources to pursue the matter to its conclusion and will coordinate and cooperate with all plaintiffs' counsel to prosecute the action efficiently and effectively. They will always meet their fiduciary obligations to the named Plaintiffs, all members of the Class, and this Court.  And they will be sure to afford substantive opportunities to younger and diverse attorneys on their team. On these bases, Plaintiffs respectfully request that the Court appoint *Delahoy* Counsel to lead this action pursuant to Federal Rule of Civil Procedure 23(g).

Dated: November 21, 2022                    Respectfully submitted,


                                  ___/s/ Zachary Arbitman_____
                                  Alan M. Feldman
                                  Daniel J. Mann
                                  Edward S. Goldis
                                  Bethany R. Nikitenko
                                  Zachary Arbitman
                                  FELDMAN SHEPHERD WOHLGELERNTER
                                  TANNER WEINSTOCK & DODIG, LLP
                                  1845 Walnut Street, 21st Floor
                                  Philadelphia, PA 19103
                                  T: (215) 567-8300

F: (215) 567-8333
afeldman@feldmanshepherd.com
dmann@feldmanshepherd.com
egoldis@feldmanshepherd.com
bnikitenko@feldmanshepherd.com
zarbitman@feldmanshepherd.com

Michael F. Ram
Marie N. Appel
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
mram@forthepeople.com
mappel@forthepeople.com

*Attorneys for Plaintiffs Marilyn Delahoy, Mary Dunahoe, Frank Tastinger, Terry Tighe, Joanne Michanowicz, Eric Bosch, and Cory Hightower and the Class*