## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN DELAHOY, MARY DUNAHOE, FRANK TASTINGER, TERRY TIGHE, JOANNE MICHANOWICZ, CORY HIGHTOWER, ERIC BOSCH, and CHRIS KUGLER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, et al.,<br><br>Defendants. | Case 2:22-cv-04132-CCC-CLW |
| ROBERT A. MASON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, et al.,<br><br>Defendants. | Case 2:22-CV-06186-CCC-CLW |
| KAYCE KLEEHAMER, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, et al.,<br><br>Defendants. | Case 2:22-cv-06312-CCC-CLW |

## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Plaintiffs Marilyn Delahoy, Mary Dunahoe, Frank Tastinger, Terry Tighe, Joanne Michanowicz, Eric Bosch, Cory Hightower, Robert A. Mason, Kayce Kleehamer, and Chris Kugler, individually and on behalf of all others similarly situated (the "Class"), through their undersigned counsel, allege as follows against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together "Samsung").

## INTRODUCTION

1.     Plaintiffs and the Class are purchasers of Samsung ranges (the "Ranges") that include dangerous latent defects in the design, or in the manufacture, of their front-mounted burner control knobs that make the Ranges susceptible to unintentional actuation (the "Defect").  The control knobs on the Ranges are prone to, and do, rotate as a result of minor, inadvertent contact.  When the knobs on the Ranges are accidentally and inadvertently contacted, the Ranges actuate without warning and cause the ignition of gas Range burners and heating of electric Range cooktops unbeknownst to the consumer.  This unintentional actuation of the Ranges thus creates hazardous conditions—leaking gas or heating electric cooktops to extreme temperatures—and serious risk of fire, property damage, and personal injury.

2.     The Ranges span several model numbers, but they all contain the same

1

defect and are all subject to unintentional actuation.  All the Ranges, gas and electric, contain the same, or substantially similar, front-mounted burner control knobs which are identically or similarly designed and, as a result, are prone to, and do, rotate as a result of minor, inadvertent contact causing them to unintentionally actuate.

3.    The defective condition of the Ranges is the result of the minimal depression required to push the burner control knobs in and low force the knobs need to travel to the "on" position, which is inadequate to prevent unintentional actuation.  In other words, the ease with which the knobs can be pushed in and rotated without resistance fails to prevent the Ranges from being actuated inadvertently.

4.    As Samsung acknowledges, this two-factor actuation mechanism is required by international standards.  Samsung's own user manuals also instruct that consumers must both push and turn the control knobs to actuate the Ranges.  But, in practice, this does not prove to be the case.

5.    Further, the control knobs are placed on the Ranges without the necessary guards to prevent such unintentional actuation.

6.    The propensity of the Ranges to be unintentionally actuated—*i.e.*, turned on by accident—creates a significant and largely unappreciated safety risk for Plaintiffs and the Class.  This defective condition renders the Ranges hazardous

and unsafe for normal and expected use. The Defect substantially impedes the central function of the Ranges, which serve one purpose: safe cooking.

7.    Since at least 2014, Samsung has known that its Ranges were susceptible to unintentional actuation. Consumers have filed numerous incident reports about the Defect with the U.S. Consumer Product Safety Commission (the "CPSC"), which the CPSC has in turn sent to Samsung. Consumers have also filed complaints with Samsung directly via online product reviews posted to Samsung's website and indirectly via reviews posted to the websites of third-party retailers.

8.    In addition, Samsung has expressly admitted that the Ranges contain a defective and dangerous condition, as it maintains a page on its website titled "Range knobs accidentally turn on cooktop too easily," the existence of which further confirms the company's knowledge of the Defect.

9.    Despite this admission—and rather than curing the Defect—Samsung has instead elected to conceal it from Plaintiffs and the Class by including misleading information in the above-described web page. On that page, Samsung falsely claims that, despite the unintentional actuation and safety hazards they present, the Range knobs are compliant with applicable international standards.

10.    Samsung also advises consumers that they can purchase after-market third-party cooktop knob covers or locks to circumvent the inherently defective design of the knobs. It does so, again, instead of curing the Defect.

3

11.    More recently, Samsung has updated the above web page to inform Range owners that they can purchase replacement knobs from Samsung at an additional cost to the consumer—brazenly seeking to profit from a serious safety hazard that Samsung itself created.

12.    Because the existence of the Defect was concealed by Samsung, Plaintiffs and the Class were deceived and deprived of the benefit of their bargain. A range that turns on without a consumer's knowledge has no value because it cannot be used safely.  Alternatively, the Ranges have far less value than promised at the point of sale, because a range prone to unintentional actuation, and the attendant risk of harm, is less valuable than one that operates safely.

13.    The below allegations are based upon personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

14.    This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the Class is a citizen of a state different from that of Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the Class consists of more than 100 class members, and (d) none of the exceptions under 28 U.S.C. § 1332(d) applies to this action.

15.    The United States District Court for the District of New Jersey has

jurisdiction over Defendants because they reside and transact business in New Jersey, have purposely availed themselves of the laws of New Jersey, and because many of the specific events giving rise to this action occurred in New Jersey.

16.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Defendants have marketed, advertised, and sold the Ranges, and otherwise conducted extensive business, within this District. In addition, both Defendants' principal place of business is in Ridgefield Park, New Jersey.

## **PARTIES**

17.    Plaintiff Marilyn Delahoy is a citizen and resident of Niagara Falls, New York.

18.    Plaintiff Mary Dunahoe is a citizen and resident of Whitehouse, Texas.

19.    Plaintiff Frank Tastinger is a citizen and resident of Sunrise, Florida.

20.    Plaintiff Terry Tighe is a citizen and resident of Springfield, Nebraska.

21.    Plaintiff Joanne Michanowicz is a citizen and resident of Ellsworth, Michigan.

22.    Plaintiff Cory Hightower is a citizen and resident of San Jose, California.

23.    Plaintiff Eric Bosch is a citizen and resident of Lee Summit, Missouri.

24.    Plaintiff Chris Kugler is a citizen and resident of Wabash, Indiana.

25.   Plaintiff Robert A. Mason is a citizen and resident of Temecula, California.

26.   Plaintiff Kayce Kleehamer is a citizen and resident of Ohio.

27.   Defendant Samsung Electronics Co., Ltd. ("SECL") is a South Korean multinational corporation located in Seoul, South Korea. SECL designs, manufactures, and distributes Ranges for sale in this jurisdiction. According to samsung.com, SECL's "North America Headquarters" is in Ridgefield Park, New Jersey. SECL also regularly monitors its wholly owned subsidiaries' financial risk arising from operating activities and regularly dispatches financial risk managers to its regional headquarters in the United States.

28.   SECL is and has at all times relevant been in the business of manufacturing, distributing, marketing, promoting, and selling the Ranges throughout the United States and in this jurisdiction. SECL purposely directs its conduct toward this District and engages in a continuous course of business in this District, both by intentionally locating its wholly owned subsidiary in this District and by selling thousands of ranges and other consumer goods in this District every year.

29.   Defendant Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary of SECL. SEA is a New York corporation with its headquarters in Ridgefield Park, New Jersey. SEA warranties products designed, manufactured,

and distributed by SECL, and it acts as SECL's agent in the processing of warranty claims related to defects in manufacturing or materials used by SECL during the manufacturing process.

30.    SEA is and has at all relevant times been in the business of distributing, marketing, promoting, and selling the Ranges described herein throughout the United States and in this jurisdiction. SEA resides in and engages in a continuous course of business in this District and sells thousands of ranges and other consumer goods in this District every year.

31.    SECL and SEA (collectively, "Defendants" and/or "Samsung") are in the business of manufacturing, producing, distributing, and selling consumer appliances, including Ranges, to customers throughout the United States, both directly and through its network of authorized resellers.

**ALLEGATIONS SPECIFIC TO PLAINTIFFS**

**A.    Plaintiff Delahoy**

32.    In or around October 2019, Ms. Delahoy purchased a new Samsung Range Model Number NE58F9710WS from Orville's—an authorized Samsung reseller—in Amherst, New York for $1,096.00.

33.    Ms. Delahoy reviewed Samsung marketing materials before she purchased her Range.  She was persuaded to purchase the Range because Samsung's placement of the knob controls on the Range's front, rather than above its cooktop, appeared to make it safer.  Indeed, front-mounted knobs allowed Ms.

7

Delahoy to control the cooktop's temperature without having to reach across the Range.

34.     Ms. Delahoy was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Delahoy would not have purchased her Range.

35.     Ms. Delahoy purchased the Range for personal, family, or household use.

36.     Ms. Delahoy uses, and at all times has used, her Range in a normal and expected manner.

37.     Ms. Delahoy began noticing that her Range was being turned on inadvertently in the spring of 2021, when contractors working in her kitchen unintentionally actuated it on two separate occasions.

38.     In early 2022, for example, Ms. Delahoy inadvertently actuated the Range herself while she was cooking.  The cooktop heated while Ms. Delahoy had bacon grease cooling on what she thought was an inactive back burner.  She did not realize the back burner of the Range had been activated until she heard bacon grease cracking and saw it splattering all over her kitchen.  In handling this emergency, however, Ms. Delahoy burned her arm, which lead to a blister than has now become

a scar:



39.    Just weeks after, Ms. Delahoy's Range was unintentionally actuated by a guest attempting to serve themself a slice of pizza.  Ms. Delahoy and her guests soon began to smell smoke in her nearby living room.  Ms. Delahoy quickly returned to the kitchen, where she found that the pizza box had caught fire from her Range's burner.  Ms. Delahoy disposed of the burning box in the snow outside her house.

40.    Shortly thereafter, Ms. Delahoy contacted Samsung about her Range and the Defect.

41.    At that time, a Samsung representative told her that it was interested in her claim and, also, that the company would send out a technician to repair her Range.

42.    While visiting the Delahoy home on or about March 1, 2022, the

9

Samsung technician told her that the burner controls were compliant with Samsung's intended design—but also agreed that they were dangerous. The technician promised to escalate Ms. Delahoy's concerns to Samsung's Research & Development Division. He also further suggested that Ms. Delahoy purchase knob covers for her burner controls and advised that Samsung might be able to send her a set of such covers.

43.    Ms. Delahoy told the Samsung technician that this Range should be recalled because its poor design would eventually cause a fire leading to someone's death.

44.    Despite Ms. Delahoy's input, and the Samsung technician's assurances that he would escalate the issue and provide knob covers, she still has not received any fix to the Defect.

45.    Rather, Ms. Delahoy received only an email from Samsung's Specialty Claims department informing her that the technician was unable to find manufacturing defects in her Range and that Samsung was not able to proceed with any additional accommodations.

46.    In early June 2022, Ms. Delahoy was using a 7-gallon stock pot on her Range to simmer (using the "low" setting) 60 meatballs, 2 racks of spare ribs, 8 chicken thighs, and Italian sausage in a large volume of homemade spaghetti sauce.

47.    Following the scent, Ms. Delahoy's dog attempted to hoist itself up on

the Range to see what was cooking; in doing so, the dog hit the burner knob onto "high."

48.    Plaintiff Delahoy noticed the change too late, so everything in the pot ended up burning and the pot itself was badly scorched.  Had Ms. Delahoy not noticed that the burner was on high until later, it possibly could have started a fire.

49.    Ms. Delahoy and her family continue to use the stove; however, when not in use, Ms. Delahoy removes all the front-mounted burner control knobs as a safety precaution.

50.    Before purchasing her Range, Ms. Delahoy did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Delahoy would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Delahoy has suffered significant economic injury.

### B.    Plaintiff Dunahoe

51.    On or around December 31, 2017, Ms. Dunahoe purchased a new Samsung Range Model Number NE58K9430SS from Lowe's—an authorized Samsung reseller—in Tyler, Texas for approximately $900.

52.    Ms. Dunahoe reviewed Samsung marketing materials before she purchased her Range.

53.    Ms. Dunahoe was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Dunahoe would not have purchased her Range.

54.    Ms. Dunahoe purchased the Range for personal, family, or household use.

55.    Ms. Dunahoe uses, and at all times has used, her Range in a normal and expected manner.

56.    Mr. Dunahoe and her family began noticing that her Range was being turned on inadvertently within months of it being installed.  They noted that just brushing up against the front-mounted control knobs or lightly cleaning the Range could actuate it and activate the burners.  Ms. Dunahoe and her family tried to warn everyone who visited their home about this safety hazard.

57.    In or around November 2018, Ms. Dunahoe's 12-year-old grandson unintentionally actuated her Range while getting brownies that were cooling on the cooktop.  At that time, Ms. Dunahoe was in the master bathroom.  Ms. Dunahoe soon smelled smoke and, upon arriving in the kitchen, found the source of it to be the melted, oven-ready plastic plate on which the brownies were cooling.  The smoke in the kitchen left soot everywhere and required significant cleaning.  It also

damaged surrounding décor, china, and the cooktop itself.

58.    On another occasion, Ms. Dunahoe inadvertently actuated her Range when she was bringing in groceries.  Ms. Dunahoe noticed that a plastic bag was burning when she came back to the house after unloading another bag from her vehicle.  The vegetables in the burnt plastic bag were ruined.

59.    Ms. Dunahoe and her family continue to use the stove but have placed a makeshift guard across the Range's front-mounted burner controls in an effort to prevent unintentional actuation.  In addition, Ms. Dunahoe removes the Range knobs when she is not using the appliance.

60.    Before purchasing her Range, Ms. Dunahoe did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Dunahoe would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Dunahoe has suffered significant economic injury.

**C.    Plaintiff Tastinger**

61.    In or around February 2021, Mr. Tastinger purchased a new Samsung Range Model Number NE63T8711SG from BrandsMart—an authorized Samsung reseller—in Sunrise, Florida for $1,399.88.

62.    Mr. Tastinger reviewed Samsung marketing materials before he

13

purchased his Range.

63.    Mr. Tastinger was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Mr. Tastinger would not have purchased his Range.

64.    Mr. Tastinger purchased the Range for personal, family, or household use.

65.    Mr. Tastinger uses, and at all times has used, his Range in a normal and expected manner.

66.    Mr. Tastinger began noticing that his Range was being turned on inadvertently within weeks of it being installed.

67.    In November 2021, Mr. Tastinger's Range actuated inadvertently while contractors were installing an overhead microwave.  A bath towel had been placed on the Range's cooktop during the microwave installation to prevent scratches and other damage.  That towel unfortunately caught fire from the hot cooktop that was actuated unintentionally.  Mr. Tastinger smelled the burning towel and pulled it off the cooktop and threw it in the sink before a more significant fire could spread.

68.    Mr. Tastinger contacted Samsung by phone about his Range and the

Defect.  The Samsung representative informed him that he could purchase knobs that would prevent the unintentional actuation but failed to take Mr. Tastinger's information or provide further guidance.

69.     Before purchasing his Range, Mr. Tastinger did not and could not have known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to his purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Mr. Tastinger would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Mr. Tastinger has suffered significant economic injury.

### D.     Plaintiff Tighe

70.     On December 6, 2020, Mr. Tighe purchased a new Samsung Range Model Number NE63T8751SS from Nebraska Furniture Mart—an authorized Samsung reseller—in Omaha, Nebraska for $2,399.00.

71.     Mr. Tighe reviewed Samsung marketing materials before he purchased his Range.

72.     Mr. Tighe was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Mr. Tighe would not have purchased his Range.

15

73.    Mr. Tighe purchased the Range for personal, family, or household use.

74.    Mr. Tighe uses, and at all times has used, his Range in a normal and expected manner.

75.    In or around March 2021, a child bumped into the Range while getting snacks and inadvertently activated the Range's cooktop.  A wooden noodle board had been placed on top of the Range by Mr. Tighe to prevent the glass cooktop from getting cracked or otherwise damaged.  When the child unintentionally actuated the Range, however, the noodle board began smoldering.  Mr. Tighe eventually smelled smoke and found that it was emanating from his Range.  Fortunately, Mr. Tighe intervened before suffering extensive property damage or personal injury.

76.    Mr. Tighe and his family continue to use the Range but now place a folding card table in front it to act as a guard against unintentional actuation of the Range's front-mounted burner controls.  Mr. Tighe and his family also constantly check to see if the Range is off.

77.    Before purchasing his Range, Mr. Tighe did not and could not have known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to his purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Mr. Tighe would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Mr. Tighe has suffered

significant economic injury.

### E.     Plaintiff Michanowicz

78.     On or around February 27, 2018, Ms. Michanowicz purchased a new Samsung Range Model Number NX58H5600SS from Home Depot—an authorized Samsung reseller—in Gaylord, Michigan for $687.83.

79.     Ms. Michanowicz' s Range was delivered and installed a few weeks after she purchased it.

80.     Ms. Michanowicz reviewed Samsung marketing materials before she purchased her Range.

81.     Ms. Michanowicz was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Michanowicz would not have purchased her Range.

82.     Ms. Michanowicz purchased the Range for personal, family, or household use.

83.     Ms. Michanowicz uses, and at all times has used, her Range in a normal and expected manner.

84.     Ms. Michanowicz noticed her Range was being unintentionally actuated within months of its installation.  She noticed that if she bumped into the

Range or reached over it, it would turn on extremely easily.

85.    Ms. Michanowicz continues to use the Range but is very cautious around it and watches carefully when others are near it.  She is particularly concerned about young children playing in the vicinity of the Range.

86.    Ms. Michanowicz purchased replacement knobs from Amazon, that are identical to the original knobs, but the replacement knobs did not cure the unintentional actuation issue.

87.    Before purchasing her Range, Ms. Michanowicz did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Michanowicz would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Michanowicz has suffered significant economic injury.

### F.    Plaintiff Hightower

88.    On or around February 18, 2021, Ms. Hightower purchased a new Samsung Range, Model No. NE63T8311SS from Costco—an authorized Samsung reseller—online for $1,099.99.

89.    Ms. Hightower reviewed Samsung marketing materials before she purchased her Range.

90.    Ms. Hightower was aware that her Range was covered by a Samsung

warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year. Absent this warranty, Ms. Hightower would not have purchased her Range.

91.    Ms. Hightower purchased the Range for personal, family, or household use.

92.    Ms. Hightower uses, and at all times has used, her Range in a normal and expected manner.

93.    Ms. Hightower noticed that her Range could be turned on inadvertently when a cutting board on the stovetop was burned after a control knob was inadvertently actuated and the cooktop began heating.

94.    In May or June of 2022, Ms. Hightower reached out to Costco regarding the Defect. Upon information and belief, Costco immediately or soon after reached out to Samsung about Ms. Hightower's complaint, but Samsung failed to provide a sufficient remedy to cure the Defect.

95.    Before purchasing her Range, Ms. Hightower did not and could not have known that his Range suffered from the Defect. Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Hightower would not have purchased the Range or

19

would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Hightower has suffered significant economic injury.

**G.    Plaintiff Bosch**

96.    On or around April 25, 2020, Mr. Bosch purchased a new Samsung Range Model Number NE58K9430SS from Lowe's—an authorized Samsung reseller—in Lee Summit, Missouri for approximately $800.00.

97.    Mr. Bosch reviewed Samsung marketing materials before he purchased his Range.

98.    Mr. Bosch was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Mr. Bosch would not have purchased his Range.

99.    Mr. Bosch purchased the Range for personal, family, or household use.

100.    Mr. Bosch uses, and at all times has used, his Range in a normal and expected manner.

101.    Soon after installation, Mr. Bosch noticed that nearly anyone walking by the front-burner control knobs ran the risk of causing the Range to actuate.  On one occasion, the unintentional activation of the Range resulted in a small box, which was resting on it, catching fire.  Fortunately, Mr. Bosch was able to put out the fire before significant damage to property or person occurred.

20

102.    Mr. Bosch and his family continue to use the Range but use a makeshift guard to prevent inadvertent actuation of the Range's front-mounted burner controls.

103.    Before purchasing his Range, Mr. Bosch did not and could not have known that his Range suffered from the Defect.  Had Samsung disclosed the Defect prior to his purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Mr. Bosch would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Mr. Bosch has suffered significant economic injury.

### H.    Plaintiff Kugler

104.    In or around September 2020, Ms. Kugler purchased a new Samsung Range Model Number NX58R560155/AA from Home Depot—an authorized Samsung reseller—in Puyallup, Washington for approximately $650.00.

105.    Ms. Kugler reviewed Samsung marketing materials before she purchased her Range.

106.    Ms. Kugler was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year.  Absent this warranty, Ms. Kugler would not have purchased her Range.

107.   Ms. Kugler purchased the Range for personal, family, or household use.

108.   Ms. Kugler uses, and at all times has used, his Range in a normal and expected manner.

109.   Ms. Kugler's Range was delivered sometime in October 2020.

110.   Ms. Kugler noticed that her Range was being actuated unintentionally sometime in her first year or so of using it.  The Range's knobs will rotate with light pressure and, in doing so, ignite its gas burners.

111.   Ms. Kugler continues to use the Range but has taken steps to guard against the malfunctioning caused by the Defect.  Indeed, Ms. Kugler purchased replacement knobs from Amazon in an effort to cure the issue.

112.   Before purchasing her Range, Ms. Kugler did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Kugler would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Kugler has suffered significant economic injury.

## I.    Plaintiff Mason

113.   In or around August 2019, Mr. Mason purchased a new Samsung Range Model Number NX60A6511SS from Sears' online store—an authorized

Samsung reseller—in Temecula, California.

114.  Mr. Mason reviewed Samsung marketing materials before he purchased his Range.

115.  Mr. Mason was aware that his Range was covered by a Samsung warranty. The warranty was included in the user manual that came with his Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year. Absent this warranty, Mr. Mason would not have purchased his Range.

116.  Mr. Mason purchased the Range for personal, family, or household use.

117.  Mr. Mason uses, and at all times has used, his Range in a normal and expected manner.

118.  Almost immediately, Mr. Mason noticed that his Range turned on inadvertently, with minimal depression and low force.

119.  Mr. Mason and others in his household noticed that when they attempted to use the microwave mounted above his Range, the middle burner would turn on inadvertently. This was extremely dangerous, as it would mean that the stove could turn on unknowingly, and at unexpected times.

120.  Before purchasing his Range, Mr. Mason did not and could not have known that his Range suffered from the Defect. Had Samsung disclosed the Defect

prior to his purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Mr. Mason would not have purchased the Range or would have paid substantially less. As a direct result of Samsung's conduct, Mr. Mason has suffered significant economic injury.

### J.     Plaintiff Kleehamer

121.   On October 1, 2022, Ms. Kleehamer purchased a new Samsung Bespoke A5 30 inch 6.3 Electric Range from Big Sandy Superstore—an authorized Samsung reseller—in Ohio.

122.   Ms. Kleehamer reviewed Samsung marketing materials before she purchased her Range.

123.   Ms. Kleehamer was aware that her Range was covered by a Samsung warranty. The warranty was included in the user manual that came with her Range. The warranty provides that Samsung warrants against manufacturing defects in materials and workmanship for one year. Absent this warranty, Ms. Kleehamer would not have purchased her Range.

124.   Ms. Kleehamer purchased the Range for personal, family, or household use.

125.   Ms. Kleehamer uses, and at all times has used, her Range in a normal and expected manner.

126.   On October 8, 2022, employees from Big Sandy Superstore installed

the Samsung Range in Ms. Kleehamer's home.

127.   Almost immediately, Ms. Kleehamer noticed that her Range activated unintentionally, with minimal depression and low force.  Ms. Kleehamer noted several instances where the middle burner would turn on accidentally without her input.

128.   Before purchasing her Range, Ms. Kleehamer did not and could not have known that her Range suffered from the Defect.  Had Samsung disclosed the Defect prior to her purchase of the Range on the product's packaging, in promotional and marketing materials, in the accompanying print materials, or through some other means, Ms. Kleehamer would not have purchased the Range or would have paid substantially less.  As a direct result of Samsung's conduct, Ms. Kleehamer has suffered significant economic injury.

## **FACTUAL ALLEGATIONS COMMON TO THE CLASS**

### **A.    The Ranges.**

129.   The Ranges each have front-mounted knobs that control the cooktop's burners, for example:[1]

---

[1]    In   clockwise/descending   order:   https://www.samsung.com/us/home-appliances/ranges/electric/ne58f9710ws-slide-in-electric-range-with-flex-duo-oven-ne58f9710ws-aa/ (Model Number NE58F9710WS, which is the model owned by Plaintiff          Delahoy);          https://www.samsung.com/us/home-appliances/ranges/electric/ne58k9430ss-5-8-cu-ft-slide-in-electric-range-ne58k9430ss-aa/   (Model Number NE58K9430SS, which is the model owned by Plaintiff Dunahoe); https://www.samsung.com/us/home-appliances/ranges/electric/6-

 

---

3-cu-ft-front-control-slide-in-electric-range-with-smart-dial-air-fry-wi-fi-in-black-stainless-steel-ne63t8711sg-aa/ (Model Number NE63T8711SG, which is the model owned by Plaintiff Tastinger); https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-smart-dial--air-fry---wi-fi-in-stainless-steel-ne63t8751ss-aa/ (Model Number NE63T8751SS, which is the model owned by Plaintiff Tighe); https://www.samsung.com/us/home-appliances/ranges/gas/nx58h5600ss-gas-range-with-convection-nx58h5600ss-aa/ (Model Number NX58H5600SS, which is the model owned by Plaintiff Michanowicz); https://www.samsung.com/us/home-appliances/ranges/electric/6-3-cu--ft--front-control-slide-in-electric-range-with-convection-in-stainless-steel-ne63t8311ss-aa/ (Model Number NE63T8311SS, which is the model owned by Plaintiff Hightower); https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu-ft-freestanding-gas-range-with-convection-in-stainless-steel-nx58r5601ss-aa/ (Model Number NX58R5601SS/AA, which is the model owned by Plaintiff Kugler); https://www.samsung.com/us/home-appliances/ranges/gas/6-0-cu-ft-smart-freestanding-gas-range-with-no-preheat-air-fry-convection-in-stainless-steel-nx60a6511ss-aa/ (Mode Number NX60A6511SS, which is the model owned by Plaintiff Mason); https://www.samsung.com/us/home-appliances/ranges/electric/bespoke-6-3-cu-ft-smart-front-control-slide-in-electric-range-with-air-fry-wi-fi-in-white-glass-ne63bb851112aa (Model Number NE63BB851112AA, which is the model owned by Plaintiff Kleehamer).












130.  The models at-issue include all other models (discontinued or still available for sale) containing substantially similar front-mounted burner controls.

131.  The National Home Builders Association states that the useful life of

a gas range is 15 to 23 years, with 19 years being the average.[2]  The National Home Builders Association also states that the useful life of an electric range is 13 to 20 years, with 16 years being the average.[3]

### B.     The Defect.

132.  Consumers reasonably expect that Ranges can only be actuated by intentional and deliberate action. Stated another way, consumers would not anticipate that inadvertent contact with a Range's burner controls—while cooking or performing other activities in its proximity, or by pets or children—will actuate the Range.  However, because of the Defect, inadvertent contact with the burner controls may, and has, resulted in unintended actuation of Ranges.  Indeed, inadvertent contact with burner controls by pets and children has caused Ranges to actuate and create fires and emit deadly gases.

133.  Unfortunately, and unbeknownst to consumers, because of the Defect, each knob actuates the Ranges through a single smooth motion—a push motion with a twist—requiring minimal depression and force.  Plaintiffs allege that this is a defect in the design, or alternatively, a manufacturing defect wherein the Ranges differ uniformly from the manufacturer's intended result or design.  The Ranges do

---

[2]  https://www.mrappliance.com/expert-tips/appliance-life-guide/.

[3]  *Id.*

not conform to industry standards, or to a reasonable consumer's expectation, because the knobs are susceptible to unintentional actuation rendering the Ranges dangerously defective.

134.    The process to actuate a Range should and is intended to be the result of two separate and distinct purposeful actions: a first action (pushing the control knob in), followed by a second action (rotating the knob to the desired heating level).

135.    The user manual for the Ranges purchased by Plaintiffs describe the process as such:[4]

_____

[4]    In the following order from top to bottom: https://downloadcenter.samsung.com/content/UM/201903/20190314220034725/NE58F9710WS_AA_AC_DG68-00506A-13_EN-MES-CFR_WEB.pdf (Warranty for Model Number NE58F9710WS, which is the model owned by Plaintiff Delahoy); https://downloadcenter.samsung.com/content/UM/201903/20190319151425876/NE58K9430SS_AA_AC_DG68-00721A-06_EN-CFR.pdf (Warranty for Model Number NE58K9430SS, which is the model owned by Plaintiffs Dunahoe and Bosch); https://downloadcenter.samsung.com/content/UM/202112/20211214153015960/NE63T8711_AA_DG68-01209A-07_EN-MES-CFR_211207.pdf (Warranty for Model Number NE63T8711SG, which is the model owned by Plaintiff Tastinger); https://downloadcenter.samsung.com/content/UM/202107/20210716111032090/NE63T8751_AA_DG68-01208A-05_EN-MES-CFR_210702.pdf (Warranty for Model Number NE63T8751SS, which is the model owned by Plaintiff Tighe); https://downloadcenter.samsung.com/content/UM/202103/20210308173903855/NX58H5_Series_AA_DG68-00526A-15_EN.pdf (Warranty for Model Number NX58H5600SS, which is the model owned by Plaintiff Michanowicz); https://downloadcenter.samsung.com/content/UM/202103/20210322170025699/NE63T831_AA_DG68-01211A-04_EN-MES-CFR_210315.pdf (Warranty for Model Number NE63T8311SS, which is the model owned by Plaintiff Hightower); https://downloadcenter.samsung.com/content/UM/202103/20210308173903855/NX

## HOW TO SET THE APPLIANCE FOR SURFACE COOKING



| CAUTION | • The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently. |
|---|---|
| | • At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire. |
| | • Be sure you turn the control knob to **OFF** when you finish cooking. |

### Single surface unit control knob (left rear, right rear)

1. Push the knob in.
2. Turn in either direction to the setting you want.
   • At both the off and high settings, the knob clicks into position.



### Bridge surface unit control knob (left front)

1. Push the knob in.
2. Turn in either direction to the setting you want.
   • To use the single surface unit, turn the control knob to the single burner setting.
   • To use the bridge surface unit, turn the control knob to the bridge burner setting.



### Triple surface unit control knob (right front)

The triple surface unit has 3 cooking sizes to select from so you can match the size of the cooking area to the size of the cookware you are using.

1. Push the knob in.
2. Turn in either direction to the setting you want.
   • To use the large surface unit, turn the control knob to the **large burner (A)** settings.
   • To use the middle surface unit, turn the control knob to the **middle burner (B)** settings.
   • To use the small surface unit, turn the control knob to the **small burner (C)** settings.



 If you removed knob for cleaning, insert it after check to direction. (refer to above figure)

**English - 36**

---

58H5_Series_AA_DG68-00526A-15_EN.pdf (Model Number NX58R5601SS/AA, which is the model owned by Plaintiff Kugler); https://downloadcenter.samsung.com/content/UM/202308/20230808144957389/DG68-01339A-04_IB_FULL_NX60A6511SS_AA_EN_MES_CFR_230417.pdf (Warranty for Model Number NX60A6511SS, which is the model owned by Plaintiff Mason);https://downloadcenter.samsung.com/content/UM/202206/20220613144743273/NE63T851_AA_DG68-01210A-05_EN_MES_CFR_220414.pdf (Warranty for Model Number NE63BB851112AA, which is the model owned by Plaintiff Kleehamer).

 The area on the knob between the high and off settings is not appropriate for cooking.

## Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

## Using the warming center

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

 • **The surface warmer will not glow red like the cooking elements.**

 • Do not warm food on the warming center for more than two hours.
• Use only cookware and dishes recommended as safe for oven and cooktop use.
• Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
• When warming pastries and breads, use covers that have an opening to allow moisture to escape.
• Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
• Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
• Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

1. Turn the warming center on.
   Press **Warming Center On/Off**.

2. Select the power setting you want.
   Press **Warming Center Level** once to set it to the Level 1 setting. Press the pad twice for the Level 2 setting, 3 times for Level 3.

3. Turn the warming center off.
   Press **Warming Center On/Off**.

• Pressing **Oven Off** does not turn the warming center off.
• For best results, all foods on the warming center should be covered with a lid or aluminum foil. When warming pastries or breads, the lid or foil should be vented to allow moisture to escape.

## Recommended settings

| LEVEL | TYPE OF FOOD |
|---|---|
| 1 | Breads/pastries, casseroles, gravies, eggs |
| 2 | Dinner plate with foods, soups (cream), vegetables, sauces, stews, meats |
| 3 | Fried foods, soups (liquid), hot beverages |

08 SURFACE COOKING

**English - 37**

## Cooking areas

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- Pans should not extend more than ¹/₂" to 1" beyond the cooking area.
- When a control is turned on, a glow can be seen through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 22.

## How to set the appliance for cooktop cooking

⚠ **CAUTION**
- The surface elements may be hot and burns may occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Surface unit control knob**


Single (Left rear, Right rear)


Dual (Left front, Right front)

1. Push the knob in.
2. Turn in either direction to the setting you want.
   - Position A : Single burner
   - Position B : Dual burner

---

📵 **NOTE**
If you remove a knob for cleaning, make sure you re-attach it in the correct orientation. Refer to the figure on the previous page.

⚠ **CAUTION**
The area between the high and off settings is not appropriate for cooking.

**Recommended settings**

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping food warm, melting, simmering |

## Using the warming center

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

📵 **NOTE**
The surface warmer will not glow red like the cooking elements.

⚠ **CAUTION**
- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, the cover should have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.

Surface cooking

English   21

# Surface cooking

**Hot surface indicator**

- Comes on when the unit is turned on or hot to the touch.
- Stays on even after the unit is turned off.
- Glows until the unit is cooled to approximately 150 °F.

**Cooking areas**

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- **Pans should not extend more than ½" to 1" beyond the cooking area.**
- When a control is turned on, you can see a glow through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "**Using the proper cookware**" on page 26.

## How to set the appliance for surface cooking

⚠ **CAUTION**

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Single surface unit control knob (Left Rear, Right Rear)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
    - At both the off and high settings, the knob clicks into position.

**Dual surface unit control knob (Left Front)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
    - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
    - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

24   English

---

**Triple surface unit control knob (Right Front)**



The triple surface unit has 3 cooking sizes to select from so you can match the size of the cooking area to the size of the cookware you are using.

1. Push the knob in.
2. Turn in either direction to the setting you want.
    - To use the large surface unit, turn the control knob to the **large burner (A)** settings.
    - To use the middle surface unit, turn the control knob to the **middle burner (B)** settings.
    - To use the small surface unit, turn the control knob to the **small burner (C)** settings.

🔄 **NOTE**

If you remove the knob for cleaning, make sure to reattach it in the correct orientation. (Refer to the illustration above.)

⚠ **CAUTION**

- Please note, operation of lighting knob may not synchronize with the actual operation of the radiant heater when there is a problem with the product.
- The area on the knob between the high and off settings is not appropriate for cooking.

**Recommended settings**

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

**Using the warming center**

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

🔄 **NOTE**

The surface warmer will not glow red like the cooking elements.

⚠ **CAUTION**

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, use covers that have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
- Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
- Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

## Surface cooking

### Hot surface indicator

- Comes on when the unit is turned on or hot to the touch.
- Stays on even after the unit is turned off.
- Glows until the unit is cooled to approximately 150 °F.

### Cooking areas

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- Pans should not extend more than ½" to 1" beyond the cooking area.
- When a control is turned on, you can see a glow through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 26.

### How to set the appliance for surface cooking

⚠ CAUTION

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Single surface unit control knob (Left Rear, Right Rear)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.

**Dual surface unit control knob (Left Front)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

24  English

---

### Triple surface unit control knob (Right Front)



The triple surface unit has 3 cooking sizes to select from so you can match the size of the cooking area to the size of the cookware you are using.

1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** settings.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** settings.
   - To use the small surface unit, turn the control knob to the **small burner (C)** settings.

🖐 NOTE

If you remove the knob for cleaning, make sure to reattach it in the correct orientation. (Refer to the illustration above.)

⚠ CAUTION

- Please note, operation of lighting knob may not synchronize with the actual operation of the radiant heater when there is a problem with the product.
- The area on the knob between the high and off settings is not appropriate for cooking.

### Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

### Using the warming center

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

🖐 NOTE

The surface warmer will not glow red like the cooking elements.

⚠ CAUTION

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, use covers that have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
- Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
- Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

English  25

# Surface cooking

⚠ **WARNING**

BEFORE USING THE SURFACE BURNERS, make sure to follow all the safety warnings and precautions listed on page 6. Failure to do so could result in product damage, personal injury, and/or death.

## Lighting a gas surface burner

Make sure all surface burners are positioned and assembled properly.



1. Push in and turn the control knob to the LITE position. You will hear a "clicking" sound indicating the electronic ignition system is working properly.
2. After the surface burner lights, turn the control knob to adjust the power setting of the surface burner and turn off the electronic ignition system.

🔖 **NOTE**

We highly recommend using the left rear side burner for simmering tomato sauce and right rear side burner for melting chocolate.

## Manually lighting a gas surface burner

**If a power failure occurs, the surface burners can still be lit manually.**

🔖 **NOTE**

Use extreme caution when manually lighting a surface burner.

1. Hold a long gas grill lighter to the surface burner you want to light.
2. Push in and turn the control knob for that burner to the LITE position.
3. After the burner has lit, set the control knob and the burner to the desired setting.

## Flame size selection

⚠ **WARNING**

Flames larger than the bottom of the cookware will not result in faster heating, but could result in a fire hazard and/or personal injury.

The flames on the burners should always stay under the cookware. The flames should never extend beyond the bottom surface and/or up the sides of the cookware.

Always watch the flames when adjusting the heat setting with the control knob(s). The flames should always match the size of the cookware being used.

## Gas surface burners and control knobs



Your gas range cooktop has five gas burners. All sealed cooktop burners use an open-port design which provides easy assembly and accurate and dependable operation. The different burner sizes ensure you have the proper heat source for the desired cooking job.

The right rear side burner provides precise cooking performance for delicate foods and foods that require low heat for long cooking times. The right rear side burner lets you use the LO setting for a very low simmer setting.

The left rear side and center round burners are general-purpose burners that can be used for most cooking. The HI to LO settings provide a wide range of temperatures to meet your cooking needs.

## Surface cooking

### Hot surface indicator

- Comes on when the unit is turned on or hot to the touch.
- Stays on even after the unit is turned off.
- Glows until the unit is cooled to approximately 150 °F.

### Cooktop on/off lamp

- The lamp turns on when the surface control knobs are not in off position.
- The lamp turns off when the surface control knobs are in off position.

### Cooking areas

- The cooking areas on your range are identified by permanent circles on the glass cooking surface. For the most efficient cooking, fit the pan size to the element size.
- **Pans should not extend more than ½" to 1" beyond the cooking area.**
- When a control is turned on, you can see a glow through the glass cooking surface. **The element will cycle on and off to maintain the preset heat setting, even at high settings.**
- For more information on selecting proper types of cookware, refer to the section "Using the proper cookware" on page 26.

### How to set the appliance for surface cooking

⚠ CAUTION

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

**Single surface unit control knob (Left Rear, Right Rear)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.

---

**Dual surface unit control knob (Left Front, Right Front)**



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

🖉 NOTE

If you remove the knob for cleaning, make sure to reattach it in the correct orientation. (Refer to the illustration above.)

⚠ CAUTION

- Please note, operation of lighting knob may not synchronize with the actual operation of the radiant heater when there is a problem with the product.
- The area on the knob between the high and off settings is not appropriate for cooking.

### Recommended settings

| SETTING | TYPE OF COOKING |
|---|---|
| HIGH | Starting most foods, bringing water to a boil, pan broiling |
| MEDIUM HIGH | Continuing a rapid boil, frying, deep fat frying |
| MEDIUM | Maintaining a slow boil, thickening sauces and gravies, steaming vegetables |
| MEDIUM LOW | Keeping foods cooking, poaching, stewing |
| LOW | Keeping foods warm, melting, simmering |

### Using the warming center

The **warming center**, located in the back center of the glass surface, will keep hot, cooked food at serving temperature.

🖉 NOTE

The surface warmer will not glow red like the cooking elements.

⚠ CAUTION

- Do not warm food on the warming center for more than two hours.
- Use only cookware and dishes recommended as safe for oven and cooktop use.
- Always use potholders or oven mitts when removing food from the warming center as cookware and plates will be hot.
- When warming pastries and breads, use covers that have an opening to allow moisture to escape.
- Do not use plastic wrap to cover foods. Plastic may melt onto the surface and be very difficult to clean off.
- Food should be kept in its container and covered with a lid or aluminum foil to maintain food quality.
- Always start with hot food. Eating uncooked or cold food placed on the warming center could result in illness.

## Surface cooking

### ⚠ WARNING

BEFORE USING THE SURFACE BURNERS, make sure to follow all the safety warnings and precautions listed on page 8. Failure to do so could result in product damage, personal injury, and/or death.

### Lighting a gas surface burner

Make sure all surface burners are positioned and assembled properly.

 

1. Push in and turn the control knob to the LITE position. You will hear a "clicking" sound indicating the electronic ignition system is working properly.
2. After the surface burner lights, turn the control knob to adjust the power setting of the surface burner and turn off the electronic ignition system.

**🛈 NOTE**

We highly recommend using the left rear side burner for simmering tomato sauce and right rear side burner for melting chocolate.

### Manually lighting a gas surface burner

If a power failure occurs, the surface burners can still be lit manually.

**🛈 NOTE**

Use extreme caution when manually lighting a surface burner.

1. Hold a long gas grill lighter to the surface burner you want to light.
2. Push in and turn the control knob so that burner to the LITE position.
3. After the burner has lit, set the control knob and the burner to the desired setting.

### Flame size selection

### ⚠ WARNING

Flames larger than the bottom of the cookware will not result in faster heating, but could result in a fire hazard and/or personal injury.

The flames on the burners should always stay under the cookware. The flames should never extend beyond the bottom surface and/or up the sides of the cookware.

Always watch the flames when adjusting the heat setting with the control knob(s). The flames should always match the size of the cookware being used.

### Gas surface burners and control knobs



Your gas range cooktop has five gas burners. All sealed cooktop burners use an open-port design which provides easy assembly and accurate and dependable operation. The different burner sizes ensure you have the proper heat source for the desired cooking job.

The right rear side burner provides precise cooking performance for delicate foods and foods that require low heat for long cooking times. The right rear side burner lets you use the LO setting for a very low simmer setting.

The left rear side and center round burners are general-purpose burners that can be used for most cooking. The HI to LO settings provide a wide range of cooking temperatures to meet your cooking needs.

---

The right and left front side burners provide maximum output. These burners can also be used as general-purpose burners, but they are designed to provide quick heat to large cookware. The right and left front side burners spread out the heat with a larger circle of flames. This provides better heat distribution for larger cookware (12"/30.5 cm) or larger pots and pans.

| BURNER POSITION | FUNCTION | TYPE OF FOOD |
|---|---|---|
| RIGHT FRONT (RF) | Quick heating | Boiling Food |
| RIGHT REAR (RR) | Low simmering | Chocolate, Casseroles, Sauces |
| CENTER | Griddle Cooking | Pancakes, Hamburgers, Fried Eggs, Hot Sandwiches |
| LEFT FRONT (LF) | Quick heating | Boiling Food |
| LEFT REAR (LR) | General heating Low simmering | General Food Tomato Sauce, Casseroles |

**🛈 NOTE**

* Tomato sauce needs to be stirred during the low simmering.

The center oval burner can also be used for large pots and pans, but is designed to be used with the center burner grate and/or the center griddle accessory (if equipped).

The oval burner spreads out the heat more evenly over the large center cooking area.



Each surface burner has a control knob with settings from HI to LO. They also have a LITE setting that is only used to light the flame. The electronic ignition system sparks when the control knob is in the LITE position.

The surface burner indicator next to the control knob shows which burner the knob controls.

### Cookware usage

Using the correct cookware can prevent many problems, such as uneven cooking or extended cooking times. Using the proper pans will reduce cooking times and cook food more evenly. Look for the following pan characteristics:

* Flat bottom and straight sides.
* Tight-fitting lid.
* Weight of handle does not tilt pan.
* Pan is well-balanced.
* Pan size matches the amount of food being prepared and the size of the surface burner.
* Made of material that conducts heat well.
* The pot/pan diameter matches the surface burner flame diameter.

What your cookware is made of determines how evenly and quickly heat is transferred from the surface burner to the pan bottom.

**ALUMINUM**: Excellent heat conductor. Some types of food will cause the aluminum to darken. (Anodized aluminum cookware resists staining and pitting.)

**COPPER**: Excellent heat conductor, but discolors easily.

**STAINLESS STEEL**: Slow heat conductor with uneven cooking results. Is durable, easy to clean, and resists staining.

**CAST-IRON**: A poor conductor, but retains heat very well. Cooks evenly once cooking temperature is reached.

**ENAMELWARE**: Heating characteristics will vary depending on base material.

**GLASS**: Slow heat conductor. Glass cookware is designed for two usages–top-of-range cooking or oven use. Only use cookware where it is designated to be used.



**🛈 NOTE**

Do not place a small pan or pot with a bottom diameter of about 6" or less on the center grate. It is likely that the pan or pot will tip over. We strongly recommend you place small-sized pots or pans on the rear of either side grate.

## Ignition

### ⚠ CAUTION



Make sure all surface burners are properly installed. To light a burner:

1. Push in the control knob, and then turn it to the Lite position. You will hear a "clicking" sound indicating the electronic ignition system is working properly.
2. After the surface burner lights, turn the control knob to shift it out of the Lite position and turn off the electronic ignition system.
3. Turn the control knob to adjust the flame level.

### How to set the appliance for surface cooking

#### ⚠ CAUTION

- The surface elements may be hot even when off and burns can occur. Do not touch the surface elements until they have cooled down sufficiently.
- At high or medium-high settings, never leave food unattended. Boilovers cause smoking and greasy spillovers may catch on fire.
- Be sure you turn the control knob to **OFF** when you finish cooking.

#### Single surface unit control knob (Left Rear, Right Rear)



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - At both the off and high settings, the knob clicks into position.

#### Dual surface unit control knob (Left Front)



1. Push the knob in.
2. Turn in either direction to the setting you want.
   - To use the large surface unit, turn the control knob to the **large burner (A)** setting.
   - To use the middle surface unit, turn the control knob to the **middle burner (B)** setting.

39

136.    However, because of the minimal depression and low torque required for the control knobs to turn and actuate the Ranges, the Ranges are often inadvertently actuated by a single continuous motion.

137.    All the Ranges are also uniformly defective because they all fail to appropriately guard against unintentional actuation.  The design of the Ranges puts no space between the consumer and the hazard.  There are no guards that reduce the risk of unintentional actuation during cleaning or other inadvertent contact made by a user, bystander, child, or pet.

138.    While the Ranges may contain oven handles that could have a guarding effect, they are wholly insufficient to act as effective guards or barriers.  As an initial matter, the outermost burner control knobs in each of the Ranges protrude further than the oven handles themselves—therefore eliminating any guarding property they may have. Moreover, any such guarding effect is further blunted by the oven handles' rounded (rather than squared) design, which permits inadvertent contact.

139.    The Defect renders Samsung Ranges unusable for their intended central purpose: safe cooking.  Unintentional actuation allows electric cooktops to reach extreme temperatures and gas Ranges to emit toxic fumes; both electric and gas Ranges present a fire risk.

140.    The Ranges are defective at the point of sale. Consumers could not

40

reasonably know about the Defect at the point of sale and could not discover the Defect with a reasonable investigation at the time of purchase or delivery because a reasonable inspection by a consumer would not reveal whether the materials of the Ranges, the design of the Ranges, and/or the manufacturing processes related to the Ranges render them unsafe for normal and expected use.

### C.    Samsung's Knowledge about the Ranges' Defect.

141.    At all relevant times, Samsung knew that the Ranges it marketed and sold were prone to unintentional actuation, and, therefore, that the Ranges were inherently defective, unmerchantable, and unfit for their intended use.

142.    Consumers submitted incident reports about the Defect to the U.S. Consumer Product Safety Commission ("CPSC") as early as 2014.  The CPSC informs manufacturers whenever they receive a consumer complaint about a dangerous product.

143.    The following are a sample of those complaints.  The CPSC sent each of these complaints to Samsung as a matter of course, thus demonstrating that Samsung knew about the Defect by at least 2014.

144.    Report sent to Samsung on November 12, 2019 regarding a Range Model No. NE58F9500SS/AA:[5]

---

[5] https://saferproducts.gov/PublicSearch/Detail?ReportId=1917205

## Incident Details

**Incident Description:** My house has to be gutted because of a fire started by this range on 10/30/19. We lost our 2 puppies in the fire. I have had several issues bumping the knobs and I caught it every time until yesterday. The fire inspector could tell that the fire started through one of the right burners, but was unable to determine what caused the burner to turn on. The assumption was made that I may have bumped a knob as I was leaving the house. In just 30 minutes, after I left, the fire department arrived, but it was much too late. We are fortunate that we were not home, but the amount of guilt I feel for my sweet puppies is overwhelming and unbearable. Shame on Samsung for continuing to sell a product with such a design flaw.

**Incident Date:** 10/30/2019

**Incident Location:** Home/Apartment/Condominium



145.  Report sent to Samsung on August 18, 2020 regarding a Range Model

No. NE58F9500SS:[6]

---

### Incident Details

**Incident Description:** I have a Samsung stove. The knobs on it are constantly turning on because of the unsafe position. You can be next to the stove and turn the stove on with your hips or stomach. It only take the slightest pressure or swipe to turn on the stove. I burned my fingers by accidentally turning on the stove. I had an iron skillet that was sitting on the stovetop and it heated up, but never should have been on. I also melted and burnt a box of [REDACTED] that were near the burner. A house fire was moments away. I have small children and they have bumped the knobs too. This product should be recalled.

**Incident Date:** 6/1/2020

**Incident Location:** Home/Apartment/Condominium

---

### Victims Involved

**Injury Information:** Injury - No First Aid or Medical Attention Received

**My Relationship to the Victim:** Self

**Gender:** Female

**Victim's Age When Incident Occurred:** 44 years

---

146.    Report sent to Samsung on November 8, 2017 regarding a Range Model No. NE58K9850WG:[7]

---

[6] https://saferproducts.gov/PublicSearch/Detail?ReportId=2003465

[7] https://saferproducts.gov/PublicSearch/Detail?ReportId=1709132

**Incident Details**

**Incident Description:** We had a house fire due to a faulty design in the knobs on our Samsung 30" Slide-in Double Oven Flex Range model NE58K9850WG. I came home from grocery shopping put my grocery bags on the counter and walked out of the kitchen. Within just a few minutes I heard a noise of something crashing and thought it was my son in the den down one level. As I got up to check on him, I heard more crashing and discovered ceiling tiles and spice racks crashing to the floor as my stove was on fire along with the microwave and cabinets around the stove. The fire destroyed our kitchen but luckily we were home and able to locate our fire extinguisher and put the blaze out. When ServPro was working to restore our kitchen, cleaning up and removing items twice more the stove turned on starting a second fire. The insurance and Samsung technician examining the stove both agreed the knobs turned too easily without much effort and that it was possible that I bummed the knob when putting my groceries down. Than the ServPro team likewise bumped it twice turning it on starting the second fire. They need to redesign the knobs so more force is required to push the knob in before turning. They also need to add a lock feature to the knobs in addition to the one for the oven. We lost a pet Bengal due to complications from smoke inhalation.

**Incident Date:** 6/6/2017

**Incident Location:** Home/Apartment/Condominium

**Additional Details**

**Submitter has product?:** No

**Product was damaged before incident?:** No

**Product was modified before incident?:** No

**If yes to any, explanation:** I told them of the fire and my expectation they provide restitution. Work is still not complete on our home from the damage.

**Have you contacted the manufacturer?:** Yes

**If Not, Do you plan to?:**

147.    Report sent to Samsung on July 21, 2017 regarding a Range Model No. NE58K9850WG/AA:[8]

---

[8] https://saferproducts.gov/PublicSearch/Detail?ReportId=1664175

## Incident Details

**Incident Description:** Hello, I purchased a Samsung 5.8 cu. ft. Slide-In Electric Flex Duo Range with Dual Door (model NE58K9850WG/AA) last fall. It is an oven with a smooth cook-top and burner knobs on the front at roughly counter height. Very shortly after installing it, we noticed that it was very easy to accidentally turn the burners on. The knobs do not have to be depressed to work, and have very little resistance to turning or tactile feedback when they are. Until you feel the heat or see a burner turn red, the only indication that someone has accidentally turned a burner on, is that a light around the knob quietly illuminates. Almost immediately after it was installed, everyone in my family, including the adults, began having incidents of accidentally turning burners on. We implemented rules about being careful around the oven, not reaching over it for things, and not setting anything on the cook-top. However, it is all to easy to set things on a smooth cook top "temporarily" when counter space is full, and unfortunately, this past weekend, as my family was leaving for an all-day school-related trip, one of us (probably one my sons) accidentally brushed up against one of the knobs and turned a burner on as we were walking out the door. Several things had been placed on the cook-top at the time. A small fire smoldered in our house for 10-12 hours until a family member came over than evening to feed our dogs and found pervasive smoke and soot damage throughout the house. Our dogs luckily were fine, but both the insurance adjuster and our fire restoration contractor said our house would have burned down had we not had tiles on the wall behind the oven. We will be out of our house for 4-6 weeks, and the damage (not including hotel lodging and other incidentals) is estimated to be at $30k-$40k. Within a few short months, we--otherwise prudent people--had numerous close calls with this oven, ultimately resulting in a serious house fire. I feel it is an unreasonably dangerous product. Thanks, [REDACTED]

**Incident Date:** 5/13/2017

**Incident Location:** Home/Apartment/Condominium



45

148.   Report sent to Samsung on October 22, 2021 regarding a Range Model No. NE58K9430SS:[9]

---

**Incident Details**

**Incident Description:** 9/15/2021: The consumers left their home for 9 hours and when they returned, the front left burner was on the high setting and bright red. The consumer turned the (rotating) control knob to the "off position". It is unknow how it got turned on. They have experienced the same problem approximately 3 times in the past. One time, the consumer used the oven, but not the range burner. She placed the dish from the oven on the range top and within a few minutes, she heard a crackling sound. The dish from the oven was breaking, and it was the result of the range burner being on the "high" setting. The consumer said she did not use that burner that day. 9/2021: The consumer called the manufacturer and reported this matter to their rep. (name unknown). The firm called the consumer back, but she was unable to take the call. She followed up with them and found that they had referred her to the Internet for replacement knobs. When the consumer viewed those knobs on the Internet, they were "baby knobs" and she does not want them. The consumer said she cannot keep this range/oven in light of the safety issue. The consumer said that in one of the past instances, someone walked past the knobs, but she is unsure if they may have brushed against the knob or not. Overall, there have been 4 occurrences of this issue.

**Incident Date:** 9/15/2021

**Incident Location:** Home/Apartment/Condominium

---

149.   Report sent to Samsung on February 2, 2018 regarding a Range Model No. NE58F9500SS/AA:[10]

---

[9] https://saferproducts.gov/PublicSearch/Detail?ReportId=3447919

[10] https://saferproducts.gov/PublicSearch/Detail?ReportId=1721667

## Incident Details

**Incident Description:** The submitter said his range poses a fire hazard and he believes it should be recalled. The submitter said the control knobs to the stove top burners are too sensitive and have turned on when someone accidently rubs on them. The submitter said there have been two incident when this has happened and it led to a fire. The first incident occurred on December 18 and the other occurred yesterday, December 25. The submitter said his brother burned his finger yesterday trying to put out the fire. The submitter said he is a medical professional and treated the burns. The submitter read many similar complaints online and believes the firm has a design flaw with their ranges. The submitter contacted the firm to report the issue and he was offered replacement knobs. The submitter does not believe the replacement knobs will address the safety hazard but he accepted the firm's offer. The submitter said the circuit board has been replaced twice because it stopped working after the self clean feature was used. The submitter said the first repair occurred a year ago and the other was a year and a half ago.

**Incident Date:** 12/25/2017

**Incident Location:** Home/Apartment/Condominium

## Victims Involved

**Injury Information:** Injury - Seen by Medical Professional

**My Relationship to the Victim:** Other Relative

**Gender:** Male

**Victim's Age When Incident Occurred:** 47 years

150.   Report sent to Samsung on August 10, 2016 regarding a Range Model No. NE58F9500SS:[11]

---

[11] https://saferproducts.gov/PublicSearch/Detail?ReportId=1585707

## Incident Details

**Incident Description:** Purchased a Sumsung electric range model number NES8F9500SS in November of 2015, had it delivered in April of 2016, and just got it installed in June 2016 (kitchen remodel), so we've only been using it for two months. Within a day of the installation, I walked by the range and noticed that a burner was on even though no one was cooking. I asked my spouse if she turned it on, then pieced together that she had heated a cup of water in the over-the-range microwave/hood vent unit. She tried opening the microwave again and found that because of her short stature, her midriff contacted the range knobs as she reached to place items in and out of the microwave, and that is what had turned on the range. Over the next few weeks the range top was inadvertently tired on several times, twice with a dishtowel while cleaning the counter, a couple more times while operating the microwave, and another time which we couldn't decide how it turned on. Last week we had a gathering at our home for my wife's work team. I had the entrees lined up in slow cookers beside the range top, and a glass serving platter with a serving spoon and stainless steel tongs sitting on the rant top. With five minutes of inviting folks to enjoy the buffet, I had a gentle ask why the range was on. He was right, the heating element under the serving platter was on and heating the platter. I turned off the knob, grabbed a dish towel and removed the heated serving spoon and tongs, then the glass serving platter exploded sending shards of glass up to twenty feet in all directions. Thankfully, no one was injured, even in the cleanup. No one had any idea how the heating element knob got turned on, but it is no muster. The range knobs are on the outboard of the unit and are so easily operated that there is no way that it meets the two movement safety requirement for residential stove knobs. The knobs can be easily operated by a person brushing up against them which poses a serious fire and safety risk. This unit should be recalled before some is injured or killed.

**Incident Date:** 7/20/2016

**Incident Location:** Home/Apartment/Condominium

151.   Report sent to Samsung on February 7, 2022 regarding a Range Model No. NE63T811SS:[12]

---

[12] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3586485

**Incident Details**

**Incident Description:** DANGEROUS - fire risk We purchased this stove in January. The burner and oven controls are way too sensitive and they will turn on at the slightest touch or bump with no indication they are on. We have burned hands/fingers numerous times. On January 24th 2022 a knob was accidentally turned on and a small fire started because a bag was knocked onto the stove by a pet. This particular flaw has been reported multiple times with the same outcomes (fire) on other Samsung range models as well. This is a serious and dangerous design flaw that should be rectified immediately, along with a product recall. I've reached out to Samsung by phone and text 4 or 5 times since the incident of 1/24/22 and I'm continually being told someone will contact us asap. I have not heard back and it's been over a week.

**Incident Date:** 1/24/2022

**Incident Location:** Home/Apartment/Condominium

152.   Report sent to Samsung on November 8, 2021 regarding a Model No. NE63T8751SG/AA:[13]

**Incident Details**

**Incident Description:** The consumer indicates that the cooktop dials are too sensitive and two times already a burner has been turned on without the person's knowledge. One of these times a dish towel was atop the cooktop and caught fire. The other time the consumer was cleaning the oven range when the burner turned on; the consumer was able to turn it off immediately. The consumer contacted the Manufacturer and explained the situation; the representative she spoke to took her information and informed her a representative would be reaching out to her in two days. They did not. She had to call again. The consumer states that both the cooktop and the oven are used approximately three times per week. The consumer plans on keeping her unit for at least the next thirty days in case an investigation ensues. Report Update: They sent out a repairman to investigate. He said basically there wasn't a problem because I could quit bumping, no one or nothing was hurt in fire. I asked why Samsung did not provide knob guards either with stove or those that requested. He said, "Samsung is not in the business of product safety items". He is also checking out oven because even though oven shows for example 400 degrees, everything I've made has either burned or I've taken out early. He did not have a thermocouple with him so he is coming back on Tues, 10/26/2021.

**Incident Date:** 9/15/2021

**Incident Location:** Home/Apartment/Condominium

---

[13] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3461637

153.   Report sent to Samsung on December 27, 2019 regarding a Model No.

NE58F9500SS:[14]

**Incident Details**

**Incident Description:** Fire in the kitchen: Samsung electric range Model NE58F9500ss Fire Hazard The subject range has burner control knobs on the front panel that turn on very easily with a mere bump and accidentally turn on the burners. There have been numerous fires caused by this situation and some houses have burned down. Samsung has known about this since at least 2015, but has not taken steps to rectify this danger. Going to the Samsung Community site reveals at least 97 complaints about this hazard. People just naturally put things on the glass top when not in use such as groceries, pizza boxes, backpacks, cutting boards, all sorts of things. On Oct 30, 2019, we had such a fire in our kitchen. Had we not been at home and heard the smoke alarms, the house may have burned down. A Samsung technician came to our house and said nothing was wrong with the range implying it was our fault for leaving combustible items on the glass top. He said Samsung would do nothing. There are other Samsung range models that have the same knobs. Please investigate this hazard and keep me informed of any actions. These ranges need to be recalled and fixed or replaced.

**Incident Date:** 10/30/2019

**Incident Location:** Home/Apartment/Condominium

154.   Report sent to Samsung on February 12, 2020 regarding a Model No.

NE58F9500SS:[15]

---

[14] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1924437

[15] https://saferproducts.gov/PublicSearch/Detail?ReportId=1935561

## Incident Details

**Incident Description:** Caller stated that the electric range burner knobs when brushed against slightly turns the unit without their knowledge. She stated that a blanket was placed on the unit to prevent the glass from scratch while installing a microwave, the unit came on catching the blanket on fire, she took it outside to contain the flames. She stated that there has been more than one incidents with the range coming on. Caller stated that the company was contacted and a technician was sent out, she was informed by him that she should remove the knobs when not using or place plastic cover over it. The company advised her that the range was made with sensitive knobs. She stated that she contacted them most recently 1/8 and was advised that they are unaware of these incidents which she does not believe. Caller stated that she has seen numerous reports about these ranges on the internet. She stated that these ranges are a fire hazard and should be recalled before she has a house fire. *Also caught dish cover on fire + melted it

**Incident Date:** 9/9/2019

**Incident Location:** Home/Apartment/Condominium

155.    Report sending to Samsung on February 8, 2022 regarding Model No.

Model No. NE63T8511ST:[16]

## Incident Details

**Incident Description:** I have a Samsung Tuscan Range, model #NE63T8511ST. The design of the control panel and knobs on this range is such that the tiniest bump will turn the knobs on or activate the touch panel and possibly turn on the warming burner on the range top. This morning in the space of perhaps a half hour, one of my dogs was able to turn on the cooktop. At the time, I was upstairs and within a few minutes before I went to return to the first floor of my home, the cooktop had overheated a skillet as well as items near the range and started a fire. Several plastic dishes were burned and the flames reached the bottom of the microwave above the cooktop. A dog should NOT be able to bump the knobs on ANY range and turn it on. Had we been sleeping at the time, we could easily have lost our home or been killed. The knobs should be lockable or much harder to turn for safety reasons.

**Incident Date:** 2/5/2022

**Incident Location:** Home/Apartment/Condominium

---

[16] https://saferproducts.gov/PublicSearch/Detail?ReportId=3595109

156. Report sent to Samsung on July 1, 2022 regarding a Model No. NE63T8111SG:[17]

---

**Incident Details**

**Incident Description:** Our Samsung electrical stove activated and started a fire when my adult son was walking through the kitchen and NOT using the stove. He was not cooking and said that he walked past the stove and did not realize even touching it. We had a leftover pan with a little bit of grease in it from the night before, which ignited. I was in my home office when I heard the smoke alarm go off. I went into the kitchen and saw a large fire on the stove, with nothing cooking, just the empty pan. I was able to put the fire out but inhaled a lot of smoke and almost passed out before I was able to get to my inhaler. This has happened to us at 7-8 times since we've own this stove, not counting all the times we've found the stove activated with nothing cooking, after guests have walked through the kitchen. The knobs turn with very little force, which seems incredible dangerous, especially if you have a home with children and pets. Because of this, we are paranoid and afraid to have this stove in the house and now are thinking about options on how to address this. It is an expensive appliance and we're not sure what to do.

**Incident Date:** 6/27/2022

**Incident Location:** Home/Apartment/Condominium

---

157. Report sent to Samsung on July 1, 2022 regarding a Model No. NX584311SG:[18]

---

[17] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3787112

[18] https://saferproducts.gov/PublicSearch/Detail?ReportId=3787224

**Incident Details**

**Incident Description:** We purchased an electric Range Stove a few months ago, the knobs turn very easily and have been bumped and started several small fires in our home. The worst being this evening 6/27/2022. A cutting board and Knife were sitting on the stove top when one of the knobs must have been bumped and turned on, causing the cutting board and Knife to ignite. Luckily we have been able to put the fires out each time but one day we may not be able to. I am terrified for my family, we have 4 kids, pets and take care of my father. this stove cost us a lot, we can't afford to buy a new one but we cannot keep dealing with this!! . This has been a scary journey and we just want to make sure others are aware of this issue.

**Incident Date:** 6/27/2022

**Incident Location:** Home/Apartment/Condominium

158.    Report sent to Samsung on October 29, 2018 regarding a Model No.

NE58K9430:[19]

---

[19] https://saferproducts.gov/PublicSearch/Detail?ReportId=1804831

**Incident Details**

**Incident Description:** We purchased a Samsung range for our kitchen on October 13, 2016. It is an electric range - model # NE58K9430SS - for which we paid $1219 at our local Home Depot. Since purchase we have had several close calls related to fire. The knobs to control the cooktop are located on the front of the unit. The knobs are very sensitive to touch and have been turned on without our knowledge with the slightest touch while cleaning or passing by. Once we actually left the house without realizing the cooktop was on and returned to find the cooktop bright red and so hot that the overhead vent fan turned on in response to the heat. Fortunately we had not left any pans or kettles on the stove. The most recent instance occurred on October 7, 2018. The burner was on without our realizing it and this caused a nearby pizza box to catch fire. Again, we were fortunate to have been able to get the box outside before the fire spread. These are two examples of several instances when the cooktop was on when we did not intend it to be. In reviewing information online and in speaking with Samsung, it is clear that this is a known issue that has caused many other consumers similar problems and safety concern. I received a call from Samsung on October 10, 2018 in response to a live chat and an email in which I expressed concerns about the unsafe functioning of this range. The Samsung representative acknowledged this is a known problem. Her only suggestion was that we use child-proof door handle covers on our stove knobs. Given the sensitivity of the knobs, the use of the child-proof covers does not prevent the knobs from being activated. We no longer feel that this range is a safe appliance for our home. We feel that Samsung needs to take action to prevent a tragedy in their customers' homes.

**Incident Date:** 10/7/2018

**Incident Location:** Home/Apartment/Condominium

159.   Report sent to Samsung on June 15, 2018 regarding a Model No. NE58F9500SS:[20]

---

[20] https://saferproducts.gov/PublicSearch/Detail?ReportId=1743250

**Incident Details**

**Incident Description:** On two occasions, the knobs on our Samsung Glass top electric range were bumped inadvertently. This caused a burner to activate ultimately melting and setting fire to a plastic bowl that was on the glass surface. Fortunately, my wife was able to shut off the stove and remove the bowl to the sink before further fire damage occurred. This occurrence was on March 14, 2018. The first occurrence was approximately two years ago in the summer of 2016 when the knob was bumped by a passing person, activated and burned a laptop computer case. There have been several other activations caused by our children bumping into the range and activating the burners. The knobs are extremely sensitive to being "bumped" by persons working normally in the kitchen. They are mounted on the front of the range at approximately waist level. Because the accidental activation is so prevalent, we have begun to remove the knobs when the range is not in use. The model # is NE58F9500SS. It was manufactured in Thailand in January of 2015

**Incident Date:** 3/14/2018

**Incident Location:** Home/Apartment/Condominium

160.  Report sent to Samsung on May 12, 2017 regarding a Model No. NE58F9500SS:[21]

---

[21] https://saferproducts.gov/PublicSearch/Detail?ReportId=1660304

---

### Incident Details

**Incident Description:** In May 2016, I purchased a Samsung Oven, Model #NE58F9500SS and Serial #J1967DCH500720B. On several occasions since then, the stove top range (heating elements) has been turned on accidentally by merely walking and slightly brushing up against the range knobs. This causes the range-top to be heating up without supervision and for long periods of time until noticed later. On April 21, 2017, during a dinner party attended by about 20 people, I removed a large casserole from the oven and placed it on the range-top for serving guests. None of the range-top elements were used during the preparation of the casserole, just the oven. During the time when guests were serving themselves from the casserole placed on the range-top, a guest accidentally brushed against one of the knobs and caused a heating element to be placed into a high/heat position. The casserole dish exploded sending shards of glass at my guests and across the room. Luckily, no guests were injured, but the risk of injury to them was extremely high. (My granddaughter had just finished serving herself and had turned to walk away.) I am concerned with this oven as the knobs are easily accessible to anyone walking nearby and can easily be brushed up against. I must note that no one in the family is obese. I am thin and brushed up against the stove several times in the last year.

**Incident Date:** 4/21/2017

**Incident Location:** Home/Apartment/Condominium

---

161.   Report sent to Samsung on February 12, 2018 regarding a Model No. NE58F9500SS/AA:[22]

---

[22] https://saferproducts.gov/PublicSearch/Detail?ReportId=1711483

## Incident Details

**Incident Description:** We purchased our Samsung oven in March of 2017 and installed it around the end of March, 2017. This oven is a serious fire hazard. It is a slide-in range with the burner knobs on the front of the unit. You barely have to push the knobs in to turn the burners on and, as such, a simple brush up against the knobs turns the burners on. Due to this problem we have accidentally melted a cutting board, caught a pizza box on fire and, on two occasions we have unknowingly turned the oven on while grabbing a glass from a shelf above the oven and the burner was left on all night long. We have tried to get the situation rectified by Samsung and have called the customer service hotline and the warranty line. Both people that we spoke to said that this was a KNOWN issue with this particular model of oven and both people said that there was nothing that they could/would do to rectify the situation. We were also told that unless someone has a documented burn from the oven there is nothing they can do and that we need to 'be more vigilant about the knobs.' If this happened every now and then, we would try to be more vigilant but it is a FIRE HAZARD and happens frequently even when trying to be vigilant. In customer service we were told that there was nothing they could do. We asked to be escalated to a manager who told us the same thing. In warranty, they said all they could do was send us out the same knobs resulting in the same issue and there was nothing they could do. When I asked about replacement they said that wasn't an option. We are at the point that we will be out of pocket the money ($1200) we spent on this oven in order to get an oven that is safe for our family if Samsung won't stand behind their product and that is just WRONG. Also, in our online research this is a HUGE and KNOWN issue as several threads, websites and documentation of this issue with this model. Samsung seems to prefer a house fire, burn victim or worse before they are willing to stand behind their product.

**Incident Date:** 4/17/2017

**Incident Location:** Home/Apartment/Condominium

162. Report sent to Samsung on April 21, 2014 regarding a Model No. FX710BGS:[23]

## Incident Details

**Incident Description:** The knobs on the stove do not lock and easily get moved into the gas on position by nudging or when cleaning. We have had them go accidentally many times and didn't know it until someone smelled gas.

**Incident Date:** 4/13/2014

**Incident Location:** Home/Apartment/Condominium

---

[23] https://saferproducts.gov/PublicSearch/Detail?ReportId=1397006

163.    Report sent to Samsung on June 22, 2018 regarding a Model No. NX58H5600SS/AA:[24]

**Incident Details**

**Incident Description:** Caller bumped the front of the stove before going upstairs for a few moment. After about 20 minutes the caller noticed a strong gas odor coming from the kitchen. Caller noticed the knob was turned and was releasing gas but not igniting. Caller contacted the gas company and they informed her to leave the house immediately and to close the door gently so nothing can ignite the gas. The gas company sent out a technician to clear the gas leak. Caller believes this product is a fire hazard.

**Incident Date:** 3/20/2018

**Incident Location:** Unspecified

164.    Report sent to Samsung on August 2, 2019 regarding a Model No. NE58K9430SS/AA:[25]

---

[24] https://saferproducts.gov/PublicSearch/Detail?ReportId=1755044

[25] https://saferproducts.gov/PublicSearch/Detail?ReportId=1890457

### Incident Details

**Incident Description:** The product is a Samsung electric range/oven slide-in model NE58K9430SS. Mine was manufactured in June 2017. I have had multiple issues with a new Samsung electric slide in range. The knobs, which control the stove top burners, do not need to be depressed and turned to activate the range top. Gently bumping into the burner knobs or digital screen activates and turns on heating elements. The burners have been accidentally and unknowingly been turned on by several people in our home which has resulted in injury and loss of property. Three incidents that stand out the most are listed. The first was a babysitter bumped the stove which turned the stove burner on high resulting in an object burning on the glass stove top. When smoke was smelled, the babysitter responded quickly and prevented a full kitchen fire. The second: I bumped a burner knob with my hip which resulted in the burner being turned on high heat, without my knowledge, ending with my finger being burned. The burner under the glass top was activated while my hand was resting on the glass top. The third: my dog touched the stove digital screen with his nose, in front of me, which then turned on the stove top "warmer" burner. I've had to keep my dog away from the stove so he doesn't accidentally turn on the heating elements. So far he has turned on the self-clean feature, the timer, and the glass top warming element. A simple search online has shown countless numbers of these incidents. Samsung should repair these burner knobs so that they must be pushed in and rotated to activate the burners, just like every other safe range.

**Incident Date:** 1/1/2018

**Incident Location:** Home/Apartment/Condominium

165.  Report sent to Samsung on July 11, 2018 regarding a Model No. NE589500SS:[26]

### Incident Details

**Incident Description:** Cooktop control knobs are too sensitive and are often turned on by brushing up against the knobs while cooking, or even our dogs searching for leftovers on the counter. I have walked into the kitchen many times to find a burner bright red with no one in the vicinity. I feel fortunate that this has not caused any serious injuries at this time, the scariest incident happened in the middle of the night put when I awoke due my dogs barking and could feel the heat from the stove at the top of my stairs as I went to explore the cause of their barking. As I had found before, a large element was on high.

**Incident Date:** 7/1/2018

**Incident Location:** Home/Apartment/Condominium

---

[26] https://saferproducts.gov/PublicSearch/Detail?ReportId=1773795

166.    Report sent to Samsung on April 17, 2019 regarding a Model No.

NX58M9430SS/AA:[27]

**Incident Details**

**Incident Description:** I have a year old Samsung gas range that fires off the burners while just brushing against it. It happens at least a couple times a month with regular kitchen use. One time if fired up while we had a drop cloth on it during painting. Today it went off while a kitchen towel was on the stove. Most times the stove has nothing on it. Sometimes a pot is on it. I'm afraid someone not familiar with the stove will set it off and not know they ignited the flame. When the drop cloth and when pots are on the stove I only know it was ignited because of the snapping noise used to light the flame. Someone not familiar with the stove could leave the stove lit causing extreme danger. It is a design flaw and not something broken or askew. Samsung wanted to fix the problem by sending me new knobs. That's like giving me only a door knob for a door that won't latch shut. Video of the problem [REDACTED]

**Incident Date:** 4/9/2019

**Incident Location:** Home/Apartment/Condominium

167.    Report sent to Samsung on February 9, 2018 regarding a Model No.

NX58F5500SW:[28]

---

[27] https://saferproducts.gov/PublicSearch/Detail?ReportId=1846726

[28] https://saferproducts.gov/PublicSearch/Detail?ReportId=1725899

**Incident Details**

**Incident Description:** The submitter said the control knobs on the range are extremely sensitive to the touch and it poses a fire hazard. The submitter said sometime in October he had an incident with the knob accidently being touched and gas filled up the house. The submitter said he does not have a good sense of smell and him and his grandson did not notice the gas odor but his wife noticed when she came home. The submitter said they had to open the doors and windows to ventilate the odor. The submitter said there have been other incidents since then but they have been more cautious with checking the range. Many times it happens when him and his wife are grabbing things from the cabinets above the range. The submitter said all five of the knobs have this issue. He said sometimes the knob will turn causing it to ignite and other times it turns causing the burner to release gas. He contacted the firm and notified them of his concerns but they advised him that it was a design of the rnage. The submitter said he asked to speak with their safety department but they told him they didn't have one. The submitter does not feel safe having the range but they refused to provide a replacement or refund. The firm sent a technician to inspect the range and the technician found that the range worked as intended and they did not deem it as unsafe.

**Incident Date:** 10/31/2017

**Incident Location:** Home/Apartment/Condominium

168.    Report sent to Samsung on December 30, 2020 regarding a Model No.

NE63T8111SS:[29]

**Incident Details**

**Incident Description:** Range fire - burners turn on VERY easily (with just a slight touch or bump), this has almost caused several fires but those have been caught quickly. Today, it caused a grease fire because a burner accidentally turned on while something was on it to cool off. It was large enough that the fire department was dispatched. No one was in the kitchen and had our smoke detectors not alerted us, the house itself would have caught on fire. All four of our children were home, as well as both of us (parents) and several pets. My spouse and I are having some upper respiratory effects because of smoke inhalation in attempting to contain the fire until the fire department could arrive.

**Incident Date:** 12/9/2020

**Incident Location:** Home/Apartment/Condominium

---

[29] https://saferproducts.gov/PublicSearch/Detail?ReportId=2039723

**Victims Involved**

**Injury Information:** Injury - First Aid Received by Non-Medical Professional

**My Relationship to the Victim:** My Spouse

**Gender:** Male

**Victim's Age When Incident Occurred:** 41 years

169.   Report sent to Samsung on May 25, 2017 regarding a Model No. NE58F9500SS:[30]

**Incident Details**

**Incident Description:** https://us.community.samsung.com/t5/Kitchen/Easy-Accidental-Turn-On/td.../55027 Samsung oven knobs turn on to easy. I have almost burned my home several times. If you just brush into the knobs it turns on. Once came home after 6 hours the burner was on high. Above is a link to several other claims. This oven is very dangerous!

**Incident Date:** 5/16/2017

**Incident Location:** Home/Apartment/Condominium

170.   Report sent to Samsung on October 8, 2014 regarding a Model No. NE58F9500SS:[31]

---

[30] https://saferproducts.gov/PublicSearch/Detail?ReportId=1664220

[31] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1431578

**Incident Details**

**Incident Description:** We purchased a Samsung slide in range several months ago. model#NE58F9500SS On several occasions we have turned the burners on by simply brushing up against them. The knobs are in such a position that makes it far to easy for this to happen. They also turn too easily. We have always noticed and were able to turn them off before anyone got burned. However yesterday we had someone working on our backsplash and had placed a towel on the stove top to protect it. He had placed his drill case on top of the towel. As he was working the burner turned on and by the time he noticed what was happening, the drill case had melted through and when he lifted it up the towel burst into flames. He got out the fire but had he not acted quickly it could have been much worse. I feel the design of the control panel is poor and this product is unsafe.

**Incident Date:** 9/29/2014

**Incident Location:** Home/Apartment/Condominium

171.    Additional complaints to the CPSC regarding the Defect are attached hereto at Exhibit A.

172.    Several consumers who submitted complaints to the CPSC about the Range stated that they made complaints directly to the manufacturer as well.[32]

173.    Consumers have also submitted complaints about the Defect directly to Samsung via reviews posted to its website.  A sampling of those complaints, along with Samsung's responses, are below.

★☆☆☆☆
**So many things have gonw wrong**

Becky

2 years ago

the panel bas warped from the heat the stove top had peeled and chipped its so easy to bump a knob and ignite the gas and all but two of my knobs have broken.

⊗ No, I do not recommend this product.

---

[32] *See, e.g.*, https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1917205; https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1709132.

 Response from SAMSUNG:
2 years ago

**Samsung Care**

We hear you and your concern about the range. Safety is our utmost concern for our customers. If you worried about turning on the range accidentally. You can try purchasing our Knob covers for the range for protection. You can find them by using the link below. Thank you for your feedback and review. ^Pat
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

***



**Fire Hazard**

Amanda

4 months ago

My house caught on fire 3 times within the first month of owning this product. The front knobs are very sensitive. I called Samsung and they would not take this product back but suggested I buy childproof knob covers lol.

✖ No, I do not recommend this product.

Helpful?   👍 (1)   👎 (0)     Report

 Response from SAMSUNG:
3 months ago

**Customer Care**

Good Day, Your safety always comes first, Amanda. Thank you for letting us know about the range knobs. The knobs on Samsung ranges are designed to meet the requirements set by international standards, which require a two-factor mechanism. All ranges with knobs must meet this standard, and Samsung is no exception. Learn more from these details. Range knobs accidentally turn on the cooktop too easily: https://www.samsung.com/us/support/troubleshooting/TSG01203557/ Should you require further assistance, please feel free to get back to us via the following options: 1. Facebook Messenger: http://m.me/samsungsupport 2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513 3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us When you message us, please provide us with this reference number 1145661314, to help our team pull up your information. Have a great day! ^Chrystel

***



**DANGEROUS!!!**

**Heidi**

2 years ago

first lowes really disappointed me when we finally got to use the airfryer the the house filled up with smoke, we were 2 days past 30. they said tough luck! $1699 for a range that has a useless airfryer! plus the super dangerous design flaw with front knobs they turn so easily n the next thing you're either burning or under-cooking your food so now i have to be hyper vigilant to constantly check if the knobs accidentally turned i hate this range so much plus if you bring something to boil and turn the range down to 2 to simmer, it will stay boiling! i'm 53 yrs old this is the worst range, i have ruined so many dinners cooking with this expensive junk to spend the money we did and be stuck with this dangerous unit is so heartbreaking! do not buy this range!!!

 No, I do not recommend this product.

Helpful?   👍 (1)   👎 (3)        Report

>  Response from SAMSUNG:
> 2 years ago
>
> **Samsung Care**
>
> I'm disappointed you have to deal with this, Heidi. We want to make sure all our customers are happy with their products. One option to help with not turning on the range accidentally; would be using a knob cover to protect it. You can find them at the link below. Regrading the range staying on boil after you turn it to simmer. I looked up some information that may help you with this concern. These troubleshooting steps are in the bottom link. ^Pat
> https://www.samsung.com/us/support/troubleshooting/TSG01203557/
> https://www.samsung.com/us/support/troubleshooting/TSG01211106/

65



**FIRE HAZARD, please do not buy!!**

Amanda

5 months ago

We've had this range for 2 months and 4 different times the knobs have been accidentally barely touched catching on fire 2 pizza boxes, another time a call that our smoke detectors were going off from a burning dish, lastly I walked out at night to the burner bright red/on. We called Samsung and after sending out a tech, they confirmed the knobs are sensitive, there is nothing they can do, and their solution was for us to buy childproof knob covers. Our previous electric slide in range of 9 years never had this happen once.

⊗ No, I do not recommend this product.

| Originally posted on | 6.3 cu. ft. Smart Slide-in Electric Range with Air Fry in Black Stainless Steel |

Helpful?   👍 (1)   👎 (0)   Report

Response from SAMSUNG:
3 months ago

**Customer Care**

Good Day, Your safety always comes first, Amanda. Thank you for letting us know about the range knobs. The knobs on Samsung ranges are designed to meet the requirements set by international standards, which require a two-factor mechanism. All ranges with knobs must meet this standard, and Samsung is no exception. Learn more from these details. Range knobs accidentally turn on the cooktop too easily: https://www.samsung.com/us/support/troubleshooting/TSG01203557/ Should you require further assistance, please feel free to get back to us via the following options: 1. Facebook Messenger: http://m.me/samsungsupport 2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513 3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us When you message us, please provide us with this reference number 1145664010, to help our team pull up your information. Have a great day! ^Chrystel

***

66



**Fire Hazzard**

Concerned

a year ago

we purchased 4 new samsung appliances for our kitchen 5 months ago. they were delivered, installed, and looked perfect. however, the range is a fire hazzard. the sales rep may not have known just how easy it is for the knobs to be bumped and turned on, but i feel like this should be a warning on this product. had i been made aware of this, i wiuld have definitely went with the standard free standing range with controls on the top back. many times someone in our home has bumped the knobs and turned a burner on. we had to remove our cover due to fear of our home burning down. last night, we were having a gathering and someone bumped the stove turning it on and the cake box caught on fire. i truly think you should allow me to exchange this dangerous device before something worse happens.

⊗ No, I do not recommend this product.

Helpful?    👍 (0)    👎 (0)    Report

 Response from SAMSUNG:
4 months ago

**Customer Care**

Hi There, We acknowledge you telling us about your experiences with the range. Let's help you out with your unit. The knobs on Samsung ranges are designed to meet the requirements set by international standards, which require a two-factor mechanism. All ranges with knobs must meet this standard, and Samsung is no exception. Learn more from these details. Range knobs accidentally turn on the cooktop too easily: https://www.samsung.com/us/support/troubleshooting/TSG01203557/ Should you require further assistance, please feel free to get back to us via the following options: 1. Facebook Messenger: http://m.me/samsungsupport 2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513 3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us When you message us, please provide us with this reference number 1145613137, to help our team pull up your information. Have a great day! ~Chrystel

\*\*\*



**DANGEROUS - fire risk**

Cash

2 years ago

the burner and oven controls are way too sensitive - they will turn on at the slightest touch or bump with no indication they are on. we have burned hands several times, and almost started several fires. the last straw was a serious kitchen fire when the burner was accidentally turned on while a pan with grease was on top. we were not in the kitchen and had our smoke detectors not alerted us, the entire house would have caught fire. this particular flaw has been reported multiple times with the same outcomes (fire) on other samsung range models as well. this is a serious and dangerous design flaw that should be rectified immediately, along with a product recall.

 Response from SAMSUNG:
2 years ago

### Samsung Care

We take this concern very seriously and would like to do everything that we can to help resolve this issue. Ensuring our customer's safety is our utmost concern. We would need to gather more information on your situation. Please contact us by using one of the methods below. ^Pat 1. Facebook Messenger: http://m.me/samsungsupport 2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513 Use this ticket number: 1142721615

***



### Fire Hazard!

**Wishihadntboughtit**

6 months ago

Had this less than a week. I loved it til tonight! It is a fire hazard! The slightest touch, such as my jacket brushing it, turns on the burner! Wiping down the stainless steel controls turns it on. Today I reached to the counter above and it turned on without me realizing it until smoke alerted me that the towel in my had was smoking! I can't return it and I can't afford another one. The burners have turned a perfect range into a very scary appliance.

⊗ No, I do not recommend this product.

Helpful?  👍 (0)  👎 (0)     Report

 Response from SAMSUNG:
3 months ago

### Customer Care

Good Day, We always place a high priority on your safety. We appreciate you informing us about the knobs on the range. The knobs on Samsung ranges are designed to meet the requirements set by international standards, which require a two-factor mechanism. All ranges with knobs must meet this standard, and Samsung is no exception. Learn more from these details. Range knobs accidentally turn on the cooktop too easily: https://www.samsung.com/us/support/troubleshooting/TSG01203557/ Should you require further assistance, please feel free to get back to us via the following options: 1. Facebook Messenger: http://m.me/samsungsupport 2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513 3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us When you message us, please provide us with this reference number 1145665735, to help our team pull up your information. Have a great day! ^Chrystel

68

174.   Other consumers have taken to the Samsung Community forum to voice their frustration with the Defect:[33]



175.   Consumers have also submitted complaints about the Defect via reviews posted to the websites of third-party retailers.   A sampling of those complaints, along with Samsung's responses, are below.

---

[33] https://us.community.samsung.com/t5/Kitchen-and-Family-Hub/Knobs-on-Range-move-too-Easily-Fire/td-p/2174929

    Feb 11, 2021

**Not reliable**

Burner knobs constantly turning on by people accidently touching them. Fan always on,.and broil randomly decides to come on when it feels like it. Do not recommend

by Liz

---

**Response from Samsung**                                    Hide

Feb 12, 2021

Hi Liz! Thank you for your feedback. I understand that your unit will randomly come on . Well i want to help by providing some helpful information to rectify the concerns.
(http://www.samsung.com/us/support/troubleshooting/TSG01203557/)
Thank you for choosing Samsung.^Nic

**SAMSUNG**

---

\*\*\*

70

 ★ ★ ★ ★                                                                Dec 8, 2022

**Do not buy dangerous!!!!**

Knobs turn on with slightest bumb/brush against them. See other reviews online. Bought this less than a month ago, have had a fire and a glass explosion!!! Someones coat brushed a knob, it turned on, set glass protector on fire. Second time, unloads grocery, bag brushed against knob, it turned on, superheated glass cutting board that then exy- shards into multiple rooms!!! Crazy. Nice stove but the push to turn on burners is defective design. Others have similar experience- beware!!!!!

by Crewcut1983

---

**Response from Samsung**                                                                      Hide

Mar 10, 2023

Hello there.

Thank you for looking into this. We understand your safety. Let us go ahead and have this checked right away.

Although our ranges and some cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. Although all knobs must be made this way to meet international standards, third-party products are available to address this issue. Please check this link for details.

Range knobs accidentally turn on cooktop too easily
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

Should you ever need more assistance, please feel free to get back to us via the following options:

1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us

When you message us, please provide us with this reference number (1145547469) to help our team pull up your information.

Thank you for being a valued customer of Samsung. Have a great day.

^Camille

**SAMSUNG**

  Aug 13, 2022

**Buy if you want to burn your house down!**

I love the look of this oven and it looks great in my kitchen, but you even come near the front knobs and they turn on VERY easily. Heating up when you don't want them to if you have anything on your stove top it's going to catch on fire!! Very very dangerous! I had to get some third-party safety knobs for the front of it to even make it safe enough to keep in my house. If I wasn't outside of the return window I would have returned it in a heartbeat!!

by JodiB

---

**Response from Samsung**                                                    Hide

Mar 9, 2023

Good day, JodiB.

Here at Samsung, your safety is our main concern.

Although all knobs must be made this way to meet international standards, third-party products are available to address this. You may visit this link for more information. Range knobs accidentally turn on cooktop too easily: https://www.samsung.com/us/support/troubleshooting/TSG01203557/

If you require further assistance in the future, please do not hesitate to reach us through the channels listed below:
1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us

Please provide us with this reference number (1145544318) to help our team pull up your information when you message us.

Have a wonderful day!

—Vannesa

**SAMSUNG**

---

\*\*\*

72

                                                    May 9, 2022

**This thing is dangerous!**

We bought an entire set of Samsung appliances for our new house and have been nothing but disapointed. I deeply regret not doing my research as we have now had to replace 2/3 of them in less than six months. This stove is dangerous. The knobs on the front are so touchy that if you bend over to reach up to the microwave, you run the risk of literally burning your house down…. Several times our dog has jumped up on the counter, or someone has bumped it turning on the burner. Weve burnt papers, come home to a burner on… its terrifying. I highly recommend considering a different brand. I will never buy Samsung ever again

by skyser1215

---

**Response from Samsung**                                              Hide

Mar 9, 2023

Greetings,

Our main priority is keeping you safe, Skyser1215.

The knobs on Samsung ranges are designed to meet the requirements set by international standards, which require a two-factor mechanism.
All ranges with knobs must meet this standard, and Samsung is no exception. Learn more from these details.

Range knobs accidentally turn on the cooktop too easily:
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

Should you require further assistance, please feel free to get back to us the soonest via the following options:

1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us

When you message us, please provide us with this reference number 1145543869, to help our team pull up your information.

Have a great day!

^Chrystel

**SAMSUNG**

---

\*\*\*

73

 ★ ★ ★ ★                                                    Nov 19, 2022

**stove knobs**

At the slightest touch of the knobs the stove stop turns on. I placed a casserole dish on the cold cooktop and a knob was accidenty touched. A stovetop burner turned on. The dish got hot and blew up. Fortunately no one was injured. I started removing the knobs to try and prevent the accidental turning on of stovetop. It helped but tbey will still turn on by brushing up against thd posts that support the knobs. My stove is 2 years old now and the insides of the knobs have all cracked and on manufacturer backorder. Really Samsung? Stick to making televisions.

by FB4524

---

**Response from Samsung**                                                          Hide

Mar 10, 2023

Hello there.

We want you to enjoy using your unit at home. Let's go ahead and provide you with some solutions to this.

Although our ranges and some of our cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. Please check this link for details.

Range knobs accidentally turn on cooktop too easily
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

Electric cooktops can be quite fun to cook with, but there's a few things you need to know before you whip up that first batch of your world-famous chili. Please check this link for details.

How to use your Samsung electric range or cooktop
https://www.samsung.com/us/support/answer/ANS00060805/

Should you ever need more assistance, please feel free to get back to us via the following options:

1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us

When you message us, please provide us with this reference number (1145547213) to help our team pull up your information.

Thank you for being a valued customer of Samsung. Have a great day.

^Camille

**SAMSUNG**

\*\*\*

 ★ ★ ★ ★                                                      Mar 20, 2023

**Fire Hazard!!**

This range has knobs that turn on entirely too easy. The first of FIVE fires was within the first
week of use, it was accidentally turned on when someone walked by it too closely. It had not
even been used yet. Just reaching up to a cabinet it will turn on with the slightest contact. Then
two of the knobs split/broke. We purchased the extended warranty, but we were told knobs
were not covered. Made an order for new knobs twice, still no knobs. Worst purchase ever, I
DO NOT RECOMMEND!

by JH26

---

**Response from Samsung**                                                              Hide

Mar 23, 2023

Hello there.

We acknowledge the urgency of this review. We are here to help.

Although our ranges and some cooktops come with a Child Lock feature, this will not
prevent the knobs from turning on the cooktop. Although all knobs must be made this way
to meet international standards, third-party products are available to address this issue.
Please check this link for details.

Range knobs accidentally turn on cooktop too easily
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

You can Contact our Samsung Parts Team at (800) 627-4368, Mon - Fri 9:00 AM ~ 6:30
PM EST. They can assist you in checking the availability and compatibility of the knob for
your range.

Please check this link for details.
https://samsungparts.com/products/ne63t8111ss-aa?variant=44467298566417

Should you ever need more assistance, please feel free to get back to us via the following
options:

1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-
p/us

When you message us, please provide us with this reference number (1145594287) to help
our team pull up your information.

Thank you for being a valued customer of Samsung. Have a great day.

^Camille

**SAMSUNG**

75

\*\*\*

 **I am returning this.**

⊘ **Verified Purchase** | Posted 1 year ago. Owned for 2 weeks when reviewed.
This reviewer received promo considerations or sweepstakes entry for writing a review.

This stove is dangerous. In first three days burner turned on and melted plastics on stove top.  Cat? Brushed against? Unknown.

### Brand response from Samsung

Posted 4 months ago.

Hello,

We wish to help you the soonest as possible time!

You may contact our Support Team via the link below to speak with a live representative to better assist you.

1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.commuity.samsung.com/t5/Samsung-Community/ct-p/us
4. Customer Care: 1-800-726-7864 (1-800-SAMSUNG)

Thank you!

-Angelica

\*\*\*

 **Beware!**

⊘ **Verified Purchase** | Posted 9 months ago. Owned for 11 months when reviewed.
This reviewer received promo considerations or sweepstakes entry for writing a review.

This purchase was a terrible mistake on my part!  This range is  a "Fire Hazard"!  The knobs are in the front and they are extremely sensitive!  I've wanted to return it from day ONE!  When anyone is near the range or passing it, the stove burners TURN on to HIGH, with no awareness.  No one in the family is overweight.  Even so, it turns on from movement in the area of the range or walking past it. No returns or exchanges are available. I'm quite certain it will be Recalled by the Government, due extremely the hazardous controls!  Sadly, I'm waiting for someone to have a tragic incident!

**Brand response from Samsung**

Posted 4 months ago.

We want your purchase to be worth it, PattyAnn. We'll be glad to help!

Although our ranges and some cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. I have provided a link below to learn more.

Range knobs accidentally turn on the cooktop too easily:
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

Should you need more assistance, please feel free to get back to us via the following options:

1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.commuity.samsung.com/t5/Samsung-Community/ct-p/us

Please provide us with this reference number (1145568822) to help our team pull up your information when you message us.

Thank you!

-Angelica

***

 **FIRE STARTER**

✓ **Verified Purchase** | Posted 6 months ago. Owned for 5 months when reviewed.
This reviewer received promo considerations or sweepstakes entry for writing a review.

Samsung knows this model is defective.  There are multiple reports and pictures documenting this range top turning on without assistance.  I wish I would have seen these reviews prior to purchasing because now Samsung has gone silent after promising a refund in writing.  DO NOT PURCHASE



**Brand response from Samsung**

Posted 4 months ago.

Good day.

We want you to have the best experience possible with your range.

Getting some cooktop knob covers or locks can protect your knobs from accidentally being brushed against. Please visit this link for more details.

Range knobs accidentally turn on cooktop too easily:
https://www.samsung.com/us/support/troubleshooting/TSG01203557/

If you require further assistance with the refund, please do not hesitate to reach us through the channels listed below:
1. Facebook Messenger: http://m.me/samsungsupport
2. Twitter: https://twitter.com/messages/compose?recipient_id=18768513
3. Samsung Community: https://us.community.samsung.com/t5/Samsung-Community/ct-p/us

Please provide us with this reference number (1145572526) to help our team pull up your information when you message us.

Have a wonderful day!

—Vannesa

SAMSUNG

176.    As shown above, Samsung responds to consumer questions and concerns about the Defect that were submitted to its website and the websites of third-party retailers. Like other large producers of consumer products, Samsung monitors and keeps track of consumer reviews and complaints, including those made on its own website and third-party websites.  This is diligence that large companies like Samsung routinely do when selling a consumer products.

177.    In addition, as also demonstrated above, certified Samsung appliance technicians have observed unintentional actuation in Ranges in the field.

178.    Lastly, Samsung maintains a page on its website titled "Range knobs

accidentally turn on cooktop too easily."[34]   Samsung's inclusion of a web page specifically addressing the problems Plaintiffs and the Class experienced further confirms that these problems have been known to Samsung.

**D.    Samsung Had a Duty to Disclose the Latent Defect, but Affirmatively Concealed it Instead.**

179.   Samsung had a duty to disclose the Defect because it had superior and exclusive knowledge of it.  Samsung also had a duty to disclose the Defect because it presents a material, safety risk to consumers. And Samsung had a duty to disclose because it made many partial representations about the qualities and reliability of its ranges, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding the actual unsafe design of their ranges.

180.   Despite this, Samsung has nevertheless repeatedly dismissed and denied the Defect.

181.   A prior iteration of the above page on Samsung's website—"Range knobs accidentally turn on cooktop too easily"—stated that:

> Although our ranges and some of our cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. This can be particularly dangerous with gas cooktops. Although all knobs must be made this way to meet international standards, third party products are available to address this issue.

---

[34]   https://www.samsung.com/us/support/troubleshooting/TSG01203557/

182.    Recently, Samsung updated this webpage to elaborate upon its claims that, despite the unintentional actuation experienced by Range users, the knobs were not defectively designed—rather, they are compliant with the "two-factor mechanism" required by international standards:[35]

> The knobs on Samsung ranges are designed to meet the requirements set by international standards, which requires a two-factor mechanism. This means two movements are simultaneously required to turn on an element: pushing in and turning. The knob will not turn unless force is being applied to push it inwards. All ranges with knobs must meet this standard and Samsung is no exception.[36]

183.    However, as explained above, the knobs actuate the Ranges through a single smooth motion requiring minimal depression and little force to permit rotation.  Indeed, cooktops can be turned on with one continuous motion.  This is contrary to the international standards cited by Samsung.

184.    Knowing this, Samsung hedges against its attestations of compliance with industry standards by advising consumers to take matters into their own hands and purchase third-party cooktop knob covers or locks to remedy the Defect:

> However, there is something you can do. Getting some cooktop knob covers [https://www.amazon.com/s?k=cooktop+knob+covers]  or locks can protect your knobs from accidentally being brushed against. Some even offer child-proofing. This is the option we recommend for those who are concerned that

---

[35]    *Id.*

[36]    *Id.*

their cooktop may be too easy to accidentally turn on. If at any point you need to replace the knobs, visit samsungparts.com to purchase replacements.[37]

185.   In addition, Samsung also states that owners of the Ranges can purchase replacement knobs from Samsung:

> If at any point you need to replace the knobs, visit samsungparts.com [https://www.samsungparts.com/PartsList.aspx?Catalog=Parts_and_Access ories&SearchKey=knob] to purchase replacements.[38]

186.   The Samsung web page described above is an express acknowledgement and admission that Range burners can be inadvertently actuated by normal and expected use of the Range, that the Ranges are unsafe at the time of sale to consumers, and that remedial post-sale remedies are necessary to make the Ranges safe, or at least safer, for their intended and expected use.

187.   Samsung not only knows about the Defect, and has known about it for some time, it has taken affirmative steps to conceal the Defect from Plaintiff and the Class—and to profit from it.

**E.    Samsung's Deficient Warranty Service.**

188.   Samsung provided a uniform, express one-year factory warranty against defects in materials and workmanship.  Such a warranty was included in the user manual for the model Ranges purchased by Plaintiffs.

---

[37]   *Id.*

[38]   *Id.*

189.   As explained above, Samsung routinely denies warranty claims arising from the Defect.

190.   In addition to the express warranty, Samsung marketed, advertised, and warranted that the Ranges were of merchantable quality and fit for their intended purpose. Samsung also marketed, advertised, and warranted that the Ranges were free from defects and did not pose an unreasonable risk to persons or property. However, a range that can be actuated unintentionally is not fit for its intended purposes and would not pass without objection in the trade.

191.   Federal law mandates that any manufacturer or seller offering a product to customers, whether directly or indirectly, cannot disclaim implied warranties of merchantability and fitness for a particular purpose where that manufacturer has made an express warranty.

192.   Samsung has not implemented an effective remedy for consumers who are at risk because of the Defect.  And despite being made aware of the Defect, Samsung has failed to provide effective repairs.

### F.     The Unconscionability and Failure of Essential Purpose of the Express and Implied Warranties.

193.   Samsung knew or should have known of the Defect in its Ranges prior to and at the time of sale of the Ranges to consumers, including from the numerous consumer complaints to the CPSC, which were directly reported to Samsung, as well as from the consumer complaints and warranty claims made directly to

Samsung.

194.   Samsung was in a superior position to know of, remedy, and disclose the Defect in its Ranges to Plaintiffs and Class Members, who could not have known of the Defect at the time of purchase.

195.   Plaintiffs and Class Members had no ability to negotiate the terms of the warranty, including the durational time limitation or disclaimers contained therein.

196.   Plaintiffs and Class Members had no meaningful choice in the terms of the warranty, including the durational time limitation or disclaimers contained therein.

197.   Plaintiffs and Class Members had no meaningful choice in choosing another brand of range as any other reputable brand would likewise have warranties containing the same or similar terms and limitations.

198.   There was a substantial disparity between the parties' bargaining power such that Plaintiffs were unable to derive a substantial benefit from the warranty. A disparity existed because Samsung was aware that the Ranges were inherently defective, Plaintiffs and Class Members had no notice or ability to detect the Defect, Samsung knew Plaintiffs and Class Members had no notice or ability to detect the Defect, and Samsung knew that Plaintiffs and Class Members would bear the cost of correcting the Defect. This disparity was increased by Samsung's

knowledge that failure to disclose the Defect would substantially limit the Range's use.

199.   Samsung failed and refused to extend the time limitation of the warranty to cover the Defect, which was known to Samsung and unknown to consumers at the point of sale.

200.   Plaintiffs and Class Members had no ability to discover the Defect at the time of sale.

201.   The one-year durational limit on the warranty is grossly inadequate to protect Plaintiffs and Class Members from the Defect.

202.   Samsung sold the Ranges with knowledge of the Defect and of the fact that it may not manifest until after expiration of the one-year warranty.

203.   Samsung sold the Ranges with knowledge of the Defect and of the fact that the Ranges would fail well before the expiration of their useful lives.

204.   Samsung sold the Ranges knowing that they were not capable of being repaired or replaced with non-defective components within a one-year warranty period or thereafter.

205.   Plaintiffs and Class Members would have negotiated better terms in the purchase of their Ranges and warranties had they been aware of the Defect.

206.   The terms of the warranty unreasonably favor Samsung over Plaintiffs and Class Members.

207. Extended product warranties may not cover repair of the Defect or replacement of the Range, leaving consumers with no choice but to pay out-of-pocket to repair the Defect or replace their Range after Samsung denies their warranty claim. Because Samsung fails to disclose the Defect to consumers prior to or at the time of their purchase, they are unable to research which (if any) extended warranty companies may cover repair of the Defect or replacement of the Range prior to purchasing the warranty. Even in the unlikely event that an extended warranty covers repair of the Defect or replacement of the Range, consumers must still pay deductibles of $50 or more to repair the Defect or replace the Defect that existed at the time of their purchase, but which Samsung failed to disclose.

208. Accordingly, recovery by Plaintiffs and Class Members is not restricted to the promises in any written warranties, and they seek all remedies that may be allowed.

**G.    Injuries and Risk of Imminent Harm to Plaintiffs and the Class.**

209. Plaintiffs and the other Class Members purchased their Ranges solely for their personal, residential purposes and only used the Ranges as intended and in accordance with the operating instructions provided by Samsung.

210. In light of the Defect, Plaintiffs and other Class Members paid far more than the reasonable value of the Range, and would have paid substantially less, or not have purchased a Range at all, had Samsung adequately disclosed the Defect.

211.    Samsung has profited and continues to profit from the sale of defective Ranges by failing to disclose the above-described Defect and continuing to sell Ranges at prices well above their reasonable value.

212.    As a direct and proximate result of Samsung's false warranties, misrepresentations, and failure to disclose the Defect in these Ranges, Plaintiffs and the Class have purchased the Ranges and have suffered injury as a result.

213.    As a direct and proximate result of Samsung's concealment of the Defect, its failure to warn its customers of the Defect and the safety risks posed by the Ranges, and its failure to replace and remove the defective Ranges from consumers' homes or otherwise remedy the Defect, Plaintiffs and the Class purchased Samsung's defective and unsafe Ranges and, in many cases, are forced to use them in their homes to this day. Had Plaintiffs and the Class known of this serious safety risk, they would not have purchased the Ranges or would have paid substantially less for their Ranges than they paid.

## FED. R. CIV. P. 9(b) ALLEGATIONS

214.    Although Samsung is in the best position to know what content it placed on its marketing materials during the relevant timeframe, and the knowledge that it had regarding the Defect and its failure to disclose the Defect to consumers, to the extent necessary, Plaintiffs satisfy the requirements of Rule 9(b) by alleging the following facts with particularity.

215. *Who*: Samsung made material omissions of fact relating to the Defect by failing to disclose its existence in its labeling and marketing of the Ranges.

216. *What*: Samsung's conduct here was, and continues to be, fraudulent because it omitted and concealed that the Ranges are defective, a safety hazard, and prone to inadvertent actuation that could result in causing fire, property damage, and/or personal injury to Plaintiffs and Class Members. Samsung's conduct deceived Plaintiffs and Class Members into believing that the Ranges are not defective, are high quality, and are safe to use. Samsung knew or should have known this information is material to reasonable consumers, including Plaintiffs and Class Members, in making their purchasing decisions; yet it omits any warning that the Ranges suffer from the Defect. No reasonable consumer would expect their Ranges to turn on unintentionally.

217. *When*: The material omissions detailed herein were made prior to and at the point of sale, leaving Plaintiffs and Class Members unaware of the Defect prior to purchasing their Ranges.

218. *Where*: Samsung's material omissions were made on its packaging and marketing materials.

219. *How*: Samsung failed to disclose material facts regarding the Defect and true safety risks of normal use of the Range in written form, electronic form, or conventional hardcopy form.

220.   *Why*: Samsung made the material omissions detailed herein for the express purpose of inducing Plaintiffs, Class Members, and all reasonable consumers to purchase and/or pay for the Range, the effect of which was that Samsung profited by selling the Ranges to many thousands of consumers.

221.   *Injury*: Plaintiffs and Class Members purchased or paid more for the Range when they otherwise would not have absent Samsung's omissions. Further, the Ranges continue to pose unreasonable safety risks and cause consumers to incur unnecessary and unreasonable out-of-pocket expenses when manifestation of the Defect occurs.

## TOLLING OF THE STATUTE OF LIMITATIONS

### A.    Discovery Rule

222.   The causes of action alleged accrued upon discovery of the defective nature of the Ranges. Because the Defect is latent, and Samsung concealed it, Plaintiffs and members of the Class did not discover and could not have discovered the Defect through reasonable and diligent investigation. Reasonable and diligent investigation did not and could not reveal a factual basis for a cause of action based on Samsung's concealment of the Defect.

### B.    Fraudulent Concealment

223.   Any applicable statutes of limitation have been tolled by Samsung's knowing, active, and ongoing concealment and denial of the facts as alleged herein.

224.   Samsung was and is under a continuous duty to disclose to Plaintiffs

and the Class the true character, quality, and nature of the Ranges, particularly with respect to the serious risks to public safety presented by the Ranges.

225.   At all relevant times, and continuing to this day, Samsung knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Ranges and sold the Ranges into the stream of commerce as if they were safe for use.

226.   Given Samsung's failure to disclose this non-public information, over which Samsung had exclusive control, about the defective nature of the Ranges and attendant safety risks—and because Plaintiffs and Class Members could not reasonably have known that the Ranges were thereby defective—Plaintiffs and Class Members reasonably relied on Samsung's assurances of safety. Had Plaintiffs and class members known that the Ranges pose a safety risk to the public, they would not have purchased the Ranges.

227.   Plaintiffs and the Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and the Class could not reasonably have discovered the true, latently defective nature of the Ranges.

## C.    Estoppel

228.   Samsung was and is under a continuing duty to disclose to Plaintiffs and the Class the true character, quality, and nature of the Ranges.  Samsung

knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Ranges, and the concealment is ongoing. Samsung knew of the Defects and the serious safety risk they posed to consumers and has actively concealed them. Plaintiffs reasonably relied on Samsung's assurances of safety. For these reasons, Samsung is estopped from relying on any statute of limitations in defense of this action.

229. Additionally, Samsung is estopped from raising any defense of laches due to its own conduct as alleged herein.

## CLASS ACTION ALLEGATIONS

230. Plaintiffs bring this action on her own behalf and on behalf of the following Classes and Subclasses pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and/or (c)(4):

### Nationwide Class

All residents of the United States and its territories who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

### New York Sub-Class

All residents of New York who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

### Texas Sub-Class

All residents of Texas who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

## Florida Sub-Class

All residents of Florida who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

## Nebraska Sub-Class

All residents of Nebraska who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

## California Sub-Class

All residents of California who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

## Michigan Sub-Class

All residents of Michigan who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

## Missouri Sub-Class

All residents of Missouri who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

## Ohio Sub-Class

All residents of Missouri who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale.

231.   The Class and the Subclasses are referred to collectively as the "Class" for convenience.  Excluded from the Class and Subclasses are Samsung, its affiliates, employees, officers, and directors and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the Class definitions above in response to discovery and/or further investigation.

232. ***Numerosity***.  Upon information and belief, the class is so numerous that joinder of all members is impracticable.  In 2020, Samsung had around 12% volume market share in core appliances in North America.  The Classes and Subclasses therefore must contain, at the very least, hundreds if not thousands of members each.

233. ***Commonality***.  The answers to questions common to the Class will drive the resolution of this litigation. Specifically, resolution of this case will be driven by questions relating to the Ranges' common design, whether the design is defective, whether the Ranges contain a manufacturing defect, whether the design and/or manufacturing defect poses a safety risk, Samsung's knowledge of the Defect, damages caused by the Defect, and the corresponding unjust enrichment to Samsung. The common questions of law and fact include, but are not limited to, the following:

a.    Whether the Ranges pose unreasonable safety risks to consumers;

b.    Whether Samsung knew or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.    Whether Samsung concealed the safety risks its Ranges pose to consumers;

d.    Whether the safety risks the Ranges pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase an electric range;

e.    Whether the Ranges possess material Defects;

f.    Whether Samsung knew or should have known of the inherent Defects in the Ranges when it placed them into the stream of commerce;

g.    Whether Samsung concealed the Defects from consumers;

h.    Whether the existence of the Defects are material facts reasonable purchasers would have considered in deciding whether to purchase a range;

i.    Whether the Ranges are merchantable;

j.    Whether the Ranges are fit for their intended use;

k.    Whether Samsung was unjustly enriched by the sale of defective Ranges to the Plaintiff class;

l.    whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Ranges caused Class Members' injuries; and

m.    whether Samsung should be enjoined from further sales of the Ranges.

234.    ***Typicality***.  Plaintiffs have the same interest as all members of the classes they seek to represent, and all of Plaintiffs' claims arise out of the same set of facts and conduct as all other members of the classes. Plaintiffs and all class members own or owned a Range designed or manufactured by Samsung with uniform Defects. All the claims of Plaintiffs and Class Members arise out of Samsung's placement of a product into the marketplace it knew was defective and posed safety risks to consumers, and from Samsung's failure to disclose the known safety risks and Defects. Also typical of Plaintiffs' and Class members' claims is Samsung's conduct in designing, manufacturing, marketing, advertising,

warranting, and selling the defective Ranges, Samsung's conduct in concealing the Defects in the Ranges, and Plaintiffs' and Class members' purchase of the defective Ranges.

235.    *Adequacy*. Plaintiffs will fairly and adequately represent and protect the interest of the Class Members: Plaintiffs' interests align with those of the Class Members, and Plaintiffs have no fundamental conflicts with the Class. Plaintiffs have retained counsel competent and experienced in products liability, consumer protection, and class action litigation, who will fairly and adequately represent the Class.

236.    ***Predominance and Superiority***.    The common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable. Samsung has acted in a uniform manner with respect to the Plaintiffs and Class Members.

237.    Samsung is a sophisticated party with substantial resources, while Class Members are not, and prosecution of this litigation is likely to be expensive. Because the economic damages suffered by any individual Class Member may be relatively modest compared to the expense and burden of individual litigation, it would be impracticable for Class Members to seek redress individually for

94

Samsung's wrongful conduct as alleged herein.

238.    The concealed safety risks described above support swiftly and efficiently managing this case as a class action, which preserves judicial resources and minimizes the possibility of serial or inconsistent adjudications.

239.    Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Samsung's unlawful and wrongful conduct. Without a class action, Class Members will continue to suffer the undisclosed risks attendant to the Ranges and incur monetary damages, and Samsung's misconduct will continue without remedy. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

240.    There will be no undue difficulty in the management of this litigation as a class action.

241.    Alternatively, certification may be appropriate as to individual issues as those issues will raise common questions applicable to all class members and materially advance the litigation.

242.    *Ascertainability*.   The Class is defined by reference to objective criteria, and there is an administratively feasible mechanism to determine who fits within the Class. The Class consists of purchasers and owners of certain Ranges, and class membership can be determined using receipts, photographs, ownership documentation, and records in Samsung's and other databases.

243.   ***Injunctive and Declaratory Relief***.  Samsung has acted and refused to act on grounds that apply generally to the Class, so injunctive and/or declaratory relief is appropriate with respect to the entire Class. Samsung made uniform representations and warranties to the Class as a whole, Samsung concealed facts from and made material misrepresentations to the Class as a whole, and Samsung has destroyed and may still be destroying evidence relevant to the allegations of the Class.

## CLAIMS FOR RELIEF

### Count I
### *Violation of the New Jersey Consumer Fraud Act*
### *N.J.S.A. 56:8-1, et seq.*
### (On Behalf of the Nationwide Class)

244.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

245.   Plaintiffs bring this claim individually and on behalf of the Nationwide Class.

246.   The New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.) ("NJCFA") states, in relevant part:

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . ." N.J.S.A. 56:8-2.

247.   Plaintiffs and Class Members are consumers who purchased Ranges

for personal, family, or household use.

248.   The advertisement, promotion, distribution, supply, or sale of the Ranges is a "sale or advertisement" of "merchandise" governed by the NJCFA.

249.   Before Plaintiffs' and Class Members' purchase of the Ranges, Samsung violated the NJCFA by making:

> a.   uniform representations that its Ranges were of a particular standard, quality, or grade when they were not and are not, and that they would perform as represented when they did not, as set forth above; and

> b.   false and/or misleading statements about the characteristics of the Ranges, as set forth above, that were unfair, deceptive, or otherwise fraudulent, had and continue to have the capacity to, and did, deceive the public and cause injury to Plaintiffs and Class Members.

250.   Samsung, in its communications with and disclosures to Plaintiffs and Class Members, intentionally concealed or otherwise failed to disclose that the Ranges included Defects that pose a safety risk to consumers.

251.   Plaintiffs and Class Members reasonably expected that the Ranges would allow for safe cooking, and not present a safety hazard, both before and at the time of purchase, and reasonably expected that Samsung did not design the Ranges to incorporate material Defects known to Samsung, and that the Ranges would perform as represented by Samsung in its promotional materials, service manuals, and owner's manuals. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that

were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Range. Moreover, Samsung intended for consumers, including Plaintiffs and Class Members, to rely on its assurances regarding the Ranges' purported safety.

252.    Samsung had exclusive knowledge that the Ranges had and have the Defects, which gave rise to a duty to disclose these facts. Samsung breached that duty by failing to disclose these material facts.

253.    The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances. There is a strong public interest in consumer appliance safety, as well as in truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life.

254.    Had Plaintiffs and Class Members known about the design Defects and accompanying safety risks, and/or that the Ranges did not operate as advertised, they would not have purchased the Ranges or would have paid less than they did for them. As a direct and proximate result of Samsung's actions, Plaintiffs and Class Members have suffered ascertainable loss and other damages.

255.    New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Nationwide Class Members under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the

U.S. Constitution.

256.   New Jersey has a significant contact, or significant aggregation of contacts, to the claims asserted by each Plaintiffs, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair. Samsung's headquarters and principal place of business are in Ridgefield Park, New Jersey. Samsung also owns property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Samsung's conduct under New Jersey's laws. Samsung's decision to reside in New Jersey and avail itself of New Jersey's laws render the application of New Jersey law to the claims at hand constitutionally permissible.

257.   The application of New Jersey's laws to the proposed Nationwide Class members is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiffs and the proposed Nationwide Class members, and New Jersey has a greater interest in applying its laws here than any other interested State.

**Count II**
*Fraud by Omission*
**(On Behalf of the Nationwide Class, or Alternatively, all Subclasses)**

258.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

259.   Plaintiffs bring this claim individually and on behalf of the Nationwide

Class or, in the alternative, on behalf of all Subclasses.

260.  Samsung made material omissions concerning a presently existing or past fact in violation of substantially identical common law.  Samsung did not fully and truthfully disclose to its customers the true nature of the Defect.  A reasonable consumer would not have expected the Defect in a new range and especially not a Defect that rendered the range unsafe and unusable for ordinary purposes.

261.  Samsung made these omissions with knowledge of their falsity and with the intent that Plaintiffs and Class Members rely upon them.

262.  The facts concealed, suppressed, and not disclosed by Samsung to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Ranges or pay a lesser price.

263.  Samsung had a duty to disclose the true quality and reliability of the Ranges because the knowledge of the Defect and its details were known and/or accessible only to Samsung, Samsung had superior knowledge and access to the relevant facts, and Samsung knew the facts were not known to, or reasonably discoverable by, Plaintiffs and Class Members.  Samsung also had a duty to disclose because it made many partial representations about the qualities and reliability of its ranges, which were misleading, deceptive, and incomplete without the disclosure of the additional facts set forth above regarding the actual unsafe design of their

ranges.

264.   Had Plaintiffs and the Class known about the defective nature of the Ranges, they would not have purchased the Ranges or would have paid less.

265.   Plaintiffs and Class Members reasonably relied to their detriment upon Samsung's material omissions and suffered damages as a result.   Samsung's conduct was willful, wanton, oppressive, reprehensible, and malicious. Consequently, based upon all the facts as alleged herein, Plaintiff and Class Members are entitled to an award of punitive damages.

### Count III
### *Breach of Express Warranty*
### (On Behalf of the Nationwide Class, or Alternatively, all Subclasses)

266.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

267.   Plaintiffs bring this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of all Subclasses.

268.   In connection with the purchase of each Range, Samsung provides an express warranty, pursuant to which for a period of one year Samsung will pay all costs to correct defects in materials or workmanship that existed when this major appliance was purchased, or at its sole discretion replace the product.

269.   In addition to the written warranties Samsung issued, Samsung expressly warranted several attributes, characteristics, and qualities, as set forth

above.

270. Furthermore, the warranty fails in its essential purpose because the contractual remedy is insufficient to make Plaintiffs and the Class members whole and because Samsung has failed and/or refused to adequately provide the promised remedies.

271. Accordingly, recovery by Plaintiffs and the Class members is not limited to the warranty of repair or adjustments to parts defective in materials or workmanship, and Plaintiffs and the Class members seek all remedies as allowed by law.

272. Also, as alleged in more detail herein, at the time that Samsung warranted and sold the Ranges, it knew that the Ranges did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and/or concealed material facts regarding the Ranges. Plaintiffs and the Class members were therefore induced to purchase the Ranges under false and/or fraudulent pretenses.

273. Moreover, many of the damages flowing from the Ranges cannot be resolved through the limited remedy of "replacement or adjustments," as those incidental and consequential damages have already been suffered due to Samsung's fraudulent conduct as alleged herein, and due to its failure and/or continued failure to provide such limited remedy within a reasonable time, and any limitation on

Plaintiffs and the Class members' remedies would be insufficient.

274.    Plaintiffs Delahoy, Dunahoe, Tastinger, Tighe, Michanowicz, Hightower, and Bosch provided Samsung with pre-suit notice of its breach of warranty on October 1, 2022.  Plaintiff Kugler provided Samsung with pre-suit notice of its breach of warranty on July 25, 2023.

275.    Defendants were also provided notice of these issues by complaints submitted by consumers to the Samsung website and to other consumer websites, and complaints filed against it including the instant Complaint, and by communications sent by consumers.

276.    As a direct and proximate result of Samsung's breach of express warranties, Plaintiff and the other Class members have been damaged in an amount to be determined at trial.

### Count IV
### *Breach of the Implied Warranty of Merchantability*
### **(On Behalf of the Nationwide Class, or Alternatively, all Subclasses)**

277.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

278.    Plaintiffs bring this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of all Subclasses.

279.    Samsung impliedly warranted that the subject Ranges, which Samsung designed, manufactured, sold or leased, were merchantable, fit for the ordinary

purposes for which they were intended to be used, and were not otherwise injurious to consumers. Samsung breached its implied warranty of merchantability when it designed, manufactured, distributed, sold and leased the Ranges in an unsafe and un-merchantable condition.

280.  These Ranges, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which ranges are used.

281.  Specifically, the Ranges are inherently defective in that they include dangerous latent defects in the design, or in the manufacture, of their front-mounted burner control knobs that make the Ranges susceptible to unintentional actuation. This unintentional actuation of the Ranges in turn creates a hazardous condition and serious risk of fire, property damage, and personal injury.

282.  Plaintiffs and each of the members of the class have had sufficient direct dealings with either Samsung or its agent retailed to establish privity of contract between Samsung, on the one hand, and Plaintiffs and each of the members of the class, on the other hand. Notwithstanding, privity is not required because plaintiffs and each of the members of the class are the intended beneficiaries of Samsung's written warranties and its contractual relationships with Samsung retailers. The retailers were not intended to be the ultimate consumers of the subject Ranges, and have no rights under the warranty agreements provided by Samsung.

Samsung's express warranties were designed for and intended to benefit consumers only. Plaintiffs and the members of the Class were the intended consumers of the subject Ranges.

283.  Plaintiffs Delahoy, Dunahoe, Tastinger, Tighe, Michanowicz, Hightower, and Bosch provided Samsung with pre-suit notice of its breach of warranty on October 1, 2022.  Plaintiff Kugler provided Samsung with pre-suit notice of its breach of warranty on July 25, 2023.

284.  Defendants were also provided notice of these issues by complaints submitted by consumers to the Samsung website and to other consumer websites, and complaints filed against it including the instant Complaint, and by communications sent by consumers.

285.  As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Plaintiffs and the other Class members have been damaged in an amount to be proven at trial and are also entitled to recover compensatory damages, including but not limited to the cost of repairs.

**Count V**
***Unjust Enrichment***
**(On Behalf of the Nationwide Class, or in the alternative,
on behalf of all Subclasses)**

286.  Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

287.  Plaintiffs bring this claim on behalf of the Nationwide Class or, in the

alternative, on behalf of all Subclasses.

288.   Samsung received proceeds from its intentional sale of defective Ranges with defective control knobs, which were purchased by Plaintiffs and Class Members for an amount far greater than the reasonable value of the defective Ranges.

289.   In exchange for the purchase price paid by Plaintiffs and Class Members, Samsung provided defective Ranges that are likely to pose a material risk of fire, property damage, and personal injury within their useful lives. This Defect renders the Ranges unfit, and indeed, unsafe for their intended use.

290.   Plaintiffs and Class Members reasonably believed that the Ranges would function as advertised and warranted, and did not know, nor could have known, that the Ranges contained Defects at the time of purchase.

291.   Samsung received and is aware of the benefit conferred by Plaintiffs and Class Members and has retained that benefit despite its knowledge that the benefit is unjust.

292.   Under the circumstances, permitting Samsung to retain the proceeds and profits from the sales of the defective Ranges would be unjust. Therefore, Samsung should be required to disgorge the unjust enrichment.

**Count VI**
***Violations of the Song-Beverly Consumer Warranty Act***
**Cal. Civ. Code § 1790, *et seq*. (Breach of Express Warranty)**
**(On Behalf of the California Subclass)**

293.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

294.    Plaintiffs Corey Hightower and Robert A. Mason allege this claim on behalf of the California Subclass.

295.    Samsung is a manufacturer within the meaning of California Civil Code § 1791(j).  Samsung was responsible for producing the Range and directed and was involved in all stages of the production and manufacturing process.

296.    The Range is a "consumer good[ ]" within the meaning of California Civil Code § 1791(a).

297.    Plaintiffs Hightower and Mason are "buyers" within the meaning of California Civil Code § 1791(b).  Plaintiffs Hightower and Mason each purchased their Range in California.

298.    The members of the California Subclass are "buyers" within the meaning of California Civil Code § 1791(b).  The members of the California subclass purchased their Ranges in California from Samsung.  Title to the goods passed to these buyers in California.  These Ranges were "sold at retail in this state" as required by California Civil Code § 1792.

299.    Samsung made an express warranty to Plaintiff and Class Members

within the meaning of California Civil Code §§ 1791.2 and 1793.2 as described above.

300.   The Ranges share a common Defect.

301.    The Ranges are covered by Samsung's express warranty. The Defect substantially impairs the use, value, and safety of the Ranges to reasonable consumers, including Plaintiffs and Class Members.

302.   The Ranges were under express warranty when they manifested the Defect.  Although many Class Members should have had the Defect repaired or Ranges replaced under the express warranty, due to Samsung's concealment of the Defect, Class Members were not aware of it until after the expiration of the warranty period.

303.   Plaintiff Hightower, individually and on behalf of Class Members, notified Samsung of the Defect—and Samsung's corresponding breach of warranty—through a notice letter dated October 1, 2022.  Samsung was also provided notice of the Defect through numerous complaints filed against it directly and through its dealers, as well as its own internal engineering knowledge.

304.   Samsung has had the opportunity to cure the defect in the Ranges, but it has chosen not to do so. Giving Samsung a chance to cure the defect is not practicable in this case and would serve only to delay this litigation unnecessarily.

305.   As a result of Samsung's breach of its express warranty, Plaintiffs and

the other Class Members received goods with substantially impaired value. Plaintiffs and the other Class Members have been damaged by the diminished value of the Ranges resulting from the Defect.

306.    Pursuant to California Civil Code §§ 1793.2 and 1794, Plaintiffs and the other Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Ranges or the amount of overpayment for their ranges.

307.    Pursuant to California Civil Code § 1794, Plaintiffs and the other Class Members are also entitled to costs and attorneys' fees.

**Count VII**
***Violations of the Song-Beverly Consumer Warranty Act***
**Cal. Civ. Code § 1790, *et seq*. (Breach of Implied Warranty)**
**(On Behalf of the California Subclass)**

308.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

309.    Plaintiffs Corey Hightower and Robert A. Mason allege this claim on behalf of the California Subclass.

310.    Samsung is a manufacturer within the meaning of California Civil Code § 1791(j).  Samsung was responsible for producing the Range and directed and was involved in all stages of the production and manufacturing process.

311.    The Range is a "consumer good[ ]" within the meaning of California Civil Code § 1791(a).

312.   Plaintiffs Hightower and Mason are "buyers" within the meaning of California Civil Code § 1791(b).  Plaintiffs Hightower and Mason each purchased their Range in California.

313.   The members of the California Subclass are "buyers" within the meaning of California Civil Code § 1791(b).  The members of the California subclass purchased their Ranges in California from Samsung.  Title to the goods passed to these buyers in California.  These Ranges were "sold at retail in this state" as required by California Civil Code § 1792.

314.   Samsung impliedly warranted to Plaintiffs Hightower and Mason, and the California Subclass that the Range each purchased was "merchantable" under California Civil Code §§ 1791.1 and 1792.

315.   Samsung breached the implied warranty of merchantability by producing, manufacturing, and selling Ranges that were not of merchantable quality.  The Range is defective and poses an unreasonable safety hazard.  The Range is therefore unfit for the ordinary purposes for which it is issued and would not pass without objection in the range trade.

316.   The defect in the Range is latent.  Though the Range appears operable when new, the Defect existed in the product at the time of sale and throughout the one-year limited warranty period.  Accordingly, any subsequent discovery of the Defect beyond that time does not bar an implied warranty claim under the Song-

Beverly Act. Further, despite Plaintiffs and the Class's due diligence they were not reasonably able to discover the problem because it was undetectable and Samsung failed to disclose or concealed it from them as set forth in this Complaint.

317.   Any attempt by Samsung to disclaim its implied warranty obligations under the Song-Beverly Act is ineffective due to its failure to adhere to California Civil Code §§ 1792.3 and 1792.4. Those sections provide that, in order to validly disclaim the implied warranty of merchantability, a manufacturer must "in simple and concise language" state: "(1) The goods are being sold on as 'as is' or 'with all faults' basis; (2) The entire risk as to the quality and performance of the goods is with the buyer; (3) Should the goods prove defective following their purchase, the buyer and not the manufacturer, distributor, or retailer assumes the entire cost of all necessary servicing or repair." Samsung's attempted warranty disclaimer does not conform to sections 1792.3 and 1792.4.

318.   Plaintiff Hightower, individually and on behalf of Class Members, notified Samsung of the Defect—and Samsung's corresponding breach of warranty—through a notice letter dated October 1, 2022. Samsung was also provided notice of the Defect through numerous complaints filed against it directly and through its dealers, as well as its own internal engineering knowledge.

319.   Samsung has had the opportunity to cure the defect in the Ranges, but it has chosen not to do so. Giving Samsung a chance to cure the defect is not

practicable in this case and would serve only to delay this litigation unnecessarily.

320.   As a result of Samsung's breach of its implied warranty, Plaintiffs and the other Class Members received goods with substantially impaired value. Plaintiffs and the other Class Members have been damaged in amount to be proven at trial.

321.   Pursuant to California Civil Code §§ 1793.2 and 1794, Plaintiffs and the other Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Ranges or the amount of overpayment for their ranges.

## Count VIII
### *Violation of the California Unfair Competition Law*
### **Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair and Fraudulent Prongs)**
### **(On Behalf of the California Sub-Class)**

322.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

323.   California Business & Professions Code § 17200 ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

324.   The acts and practices of Samsung as alleged herein constitute "unfair" business acts and practices under the UCL in that Samsung's conduct is unconscionable, immoral, deceptive, unfair, illegal, unethical, oppressive, and/or unscrupulous. Further, the gravity of Samsung's conduct outweighs any

conceivable benefit of such conduct.

325.   Samsung has, in the course of its business and in the course of trade or commerce, undertaken and engaged in unfair business acts and practices under the UCL by concealing the Defect and its risks.

326.   These acts also constitute "fraudulent" business acts and practices under the UCL in that Samsung's conduct is false, misleading, and has a tendency to deceive California Subclass members and the general public.

327.   Plaintiffs Hightower, Mason, and California Sub-Class members have suffered injury in fact and have lost money as a result of Samsung's fraudulent business acts or practices.

328.   The above-described unfair business acts or practices present a threat and likelihood of harm and deception to Plaintiffs Hightower, Mason, and the California Subclass members in that Samsung has systematically perpetrated the unfair conduct upon members of the public by engaging in the conduct described herein.

329.   Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiffs Hightower, Mason, and the California Sub-Class seek an order providing restitution and disgorgement of all profits relating to the above-described unfair business acts or practices, and injunctive and declaratory relief as may be appropriate.

330.  Because of their reliance on Samsung's omissions concerning the defective Ranges, Plaintiffs Hightower, Mason, and California Subclass members suffered an ascertainable loss of money, property, and/or value and were harmed and suffered actual damages.

331.  Plaintiffs Hightower, Mason, and California Subclass members are reasonable consumers who did not expect the risks inherent with the Defective Ranges.

332.  Samsung's conduct in concealing and failing to disclose the true risks of the defective Ranges is unfair in violation of the UCL, because it is immoral, unethical, unscrupulous, oppressive, and substantially injurious.

333.  Samsung acted in an immoral, unethical, unscrupulous, outrageous, oppressive, and substantially injurious manner.

334.  The gravity of harm resulting from Samsung's unfair conduct outweighs any potential utility. The practice of selling Defective Ranges that present a substantial safety risk to consumers harms the public at large and is part of a common and uniform course of wrongful conduct.

335.  The harm from Samsung's conduct was not reasonably avoidable by consumers because only Samsung was aware of the true facts concerning the risks of its Defective Ranges, and Samsung did not disclose those risks, despite knowing of such defects. Plaintiffs Hightower, Mason, and California Subclass members did

not know of and had no reasonable means of discovering the true risk of using the Defective Ranges.

336.    Plaintiffs Hightower, Mason, and California Subclass members suffered injury in fact, including lost money or property, as a result of Samsung's unfair acts. Absent Samsung's unfair conduct, Plaintiffs would not have bought the Defective Ranges.

337.    Through their unfair conduct, Samsung acquired money that Plaintiffs and California Subclass members once had ownership of.

338.    Plaintiffs Hightower, Mason, and California Subclass members accordingly seek appropriate relief under the UCL, including (a) restitution in full and (b) such orders or judgments as may be necessary to enjoin Samsung from continuing their unfair practices.

### Count IX
### *Violation of the California Unfair Competition Law*
### Cal. Bus. & Prof. Code §§ 17200, et seq. (Unlawful Prong)
### (On Behalf of the California Sub-Class)

339.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

340.    The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200 ("UCL"). By engaging in business practices which are also illegal, Samsung has violated the UCL.

115

341.   Samsung's "unlawful" acts and practices include its breach of express warranty, breach of the implied warranty, violations of the Magnuson-Moss Federal Warranty Act, fraud-based omissions, and unjust enrichment.

342.   More specifically, Samsung breached applicable warranties in connection with the sale and distribution of the defective Ranges. Samsung sold the defective Ranges to Plaintiffs Hightower, Mason, and California Subclass members, knowing that they were defective and could cause serious injury and property damages. Samsung further refused to provide appropriate warranty relief in connection with the Defective Ranges, despite knowing the inherent risks of their Defective Ranges.

343.   Plaintiffs Hightower, Mason, and California Subclass members conferred tangible and material economic benefits upon Samsung by purchasing the Defective Ranges. Plaintiffs Hightower, Mason, and California Subclass members would not have purchased the Defective Ranges had they known the associated risks, or that Samsung would refuse to appropriately repair or replace the devices.

344.   Plaintiffs Hightower, Mason, and California Subclass members hold a property interest and right to possession in their respective Defective Ranges. Plaintiffs Hightower, Mason, and California Subclass members have a legal interest in their ability to safely use these Ranges and to have their Ranges appropriately repaired or replaced. Samsung's actions violated these interests and rights.

116

345.   Samsung reaped unjust profits, revenue, and benefits by virtue of their UCL violations. Plaintiffs Hightower, Mason, and California Subclass members seek restitutionary disgorgement of these unjust profits and revenues.

**Count X**
***Violation of the California's False Advertising Law (FAL)***
**(On Behalf of the California Sub-Class)**

346.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

347.   Plaintiffs Hightower and Mason bring this cause of action on behalf of themselves and the California Subclass.

348.   As alleged in detail above, Samsung made materially misleading omissions concerning the safety of the Ranges.  Defendant concealed information concerning the Defect.

349.   In deciding to purchase consumer products from Samsung, Plaintiffs and the class reasonably relied on Samsung's omissions to form the mistaken belief that the Ranges were safe for use.

350.   As alleged above, Samsung's fraudulent conduct was knowing and intentional.  The omissions made by Samsung were intended to induce and actually induced Plaintiffs and class members to purchase the Ranges.  The Plaintiffs would not have purchased the products had they known of the defect.  Class-wide reliance can be inferred because Defendant's omissions were material, i.e., a reasonable

117

consumer would consider them important to their purchase decision.

351.    Defendant had a duty to disclose the defect because it had superior knowledge and access to facts about the defect.  A reasonable consumer could not have expected or known that the product was unsafe.

352.    Plaintiffs and class members were injured as a direct and proximate result of Samsung's fraudulent omissions because (a) they would not have purchased the product if they had known it was unsafe and unfit for ordinary use; (b) they overpaid for the product because it is sold at a price premium due to Samsung's false representations; or (c) they received a product that is worthless for its intended purpose.  Plaintiffs and the class are entitled to damages and other legal and equitable relief as a result.

353.    Samsung's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights and well-being to enrich Samsung.   Samsung's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

### Count XI
### *California Consumers Legal Remedies Act*
### Cal. Bus. & Prof. Code §§ 1750, *et seq*.
### (On Behalf of the California Sub-Class)

354.    Plaintiffs incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

355.   The California Consumers Legal Remedies Act ("CLRA") protects California consumers from deceptive and unfair trade practices.

356.   Samsung's conduct described herein constitutes the knowing act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of merchandise, the Defective Ranges, in trade or commerce in California, and was made by Samsung with knowledge of the serious risks associated with use of the defective Ranges and with the intention that Plaintiffs Hightower, Mason, and California Subclass members would rely on such conduct in purchasing the Ranges, making it unlawful under Cal. Civ. Code §1750, et seq.

357.   Plaintiffs Hightower, Mason, and California Subclass members relied on the material representations made by Samsung and purchased the Defective Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Cal. Civ. Code §1750, et seq. Plaintiffs Hightower, Mason, and California Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Defective Ranges) that resulted in the damages.

358.   Accordingly, pursuant to Cal. Civ. Code §1750, et seq., Plaintiffs

Hightower, Mason, and California Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Defective Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiffs Hightower, Mason, and California Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

359. Plaintiff Hightower, individually and on behalf of Class Members, notified Samsung of the Defect through a notice letter dated October 1, 2022. Samsung was also provided notice of the Defect through numerous complaints filed against it directly and through its dealers, as well as its own internal engineering knowledge. Samsung has yet to remedy the Defect.

**Count XII**
***Missouri Merchandising Practices Act***
**Mo. Rev. Stat. § 407.010, *et seq*.**
**(On Behalf of the Missouri Sub-Class)**

360. Plaintiff Bosch incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

361.    The Missouri Merchandising Practices Act ("MMPA") was created to protect Missouri consumers from deceptive and unfair business practices.

362.    Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the sale and advertisement of merchandise, the Defective Ranges, in trade or commerce in Missouri, making it unlawful under Mo. Rev. Stat. § 407.020.

363.    Plaintiff Bosch and Missouri Subclass members purchased the Defective Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Mo. Rev. Stat. § 407.020.

364.    Plaintiff Bosch and Missouri Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Defective Ranges) that resulted in the damages.

365.    Accordingly, pursuant to Mo. Rev. Stat. § 407.025, Plaintiff Bosch and Missouri Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Defective Ranges as represented (their prices) paid and their actual values at the

121

time of purchase ($0.00), or (b) the cost to replace the Defective Ranges, and (c) other miscellaneous, incidental, and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiff and Missouri Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

## COUNT XIII
### *Violations of the Nebraska Consumer Protection Act*
### Neb. Rev. Stat. §59-1601, et seq.
### (On Behalf of the Nebraska Subclass)

366. Plaintiff Tighe incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

367. Plaintiff brings this claim individually and on behalf of the Nebraska Subclass.

368. The Nebraska Consumer Protection Act ("NCPA") was created to protect Nebraska consumers from deceptive and unfair business practices that restrain trade and commerce in Nebraska.

369. Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the advertisement and sale of merchandise, the Ranges, in restraint of trade or commerce in Nebraska, which affects the public interest, making it unlawful under

Neb. Rev. Stat. §59-1601, et seq.

370.   Plaintiff and Nebraska Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Neb. Rev. Stat. §59-1601, et seq.

371.   Plaintiff and Nebraska Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that resulted in the damages.

372.   Accordingly, pursuant to Neb. Rev. Stat. §59-1601, et seq., Plaintiff and Nebraska Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiffs and Nebraska Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

**COUNT XIV**
***Violations of Nebraska Uniform Deceptive Trade Practices Act***
**Neb. Rev. Stat. §87-301, et seq.**
**(On Behalf of the Nebraska Subclass)**

373.    Plaintiff Tighe incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

374.    Plaintiff brings this claim individually and on behalf of the Nebraska Subclass.

375.    The Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA") was created to protect Nebraska consumers from deceptive and unfair business practices.

376.    Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the advertisement and sale of merchandise, the Ranges, in trade or commerce in Nebraska, making it unlawful under Neb. Rev. Stat. §87-301, et seq.

377.    Plaintiff and Nebraska Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Neb. Rev. Stat. §87-301, et seq. Plaintiffs and Nebraska Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions

124

(purchasing the Ranges) that resulted in the damages.

378.   Accordingly, pursuant to Neb. Rev. Stat. §87-301, et seq., Plaintiffs and Nebraska Subclass members are entitled any and all equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

**Count XV**
***Violations of the New York Deceptive Acts and Practices Act***
**N.Y. Gen. Bus. Law §§ 349, 350**
**(On behalf of the New York Subclass)**

379.   Plaintiff Delahoy incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

380.   Plaintiff brings this claim under the laws of New York, individually and on behalf of the New York Subclass.

381.   New York Class members are "persons" within the meaning of the New York General Business Law ("GBL"). N.Y. Gen Bus. Law § 349(h).

382.   Samsung is a "person, firm, corporation or association or agent or employee thereof" within the meaning of the GBL. N.Y. Gen Bus. Law § 349(b).

383.   Samsung's conduct as alleged herein occurred in "the conduct of business, trade or commerce" within the meaning of GBL section 350.

384.   Under GBL section 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce" are unlawful.

385.   Section 350 also makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce[.]" False advertising includes "advertising,

including labeling, of a commodity . . . if such advertising fails to reveal facts of material in the light of . . . representations [made] with respect to the commodity." N.Y. Gen Bus. Law § 350-a.

386.    Samsung's acts and practices, described herein, are deceptive, misleading, oppressive, unconscionable, and substantially injurious in violation of GBL sections 349 and 350 for the reason stated throughout and, in particular, Count VIII.

387.    In the course of Samsung's business, it failed to disclose and actively concealed the Defect with the intent that consumers rely on that concealment in deciding whether to purchase a Range.

388.    Samsung's deceptive acts or practices were materially misleading. Samsung's conduct was likely to, and did, mislead reasonable consumers, including Plaintiff Delahoy, about the true performance and value of the Ranges.

389.    Plaintiff Delahoy and the New York Subclass members reasonably relied on Samsung's partial misrepresentations and omissions of material facts when purchasing Ranges. Plaintiff Delahoy and New York Subclass members were unaware of, and lacked a reasonable means of discovering, the material facts that Samsung suppressed. Had Ms. Delahoy and New York Subclass members known that the Ranges were defective, they would not have purchased Ranges, would not have purchased them at the prices they did, or would have returned them during the

126

remorse periods.

390.   Samsung's actions set forth above occurred in the conduct of trade or commerce.

391.   Samsung's misleading conduct concerns widely purchased consumer products and affects the public interest.  Samsung's conduct includes unfair and misleading acts or practices that have the capacity to deceive consumers and are harmful to the public at large.

392.   Plaintiff Delahoy and the New York Subclass members suffered ascertainable loss as a direct and proximate result of Samsung's GBL violations. Among other things, Plaintiff Delahoy and the New York Subclass members overpaid for their Ranges, and their Ranges suffered a diminution in value.  These injuries are the direct and natural consequence of Samsung's material misrepresentations and omissions.

393.   Accordingly, Plaintiff Delahoy, individually and on behalf of the New York Subclass, requests that this Court enter such orders or judgments as may be necessary to enjoin Samsung from continuing its unfair and deceptive practices. Under the GBL, Plaintiff Delahoy and the New York Subclass members are entitled to recover their actual damages or $50, whichever is greater.  Additionally, because Samsung acted willfully or knowingly, Plaintiff Delahoy and the New York Subclass members seek three times their actual damages.

## COUNT XVI
### *Violation of the Texas Deceptive Trade Practices and Consumer Protection Act*
### Tex. Bus. Comm. Code Ann. §§ 17.41, et seq.
### (On Behalf of Texas Subclass)

394.    Plaintiff Dunahoe incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

395.    Plaintiff brings this claim individually and on behalf of the Texas Subclass.

396.    The Texas Deceptive Trade Practices Act ("TDTPA") was created to protect Texas consumers from deceptive and unfair business practices. The conduct described herein constitutes a violation of several of the provisions enumerated in Tex. Bus. & Com. Code Ann. § 17.46(b), including but not limited to, misleading, misrepresenting, omitting, or supplying false information to consumers as to the source, affiliation, certification, characteristics, ingredients, uses, benefits, quantities, standard, or condition of the Ranges.

397.    Plaintiff and Texas Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Tex. Bus. & Com. Code Ann. § 17.46(b).

398.    Plaintiff and Texas Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that

resulted in the damages.

399.   Accordingly, pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(1), (h), Plaintiffs and Texas Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiffs and Texas Subclass members are entitled to recover treble damages for the willful and knowing violation of the TDTPA and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung's unlawful conduct.

400.   Plaintiff Dunahoe, individually and on behalf of Class Members, notified Samsung of the Defect through a notice letter dated October 1, 2022. Samsung was also provided notice of the Defect through numerous complaints filed against it directly and through its dealers, as well as its own internal engineering knowledge.  Samsung has yet to remedy the Defect.

## Count XVII
### *Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA),*
### **Fla. Sta. § 501.201** *et seq.*
### **(On behalf of the Florida Subclass)**

401.   Plaintiff Tastinger incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

402.   Plaintiff Tastinger brings this claim under the laws of Florida, individually and on behalf of the Florida Subclass.

403.   Plaintiff Tastinger, the Florida Subclass Members, and Defendant are "consumers" as defined by Fla. Stat. § 501.203(7).

404.   Samsung engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

405.   The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).

406.   Samsung's acts and practices, described herein, are unfair in violation of Florida law for the reasons stated below.

407.   In the course of its business, Samsung concealed and suppressed material facts concerning the Ranges. Samsung failed to disclose the Defect. Samsung also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or

omission, in connection with the sale of the Ranges.

408.    Samsung thus violated the FDUTPA by, at a minimum, employing deception, deceptive acts or practices, fraud, concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale of the Ranges.

409.    Samsung intentionally and knowingly misrepresented material facts regarding the Ranges with intent to mislead Plaintiff Tastinger and the Florida Subclass members into relying upon Samsung's omissions when deciding to purchase Ranges.

410.    Samsung owed Plaintiff Tastinger and the Florida Subclass a duty to disclose the true nature of the Ranges because Defendant: (a) possessed exclusive knowledge about the Defect; (b) intentionally concealed the foregoing from Plaintiff Tastinger and the Florida Subclass; and (c) made incomplete representations about the Ranges, while purposefully withholding material facts from Plaintiff Tastinger and the Florida Subclass that contradicted these representations.

411.    Samsung knew about the Defect at time of sale. Samsung acquired additional information concerning the Defect after the Ranges were sold but continued to conceal information.

412.    Samsung knew or should have known that its conduct violated the

FDUTPA.

413. Samsung's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Tastinger.

414. By engaging in the above-described acts and practices, Samsung has committed one or more acts of unfair competition.

415. Samsung's acts and practices have deceived and/or are likely to deceive members of the consuming public and the members of the Class.

416. Plaintiff Tastinger and the Florida Subclass suffered ascertainable loss and actual damages as a direct and proximate result of Samsung's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Tastinger and the Florida Subclass members who purchased the Ranges would not have purchased them or would have paid significantly less if the Defect had been disclosed.

417. Samsung had an ongoing duty to Plaintiff Tastinger and Florida Subclass to refrain from unfair and deceptive practices under the FDUTPA. All owners of the Ranges suffered ascertainable loss in the form of the diminished value of their Ranges as a result of Samsung's deceptive and unfair acts and practices made in the course of Samsungs business

418. Plaintiff Tastinger and Florida Subclass members are entitled to recover their actual damages under Fla. Stat. § 501.211(2) and reasonable attorneys'

fees under Fla. Stat. § 501.2105(1).

419.    Plaintiff Tastinger and the Florida Subclasss also seek an order enjoining Samsung's unfair and deceptive acts or practices pursuant to Fla. Stat. § 501.211, and any other just and proper relief available under the FDUTPA.

**Count XVIII**
***Violations of the Michigan Consumer Protection Act (MCPA),***
**Mich. Comp. Laws Ann. §445.901, et seq.**
**(On behalf of the Michigan Subclass)**

420.    Plaintiff Michanowicz incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

421.    Plaintiff Michanowicz brings this claim under the laws of Michigan, individually and on behalf of the Michigan Subclass.

422.    The Michigan Consumer Protection Act was created to protect Michigan consumers from deceptive and unfair business practices.

423.    Samsung's conduct described herein constitutes the act, use or employment of deception, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts in connection with the sale and advertisement of merchandise, the Ranges, in trade or commerce in Michigan, made with the intention that Plaintiff Michanowicz and Michigan Subclass members would rely upon such conduct in purchasing the Ranges, making it unlawful under Mich. Comp. Law Ann. §445.901, et seq.

424.    Plaintiff Michanowicz and Michigan Subclass members relied upon

the material representations made by Samsung and purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Mich. Comp. Law Ann. §445.901, et seq.

425. Plaintiff Michanowicz and Michigan Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that resulted in the damages. Accordingly, pursuant to Mich. Comp. Law Ann. §445.901, et seq., Plaintiff Michanowicz and Michigan Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, given the nature of Samsung's conduct, Plaintiff Michanowicz and Michigan Subclass members are entitled to all available statutory, exemplary, treble, and/or punitive damages and attorneys' fees based on the amount of time reasonably expended and equitable relief necessary or proper to protect them from Samsung unlawful conduct.

**Count XIX**
*Violations of the Ohio Consumer Sales Practices Act*
**Ohio Rev. Code §§ 1345.01, *et seq.* ("CSPA")**
**(On Behalf of the Ohio Subclass)**

426.   Plaintiff Kleehamer incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

427.   Plaintiff Kleehamer brings this action individually and on behalf of the members of the Ohio Subclass.

428.   The Ohio Consumer Sales Practices Act was created to protect Ohio consumers from unfair or deceptive business practices.

429.   Samsung has intentionally engaged in deceptive and unfair acts or practices, false promises and misleading and unconscionable commercial practices, including misleading omissions of material fact, in connection with the advertisement, marketing, promotion and sale of the Ranges misrepresenting their safety and failing to disclose the dangers caused by the Defect.

430.   Plaintiff and Ohio Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Ohio Rev. Code §§1345.02(A); 1345.03(A). Plaintiff and Ohio Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that resulted in the damages.

431.   Accordingly, pursuant to the aforementioned statutes, Plaintiff and Ohio Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to repair or replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, Plaintiff and Ohio Subclass members are entitled to cost of suit and attorneys' fees based on the amount of time reasonable expended and equitable relief necessary, and all such other relief as the Court deems proper.

**COUNT XX**
*Violations of the Washington Consumer Protection Act (WCPA)*
**Wash. Rev. Code §§ 19.86,** *et seq.*
**(On behalf of the Washington Subclass)**

432.   Plaintiff Kugler incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

433.   Plaintiff Kugler brings this action individually and on behalf of the members of the Washington Subclass.

434.   The WCPA declares unlawful all "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code §§ 19.86.023.

435.   Samsung has intentionally engaged in deceptive and unfair acts or

practices, false promises and misleading and unconscionable commercial practices, including misleading omissions of material fact, in connection with the advertisement, marketing, promotion and sale of the Ranges misrepresenting their safety and failing to disclose the dangers caused by the Defect.

436.   Plaintiff and Washington Subclass members purchased the Ranges for personal purposes and suffered ascertainable losses of money or property as the result of the use or employment of a method, act or practice declared unlawful by Wash. Rev. Code §§ 19.86.023. Plaintiff and Washington Subclass members acted as reasonable consumers would have acted under the circumstances, and Samsung's unlawful conduct would cause reasonable persons to enter into the transactions (purchasing the Ranges) that resulted in the damages.

437.   Accordingly, pursuant to the aforementioned statutes, Plaintiff and Washington Subclass members are entitled to recover their actual damages, which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence. Those damages are: (a) the difference between the values of the Ranges as represented (their prices) paid and their actual values at the time of purchase ($0.00), or (b) the cost to repair or replace the Ranges, and (c) other miscellaneous incidental and consequential damages. In addition, Plaintiff and Washington Subclass members are entitled to cost of suit and attorneys' fees based on the amount of time reasonable expended and equitable relief necessary, and all

such other relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Marilyn Delahoy, Mary Dunahoe, Frank Tastinger, Terry Tighe, Joanne Michanowicz, Eric Bosch, Cory Hightower, Robert A. Mason, Kayce Kleehamer, and Chris Kugler, individually and on behalf of the above defined Class, by and through counsel, prays the Court grant the following relief:

A.  An Order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  An Order appointing all Plaintiffs as representatives for the Nationwide Classes and each Plaintiff as representative for the Class of his or her state of residence, and appointing their counsel as lead counsel for the Class;

C.  An order awarding Plaintiffs and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung;

D.  A Declaration that the Ranges are defective and pose a serious safety risk to consumers and the public;

E.  An Order enjoining Samsung, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture, marketing, and sale of the defective Ranges; requiring Samsung to issue corrective actions including notification, recall, service bulletins, and fully-covered replacement parts and labor, or replacement of the Ranges; and requiring Samsung to preserve all evidence relevant to this lawsuit and notify Range owners with whom it comes in contact of the pendency of this and related litigation;

F.  Nominal damages as authorized by law;

G.  Restitution as authorized by law;

H.    Punitive damages as authorized by law;

I.    Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

J.    An order awarding attorney's fees pursuant to applicable Federal and State law;

K.    Interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

L.    Any and all other and further relief as this Court deems just, equitable, or proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all counts so triable.

Dated: August 25, 2023                    Respectfully submitted,

    */s/ Zachary Arbitman*

Zachary Arbitman
FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T: (215) 567-8300
F: (215) 567-8333
zarbitman@feldmanshepherd.com

Marie N. Appel
MORGAN & MORGAN
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
mram@forthepeople.com
mappel@forthepeople.com

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

*Interim Co-Lead Counsel for
Plaintiffs and the Class*