**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARILYN DELAHOY, MARY DUNAHOE, FRANK TASTINGER, TERRY TIGHE, JOANNE MICHANOWICZ, CORY HIGHTOWER, ERIC BOSCH, and CHRIS KUGLER on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, et al., <br><br> Defendants. | Case 2:22-cv-04132-CCC-CLW |
| ROBERT A. MASON, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, et al., <br><br> Defendants. | Case 2:22-CV-06186-CCC-CLW |
| KAYCE KLEEHAMER, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, et al., <br><br> Defendants. | Case 2:22-CV-06186-CCC-CLW |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**
**CONSOLIDATED AMENDED COMPLAINT**

**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
T: (973) 690-5400 / F: (973) 466-2761

**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
T: (202) 955-1500 / F: (202) 778-2201

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS .......................... 3

I.      Samsung Ranges and User Manuals Provide Adequate and Specific Warnings ............... 3

II.     Plaintiffs' Ranges Comply with ANSI, UL, and ADA Design Standards ......................... 4

III.    The Alleged Defect and Plaintiffs' Purported Economic Harm ........................ 5

LEGAL STANDARDS .......................................................................................... 6

I.      Dismissal Under Rule 12(b)(1) for Lack of Article III Standing ......................... 6

II.     Dismissal Under Rule 12(b)(6) for Failure to State a Claim. ............................. 6

ARGUMENT ...................................................................................................... 7

I.      The Court Should Dismiss the Consolidated Action in Its Entirety Because Plaintiffs Do Not Have Article III Standing ................................................................. 7

   A.   Plaintiffs Have Not Alleged a Cognizable Injury in Fact. ............................... 7

     1.   Plaintiffs Do Not Adequately Allege They Did Not Receive the Benefit of Their Bargain. ......................................................................................... 8

     2.   Plaintiffs Do Not Adequately Allege They Paid a Price Premium. ............... 11

   B.   Plaintiffs Lack Standing to Seek Injunctive Relief (Counts VIII, XV, XVII) ............ 12

   C.   Plaintiffs Lack Standing to Bring Common Law Claims on a Nationwide Basis (Counts II-V). ............................................................................................ 13

II.     Plaintiffs Fail to State a Claim for Fraud by Omission Under Any State Law (Count II).14

   A.   Plaintiffs Fail to Plead Samsung Owed a Duty to Disclose ............................. 15

     1.   Plaintiffs Fail to Allege Samsung's Knowledge of a Defect ........................ 17

     2.   Plaintiffs Fail To Establish a Duty Based on Purported Partial Misrepresentations ....... 20

   B.   Plaintiffs Fail to Allege Reliance on an Omission or Misrepresentation ................... 21

III.    The Court Should Dismiss Plaintiffs' Breach of Warranty Claims (Counts III and IV). . 22

   A.   Plaintiffs Fail to State a Claim for Breach of Express Warranty (Count III). ................. 22

   B.   Plaintiffs Fail to State a Claim for Breach of Implied Warranty (Count IV). ................. 26

   C.   The Samsung Warranties Were Valid and Not Unconscionable. ...................................... 28

IV.    The Court Should Dismiss Plaintiffs' Unjust Enrichment Claim (Count V) ................... 29

V.     The Court Should Dismiss Plaintiffs' New Jersey Consumer Fraud Act Claim (Count I). .............................................................................................. 32

VI.    The Court Should Dismiss the California Statutory Claims (Counts VI-XI). .................. 34

   A.   Plaintiffs Mason and Hightower Do Not Have Standing to Bring their California Statutory Claims Because They Suffered No Injury ...................................... 34

ii

B.    Plaintiffs Mason and Hightower Fail to Plead Claims Under the Song-Beverly Consumer Warranty Act (Counts VI and VII). .................................................................................. 35

C.    Plaintiffs Mason and Hightower Fail to State Claims Under the UCL (Counts VIII and IX). ................................................................................................................................. 36

   1.    Plaintiffs' UCL Claims Should Be Dismissed Because Plaintiffs Are Not Entitled to Equitable Relief. ......................................................................................................... 36

   2.    Plaintiffs Have Not Plausibly Alleged Any Unlawful, Unfair, or Fraudulent Act by Samsung. ..................................................................................................................... 37

   3.    Plaintiffs Fail to Allege Actual Reliance Under the UCL. .............................................. 39

D.    The Court Should Dismiss the California False Advertising Claim (Count X). .............. 40

E.    The Court Should Dismiss the California Consumers Legal Remedies Act Claims (Count XI). ................................................................................................................................. 40

VII.   The Court Should Dismiss All Remaining Plaintiffs' State Consumer Protection Claims (Counts XII-XX). .............................................................................................................. 41

A.    Missouri Merchandising Practices Act (Count XII) ......................................................... 41

B.    Nebraska Consumer Protection Act (Count XIII) ............................................................ 42

C.    Nebraska Uniform Deceptive Trade Practices Act (Count XIV) ..................................... 43

D.    New York Deceptive Acts and Practices Act (Count XV) ............................................... 44

E.    Florida Deceptive and Unfair Trade Practices Act (Count XVI) ..................................... 44

F.    Texas Deceptive Trade Practices and Consumer Protection Act (Count XVII)............... 45

G.    Michigan Consumer Protection Act (Count XVIII) ......................................................... 46

H.    Ohio Consumer Sales Practices Act (Count XIX)............................................................ 47

I.    Washington Consumer Protection Act (Count XX) ......................................................... 48

CONCLUSION.................................................................................................................... 49

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Abbott v. Golden Grain Co.*
2023 WL 3975107 (E.D. Mo. June 13, 2023) .......................................................42

*Adir Int'l, LLC v. Starr Indem. & Liab. Co.*
994 F.3d 1032 (9th Cir. 2021) ...........................................................................36

*Aegean Mar. Petroleum S.A. v. KAVO Platanos M/V*
2022 WL 17740318 (W.D. Wash. Dec. 16, 2022) ...............................................29

*Alban v. BMW of N. Am.*
2011 WL 900114 (D.N.J. March 15, 2011)....................................................28, 33

*Alvarez v. Royal Caribbean Cruises, Ltd.*
905 F. Supp. 2d 1334 (S.D. Fla. 2012) ...............................................................29

*Amato v. Subaru of Am., Inc.*
2019 WL 6607148 (D.N.J. Dec. 5, 2019) ............................................................28

*AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*
28 Cal. App. 5th 923 (Ct. App. 2018).................................................................37

*Anderson v. Apple Inc.*
500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................................37

*Anderson v. CitiMortgage, Inc.*
2011 WL 1113494 (E.D. Tex. Mar. 24, 2011) ...............................................29, 31

*Anderson v. Samsung Telecomms. Am., LLC*
2014 WL 11430910 (C.D. Cal. Oct. 20, 2014)....................................................35

*Arcand v. Brother Int'l Corp.*
673 F. Supp. 2d 282 (D.N.J. 2009) .....................................................................22

*Argabright v. Rheem Mfg. Co.*
201 F. Supp. 3d 578 (D.N.J. 2016) ................................................................14, 16

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)........................................................................................7, 10

*Ballentine v. United States*
486 F.3d 806 (3d Cir. 2007)..................................................................................6

*Bardin v. DaimlerChrysler Corp.*
136 Cal. App. 4th 1255 (Ct. App. 2006)...........................................................40

*Bell Atl. Corp. v. Twombly*
550 U.S.544 (2007)...........................................................................................6, 7

*Bell v. Annie's, Inc.*
2023 WL 3568623 (E.D. Mo. May 18, 2023) .....................................................42

*Berry v. Indianapolis Life Ins. Co.*
608 F. Supp. 2d 785 (N.D. Tex. 2009) ...............................................................46

*Bower v. Int'l Bus. Machs., Inc.*
495 F. Supp. 2d 837 (S.D. Ohio 2007) ...............................................................29

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*
373 F.3d 296 (2d Cir. 2004)................................................................................29

*Bryant v. Wyeth*
879 F. Supp. 2d 1214 (W.D. Wash. 2012)..........................................................23

*Budach v. NIBCO, Inc.*
2015 WL 3853298 (W.D. Mo. June 22, 2015) ...................................................31

*Chan v. Daimler AG*
2012 WL 5827448 (D.N.J. Nov. 9, 2012) ...........................................................25

*City of L.A. v. Lyons*
461 U.S. 95 (1983)..............................................................................................12

*City of S. Sioux City, Nebraska v. Charter Oak Fire Ins. Co.*
385 F. Supp. 3d 854 (D. Neb. 2019)...................................................................15

*Clark v. Am. Honda Motor Co.*
528 F. Supp. 3d 1108 (C.D. Cal. 2021) .........................................................23, 24

*Clemens v. DaimlerChrysler Corp.*
534 F.3d 1017 (9th Cir. 2008) ............................................................................38

*Coba v. Ford Motor Co.*
932 F.3d 114 (3d Cir. 2019)...........................................................................24, 33

*Continent Aircraft Tr., 1087 v. Diamond Aircraft Indus., Inc.*
2013 WL 2285539 (S.D. Fla. May 23, 2013) ......................................................17

*Cooper v. Samsung Elec.*
2008 WL 4513924 (D.N.J. Sept. 29, 2008) .........................................................30

*Cooper v. Samsung Elecs. Am., Inc.*
  374 F. App'x 250 (3d Cir. 2010) ....................................................................24, 25

*Coventry Cts., LLC v. Cuyahoga Cnty.*
  212 N.E.3d 373 (Ohio Ct. App. 2023) .................................................................32

*Craggs v. Fast Lane Car Wash & Lube, L.L.C.*
  402 F. Supp. 3d 605 (W.D. Mo. 2019) .................................................................42

*Divis v. Clarklift of Nebraska, Inc.*
  256 Neb. 384, 590 N.W.2d 696 (1999).................................................................22

*Doe v. CVS Pharmacy*
  982 F.3d 1204 (9th Cir. 2020) ............................................................................39

*Dubinsky v. Mermart LLC*
  2009 WL 1011503 (E.D. Mo. Apr. 15, 2009) .......................................................29

*Durell v. Sharp Healthcare*
  183 Cal. App. 4th 1350 (Ct. App. 2010)...............................................................39

*Dzielak v. Whirlpool Corp.*
  2019 WL 6607220 (D.N.J. Dec. 5, 2019) .............................................................22

*Estrada v. Johnson & Johnson*
  2017 WL 2999026 (D.N.J. Jul. 14, 2017)..............................................8, 9, 10, 11

*Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*
  400 F. App'x 611 (2d Cir. 2010) .........................................................................32

*Garcia v. Gen. Motors LLC*
  2018 WL 6460196 (E.D. Cal. Dec. 10, 2018) .......................................................21

*Garrett-Alfred v. Facebook, Inc.*
  540 F. Supp. 3d 1129 (M.D. Fla. 2021).................................................................15

*Georgine v. Amchem Prods., Inc.*
  83 F.3d 610 (3d Cir. 1996) (Wellford, J., concurring)............................................10

*Gillan v. Wright Med. Tech. Inc.*
  396 F. Supp. 3d 844 (E.D. Mo. 2019)...................................................................22

*Gordon v. Sig Sauer, Inc.*
  2019 WL 4572799 (S.D. Tex. Sept. 20, 2019) ......................................................46

*Gutierrez v. Carmax Auto Superstores Cal.*
  19 Cal. App. 5th 1234 (Ct. App. 2018)..................................................................15

*Haggerty v. Bluetriton Brands, Inc.*
2022 WL 17733677 (D.N.J. Dec. 16, 2022) .......................................................11

*Hancock v. Chi. Title Ins. Co.*
635 F.Supp.2d 539 (N.D. Tex. 2009) .................................................................32

*Herbrandson v. ALC Home Inspection Servs., Inc.*
2004 WL 316275 (Mich. Ct. App. Feb. 19, 2004).............................................46

*Hodges v. Vitamin Shoppe, Inc.*
2014 WL 200270 (D.N.J. Jan. 15, 2014) ...........................................................24

*Howard v. Turnbull*
316 S.W.3d 431 (Mo. Ct. App. 2010).................................................................31

*HRL Land or Sea Yachts v. Travel Supreme, Inc.*
2009 WL 427375 (W.D. Mich. Feb. 20, 2009)...................................................47

*Hume v. Lines*
2016 WL 1031320 (W.D.N.Y. Mar. 8, 2016)......................................................23

*Hurst v. BMW of N. Am. LLC*
2023 WL 4760442 (D.N.J. July 26, 2023)...........................................................26

*In re Asbestos Prods. Liab. Litig. (No. VI)*
822 F.3d 125 (3d Cir. 2016)..................................................................................3

*In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*
2015 WL 4591236 (D.N.J. July 29, 2015)...........................................................33

*In re Chevrolet Bolt EV Battery Litig.*
633 F. Supp. 3d 921 (E.D. Mich. 2022)..............................................................17

*In re Facebook PPC Advert. Litig.*
709 F. Supp. 2d 762 (N.D. Cal. 2010) ................................................................32

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*
2021 WL 4306018 (N.D. Cal. Sept. 22, 2021) ...................................................32

*In re Johnson & Johnson Talcum Powder Prods. Mktg.*
903 F.3d 278 (3d Cir. 2018)..................................................................................6

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*
383 F. Supp. 3d 187 (S.D.N.Y. 2019).................................................................30

*Krantz v. BT Visual Images, L.L.C.*
89 Cal. App. 4th 164 (Ct. App. 2001).................................................................37

*In re Nexus 6P Prods. Liab. Litig.*
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ..............................................................13, 19

*In re Plum Baby Food Litig.*
   637 F. Supp. 3d 210 (D.N.J. 2022) .........................................................8, 9, 10, 11

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*
   311 F.3d 198 (3d Cir. 2002)...............................................................................7

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*
   684 F. Supp. 2d 942 (N.D. Ohio 2009)..............................................................30

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*
   601 F. Supp. 3d 625 (C.D. Cal. 2022), *opinion clarified sub nom. In re ZF-TRW Airbag Control Units Prod.*, 2022 WL 19425927 (C.D. Cal. Mar. 2, 2022).....................................25

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*
   2021 WL 3666312 (S.D. Fla. Aug. 18, 2021)......................................................23

*James v. Johnson & Johnson Consumer Cos.*
   2011 WL 198026 (D.N.J. Jan. 20, 2011) ...........................................................8, 9

*Johnson v. FCA US LLC*
   555 F. Supp. 3d 488 (E.D. Mich. 2021)..............................................................14

*Johnson v. Nissan N. Am., Inc.*
   272 F. Supp. 3d 1168 (N.D. Cal. 2017) ..............................................................13

*Kanne v. Visa U.S.A. Inc.*
   272 Neb. 489, 723 N.W.2d 293 (2006)...............................................................29

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009) ......................................................................37, 41

*Kelley v. Microsoft Corp.*
   251 F.R.D. 544 (W.D. Wash. 2008) ..................................................................32

*Kimca v. Sprout Foods, Inc.*
   2022 WL 1213488 (D.N.J. Apr. 25, 2022) ...............................................11, 12, 13

*Koronthaly v. L'Oreal USA, Inc.*
   374 F. App'x 257 (3d Cir. 2010) ........................................................................9

*Koski v. Carrier Corp.*
   347 F. Supp. 3d 1185 (S.D. Fla. 2017) ..............................................................31

*Kyszenia v. Ricoh USA, Inc.*
   583 F. Supp. 3d 350 (E.D.N.Y. 2022) ..........................................................14, 15

*Lassen v. Nissan N. Am., Inc.*
   211 F. Supp. 3d 1267 (C.D. Cal. 2016) ...........................................................................11, 34

*Levine v. Blue Shield of Cal.*
   189 Cal. App. 4th 1117, 117 Cal. Rptr. 3d 262 (Ct. App. 2010) ..............................................14

*Letizia v. Facebook Inc.*
   267 F. Supp. 3d 1235 (N.D. Cal. 2017) ...........................................................................39

*Lewis v. Mercedes-Benz USA, LLC*
   530 F. Supp. 3d 1183 (S.D. Fla. 2021) ...........................................................................13

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*
   865 F. Supp. 2d 529 (D.N.J. 2011) ...........................................................................26

*Lilly, Jr. v. Hewlett-Packard Co.*
   2006 WL 1064063 (S.D. Ohio Apr. 21, 2006) ...........................................................................47

*Lipov v. Louisiana-Pac. Corp.*
   2013 WL 3805673 (W.D. Mich. July 22, 2013) ...........................................................................29, 31

*Llort v. BMW of N. Am., LLC*
   2020 WL 2928472 (W.D. Tex. June 2, 2020) ...........................................................................32

*MacDonald v. Thomas M. Cooley Law Sch.*
   724 F.3d 654 (6th Cir. 2013) ...........................................................................16

*Malleus v. George*
   641 F.3d 560 (3d Cir. 2011) ...........................................................................7

*Mancuso v. RFA Brands, LLC*
   454 F. Supp. 3d 197 (W.D.N.Y. 2020) ...........................................................................31

*Marrache v. Bacardi U.S.A., Inc.*
   17 F.4th 1084 (11th Cir. 2021) ...........................................................................30, 45

*Martinez v. Ford Motor Co.*
   2022 WL 14118926 (S.D. Cal. Oct. 24, 2022) ...........................................................................38

*McKee v. Gen. Motors LLC*
   376 F. Supp. 3d 751 (E.D. Mich. 2019) ...........................................................................19

*McKinney v. Bayer Corp.*
   744 F.Supp.2d 733 (N.D. Ohio 2010) ...........................................................................27

*McKinney v. Microsoft Corp.*
   2011 WL 13228141 (S.D. Ohio May 12, 2011) ...........................................................................48

*McNair v. Synapse Grp. Inc.*
   672 F.3d 213 (3d Cir. 2012)....................................................................................12, 13

*Medley v. Johnson & Johnson Consumer Cos., Inc.*
   2011 WL 159674 (D.N.J. Jan. 18, 2011) ...............................................................9

*Morales v. Kimberly-Clark Corp.*
   2020 WL 2766050 (S.D.N.Y. May 27, 2020) ......................................................19

*Nobile v. Ford Motor Co.*
   2011 WL 900119 (D.N.J. Mar. 14, 2011)..............................................................33

*Norcia v. Samsung Telecomms. Am., LLC*
   2015 WL 4967247 (N.D. Cal. Aug. 20, 2015) ......................................................40

*Oliver v. Funai Corp., Inc.*
   2015 WL 9304541 (D.N.J. Dec. 21, 2015) ...........................................................18

*Omidi v. Wal-Mart Stores, Inc.*
   2020 WL 1332594 (S.D. Cal. Mar. 23, 2020) .........................................15, 16, 17

*Omni USA, Inc. v. Parker-Hannifin Corp.*
   798 F. Supp. 2d 831 (S.D. Tex. 2011) ..................................................................45

*Ordosgoitti v. Werner Enters., Inc.*
   2021 WL 826504 (D. Neb. Mar. 4, 2021) .............................................................43

*Owen v. Gen. Motors Corp.*
   533 F.3d 913 (8th Cir. 2008) .........................................................................14, 15

*Paramount Farms, Inc. v. Ventilex B.V.*
   735 F.Supp.2d 1189 (E.D. Cal. 2010)...................................................................27

*Parker v. Spotify USA, Inc.*
   569 F. Supp. 3d 519 (W.D. Tex. 2021)..................................................................16

*Pierce v. N. Dallas Honey Co.*
   2020 WL 1047903 (N.D. Tex. Mar. 3, 2020) ..................................................14, 15

*Pinkney v. Meadville, Pa.*
   2022 WL 1616972 (3d Cir. May 23, 2022) ...........................................................12

*Ponzio v. Mercedes-Benz USA, LLC*
   447 F. Supp. 3d 194 (D.N.J. 2020) ........................................................13, 32, 33

*Prentice v. R.J. Reynolds Tobacco Co.*
   338 So. 3d 831 (Fla. 2022)....................................................................................16

x

*Rakyta v. Munson Healthcare*
2021 4808339 (Mich. Ct. App. Oct. 14, 2021) ........................................................46

*Raymo v. FCA US LLC*
475 F. Supp. 3d 680 (E.D. Mich. 2020) ..................................................................18

*Reeves v. Keesler*
921 S.W.2d 16 (Mo. Ct. App. 1996) .......................................................................17

*Ride the Ducks Seattle LLC v. Ride the Ducks Int'l LLC*
2022 WL 17904214 (W.D. Wash. Dec. 23, 2022) ..................................................48

*Rodman v. Ethicon, Inc.*
2021 WL 2434521 (W.D. Wash. June 15, 2021) ....................................................15

*Roe v. Ford Motor Co.*
2019 WL 3564589 (E.D. Mich. Aug. 6, 2019) .......................................................19

*Rojas-Lozano v. Google, Inc.*
159 F. Supp. 3d 1101 (N.D. Cal. 2016) ..................................................................32

*Ross v. Parrot's Landing, Inc.*
2020 WL 4583813 (W.D. Mich. May 12, 2020) .....................................................15

*Rydman v. Champion Petfoods USA, Inc.*
2020 WL 4347512 (W.D. Wash. July 29, 2020) .....................................................17

*Savett v. Whirlpool Corp.*
2012 WL 3780451 (N.D. Ohio Aug. 31, 2012) ...........................................14, 15, 24

*Schechner v. Whirlpool Corp.*
237 F. Supp. 3d 601 (E.D. Mich. 2017) ..................................................................30

*Schierholt v. Nationwide Mut. Ins. Co.*
2023 WL 3071410 (S.D. Ohio Apr. 25, 2023) ........................................................16

*Sergeant Oil & Gas Co. v. Nat'l Maint. & Repair, Inc.*
861 F. Supp. 1351 (S.D. Tex. 1994) .......................................................................45

*Shaeffer v. Califia Farms, LLC*
258 Cal. Rptr. 3d 270 (Ct. App. 2020) ...............................................................37, 39

*Sharma v. Volkswagen AG*
524 F. Supp. 3d 891 (N.D. Cal. 2021) ...............................................................36, 37

*Shay v. Apple Inc.*
2021 WL 1733385 (S.D. Cal. May 3, 2021) ...........................................................37

*Short v. Hyundai Motor Co.*
    444 F. Supp. 3d 1267 (W.D. Wash. 2020) ............................................................48

*Silvio v. Ford Motor Co.*
    109 Cal. App. 4th 1205, 135 Cal. Rptr. 2d 846 (Ct. App. 2003) ...........................35

*Small v. Lorillard Tobacco Co.*
    94 N.Y.2d 43, 720 N.E.2d 892 (N.Y. 1999) .........................................................44

*Smith v. Allmax Nutrition, Inc.*
    2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) .......................................................31

*Smith v. Chrysler Grp., LLC*
    2017 WL 11630515 (E.D. Tex. June 26, 2017), *report & recommendation adopted as
    modified*, 2017 WL 3482174 (Aug. 14, 2017), *aff'd sub nom. Smith v. Chrysler Grp., L.L.C.*,
    909 F.3d 744 (5th Cir. 2018) .................................................................................22

*Smith v. Gen. Motors LLC*
    988 F.3d 873 (6th Cir. 2021) .................................................................................19

*Smith v. Wm. Wrigley Jr. Co.*
    663 F. Supp. 2d 1336 (S.D. Fla. 2009) .................................................................27

*Snyder v. Farnam Cos.*
    792 F. Supp. 2d 712 (D.N.J. 2011) .......................................................................29

*Sonner v. Premier Nutrition Corp.*
    971 F.3d 834 (9th Cir. 2020) .................................................................................36

*Spokeo, Inc. v. Robins*
    578 U.S. 330 (2016) ..........................................................................................6, 10

*St. Clair v. Kroger Co.*
    581 F. Supp. 2d 896 (N.D. Ohio 2008) ............................................................23, 48

*St. Francis Holdings, LLC v. Pawnee Leasing Corp.*
    2020 WL 6287684 (M.D. Fla. Oct. 27, 2020) .......................................................44

*Stearns v. Select Comfort Retail Corp.*
    2009 WL 1635931 (N.D. Cal. June 5, 2009*)* .......................................................37

*Stevenson v. Mazda Motor of Am., Inc.*
    2015 WL 3487756 (D.N.J. June 2, 2015) ..............................................................21

*Stewart v. Electrolux Home Prods., Inc.*
    304 F. Supp. 3d 894 (E.D. Cal. 2018) .........................................................21, 37, 40

*Stewart v. Kodiak Cakes, LLC*
  537 F. Supp. 3d 1103 (S.D. Cal. 2021)................................................................13

*Szep v. Gen. Motors LLC*
  491 F. Supp. 3d 280 (N.D. Ohio 2020)...........................................................30, 48

*Tapply v. Whirlpool Corp.*
  2023 WL 4678789 (W.D. Mich. June 23, 2023) .............................................18, 38

*Taragan v. Nissan N. Am., Inc.*
  2013 WL 3157918 (N.D. Cal. June 20, 2013) ...........................................34, 36, 38

*Teal v. Argon Med. Devices, Inc.*
  533 F. Supp. 3d 535 (E.D. Mich. 2021).........................................................23, 24

*Thongchoom v. Graco Children's Prods., Inc.*
  117 Wash. App. 299, 71 P.3d 214 (Ct. App. 2003) .......................................27, 28

*Tomasino v. Estee Lauder Cos. Inc.*
  44 F. Supp. 3d 251 (E.D.N.Y. 2014) ..................................................................26

*Trahan v. Lazar*
  457 F. Supp. 3d 323 (S.D.N.Y. 2020)...........................................................16, 17

*U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*
  812 F.3d 294 (3d Cir. 2016)................................................................................7

*Vital Pharms., Inc. v. Balboa Capital Corp.*
  2016 WL 4479370 (S.D. Fla. 2016) ...................................................................14

*Vitello v. Natrol, LLC*
  50 F.4th 689 (8th Cir. 2022) ..............................................................................42

*Washburn v. Sterling McCall Ford*
  521 S.W.3d 871 (Tex. App.–Houston [14th Dist.] 2017)......................................45

*Weske v. Samsung Elecs., Am., Inc.*
  42 F. Supp. 3d 599 (D.N.J. 2014) ......................................................................14

*Weske v. Samsung Elecs., Am., Inc.*
  934 F. Supp. 2d 698 (D.N.J. 2013) ...............................................................28, 48

*Wesley v. Samsung Elecs. Am., Inc.*
  2021 WL 5771738 (D.N.J. Dec. 3, 2021) .................................................. *passim*

*Wheatley v. Kirkland*
  2016 WL 3661215 (D. Neb. July 5, 2016) .....................................................14, 16

*Wilson v. Hewlett-Packard Co.*
  668 F.3d 1136 (9th Cir. 2012) ............................................41

*Wilson v. Hyundai Motor Am.*
  2023 WL 3025376 (C.D. Cal. Mar. 14, 2023) ......................20

*Zottola v. Eisai Inc.*
  564 F. Supp. 3d 302 (S.D.N.Y. 2021)...................................44

*Zwicker v. Gen. Motors Corp.*
  2007 WL 5309204 (W.D. Wash. July 26, 2007) .............14, 31

FEDERAL STATUTES

Americans with Disabilities Act, 42 U.S.C. § 12101 ...............2, 5

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*.........38

CALIFORNIA STATUTES

Cal. Civ. Code § 1770(a) ............................................40

Cal. Com. Code § 2607.........................................25, 26

Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.* .............34, 35, 36, 38

California Consumer Legal Remedies Act, Cal. Bus. & Prof. Code §§ 1750, *et seq.*.......34, 40, 41

California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* .......34, 40

California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* .................. *passim*

OTHER STATE STATUTES

Fla. Stat. Ann. § 672.607 (3)(a) ......................................26

Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. §§ 501.201 *et seq.*.....................44, 45

Mich. Comp. Laws § 440.2607(3)(a)...............................26

Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §445.901, *et seq.*...................46, 47

Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.*...........................41, 42

Mo. Ann. Stat. § 400.2-607(3)(a) ...................................26

Mo. Ann. Stat. § 407.025...........................................42

Neb. Rev. Stat. Ann. § UCC § 2-607(3)(a)........................26

Nebraska Consumer Protection Act, Neb. Rev. Stat. §§59-1601, *et seq.* ................................42, 43

Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§87-301, *et seq.* ................43

New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.* .................................................32, 33

New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349, 350 .......................44

Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, *et seq.* ............................47, 48

Ohio Rev. Code Ann. § 1302.65 ....................................................................................................26

Tex. Bus. & Com. Code § 2.607(c)(1) ..........................................................................................26

Texas Deceptive Trade Practices and Consumer Protection Act, Tex. Bus. Comm. Code Ann. §§ 17.41, *et seq.* ....................................................................................................................45, 46

Wash. Rev. Code § 62A.2-607(3)(a) ............................................................................................26

Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86, *et seq.* ..........................48, 49

**FEDERAL RULES**

Fed. R. Civ. P. 8 ..............................................................................................................................7

Fed. R. Civ. P. 9(b) .................................................................................................................. *passim*

Fed. R. Civ. P. 12(b) .......................................................................................................................6

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (together "Samsung") submit the following brief in support of their motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") [ECF No. 48].

## PRELIMINARY STATEMENT

Plaintiffs allege they purchased Samsung electric and gas ranges, including both combination oven and stovetop units and single-appliance stovetops, with front-mounted burner control knobs (the "Ranges") from various retailers in California, Florida, Michigan, Missouri, Nebraska, New York, Ohio, Texas, and Washington between December 2017 and October 2022. Plaintiffs claim that the Ranges they purchased have a dangerous latent design defect that makes the front-mounted knobs too easy to turn on. Yet, despite their claims that this defect poses a "serious risk of fire, property damage, and personal injury," Plaintiffs continue to use their Ranges in their homes. Further, Plaintiffs do not seek recovery for any personal injury or property damage. Instead, Plaintiffs allege they were deceived by Samsung marketing materials into purchasing their Ranges and seek damages because they overpaid for the products. Based on this, they bring common law claims for fraud by omission, breach of express and implied warranty, and unjust enrichment, and statutory claims for consumer fraud, unfair or deceptive trade practices, and false advertising.

As a threshold matter, Plaintiffs lack standing to bring their claims because they do not allege an injury in fact. They were not deprived of the benefit of their bargain. Their Ranges served and continue to serve their intended purpose: to cook Plaintiffs' food. Nor can Plaintiffs plausibly argue there is a meaningful risk for future harm given they willingly choose to continue using their Ranges. As such, their Complaint should be dismissed in its entirety.

The Court also should dismiss the Complaint because Plaintiffs have not alleged facts demonstrating a plausible basis for relief. Plaintiffs fail to identify a single marketing material they

relied on, much less any *false* statement by Samsung, that lured them into purchasing the Ranges. While they allege that Samsung's (unspecified) marketing materials were "fraudulent," *see* CAC ¶ 216, such vague allegations fail to satisfy the pleading requirements for fraud under Rule 9(b). Nor can Plaintiffs establish Samsung had any duty to disclose or knowledge of the alleged defect. Plaintiffs fail to allege any duty based on a special relationship with Samsung, Samsung's superior knowledge, or any partial misrepresentation. Plaintiffs load their Complaint up with U.S. Consumer Product Safety Commission ("CPSC") incident reports and online customer reviews, but even if they could show Samsung was aware of certain complaints, they fail to make a plausible allegation that Samsung was aware of a defect. This is fatal to Plaintiffs' common law and statutory consumer fraud, deceptive practice, and false advertising claims. Plaintiffs' warranty and unjust enrichment claims are similarly fundamentally flawed. Samsung provided a limited express warranty for manufacturing defects in materials and workmanship, not design defects. And the existence of an express warranty precludes Plaintiffs' duplicative unjust enrichment claim. Given that Plaintiffs lack standing to bring their claims and fail to plead essential elements, the Court should dismiss the Complaint with prejudice.

Samsung Ranges are compliant with "international standards." CAC ¶ 182. The Ranges require the two-factor activation in accordance with American National Standards Institute and UL Standards & Engagement requirements, while still being easy enough to activate to comply with Americans with Disabilities Act standards. Plaintiffs' counsel claim that is a defect and have, in the past year, sued nearly every major manufacturer of gas and electric ranges in the United States, alleging that *all* of their ranges are "defective" in the same way. Between this case and others, Plaintiffs' counsel have asked courts to enjoin sales of most gas and electric ranges sold in the United States. But Plaintiffs cannot identify any valid basis for their claims, and the Court

should reject Plaintiffs' extraordinary attempt at regulation through litigation. For these and other reasons set forth below, Samsung respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

## FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS

### I.   Samsung Ranges and User Manuals Provide Adequate and Specific Warnings.

Samsung designs, manufactures, and distributes gas and electric Ranges and cooktops, which it sells to consumers through its own website, as well as through authorized retailers such as Sears and Home Depot. CAC ¶ 31. Plaintiffs allege they purchased a variety of Samsung Ranges, each of which comes with its own user manual. Plaintiffs cite each of the relevant manuals in their Complaint. CAC ¶ 135 (diagrams) and n. 4 (hyperlinks).[1] The Complaint relies on language in the manuals and alleges that each Plaintiff was aware of the manuals and reasonably relied on them. CAC ¶¶ 31, 50, 60, 69, 78, 87, 95, 107, 162, 201. Those manuals provide purchasers with prominent warnings and instructions for safe use, such as:

- "WARNING: If the information in this manual is not followed exactly, a fire or explosion may result causing property damage, personal injury, or death."[2]

- "Do not store flammable materials in the oven or near the surface units. Be sure all packing materials are removed from the appliance before operating it. Keep plastics, clothes, and paper away from parts of the appliance that may become hot."[3]

---

[1] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 & n.7 (3d Cir. 2016) (under Rule 12(b)(6), courts may consider the complaint, "'document[s] integral to or explicitly relied upon in the complaint,' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (citations omitted)).

[2] *See, e.g.,* Warranty for Model Number NX58H5600SS, the model owned by Plaintiff Michanowicz, at p. 2 (cited in CAC ¶ 135, n.4).

[3] *See, e.g.,* Warranty for Model Number NE58F9710WS, the model owned by Plaintiff Delahoy, at p. 7, (cited in CAC ¶ 135, n.4).

- **"Do not lean on the range as you may turn the control knobs inattentively."**[4]

- "Do not place any objects other than cookware on the cooktop."[5]

- "Remove food and cookware immediately after cooking."[6]

The user manuals also included limited, one-year warranties for these Ranges, which cover "manufacturing defects in materials and workmanship in normal household, noncommercial use of this product." These warranties expressly do not cover "damage that occurs in shipment, delivery, installation, and uses for which this product was not intended," or "damage caused by failure to operate and maintain the product according to instructions." Further, the Samsung warranties do not cover design defects, and expressly state that they do "not warrant uninterrupted or error-free operation of the product." In addition, the warranties state that "implied warranties, including the implied warranties of merchantability or fitness for a particular use, are limited to one year or the shortest period allowed by law."

Customers who wished to obtain warranty service for their Range were instructed to contact Samsung directly via its website or by calling its customer service line. CAC ¶¶ 8, 178 n.34. Samsung maintains a troubleshooting website to answer user questions and provide recommendations for customers, such as those with young children or pets, who wish to add additional safety features to make the Range knobs more difficult to activate. CAC ¶¶ 181–86.

## II.    Plaintiffs' Ranges Comply with ANSI, UL, and ADA Design Standards.

To turn on a burner on a Samsung Range, a user must make two movements: pushing in

---

[4] *Id.* (emphasis added).

[5] *See, e.g.,* Warranty for Model Number NX60A6511SS, the model owned by Plaintiff Mason, at p. 11, (cited in CAC ¶ 135, n.4).

[6] *Id*.

and turning clockwise. *See, e.g.,* CAC ¶¶ 3, 4, 133, 134, 135 (incorporating manual diagrams), and 182. The knob will not turn unless force is being applied to push it inwards.[7] They admit that this is based on "international standards." *Id.* at ¶ 182.[8] Plaintiffs allege that their models allow actuation by low force. *See* CAC ¶¶ 3, 118, 127, 133, 108 and 157.

## III.   The Alleged Defect and Plaintiffs' Purported Economic Harm

Plaintiffs allege that each of the Ranges they purchased include "dangerous latent defects in the design, or in the manufacture, of their front-mounted burner control knobs that make the Ranges susceptible to unintentional actuation." CAC ¶ 1. Plaintiffs allege "this "unintentional actuation of the Ranges thus creates hazardous conditions—leaking gas or heating electric cooktops to extreme temperatures—and serious risk of fire, property damage, and personal injury." *Id.*

Half of the named Plaintiffs discovered this alleged defect when, in violation of the express warnings in their user manuals that they admit they were aware of, they left items on the Range which began to smolder or burn (e.g., a pizza box, a plastic container of brownies, a box, a towel, a wooden board, CAC ¶¶ 39, 57, 110, 67, 75). The other half merely allege that they "noticed" that

---

[7] Although the CAC is oblique about this, Plaintiffs accurately allege that these requirements are set by "international standards". *See* CAC ¶ 182. They are referring to the voluntary standards developed by the American National Standards Institute and UL Standards & Engagement in conjunction with the Consumer Product Safety Commission. *See* ANSI Z21.1-2018 § 4.7.3 (standard for household cooking gas appliances); UL 858 (standard for household cooking electric appliances).

[8] Although Plaintiffs do not specifically say so, the Court can take judicial notice that the force requirement comes from the Americans With Disabilities Act's design standards for accessibility. To enable use by the disabled, "[t]he force required to activate" the knobs on Samsung Ranges is "5 pounds (22.2 N) maximum." *See* ADA Accessibility Standard § 309.4. https://www.ada.gov/law-and-regs/design-standards/2010-stds/#309-operable-parts.   ADA Accessibility Standard § 804.6.4 also mandates that for ADA-compliant ranges and cooktops, the "location of controls shall not require reaching across burners." *See* https://www.ada.gov/law-and-regs/design-standards/2010-stds/#804-kitchens-and-kitchenettes.

the Range activated unintentionally, without any effect whatsoever. *See, e.g.,* CAC ¶¶ 84, 93, 110, 118, 127.

More importantly, while all Plaintiffs allege the Ranges create "hazardous conditions," Plaintiffs do not seek recovery for any personal injuries or property damage. Nor does any Plaintiff allege that they stopped using their Range after discovering the alleged defect. Instead, Plaintiffs allege that they "were deceived and deprived of the benefit of their bargain" because the defect renders the Ranges valueless, or they "have far less value than promised." CAC ¶ 12.

## LEGAL STANDARDS

### I.   Dismissal Under Rule 12(b)(1) for Lack of Article III Standing.

The Court must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) if Plaintiffs lack standing. "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Without standing there is no "case or controversy" for the Court to adjudicate. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish standing, a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *In re Johnson & Johnson Talcum Powder Prods. Mktg.*, 903 F.3d 278, 284 (3d Cir. 2018) (quoting *Spokeo*, 578 U.S. at 338).

### II.   Dismissal Under Rule 12(b)(6) for Failure to State a Claim.

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 555 (2007). A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* at 563 n.8. Further, a

motion to dismiss "should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Twombly*, 550 U.S. at 570); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'").

Beyond the plausible facts Rule 8 demands for all claims, "Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016).

## ARGUMENT

### I.   The Court Should Dismiss the Consolidated Action in Its Entirety Because Plaintiffs Do Not Have Article III Standing.

#### A.   Plaintiffs Have Not Alleged a Cognizable Injury in Fact.

As a threshold and dispositive matter, Plaintiffs lack standing to bring their claims because they do not allege they suffered an injury in fact. Plaintiffs do not seek recovery for any personal injuries or property damages. Instead, Plaintiffs seek only economic damages, alleging that, had they known the Ranges suffered from the alleged defect, they would not have purchased the product, or would have paid substantially less. CAC ¶¶ 50 60, 69, 77, 87, 95, 103, 112, 120, 128. Plaintiffs thus seek damages under the "benefit of the bargain" and the "price premium" theories. CAC ¶ 12. Under a "'benefit of the bargain' theory, a plaintiff [must] allege facts to show that she bargained for a product at a certain value but received a product worth less than that value, allowing

the court to calculate the difference in value between what was bargained for and what was received." *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 223 (D.N.J. 2022) (citing *Johnson & Johnson*, 903 F.3d at 283). "A premium price theory of injury is premised on a plaintiff alleging that the defendant unlawfully advertised the contested product as being superior to others, which allows the court to calculate the financial injury by determining the 'premium' that a plaintiff was induced to pay by unlawful advertisements." *Id*. at 225–26. Plaintiffs fail to plead the facts necessary to seek economic damages under either theory, and thus lack standing to pursue any of their claims.

        1.    <u>Plaintiffs Do Not Adequately Allege They Did Not Receive the Benefit of Their Bargain.</u>

Plaintiffs fail to plead they did not receive the benefit of their bargain when they purchased the Ranges at issue. "Plaintiffs receive[ ] the benefit of their bargain so long as there were no adverse health consequences, and the product work[s] as intended." *James v. Johnson & Johnson Consumer Cos.*, 2011 WL 198026, at *2 (D.N.J. Jan. 20, 2011). Further, "[t]o allege economic harm under the benefit-of-the-bargain theory," plaintiffs must "identify the specific misrepresentation that induced their purchase." *In re Plum Baby Food Litig.*, 637 F. Supp. 3d at 224 (citing *Estrada v. Johnson & Johnson*, 2017 WL 2999026, at *9 (D.N.J. Jul. 14, 2017). Plaintiffs never do that.

First, Plaintiffs have failed to show the Ranges they purchased did not serve their intended purpose—i.e., to cook Plaintiffs' food. In *Plum*, plaintiffs argued that they did not receive the benefit of the bargain because they believed they were buying "healthy, nutritious" baby food products, but instead received products that were allegedly unsafe because they contained heavy metals. *See* 637 F. Supp. 3d at 223. Rejecting plaintiff's argument, the court determined "Plaintiffs purchased the baby food products from Defendants to feed their children, and these products were

fully used for their intended purposes. Plaintiffs do not allege that their children have suffered physical harm: the children did not starve or become nutrient deficient. Imparting nutrition is ostensibly what Defendants advertised regarding its baby food products." *Id.* at 224. "To state a concrete and particularized injury, a plaintiff must do more than allege she did not receive the benefit she *thought* she was obtaining." *Id.* at 230; *see also Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 259 (3d Cir. 2010) (finding no injury-in-fact "[a]bsent any allegation that she received a product that failed to work for its intended purpose or was worth objectively less than what one could reasonably expect"); *Estrada*, 2017 WL 2999026 at *9 (because plaintiff used the baby powder, it was effective for its intended uses, and she was not physically injured, the court rejected her argument that she was denied benefit of the bargain because the product was allegedly not safe); *James*, 2011 WL 198026; *Medley v. Johnson & Johnson Consumer Cos., Inc.*, 2011 WL 159674 (D.N.J. Jan. 18, 2011).

Here, the subject Ranges clearly work as intended. With the possible exception of Plaintiff Delahoy—who alleges Samsung is somehow at fault for ruining her homemade spaghetti sauce after her dog hit one of the Range knobs, CAC ¶¶ 46-48—no Plaintiff has alleged that their Range was ineffective in cooking their food. In fact, every single Plaintiff alleges that they continue to use their Range. CAC ¶¶ 49, 59, 65, 76, 85, 92, 102, 111, 117, 125; *Estrada*, 2017 WL 2999026 at *11 ("Plaintiff fails to allege facts sufficient for this Court to find that Plaintiff suffered an economic injury-in-fact. Not only does Plaintiff fail to allege that Baby Powder was ineffective for its intended use; to the contrary, she continued purchasing Baby Powder for a substantial period, and consumed the product in its entirety each time."), *aff'd sub nom. Johnson & Johnson,* 903 F.3d 278.

Furthermore, Plaintiffs have not alleged any adverse health consequences. Indeed, Plaintiffs are not suing for any adverse health consequences, nor have they made plausible allegations of future risk. Instead, all Plaintiffs, even those who allege items were burnt on their Range, seek recovery only for economic injuries for the purchase of their Range, not any damages related to property loss or personal injury. This is not enough. *See Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 636 (3d Cir. 1996) (Wellford, J., concurring) ("Fear and apprehension about a possible future physical or medical consequence . . . is not enough to establish an injury in fact."); *Plum*, 637 F. Supp. 3d at 225 ("Without the factual support of adverse health consequences or plausible allegations of future risk, Plaintiffs cannot assert that the products are valueless."). And while Plaintiffs load their Complaint with allegations that *other* consumers—who are not parties to this action—sustained property loss CAC ¶¶ 144-170, the cited incident reports cannot establish that *Plaintiffs* were injured "in a personal and individual way." *Spokeo,* 578 U.S. at 339. Indeed, not even the threat of *future* harm is plausible under *Iqbal* pleading standards; their very pleading proves their knowledge of the very risk that they claim exists.

Finally, Plaintiffs do not identify any representation by SEC or SEA that induced them to purchase their Ranges. Each Plaintiff alleges they "reviewed Samsung marketing materials before she purchased her Range." CAC ¶¶ 33, 51, 62, 71, 80, 89, 97, 105, 114, 122, 215-19. But Plaintiffs fail to specify what those "marketing materials" were, or identify a single statement, let alone a false statement or misrepresentation, that "induced their purchase." *Plum*, 637 F. Supp. 3d at 225. As in *Plum*, "Plaintiffs assert that they believed the products were 'safe'" without pointing to any claims in marketing materials or any other statement from Defendants. *Id*. at 224–25; *Estrada*, 2017 WL 2999026, at *12 (allegations that statements on product's label induced purchase "lack sufficient specificity to substantiate an injury" because "the label does not expressly state that the

product is 'safe'" and "Plaintiff has not pled any facts demonstrating that she read or was aware of [Defendants' advertising and website] prior to purchasing Baby Powder"). While the Complaint cites pages from Range user manuals, Plaintiffs make no allegation that any statements in the manuals—about Range knobs or otherwise—induced them to purchase the product. Plaintiffs' vague references to "marketing materials" fails to allege a specific statement that induced their purchase. As a consequence, Plaintiffs have not established they have standing to pursue economic damages on a benefit of the bargain theory.

       2.    <u>Plaintiffs Do Not Adequately Allege They Paid a Price Premium.</u>

Plaintiffs also fail to allege an economic injury-in-fact on a premium price theory. Plaintiffs allege that had they "known of this serious safety risk, they would not have purchased the Ranges or would have paid substantially less for their Ranges than they paid." CAC ¶ 213. But such "threadbare allegations" that Plaintiffs purchased their Ranges "at a premium, without any factual allegations to support that claim, is insufficient to find an injury-in-fact." *Estrada*, 2017 WL 2999026, at *15 (citing *Lassen v. Nissan N. Am., Inc.,* 211 F. Supp. 3d 1267, 1280 (C.D. Cal. 2016)).

To adequately allege injury under this theory and show that they did in fact pay too much for their Ranges, Plaintiffs must show Defendants advertised their products as "superior to other products", and identify other "comparable, cheaper products" they could have purchased. *Id.* at *15; *see also Kimca v. Sprout Foods, Inc.,* 2022 WL 1213488, at *8 (D.N.J. Apr. 25, 2022) ("Plaintiffs do not identify any other comparable, cheaper, or safer products to show that they, in fact, paid a premium for the Baby Food Products. . . . This lack of supporting allegations dooms their price premium claims."); *Haggerty v. Bluetriton Brands, Inc.*, 2022 WL 17733677, at *4 (D.N.J. Dec. 16, 2022) (same); *In re Plum Baby Food Litig.*, 637 F. Supp. 3d at 225-26 (same).

Plaintiffs do not identify a single comparable product to support their price premium theory.[9] As such, they again fail to establish standing to seek economic damages.

### B. Plaintiffs Lack Standing to Seek Injunctive Relief (Counts VIII, XV, XVII).

To establish Article III standing to seek injunctive relief, Plaintiffs must demonstrate "a sufficient likelihood that [they] will again be wronged in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiffs seek an order enjoining Defendants "from engaging in or continuing to engage in the manufacture, marketing, and sale of the defective Ranges[.]" CAC at p. 138. But Plaintiffs make no allegations that they intend to purchase Samsung Ranges in the future, and thus fail to show any likelihood of suffering imminent and irreparable injury in the future without an injunction. *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 225 (3d Cir. 2012). "Because Plaintiffs have brought this lawsuit, it is common sense that they are now aware of the alleged risks associated with" the "deceptive and false advertising which induced them to buy the" products at issue and "will not be deceived by [Defendants'] marketing in the future." *Kimca*, 2022 WL 1213488, at *10; *McNair*, 672 F.3d at 225 ("[S]peaking generally, the law accords people the dignity of assuming that they act rationally, in light of the information they possess."). Plaintiffs, who allege that they are now aware of the alleged defect, are unlikely to purchase another Samsung

---

[9] Indeed, plaintiffs' counsel have sued every major manufacturer of ranges in the United States on the same theory. *See Reichardt et al v. Electrolux Home Prods. Inc*., Case No. 2:17-cv-00219-BHL (E.D. Wisc.); *Brito v. LG Elecs. USA Inc.*, Case No. 2:22-cv-05777-CCC-JSA (D.N.J.); *Tapply v. Whirlpool Corp.*, Case No. 1:22-cv-00758-JMB-RSK (W.D. Mich.); *Parker v. Electrolux Home Prods., Inc.*, Case No. 1:22-cv-01177-PLM-SJB (W.D. Mich.); *Njaastad v. Electrolux AB*, Case No. 1:23-cv-03291 (N.D. Ill.); *Anderson v. Electrolux Home Prods., Inc.*, Case No. 3:23-cv-00560-RJC-SCR (W.D.N.C.). The Court can take judicial notice of these other complaints. *Pinkney v. Meadville, Pa.*, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) ("Courts may consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'"). Accordingly, by their own theory, there were no alternatives to purchase and thus no "premium" associated with Samsung Ranges.

Range, especially because they continue to use the Ranges they already have. Moreover, Plaintiffs cannot manufacture standing based on risks that Samsung has expressly warned them of in the usual manuals that they cite in their pleading. As such, "any risk of being misled by Defendant again is merely speculative." *Kimca*, 2022 WL 1213488, at *10.[10]

### C. Plaintiffs Lack Standing to Bring Common Law Claims on a Nationwide Basis (Counts II-V).

Plaintiffs assert four common law claims (fraud by omission, breach of express and implied warranty, and unjust enrichment) on a nationwide basis. Because these common law claims rely on state law and Plaintiffs have not specified which law will apply, they cannot be brought on a nationwide basis. *See Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020) ("Plaintiffs lack standing to bring [unjust enrichment and fraudulent concealment] claims on a national basis" because they "rely on state law."); *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1205-06 (S.D. Fla. 2021) (plaintiffs' unjust enrichment claim "is, in reality, fifty unjust enrichment claims—one for each state. Such a claim would thus need to be brought on behalf of fifty state subclasses"); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1174-76 (N.D. Cal. 2017) ("[The] named plaintiffs may not bring their claims for violation of the MMWA or for unjust enrichment on behalf of a nationwide class that includes citizens of unrepresented states."). Further, courts have also held that "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1157 (S.D. Cal. 2021) ("Plaintiffs fail to identify which state laws govern their breach of express

---

[10] As the court in *Kimca* held, this "Court is bound by the Third Circuit's standing jurisprudence no matter where the litigants reside." 2022 WL 1213488, at *10 (citing *Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988)). "Thus, *McNair*, and its progeny, preclude all of the named Plaintiffs from establishing standing to pursue injunctive relief here." *Id.*

warranty cause of action and, thus, fail to adequately plead their claims brought on behalf of the nationwide class."). Consequently, the Court should strike the nationwide class allegations regarding the common law claims.

## II. Plaintiffs Fail to State a Claim for Fraud by Omission Under Any State Law (Count II).

Plaintiffs cannot prosecute their fraud-by-omission claims on a nationwide basis because of material differences among the laws of Plaintiffs' home states. While those conflicts, including across defenses, will preclude adjudication of the claims at trial on a nationwide *class* basis, at a high level the basic elements are consistent enough for the Court to rule now that Plaintiffs have not pleaded fraud claims. Plaintiffs must generally plead "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages." *Weske v. Samsung Elecs., Am., Inc.*, 42 F. Supp. 3d 599, 607 (D.N.J. 2014).[11] In addition, Plaintiffs must allege Samsung had a duty to disclose. *Argabright v. Rheem Mfg. Co*., 201 F. Supp. 3d 578, 603 (D.N.J. 2016) (fraud by omissions claim "requires proof that [the] defendant was *legally obligated to disclose* [the information]") (quoting *Lightning Lube, Inc. v. Witco Corp*., 4 F.3d 1153, 1185 (3d Cir. 1993) (alterations and emphasis in original)). Plaintiffs fail to demonstrate that Samsung had a duty to disclose, identify any material misrepresentation,

---

[11] *Owen v. Gen. Motors Corp.,* 533 F.3d 913, 920 (8th Cir. 2008) (applying Missouri law); *Savett v. Whirlpool Corp.,* 2012 WL 3780451, at *7-8 (N.D. Ohio Aug. 31, 2012); *Vital Pharms., Inc. v. Balboa Capital Corp.*, 2016 WL 4479370 at *7 (S.D. Fla. 2016); *Wheatley v. Kirkland*, 2016 WL 3661215, at *5 (D. Neb. July 5, 2016); *Johnson v. FCA US LLC*, 555 F. Supp. 3d 488, 507 (E.D. Mich. 2021); *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1126-27, 117 Cal. Rptr. 3d 262, 269 (Ct. App. 2010); *Pierce v. N. Dallas Honey Co.*, 2020 WL 1047903, at *4 (N.D. Tex. Mar. 3, 2020); *Kyszenia v. Ricoh USA, Inc*., 583 F. Supp. 3d 350, 368 (E.D.N.Y. 2022); *Zwicker v. Gen. Motors Corp.*, 2007 WL 5309204, at *4 (W.D. Wash. July 26, 2007).

or show that they relied on any misrepresentation from Samsung. As such, Count II should be dismissed.

### A. Plaintiffs Fail to Plead Samsung Owed a Duty to Disclose.

Plaintiffs assert a claim for fraud by omission based on Samsung's failure to disclose the alleged defect. To plead a common law claim for fraud by omission, plaintiffs must show defendants have a duty to disclose. *Wesley v. Samsung Elecs. Am., Inc.*, 2021 WL 5771738, at *3 (D.N.J. Dec. 3, 2021).[12] Plaintiffs assert Samsung had a duty to disclose because (1) Samsung had superior and exclusive knowledge of the alleged defect and (2) Samsung made many partial representations about the qualities and reliability of its Ranges. CAC ¶ 263.[13] Plaintiffs' claim fails under both theories.

States require different showings to establish a duty to disclose. But generally speaking, plaintiffs must establish a fiduciary or special relationship with the defendant. *Argabright*, 201 F.

---

[12] *Omidi v. Wal-Mart Stores, Inc.*, 2020 WL 1332594, at *6 (S.D. Cal. Mar. 23, 2020) ("Under California law, a cause of action for fraudulent concealment requires an allegation that the defendant owed a duty to disclose the concealed fact."); *Kyszenia*, 583 F. Supp. 3d at 368-69 ("Under New York law, omissions are actionable as a basis for claims of fraud "only if the non-disclosing party has a duty to disclose."); *City of S. Sioux City, Nebraska v. Charter Oak Fire Ins. Co.*, 385 F. Supp. 3d 854, 861 (D. Neb. 2019) (same, applying Nebraska law); *Ross v. Parrot's Landing, Inc.*, 2020 WL 4583813, at *9 (W.D. Mich. May 12, 2020) (under Michigan law, "to maintain an action for silent fraud, 'the plaintiff must show that the defendant suppressed the truth with the intent to defraud the plaintiff and that the defendant had a legal or equitable duty of disclosure."); *Savett,* 2012 WL 3780451, at *7-8 (Ohio law); *Rodman v. Ethicon, Inc.,* 2021 WL 2434521, at *6 (W.D. Wash. June 15, 2021) (applying Washington law); *Pierce*, 2020 WL 1047903, at *4 (applying Texas law); *Owen*, 533 F.3d at 920 (applying Missouri law); *Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1138 (M.D. Fla. 2021) (applying Florida law).

[13] Plaintiffs' assertion that Samsung owed a duty to disclose because the alleged defect "presents a material, safety risk to consumers[,]" CAC ¶ 179, is not sufficient to establish a duty to disclose. *See Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1260 (Ct. App. 2018), *as modified on denial of reh'g* (Feb. 22, 2018) (concluding there is no "independent duty to disclose safety concerns that exists outside the four situations where a duty to disclose is recognized by California courts").

Supp. 3d at 603. Absent a special relationship, some states impose a duty where (1) disclosure is

necessary to make a previous statement true (New Jersey, New York, Michigan, California, Texas,

Florida, Nebraska, Ohio),[14] or (2) where the defendant had superior or exclusive knowledge of

---

[14] *Wesley*, 2021 WL 5771738, at *4 ("'Where a claim for fraud is based on silence or concealment, New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.''"); *Trahan v. Lazar*, 457 F. Supp. 3d 323, 353 (S.D.N.Y. 2020) (under New York law, "[a]bsent a fiduciary relationship, a duty to disclose may arise if: (1) one party makes a partial or ambiguous statement that requires additional disclosure to avoid misleading the other party; or (2) one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge, but only when it becomes apparent to the non-disclosing party that another party is operating under a mistaken perception of material fact."); *MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 666 (6th Cir. 2013) (Under Michigan law a duty to disclose arises "where inquiries are made by the plaintiff, to which the defendant makes incomplete replies that are truthful in themselves but omit material information."); *Omidi*, 2020 WL 1332594, at *6 (Under California law, "[T]here are four circumstances in which a duty to disclose may arise such that nondisclosure or concealment constitutes actionable fraud: (1) when a fiduciary relationship exists between the parties; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes a partial representation to the plaintiff while suppressing other material facts."); *Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 536-37 (W.D. Tex. 2021) (Under Texas law the following "may give rise to the duty to disclose . . . (1) a confidential or fiduciary relationship exists among the parties, (2) one of the parties voluntarily discloses some information, which then creates a duty to disclose the entire truth, (3) one of the parties makes a representation that becomes misleading or untrue unless the party discloses new information, (4) one of the parties makes a partial disclosure, creating a false impression and the duty to speak."); *Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 840 (Fla. 2022), *reh'g denied,* 2022 WL 1555857 (May 17, 2022) ("[W]hen a defendant makes a statement that purports to tell the whole truth but does not, there is a duty to disclose the additional information necessary to prevent it from misleading *the recipient*."); *Wheatley*, 2016 WL 3661215, at *5 (under Nebraska law, "[i]f a defendant's partial or ambiguous representation is materially misleading, then . . . the defendant has a duty to disclose known facts that are necessary to prevent the representation from being misleading."); *Schierholt v. Nationwide Mut. Ins. Co.*, 2023 WL 3071410, at *4 (S.D. Ohio Apr. 25, 2023) (under Ohio law, "[t]he general rule is that parties to a contract do not have a duty to disclose, absent special circumstances including: '(1) when a fiduciary relationship exists between the parties, (2) where a special trust or confidence is understood between the parties, and (3) where disclosure of facts is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts.'").

material facts (New York, Missouri, Washington, California, Florida).[15]

### 1. Plaintiffs Fail to Allege Samsung's Knowledge of a Defect.

Plaintiffs rely on three categories of alleged evidence, none of which supports their claim that Samsung was aware of the alleged defect. First, Plaintiffs load up their Complaint with pages of CPSC incident reports, as well as customer reviews and comments from third party retailer websites. CAC ¶¶ 143–171, 175. As an initial matter, many of these reviews and reports were posted *after* many or all of the named Plaintiffs purchased their Ranges. *See, e.g.,* CAC ¶¶ 151–57, 175. "Reviews that post-date Plaintiffs' purchases cannot demonstrate Samsung's pre-purchase knowledge of the defect." *Wesley*, 2021 WL 5771738, at *3; *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 958 (E.D. Mich. 2022) ("it is also clear that no claims requiring proof of pre-purchase knowledge can survive if those purchases occurred before GM had knowledge of this defect—whenever that was"). Other cited reviews are undated. *See, e.g.,* CAC at p. 76–78. Further, none of these customer complaints—even those that pre-date Plaintiffs' purchases—demonstrate Samsung's knowledge of the alleged defect. *See Wesley*, 2021 WL 5771738, at *3 ("A handful of

---

[15] *Trahan*, 457 F. Supp. 3d at 353 (applying New York law); *Reeves v. Keesler,* 921 S.W.2d 16, 21 (Mo. Ct. App. 1996) ("A duty to disclose only arises when there is a confidential or fiduciary relationship, when there is privity of contract or when "one party has superior knowledge or information not within the fair and reasonable reach of the other party."); *Rydman v. Champion Petfoods USA, Inc.*, 2020 WL 4347512, at *2 (W.D. Wash. July 29, 2020) (Under Washington law, there is a "duty to disclose where the court can conclude there is a quasi-fiduciary relationship, . . . where a special relationship of trust and confidence has been developed between the parties, . . . where one party is relying upon the superior specialized knowledge and experience of the other, . . . where a seller has knowledge of a material fact not easily discoverable by the buyer, . . . and where there exists a statutory duty to disclose."); *Omidi*, 2020 WL 1332594, at *6 (applying California law); *Continent Aircraft Tr., 1087 v. Diamond Aircraft Indus., Inc.*, 2013 WL 2285539, at *6 (S.D. Fla. May 23, 2013) ("In the absence of a fiduciary relationship, mere non-disclosure of material facts in an arm's length transaction is ordinarily not actionable misrepresentation unless some artifice or trick has been employed to prevent the representee from making further independent inquiry" or "where the other party does not have equal opportunity to become appraised of the facts.") (applying Florida law).

public complaints on the third-party websites are not sufficient to establish that Samsung had exclusive or superior knowledge of the alleged defect."); *Oliver v. Funai Corp., Inc.*, 2015 WL 9304541, at *4 (D.N.J. Dec. 21, 2015) ("[I]mputing knowledge of a defect to a manufacturer based upon an internet posting would mean 'that virtually every consumer product company would be subject to fraud claims and extensive discovery. All any plaintiff would be required to show is that a product broke once and that someone had complained about it on the internet.'"); *Tapply v. Whirlpool Corp.,* 2023 WL 4678789, at *12 (W.D. Mich. June 23, 2023), *appeal docketed*, No. 23-1666 (6th Cir. July 21, 2023) ("Plaintiffs neither allege facts nor provide information to support the conclusory assertion that the complaints were sent to Defendant by the CPSC, nor that the complaints contained sufficient information to put Defendant on notice of the alleged safety implications of the Defect [in range knobs]."); *Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 708 (E.D. Mich. 2020) (collecting cases and discounting allegations regarding reports to government agencies, as those have no bearing on the *defendant's* knowledge).

Second, Plaintiffs cite reviews and comments on Samsung's website and a Samsung community forum, as well as alleged anecdotal observations from technicians authorized to work on Samsung products. CAC ¶¶ 173-74, 177. Again, many of these reviews were posted *after* Plaintiffs purchased their Ranges, or are undated. *Id.* at ¶ 173-74. And even if this sampling of reviews could show Samsung was aware of customer complaints, they do not demonstrate Samsung's knowledge of the alleged defect. In *Wesley*, the court found that "direct complaints to Samsung about the purported defect," "data from pre-release testing concerning the Defect," "warranty claims data, and repair and service documentation from Samsung authorized repair technicians" were "too vague to satisfy the Rule 9(b) heightened pleading standard for fraud." 2021 WL 5771738, at *3. There, as here, plaintiffs did not provide any further details to

substantiate their allegations regarding Samsung's internal knowledge. "For example, Plaintiffs do not explain what the pre-release data indicated, how many warranty claims were submitted or repairs occurred, what models were allegedly experiencing problems, or how any of this information put Samsung on notice of the alleged defect." *Id.* In addition, Plaintiffs "fail to allege that [observations from technicians] was ever communicated to Samsung." *Id.*; *see also Morales v. Kimberly-Clark Corp.*, 2020 WL 2766050, at *9 (S.D.N.Y. May 27, 2020) ("[W]ithout more, the mere existence of these online consumer complaints does not raise a reasonable, or even plausible, inference that Defendant intended to deceive consumers about the existence of a defect in its products."); *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d at 909 (concluding that "a handful of complaints" from customers to manufacturer "do not, by themselves, plausibly show that [manufacturer] had knowledge of the defects and concealed the defects from customers"); *Smith v. Gen. Motors LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (complaint properly dismissed where allegations regarding consumer complaints failed to show manufacturer knew of the safety implications of the defect); *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751, 761-62 (E.D. Mich. 2019) (allegations regarding consumer complaints online are insufficient to establish the requisite knowledge); *Roe v. Ford Motor Co.*, 2019 WL 3564589, at *7 (E.D. Mich. Aug. 6, 2019) (allegations regarding pre-suit knowledge of defect insufficient where allegedly defective water pump could be found in millions of vehicles, and "it [was] entirely likely that complaints about and repairs of the water pump were awash in a sea of complaints and repairs") (collecting cases).

Third, Plaintiffs cite a Samsung troubleshooting webpage. CAC ¶¶ 8, 181–86. Plaintiffs dramatically mischaracterize this webpage, titled "Range knobs accidentally turn on cooktop too easily," as "an express acknowledgement and admission that Range burners can be inadvertently actuated by normal and expected use of the Range." *Id.* ¶ 186. But the troubleshooting page does

not demonstrate Samsung's knowledge of a defect, only its awareness that some customers wish to equip their stoves with additional safety features beyond those required by industry standards. The court in *Wesley* found that a similar page titled "Samsung oven temperature issues," did not demonstrate Samsung's knowledge of a defect. 2021 WL 5771738, at *3. Consequently, Plaintiffs fail to sufficiently allege Samsung had a duty to disclose based on any knowledge of the alleged defect.

<h2>2.    <u>Plaintiffs Fail To Establish a Duty Based on Purported Partial Misrepresentations.</u></h2>

Plaintiffs argue that Samsung had a duty to disclose "because it made many partial representations about the qualities and reliability of its Ranges." CAC ¶ 263. But Plaintiffs support this assertion with only vague references to Samsung "marketing materials" that they allege "marketed, advertised, and warranted that the Ranges were of merchantable quality and fit for their intended purpose" and "free from defects and did not pose an unreasonable risk to persons or property." *Id.* ¶ 190. Plaintiffs never identify any of the "marketing materials" they supposedly reviewed prior to purchasing their Ranges. While Plaintiffs cite the user manuals for their Ranges, they never allege they viewed those documents prior to purchasing, nor do they identify any partial disclosure that the Ranges were of merchantable quality, fit for their intended purpose, or did not pose an unreasonable risk, let alone any particular statement in the manuals that was false.

The court in *Wesley* rejected almost identical allegations as a basis for a claim for fraud by omission. *See* 2021 WL 5771738, at *4. "Plaintiffs do not specifically identify the marketing materials that contained these statements or plead which Plaintiff relied on which partial representation when purchasing their Ranges. Instead, Plaintiffs generally allege that Plaintiffs 'reviewed marketing materials' prior to his or her purchase. . . . These general allegations cannot withstand a motion to dismiss." *Id.*; *see also Wilson v. Hyundai Motor Am.*, 2023 WL 3025376, at *8 (C.D. Cal. Mar. 14, 2023) (under New Jersey law, "[g]eneralized allegations that Defendants

20

'marketed the Class Vehicles' safety, durability, and warranties throughout the Class period' are not sufficient to show a partial disclosure to [plaintiff] that Defendants then had a duty to correct."); *Garcia v. Gen. Motors LLC*, 2018 WL 6460196, at *18 (E.D. Cal. Dec. 10, 2018) (concluding there was no duty to disclose based on partial representations where "Plaintiffs failed to plead with sufficient particularity what representations GM made to them, [and] that Plaintiffs actually relied upon in purchasing the vehicle.").

### B. Plaintiffs Fail to Allege Reliance on an Omission or Misrepresentation.

To state a claim for fraud by omission, plaintiffs must allege they reasonably relied on an omission or misrepresentation. But Plaintiffs fail to plead this essential element for the same reasons they fail to demonstrate a duty based on partial disclosure or misrepresentation. Plaintiffs never identify a single statement by Samsung that they relied on in purchasing their Ranges. Plaintiffs allege "Samsung also marketed, advertised, and warranted that the Ranges were free from defects and did not pose an unreasonable risk to persons or property" but only make vague references to "marketing materials" they reviewed before purchasing their Ranges. *See, e.g.,* CAC ¶¶ 33, 52, 62, 71, 190. This is not enough to plead misrepresentation or reliance with particularity as required under Rule 9(b). *See Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *10-11 (D.N.J. June 2, 2015) (dismissing fraudulent concealment claim because "Plaintiff does not allege when he was exposed to" defendant's "partial disclosures" that "cars and trucks will be free of defects", and thus "cannot claim that he relied on such statements in purchasing his vehicle."); *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 907 (E.D. Cal. 2018) ("[T]o plead the circumstances of omission with specificity, [a] plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information.")

(citation omitted). Further, while Plaintiffs include certain sections of the Range user manuals in their Complaint in an attempt to show Samsung omitted information about the alleged defect, CAC ¶ 135, they neglect to cite any of the user manual warnings cautioning users from leaving items on the Range or turning the control knobs inattentively. "Plaintiffs cannot choose which portions of the user manual they will rely on to their alleged detriment and which should be blatantly disregarded." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 306 (D.N.J. 2009) (dismissing fraudulent concealment claim in part for failing to allege justifiable reliance).

## III. The Court Should Dismiss Plaintiffs' Breach of Warranty Claims (Counts III and IV).

### A. Plaintiffs Fail to State a Claim for Breach of Express Warranty (Count III).

To state a claim for breach of express warranty, plaintiffs must allege: (1) that defendant made an affirmation, promise, or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description. *Dzielak v. Whirlpool Corp.*, 2019 WL 6607220, at *12 (D.N.J. Dec. 5, 2019).[16] Plaintiffs fail to state a claim because they

---

[16] Although the laws of each state differ so as to preclude class certification, these elements have enough similarities to allow the Court to dismiss under each state's law applicable here. *See Gillan v. Wright Med. Tech. Inc.*, 396 F. Supp. 3d 844, 848-49 (E.D. Mo. 2019) ("Under Missouri law, the elements of a breach of express warranty claim are: (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact regarding the kind or quality of those goods; (3) the statement was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to the statement of fact; (5) the nonconformity harmed the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion."); *Divis v. Clarklift of Nebraska, Inc.*, 256 Neb. 384, 393, 590 N.W.2d 696, 702 (1999) ("To maintain a warranty action, several factors must be proved: (1) The plaintiff must prove the defendant made a warranty, express or implied, under §§ 2–313, 2–314, or 2–315; (2) the plaintiff must prove the goods did not comply with the warranty, i.e., the goods were defective at the time of the sale; (3) the plaintiff must prove the injury was caused, proximately and in fact, by the defective nature of the goods; and (4) the plaintiff must prove damages.") (applying Nebraska law); *Smith v. Chrysler Grp., LLC*, 2017 WL 11630515, at *5 (E.D. Tex. June 26, 2017), *report & recommendation adopted as modified,* 2017 WL 3482174 (Aug. 14, 2017), *aff'd sub nom. Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744 (5th Cir. 2018) ("In order to establish a claim for an express warranty, the plaintiff must establish: (1) the defendant-

cannot identify any express warranty other than the one-year limited warranty that covered manufacturing defects in materials and workmanship (not design defects), nor do they plead Samsung breached that warranty.

Plaintiffs correctly state that "Samsung provides an express warranty . . . [for] defects in materials or workmanship that existed when this major appliance was purchased." CAC ¶ 268. But beyond the written warranties in the user manuals, Plaintiffs also assert Samsung additionally "expressly warranted several attributes, characteristics, and qualities," including that the Ranges were "fit for their intended purpose," "free from defects, and did not pose an unreasonable risk." *Id.* ¶¶ 190, 269. A claim for breach of express warranty cannot be founded on vague allusions to

---

seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became part of the bargain; (3) the plaintiff relied upon that affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury.") (applying Texas law); *Teal v. Argon Med. Devices, Inc.*, 533 F. Supp. 3d 535, 553 (E.D. Mich. 2021) (to state a claim for "breach of an express warranty[, a plaintiff must generally state the following elements]: (1) proof of an express warranty, (2) reliance by the plaintiff; (3) the failure of the product to meet the warranty, and (4) damages caused by the failure.") (applying Michigan law); *St. Clair v. Kroger Co.,* 581 F. Supp. 2d 896, 902 (N.D. Ohio 2008) (under Ohio law, "[t]o state a claim for breach of warranty under the UCC, plaintiff must plead that: 1) a warranty existed; 2) the product failed to perform as warranted; 3) plaintiff provided defendant with reasonable notice of the defect; and 4) plaintiff suffered injury as a result of the defect."); *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1226 (W.D. Wash. 2012) ("Plaintiffs must show that (1) the warranty was made part of the basis of the bargain; (2) the warranty relates to a material fact concerning the product; and (3) the warranty turns out to be untrue.") (applying Washington law); *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1117 (C.D. Cal. 2021) ("To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."); *Hume v. Lines*, 2016 WL 1031320, at *5 (W.D.N.Y. Mar. 8, 2016) ("Breach of express warranty claims under New York law require (i) a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach."); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *17 (S.D. Fla. Aug. 18, 2021) (" To state a cause of action for breach of an express warranty under Florida's U.C.C., the plaintiff must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty.").

unidentified statements. *See Teal*, 533 F. Supp. 3d at 553 (dismissing breach of express warranty claim where complaint was "devoid of any facts to when, how, and by whom an express warranty was made") (apply Michigan law); *Hodges v. Vitamin Shoppe, Inc*., 2014 WL 200270, at \*5 (D.N.J. Jan. 15, 2014) (dismissing breach of express warranty claim under New Jersey law where complaint "avers, in purely conclusory terms, that 'Defendant made several different express warranties'" and does not "identify an 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'"); *Savett*, 2012 WL 3780451, at \*10 ("there is no reference to a particular advertisement that allegedly created an express warranty.") (applying Ohio law); *Clark*, 528 F. Supp. 3d at 1117 (to prevail on a breach of express warranty claim "plaintiff must allege the 'exact terms of the warranty.'") (applying California law). Plaintiffs fail to identify any statement in the cited warranties or anywhere else where Samsung warranted the Ranges were fit for their purpose, were free from defect, or did not pose an unreasonable risk. To the extent Plaintiffs rely on statements in the user manuals regarding instructions for using the Range knobs, these statements simply explain how to operate the Range, and are not affirmations of fact, representations, or promises that form the basis of an express warranty.

Beyond this, Plaintiffs fail to plead facts showing Samsung *breached* its express warranty. The one-year limited warranties exclusively covered "manufacturing defects in materials or workmanship encountered in normal household use of this product." Plaintiffs allege a defect in the "design of the knobs," which is not covered by the warranty. *See, e.g.,* CAC ¶¶ 10, 137. *Coba v. Ford Motor Co.*, 932 F.3d 114, 123 (3d Cir. 2019) (we conclude that, under New Jersey law, a warranty that limits its coverage to defects in 'materials' and 'workmanship' does not, without more, apply to defects in 'design.'"); *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 253-

24

54 (3d Cir. 2010) (dismissing breach of express warranty claim under New Jersey law in design defect case where language in express warranty covered "manufacturing defects in materials and workmanship"); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625 (C.D. Cal. 2022) (plaintiffs failed to state claims against vehicle makers for breach of express warranty under California, New Jersey, New York, and Washington law because plaintiffs alleged a design defect, not a manufacturing defect), *opinion clarified sub nom. In re ZF-TRW Airbag Control Units Prod.*, 2022 WL 19425927 (C.D. Cal. Mar. 2, 2022). Further, the warranty provides that customers who wish to receive warranty service on their Ranges should contact Samsung. Plaintiffs can only show Samsung breached the express warranty by failing to remedy a defect in materials or workmanship within a reasonable time after it was notified of the defect within one year of purchase. *Chan v. Daimler AG*, 2012 WL 5827448, at *6 (D.N.J. Nov. 9, 2012) ("The fact that a defendant may have been aware of a defect during the period of an express warranty does not extend the period of the warranty's protection beyond its terms, or give rise to a valid claim for breach of warranty."). No Plaintiff, even the three who allege they contacted Samsung or an authorized dealer with a complaint, CAC ¶¶ 41, 68, 94, alleges they contacted Samsung for warranty service during the one-year warranty period.

Finally, Plaintiffs failed to provide adequate notice as required to bring a claim for breach of express warranty. Plaintiffs Mason and Kleehamer do not allege that they ever contacted Samsung about any alleged defect, and failed to provide pre-suit notice of the alleged breach of warranty. This is fatal to their breach of express warranty claims under California and Ohio law. *See* Cal. Com. Code § 2607 ("The buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy"); Ohio Rev. Code Ann. § 1302.65 (same). In addition, while Plaintiffs Delahoy, Dunahoe, Tastinger,

Tighe, Michanowicz, Hightower, Bosch, and Kluger allege they provided pre-suit notice of the alleged breach, they waited anywhere from over a year (beyond the express warranty period) to almost *five* years after discovering the alleged defect before alleging they provided such notice. Such an "unreasonable delay" in providing notice bars their claims. *See Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 261 (E.D.N.Y. 2014) (two to three years that passed between when consumer allegedly purchased products and when she sent formal demand letter to manufacturer constituted "unreasonable delay" in giving notice of breach of warranty precluding breach of warranty claims) (applying New York law).[17]

### B.  Plaintiffs Fail to State a Claim for Breach of Implied Warranty (Count IV).

A breach of the implied warranty of merchantability requires that the challenged product is defective or not fit for the ordinary purpose for which the product is used. *See Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 542 (D.N.J. 2011). The implied warranty does not impose a general requirement that goods precisely fulfill the expectation of the buyer. *Id.* Instead, it "simply means that the thing sold is reasonably fit for the general purpose for which it is manufactured and sold." *Id.* (citation omitted). Based on this basic principle, Plaintiffs fail to state a claim for breach of implied warranty.

First, Plaintiffs do not sufficiently plead that Samsung breached an implied warranty of merchantability because they do not allege their Ranges are unfit for their ordinary purpose—cooking food. *See Hurst v. BMW of N. Am. LLC*, 2023 WL 4760442, at *5 (D.N.J. July 26, 2023)

---

[17] The laws of other states are in accord. *See* Tex. Bus. & Com. Code § 2.607(c)(1) ("The buyer must within a *reasonable time* after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.") (emphasis added); Mo. Ann. Stat. § 400.2-607(3)(a) (same); Fla. Stat. Ann. § 672.607 (3)(a) (same); Neb. Rev. Stat. Ann. § UCC § 2-607(3)(a) (same); Wash. Rev. Code § 62A.2-607(3)(a) (same); Mich. Comp. Laws § 440.2607(3)(a) (same).

("Merchantability does not mean that the goods are perfect or that they are exactly as the merchant described them to be, but only that they are 'reasonably fit for the purpose intended.'"). With the exception of Plaintiff Delahoy and her dog, CAC ¶¶ 46–48, no Plaintiff alleges that the defect ever interfered with their ability to use their Range to cook food. And as previously noted, some of Plaintiffs allege items were burnt by their Range, but only after they left items on their Range against the clear warnings and instructions in their user manual that they acknowledge. Plaintiffs can hardly argue the Ranges are not fit for their ordinary use when they continue to use their Ranges.

Second, as noted above, Plaintiffs failed to provide notice of a breach of warranty within a reasonable time. Samsung's implied warranty of merchantability was expressly limited to one year. Plaintiffs Mason and Kleehamer never allege they contacted Samsung about any alleged defect, while the remaining Plaintiffs' allegations show unreasonable delay in providing pre-suit notice, with many of them waiting years after they discovered the alleged defect to provide notice.

Finally, under the laws of California, Florida, Ohio, and Washington, a plaintiff cannot state a claim for breach of implied warranty of merchantability unless she is in privity with the manufacturer. *See Paramount Farms, Inc. v. Ventilex B.V.*, 735 F.Supp.2d 1189, 1217 (E.D. Cal. 2010) ("Vertical privity is a prerequisite in California for recovery on a theory of breach of the implied warranties of fitness and merchantability."); *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009) ("It is now well-settled that, barring certain exceptions, '[u]nder Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.'"); *McKinney v. Bayer Corp.*, 744 F.Supp.2d 733, 757 (N.D. Ohio 2010) ("Consumer failed to allege privity of contract with vitamin producer, as required to state claim for breach of implied warranty of merchantability under Ohio law."); *Thongchoom v. Graco*

27

*Children's Prods., Inc.*, 117 Wash. App. 299, 307, 71 P.3d 214, 219 (Ct. App. 2003) ("Generally, contractual privity between the buyer and seller must exist before a plaintiff may maintain an action for a breach of warranty.") (applying Washington law). Plaintiffs Hightower, Mason, Tastinger, Kugler, and Kleehamer were not in privity with Samsung because they purchased their Ranges through a reseller. CAC ¶¶ 61, 88, 104, 113, 121.

### C.  The Samsung Warranties Were Valid and Not Unconscionable.

Plaintiffs argue that because Samsung's warranties were unconscionable and failed their essential purpose, Plaintiffs are not limited to recovery under their terms. *See* CAC ¶¶ 193–208. Courts in this district have routinely rejected these conclusory arguments. *See, e.g., Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *9 (D.N.J. Dec. 5, 2019) (rejecting plaintiffs' arguments that warranty was unconscionable because defendants knew of defect pre-sale, knew latent defect would arise after warranty period, and acted to conceal defect). Even if Plaintiffs could show Samsung was aware of the alleged defect, failing to disclose a known defect does not, by itself, make a warranty unconscionable. *See Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 705 (D.N.J. 2013) (dismissing breach of implied warranty claim and rejecting plaintiffs' argument "that Samsung's warranty was unconscionable because Samsung knew about the Defect and failed to disclose it.").

Plaintiffs separately assert that the durational limit of the warranties was "grossly inadequate." But at the same time, Plaintiffs allege they discovered the alleged defect "soon," "almost immediately," or "within months" after installation." *See, e.g.,* CAC ¶ 56, 84, 101, 127; *Alban v. BMW of N. Am.*, 2011 WL 900114, at *9 (D.N.J. March 15, 2011) ("Alban's allegations that BMW knew that the sound insulation in his vehicle would fail after the expiration of the warranty agreement do not indicate that the time and mileage limitation clause was unconscionable."). Nevertheless, no Plaintiff alleges they contacted Samsung for warranty service

during the one-year warranty period. Consequently, Plaintiffs' conclusory allegations fail to show the warranties were unconscionable or failed their essential purpose.

## IV.   The Court Should Dismiss Plaintiffs' Unjust Enrichment Claim (Count V).

The laws governing recovery for unjust enrichment vary from state to state, but as a starting point plaintiffs generally must allege that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 723-24 (D.N.J. 2011).[18] Under all potentially applicable state law, Plaintiffs' unjust enrichment claims should be dismissed.

---

[18] *Dubinsky v. Mermart LLC*, 2009 WL 1011503, at *5 (E.D. Mo. Apr. 15, 2009) ("To state a claim for unjust enrichment, plaintiffs must show: (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit.") (applying Missouri law); *Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489, 501, 723 N.W.2d 293, 302 (2006) ("To recover on such a claim, the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff.") (applying Nebraska law); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) ("The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover."); *Lipov v. Louisiana-Pac. Corp.*, 2013 WL 3805673, at *6 (W.D. Mich. July 22, 2013) ("the elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant") (applying Michigan law); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *6 (E.D. Tex. Mar. 24, 2011) ("In Texas, a plaintiff may recover under an unjust enrichment theory where a person has 'obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'"); *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) ("Under Florida law, the elements of an unjust enrichment claim are 'a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'"); *Bower v. Int'l Bus. Machs., Inc.*, 495 F. Supp. 2d 837, 844 (S.D. Ohio 2007) ("To support a claim for unjust enrichment, a plaintiff must demonstrate: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.") (applying Ohio law); *Aegean Mar. Petroleum S.A. v. KAVO Platanos M/V*, 2022 WL 17740318, at *9 (W.D. Wash. Dec. 16, 2022) ("Under Washington law, the three elements of an unjust enrichment claim are: (1) the defendant receives a benefit, (2) the received benefit is at the

First, Plaintiffs argue they overpaid for their Ranges because they were unfit for their intended purpose. CAC ¶ 288. As explained in Section I.A *supra*, Plaintiffs cannot allege the Ranges did not serve their purpose because they effectively used, and continue to use, the Ranges to cook their food.

Second, Plaintiffs conferred no benefit on Samsung. "Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that 'the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.'" *Snyder*, 792 F. Supp. 2d at 724 (citation omitted). Plaintiffs purchased their Ranges through resellers, not directly from Samsung, and thus conferred no benefit on Samsung. *Cooper v. Samsung Elec.*, 2008 WL 4513924, at *10 (D.N.J. Sept. 29, 2008) (dismissing an unjust enrichment claim where "there was no relationship conferring any direct benefit on Samsung through [plaintiff's] purchase, as the purchase was through a retailer").[19]

---

plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment.").

[19] *Accord Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) (dismissing unjust enrichment claim under Florida law because plaintiffs purchased product from retailer and did not confer a direct benefit on manufacturer); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 952 (N.D. Ohio 2009), as amended Nov. 4, 2009 (dismissing UE claim under Ohio law because customer who purchased through a retailer did not confer benefit on manufacturer); *Schechner v. Whirlpool Corp*., 237 F. Supp. 3d 601, 617 (E.D. Mich. 2017) ("Customarily, [Michigan] courts only employ the doctrine of unjust enrichment in cases where the defendant directly receives a benefit from the plaintiff."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F. Supp. 3d 187, 272 (S.D.N.Y. 2019) (dismissing unjust enrichment claim because plaintiff's alleged relationship with defendant was "too attenuated to support a claim of unjust enrichment under New York law."). Further, because Plaintiffs fail to allege Samsung had knowledge of the allege defect, they cannot allege Samsung was aware of any alleged benefit. *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 299 (N.D. Ohio 2020) (under Ohio law, "Plaintiff's unjust enrichment claim fails because Plaintiff's general allegations as it relates to GM's knowledge of the defect are insufficient to establish that GM had knowledge of the alleged benefit.").

Third, under Missouri, New York, Michigan, Florida, Washington, Texas, and California law, claims for unjust enrichment are precluded by the existence of a valid, enforceable warranty, or where they are duplicative of plaintiffs' other claims, including breach of express warranty. *Budach v. NIBCO, Inc.*, 2015 WL 3853298, at *8 (W.D. Mo. June 22, 2015) (dismissing unjust enrichment claim under Missouri law premised on violation of express warranty); *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) ("If the plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract.") (applying Missouri law); *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 208 (W.D.N.Y. 2020) (dismissing unjust enrichment claim under New York law as duplicative of other claims, including breach of express warranty); *Lipov*, 2013 WL 3805673, at *6 (dismissing unjust enrichment claim under Michigan law because warranty "provides a contractual remedy for Plaintiff"); *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1195 (S.D. Fla. 2017) (under Florida law, "a plaintiff cannot maintain a claim for unjust enrichment if there is an express warranty governing the plaintiff's rights"); *Zwicker*, 2007 WL 5309204, at *5 (applying Washington law); *Anderson,* 2011 WL 1113494, at *6 (dismissing unjust enrichment claim under Texas law and noting "whether a plaintiff has a meritorious claim for breach of contract does not govern whether that remedy precludes a claim for unjust enrichment; rather, 'the mere existence of potential contract claim bars the unjust enrichment remedy.'"); *Smith v. Allmax Nutrition, Inc.*, 2015 WL 9434768, at *9-10 (E.D. Cal. Dec. 24, 2015) (unjust enrichment claim "inappropriate" under California law where plaintiff "alleg[ed] damages based upon a breach of an express warranty which covers the same subject matter.").

Fourth, unjust enrichment is not an independent action under Texas and California law. *Hancock v. Chi. Title Ins. Co.*, 635 F.Supp.2d 539, 560-61 (N.D. Tex. 2009); *Llort v. BMW of N. Am., LLC*, 2020 WL 2928472, at *10 (W.D. Tex. June 2, 2020*), report and recommendation adopted*, 2020 WL 10054589 (June 19, 2020); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 2021 WL 4306018, at *24 (N.D. Cal. Sept. 22, 2021).

Finally, "a plaintiff cannot sustain an unjust enrichment claim where there is an adequate remedy at law." *Ponzio*, 447 F. Supp. 3d at 259.[20] Plaintiffs' unjust enrichment claims are founded on the same underlying allegations as and are entirely duplicative of their other claims. For this reason, Plaintiffs have made no showing that they do not have an adequate remedy at law. Likewise, Plaintiffs' unjust enrichment claims are precluded by the existence of Samsung's express, limited, one-year warranty.

## V.   The Court Should Dismiss Plaintiffs' New Jersey Consumer Fraud Act Claim (Count I).

All Plaintiffs assert a claim on their own behalf and consumers nationwide under the New Jersey Consumer Fraud Act ("NJCFA"). *See* CAC ¶¶ 244-57. "[T]o state a claim under the CFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants'

---

[20] *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) ("Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists.") (applying New York law); *Coventry Cts., LLC v. Cuyahoga Cnty.*, 212 N.E.3d 373, 381 (Ohio Ct. App. 2023) (under Ohio law, "because [plaintiff] had an adequate remedy at law, an unjust-enrichment claim is not available."); *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008), *certification withdrawn*, 2009 WL 413509 (Feb. 18, 2009) ("Washington bars recovery for unjust enrichment if the plaintiff has an adequate remedy at law"); *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 770 (N.D. Cal. 2010) (under California law, "the remedy for unjust enrichment applies only in the absence of an adequate remedy at law.").

unlawful conduct and the plaintiff's ascertainable loss." *Ponzio*, 447 F. Supp. 3d at 242. Claims under the NJCFA are subject to the heightened pleading standards of Rule 9(b). *Alban*, 2011 WL 900114, at *10. Plaintiffs fail to meet these requirements.

First, Plaintiffs fail to sufficiently allege any unlawful conduct by Samsung. There are three general types of "unlawful practices" under the NJCFA: "affirmative acts, knowing omissions, and regulation violations." *Coba*, 932 F.3d at 124. A plaintiff asserting a claim based on an omission must demonstrate that the defendant "(1) knowingly concealed (2) a material fact (3) with the intention that plaintiff rely upon the concealment." *Id*. But, as explained in Section II.A.1 *supra*, Plaintiffs provide no basis to allege Samsung knowingly concealed the alleged defect.

Second, even if Plaintiffs "could maintain a viable CFA claim by pleading that Defendants knew with certainty" of the alleged defect—something they cannot do—Plaintiffs "still insufficiently allege[] ascertainable loss." *Ponzio,* 447 F. Supp. 3d at 244. "'Ascertainable loss' is "either an out-of-pocket loss or a demonstration of loss in value that is quantifiable or measurable." *Id*. (citing *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 606 (3d Cir. 2012)). In *Ponzio*, the court found that allegations that plaintiff overpaid for his vehicle at the time of purchase as a result of the undisclosed alleged defect were conclusory and failed to establish an out-of-pocket expense or otherwise quantify plaintiff's loss. *Id.*; *see also In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*, 2015 WL 4591236, at *38 (D.N.J. July 29, 2015) ("the absence of any information to quantify these losses renders their pleading inadequate under the NJCFA as to ascertainable loss."); *Nobile v. Ford Motor Co.*, 2011 WL 900119, at *6 (D.N.J. Mar. 14, 2011) (because no ascertainable loss, "it is of no moment that Plaintiffs allege that Defendant concealed defects and allege safety concerns."). Plaintiffs here do not provide information sufficient to quantify their

alleged economic damages. As explained further in Section I.A *supra*, Plaintiffs do not plead an injury in fact and thus fail to allege any ascertainable loss.

## VI. The Court Should Dismiss the California Statutory Claims (Counts VI-XI).

### A. Plaintiffs Mason and Hightower Do Not Have Standing to Bring their California Statutory Claims Because They Suffered No Injury.

Plaintiffs Mason and Hightower attempt to recast their product liability claims as consumer fraud claims under California's Song-Beverly Act, Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"). But they do not have standing to bring these claims because they suffered no injury. Plaintiffs improperly seek "to recast no-injury products-liability claims (which are not cognizable) as consumer fraud claims for contract-like economic damages (which *may* be cognizable)." *Lassen*, 211 F. Supp. 3d at 1283-84 (emphasis in original). In *Lassen*, plaintiffs argued they overpaid for their vehicles because of the alleged danger posed by inadvertently-left running vehicles emitting carbon monoxide. *Id.* at 1272-73. But the court found plaintiffs failed to plead any injury-in-fact because "any actual injury . . . that could result is purely theoretical because no Plaintiff actually experienced that injury," and thus did not have standing to bring their breach of express and implied warranty, UCL, FAL, CLRA, and common law fraud claims. *Id.* at 1281-83. Further, the court held that Plaintiffs could not rely on the allegations of other purported customers to establish standing. *Id.* at 1280 ("that other people were injured does not establish any particularized injury as to these Plaintiffs."); *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013) ("Plaintiffs fail to cite any authority for the proposition that the Court may appropriately consider the alleged personal experiences of a non-party" to determine adequacy of pleading).

Like the plaintiffs in *Lassen*, neither Mason nor Hightower alleges any actual injury to serve as the basis for their California statutory claims. Both merely allege they noticed that the

Range would turn on inadvertently, and seek only economic damages. CAC ¶¶ 93, 118. As such, Plaintiffs' California statutory claims should be dismissed.

### B. Plaintiffs Mason and Hightower Fail to Plead Claims Under the Song-Beverly Consumer Warranty Act (Counts VI and VII).

Plaintiffs Mason and Hightower fail to state a claim for breach of express warranty under the Song-Beverly Act. To prevail on a breach of express warranty claim under the Song-Beverly Act, a plaintiff must prove that

> (1) the good had a nonconformity covered by the express warranty (the nonconformity element); (2) the good was presented to an authorized representative of the manufacturer for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element).

*Anderson v. Samsung Telecomms. Am., LLC*, 2014 WL 11430910, at *4 (C.D. Cal. Oct. 20, 2014) (citation omitted). "The second and third elements work in tandem, as there can only be a reasonable number of repair attempts if the consumer presented more than one opportunity to fix the nonconformity." *Id.*

First, as explained above in Section III.A *supra*, the alleged design defect was not covered by Plaintiffs' warranties.

Second, Mason and Hightower's warranties specify that, to obtain warranty service, customers should reach out to Samsung directly. Plaintiff Mason makes no allegation that he ever presented his Range to Samsung for repair. Plaintiff Hightower alleges that she "reached out to Costco regarding the Defect" after her one-year warranty expired—merely alleging she lodged a complaint that she believes was passed on to Samsung, but not that she presented her Range for repairs—and provided Samsung of "pre-suit notice of its breach of warranty." CAC ¶¶ 94, 274. *See Silvio v. Ford Motor Co*., 109 Cal. App. 4th 1205, 1209, 135 Cal. Rptr. 2d 846, 848 (Ct. App. 2003), *as modified* (June 19, 2003) ("A single attempt does not meet the statutory threshold, so

that there is no need for a trier of fact to determine its reasonableness."). Hightower's complaint to retailer Costco is insufficient to demonstrate she "presented to an authorized representative of the manufacturer for repair." As such, neither Mason nor Hightower can meet the "presentation" requirement for their claim.

Third, the Song–Beverly Act also provides that "every sale of consumer goods that are sold at retail in [California] shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. "[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use." *Taragan*, 2013 WL 3157918, at *4. Plaintiffs cannot show their Range was not fit for ordinary use because they successfully used and continue to use their Range to cook their food. CAC ¶¶ 92, 117. Moreover, Plaintiffs' claims for breach of implied warranty fail "due to their failure to allege injury." *Id.* at *5 (allegations that plaintiffs and class "have been placed in danger, since they are at undue risk of physical injury, property damage, and corresponding emotional harm" were "insufficient to establish the requisite injury necessary to state a viable claim for breach of implied warranty.").

### C. Plaintiffs Mason and Hightower Fail to State Claims Under the UCL (Counts VIII and IX).

1. <u>Plaintiffs' UCL Claims Should Be Dismissed Because Plaintiffs Are Not Entitled to Equitable Relief.</u>

The UCL offers two possible remedies—injunctive relief and restitution—both of which are equitable in nature. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1043 (9th Cir. 2021). A plaintiff must allege that he "lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a

prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy. On that point, *Sonner* holds that it does not."). Plaintiffs Mason and Hightower seek restitution and injunctive relief under the UCL, CAC ¶¶ 338, 345, but do not allege they lack an adequate remedy at law. *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) ("Under *Sonner*, the plaintiffs are required, at a minimum, to plead that they lack an adequate remedy at law, which they have not done."). As such, their UCL claims should be dismissed. *Shay v. Apple Inc.*, 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021).

      2.     <u>Plaintiffs Have Not Plausibly Alleged Any Unlawful, Unfair, or Fraudulent Act by Samsung.</u>

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs have not alleged liability under any of these three prongs. Because Plaintiffs allege Samsung's violations of the UCL are based partly on a theory of fraud, (*see, e.g.*, CAC ¶¶ 326), Plaintiffs must satisfy the heighted pleading standard of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Stewart*, 304 F. Supp. 3d at 905.

First, to state a claim under the "unlawful" prong of the UCL (Count IX), Plaintiffs must allege that a Samsung business practice "violates any federal or California statute or regulation." *Shaeffer v. Califia Farms, LLC*, 258 Cal. Rptr. 3d 270, 277 (Ct. App. 2020). However, "such allegations 'must state with reasonable particularity the facts supporting the statutory elements' of the alleged violation." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *16 (N.D. Cal. June 5, 2009*)* (citation omitted). Further, a UCL claim "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (Ct. App. 2001), *as modified* (May 22, 2001); *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 950 (Ct. App. 2018) ("when the underlying legal claim fails, so too will a derivative UCL claim.").

The only statute or regulation Plaintiffs point to in support of their unlawful argument is the Magnuson-Moss Warranty Act ("MMWA"). But Plaintiffs do not and cannot plead facts to support the statutory elements of a MMWA claim. *Martinez v. Ford Motor Co.*, 2022 WL 14118926, at *8 (S.D. Cal. Oct. 24, 2022) ("To state a claim under the [MMWA], Plaintiffs must adequately plead a cause of action for breach of a written or implied warranty under state law."); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.2008) ("disposition of the state law warranty claims determines the disposition of the [MMWA] claims."). As explained above in Section III *supra*, Plaintiffs have not adequately pled a claim for breach of express or implied warranty under California law or the Song-Beverly Act. *Taragan*, 2013 WL 3157918, at *5 ("The substantive elements are the same under the Song–Beverly Act and [MMWA]. Since the Song-Beverly Act claim is subject to dismissal, so too is Plaintiffs' companion claim under the [MMWA]."). Just as they fail to meet the "presentation" element of their Song-Beverly Act claim, they failed to provide an opportunity to cure under the MMWA. *Tapply*, 2023 WL 4678789, at *9 ("even assuming that Plaintiffs have stated state-law claims . . . and that the written one-year limited warranties in the user manuals for the Ranges fall within the MMWA, Plaintiffs' failure to provide an opportunity to cure is fatal to their claim."). Likewise, as discussed *supra*, Plaintiffs fail to plead their claims for fraud by omission or unjust enrichment. As such, Plaintiffs' claim under the UCL's unlawful prong falls with their other claims.

Second, to state a claim under the "unfair" prong of the UCL, courts consider whether the business practice at issue: (1) is "tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law"; (2) is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"; or (3) makes an impact on victims that outweighs "the reasons,

justifications and motives of the alleged wrongdoer." *Doe v. CVS Pharmacy*, 982 F.3d 1204, 1214-15 (9th Cir. 2020). Plaintiffs do not allege that these "practices" are tied to any underlying constitutional, statutory or regulatory provision, or antitrust laws. Rather, Plaintiffs only support their claim with conclusory, unsupported allegations that Samsung's conduct was "unconscionable, immoral, deceptive, unfair, illegal, unethical, oppressive, and/or unscrupulous." CAC ¶ 324.

Third, to state a claim under the "fraudulent" prong of the UCL, plaintiffs must allege that "members of the public are likely to be deceived" by Samsung's business practices. *See Shaeffer*, 258 Cal. Rptr. 3d at 277. But Plaintiffs do not identify any specific practice or statement that deceived them when they purchased their Ranges. As explained in Section II *supra*, Plaintiffs fail to plead Samsung was aware of an alleged defect or made any misrepresentation about it. As such, Plaintiffs cannot show Samsung took any action that was likely to deceive the public.

### 3.   Plaintiffs Fail to Allege Actual Reliance Under the UCL.

To survive a motion to dismiss a UCL claim, plaintiffs must plausibly allege actual reliance on the business practice at issue. *See Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1243 (N.D. Cal. 2017). A plaintiff must allege that the defendant's purported misrepresentation was "an 'immediate cause' of the plaintiff's conduct by showing that in its absence the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1362 n.6 (Ct. App. 2010) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). But Mason and Hightower do not identify any specific statement or misrepresentation that they relied on when purchasing their Ranges, merely alleging they were

aware the Ranges were covered by warranties, without knowing or seeing their contents. CAC ¶¶ 90, 115.

### D.  The Court Should Dismiss the California False Advertising Claim (Count X).

Plaintiffs Mason and Hightower do not adequately plead their California False Advertising Law claim. "A FAL claim is not cognizable when based solely on an omission of material information." *Stewart*, 304 F. Supp. 3d at 907; *Norcia v. Samsung Telecomms. Am., LLC*, 2015 WL 4967247, at * 8 (N.D. Cal. Aug. 20, 2015) ("There can be no FAL claim where there is no 'statement' at all."). "Even if a FAL claim involves a fraudulent omission or concealment, the complaint must still identify an affirmative statement that was made false or misleading by the omission of relevant and material information. . . . To the extent Plaintiffs' FAL claim is predicated on a theory of omission, Plaintiffs must identify an actual affirmative statement by [defendant] that was made false by the omission of some material fact." *Stewart*, 304 F. Supp. 3d at 908.

Here, Plaintiffs Mason and Hightower merely allege "Samsung made materially misleading omissions concerning the safety of the Ranges" without identifying any actual affirmative statement. CAC ¶ 348. Because Plaintiffs fail to identify any false misrepresentation, their FAL claim should be dismissed.

### E.  The Court Should Dismiss the California Consumers Legal Remedies Act Claims (Count XI).

The Consumer Legal Remedies Act prohibits certain "unfair methods of competition and unfair or deceptive acts or practices . . . undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). For omission-based claims under the CLRA, plaintiffs must show that defendant had a duty to disclose or that defendant made a partial misrepresentation. *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (Ct. App. 2006). "[A] manufacturer is not liable for a fraudulent omission

concerning a latent defect under the CLRA, unless the omission is 'contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose.'" *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Furthermore, to state a CLRA claim, a "[p]laintiff must also plead actual reliance." *Id.* The CLRA claim is subject to the heightened pleading requirements of Rule 9(b). *Kearns*, 567 F.3d at 1125.

The CLRA claims by Plaintiffs Mason and Hightower fail because, as shown in Section II *supra*, Samsung had no duty to disclose. Plaintiffs fail to allege Samsung had knowledge of the alleged defect or made any efforts to conceal a defect, and Plaintiffs fail to identify any specific misrepresentations about the defect at issue. Further, Plaintiffs fail to allege the alleged defect is a safety issue given that all Plaintiffs continue to use their Range, and no Plaintiffs seek any damages for personal injury or property damage. In addition, Plaintiffs identify no specific statements Plaintiffs actually relied on when purchasing their Ranges.

**VII.  The Court Should Dismiss All Remaining Plaintiffs' State Consumer Protection Claims (Counts XII-XX).**

The remaining Plaintiffs' statutory consumer protection claims under the laws of the other eight states are premised on the same underlying allegations as their common law claims, and fail for the same reasons. Plaintiffs fail to allege Samsung had knowledge of the alleged defect, do not plead Samsung had a duty to disclose the purported defect, and do not identify a single misrepresentation to form the basis of their claims. For these and other reasons articulated below, the Court should dismiss these statutory claims.

**A.  Missouri Merchandising Practices Act (Count XII)**

To establish a violation of the Missouri Merchandising Practices Act ("MMPA"), a plaintiff must establish that he "(1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; and that he (3) suffered an ascertainable loss of money or property;

(4) as a result of an act declared unlawful under the [MMPA]." *Bell v. Annie's, Inc.*, 2023 WL 3568623, at *3 (E.D. Mo. May 18, 2023). Further, under Missouri Statute § 407.025, a plaintiff must "establish . . . individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty." "Under the benefit-of-the-bargain rule, courts compare the actual product with the product as represented by the seller, not the product as conjured or hoped for by the consumer." *Abbott v. Golden Grain Co.*, 2023 WL 3975107, at *6 (E.D. Mo. June 13, 2023). Rule 9(b)'s heightened pleading standard applies to MMPA claims. *Craggs v. Fast Lane Car Wash & Lube, L.L.C.*, 402 F. Supp. 3d 605, 611 (W.D. Mo. 2019).

As explained in Section I *supra*, Plaintiffs have not shown they were deprived of the benefit of their bargain. Plaintiff Bosch alleges a box he left on his Range (against the clear warnings in his user manual) caught fire, but no significant damage to his property or person occurred as a result of the alleged defect. CAC ¶ 101. *See Vitello v. Natrol, LLC*, 50 F.4th 689, 694 (8th Cir. 2022) (plaintiff could not prove she suffered an ascertainable loss because product "was 'not intended to' do what she stated she purchased it for."). Plaintiff Bosch's Range's user manual explicitly warned against leaving flammable items on the Range, and he continues to use it to cook. CAC ¶ 102. Consequently, Bosch provides no evidence to establish an ascertainable loss with any reasonable degree of certainty, and thus his MMPA claim must be dismissed.

**B.  Nebraska Consumer Protection Act (Count XIII)**

Under the Nebraska Consumer Protection Act ("NCPA"), "[a]ny person who is injured in his or her business or property by a violation of sections 59-1602 to 59-1606 . . . may bring a civil action in the district court to enjoin further violations, to recover the actual damages sustained by him or her, or both[.]" Neb. Rev. Stat. Ann. § 59-1609. Plaintiff Tighe alleges he suffered economic damage due to the alleged defect in his Range. Tighe supports his claim by alleging his

Range was activated by a child, and burned a wooden board that he kept on top of the Range, against the express warnings of his user manual. CAC ¶ 75. Inexplicably, instead of adding child locks to prevent a child from activating the Range in the future, Tighe alleges his family put a table in front of their Range. *Id.* ¶ 76. Tighe cannot show he was "injured in his business or property," nor that he suffered "actual damages." Tighe does not allege he suffered any property damage or personal injury, nor can he allege his Range is not fit for its intended use since he only discovered the alleged defect when he was using the stove improperly, and he continues to use it. *Id.* As such, his NCPA claim should be dismissed.

### C.  Nebraska Uniform Deceptive Trade Practices Act (Count XIV)

The Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA") "allows for prospective, injunctive relief only." *Ordosgoitti v. Werner Enters., Inc.*, 2021 WL 826504, at *5 (D. Neb. Mar. 4, 2021) (citing Neb. Rev. Stat. § 87-303(a)). "[T]he statute provides prospective relief only in order to protect a plaintiff and the public from future harm, not to remedy past harms or to serve as a substitute for monetary damages. In particular, the statute allows "[a] person *likely to be damaged* by a deceptive trade practice" to seek an injunction, rather than one who has already claimed damage from one." *Id.*

Further, "[a]ny other request for equitable relief, such as disgorgement or restitution, is secondary to injunctive relief under the statute and thus not available where, as here, a plaintiff seeks it merely as a substitute for past damages." *Id.* As explained in Section I.B *supra*, Plaintiff Tighe cannot seek injunctive relief as he has already purchased a Samsung Range, alleges economic damages based on Samsung's past "marketing materials," is now aware of the alleged risks associated with the alleged deceptive or false advertising, and is therefore ineligible to seek injunctive relief. As such, his NUDPTA claim should be dismissed.

### D.  New York Deceptive Acts and Practices Act (Count XV)

Plaintiff Delahoy brings a claim for violations of New York Deceptive Acts and Practices Act ("NYGBL") §§ 349 and 350. Section 349 "prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state," while Section 350 "prohibits false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 309 (S.D.N.Y. 2021) (quotations omitted). "The standard for recovery under . . . § 350, while specific to false advertising, is otherwise identical to [§] 349. . . . To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Id.* Further, "consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have [not] suffered an injury under [NYGBL] § 349" absent a "manifestation of either pecuniary or 'actual' harm." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 720 N.E.2d 892, 898 (N.Y. 1999).

As explained in Section I *supra*, Plaintiff Delahoy does not allege that she suffered an injury in fact as a result of an alleged defect. Nor does she seek damages for any harm caused by the defect. Instead, she simply asserts she would not have purchased her Range absent Samsung's allegedly deceptive commercial practices. As such, her claim under NYGBL sections 349 and 350 should be dismissed.

### E.  Florida Deceptive and Unfair Trade Practices Act (Count XVI)

To state a Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim, a plaintiff must allege "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *St. Francis Holdings, LLC v. Pawnee Leasing Corp.*, 2020 WL 6287684, at *6 (M.D. Fla. Oct. 27, 2020) (citation omitted). Under Florida law, "[t]he members of [a] putative class who experienced

44

no actual loss have no claim for damages under FDUTPA." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. Dist. Ct. App. 2006)). FDUTPA "does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Id.* (citing *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008)).

Plaintiff Tastinger's FDUPTA claim fails because he experienced no actual loss. He alleges a towel, improperly left on the stove against the warnings and instructions in his user manual, caught fire. CAC ¶ 67. He does not seek damages for that towel, or any other property damage or personal injury, and continues to use his stove to cook. *Id.* ¶ 65. Because he cannot show actual damages, Plaintiff Tastinger's FDUTPA claim should be dismissed.

### F.  Texas Deceptive Trade Practices and Consumer Protection Act (Count XVII)

To state a claim under the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA") a plaintiff must allege that "(1) plaintiff is a consumer, (2) defendant engaged in false, misleading or deceptive acts, and (3) these acts constitute a producing cause of the consumer's damages." *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 852 (S.D. Tex. 2011). A DTPA violation for "failure to disclose requires the defendant to have known material information and have failed to bring it to the plaintiff's attention. Also, a defendant has no duty to disclose material facts that it should have known but does not." *Washburn v. Sterling McCall Ford*, 521 S.W.3d 871, 876 (Tex. App.–Houston [14th Dist.] 2017); *Sergeant Oil & Gas Co. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1362 (S.D. Tex. 1994) ("There is a distinction between a misrepresentation and a failure to disclose information. When a seller makes representations to the buyer, he is under a duty to know if his statements are true. However, no such duty to know the facts are true arises when the seller does not make representations, but merely fails to reveal

information which he does not know."). The DTPA "requires a plaintiff to prove detrimental reliance on the alleged false or misleading statement." *Gordon v. Sig Sauer, Inc.*, 2019 WL 4572799, at \*21 (S.D. Tex. Sept. 20, 2019). Further, it is "well-established that '[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b).'" *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009).

As explained in Section II.A.1 *supra*, Plaintiffs fail to sufficiently allege that Samsung had knowledge of the alleged defect, or had a duty to disclose under Texas law. Further, while Plaintiff Dunahoe alleges she "reviewed Samsung marketing materials" before purchasing her Range, *see* CAC ¶ 52, she does not plead reliance with particularity, failing to identify a single marketing material or statement she reviewed or relied on before her purchase. As such, her DTPA claim must be dismissed.

### G. Michigan Consumer Protection Act (Count XVIII)

The Michigan Consumer Protection Act ("MCPA") prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.903(1); *Herbrandson v. ALC Home Inspection Servs., Inc.*, 2004 WL 316275, at \*4 (Mich. Ct. App. Feb. 19, 2004) (dismissing MCPA claim where "[t]here was no evidence presented that defendant had knowledge of defective conditions"). Further, M.C.L. § 445.911(2), (3), and (4) require that the plaintiff bringing the action, including a class action, must have "suffer[ed] loss as a result of a violation" of the MCPA. Under Michigan law, "not all economic losses will establish the element of damages; only damages that arise from an actual, present injury." *Rakyta v. Munson Healthcare*, 2021 4808339, at \*3 (Mich. Ct. App. Oct. 14, 2021). "[E]ven an imminent future injury" or costs incurred presently to prevent future injury are insufficient to state a claim for damages. *Id*. at \*3-7 (putative class action properly dismissed where plaintiff alleged only possibility of future harm, for "plaintiff's allegations that she and the other potential class members

might suffer future injuries are too speculative to establish the damage elements of her claims").

"Claims under the MPCA for fraud or mistake must state the circumstances with particularity."

*HRL Land or Sea Yachts v. Travel Supreme, Inc.*, 2009 WL 427375, at *8 (W.D. Mich. Feb. 20, 2009).

As explained in Section I *supra*, Plaintiffs do not adequately allege damages or an actual loss. Plaintiff Michanowicz fails to allege he suffered any injury or damage as a result of the alleged defect. She merely states she noticed that her Range was being unintentionally actuated. CAC ¶ 84. In addition, Plaintiffs have not sufficiently alleged Samsung's knowledge here. *See* Section II.A.1, *supra*. As such, Plaintiff Michanowicz's MCPA claim should be dismissed.

### H.  Ohio Consumer Sales Practices Act (Count XIX)

The Court should dismiss Plaintiff Kleehamer's Ohio Consumer Sales Practices Act ("OCSPA") claim on an individual and class-wide basis. The OCSPA requires a defendant to have actual awareness or knowledge of a defect. *Szep*, 491 F. Supp. 3d at 297. As explained in Section II.A.1 *supra*, Plaintiffs fail to sufficiently plead Samsung's knowledge of the alleged defect. Further, to bring an OCSPA claim based on affirmative conduct, a plaintiff must allege that he "saw or was . . . aware of the alleged misrepresentations at any time before or during the purchase of the [allegedly defective product]." *Lilly, Jr. v. Hewlett-Packard Co.*, 2006 WL 1064063, at *5 (S.D. Ohio Apr. 21, 2006) (dismissing a plaintiff's OCSPA claim for failing to establish the requisite "cause and effect" relationship). Plaintiff Kleehamer alleges vaguely that she "reviewed Samsung marketing materials" before purchasing her Range (CAC ¶ 122), but fails to identify a single marketing material or statement she reviewed or relied on before her purchase. In addition, only "actual damages" of a "person injured by a deceptive trade practice of another," are recoverable under Section 4165.03(a)(2). Plaintiff Kleehamer does not allege she was harmed or suffered any loss as a result of the alleged defect, and merely states she "noticed that her Range

activated unintentionally." CAC ¶ 127. She does not argue the alleged defect interfered with her ability to use it to cook food, and continues to use her Range. For these reasons, her OCSPA claim should be dismissed on an individual basis.

Further, to pursue a violation of the OCSPA on behalf of a class, a plaintiff must allege that defendant "had prior notice that its conduct was 'deceptive or unconscionable.'" *St. Clair*, 581 F. Supp. 2d at 901 (citing O.R.C. § 1345.09(B)). "The prior notice may be in the form of a rule adopted by the state Attorney General or a judicial decision made publicly available." *Id.* (citing O.R.C. §§ 1345.05(A)(3), 1345.05(B)(2)). "Lack of prior notice requires dismissal of class action allegations." *Id.*; *McKinney v. Microsoft Corp.*, 2011 WL 13228141, at *14 (S.D. Ohio May 12, 2011) (dismissing class claim under OCSPA because "Plaintiff does not point out any rule or decision that would have given Defendant prior notice that its conduct was deceptive or unconscionable"); *Weske*, 934 F. Supp. 2d at 704 n.4 (because plaintiffs failed to identify cases establishing notice under OCSPA in its complaint "the Court will not consider them for purposes of the motion to dismiss"). Plaintiff Kleehamer cites no rule or judicial decision that would have provided Samsung notice of its alleged violation of the OCSPA. As such, her claim must also be dismissed on a class-wide basis.

### I.   Washington Consumer Protection Act (Count XX)

"To prevail in a private [Washington Consumer Protection Act ("WCPA")] claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Ride the Ducks Seattle LLC v. Ride the Ducks Int'l LLC*, 2022 WL 17904214, at *3 (W.D. Wash. Dec. 23, 2022). Further, under the WCPA, a duty to disclose arises only when the seller has knowledge of a latent defect. *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1280-81 (W.D. Wash. 2020).

As explained in Section I.A *supra*, Plaintiff Kugler is unable to allege any injury. She merely alleges that she "noticed that her Range was being actuated unintentionally." CAC ¶ 110. Further, Plaintiffs fail to sufficiently allege Samsung's knowledge of the alleged defect, and thus cannot establish a duty to disclose. As such, Plaintiff Kugler's claim under the WCPA should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully request that the Court dismiss the Complaint with prejudice.

Dated: October 9, 2023                              Respectfully submitted,


**ROBINSON MILLER LLC**

By: */s/  Justin T. Quinn_____*
       Justin T. Quinn, Esq.
       Ironside Newark
       110 Edison Place, Suite 302
       Newark, New Jersey 07102
       Telephone No.: (973) 690-5400
       Facsimile No.: (973) 466-2761
       jquinn@rwmlegal.com

**HUNTON ANDREWS KURTH LLP**

       Michael J. Mueller (*pro hac vice*)
       2200 Pennsylvania Avenue NW
       Washington, DC 20037
       Telephone No.: (202) 955-1500
       Facsimile No.: (202) 778-2201
       mmueller@HuntonAK.com

       Thomas R. Waskom (*pro hac vice*)
       951 E. Byrd Street
       Richmond, VA 23219
       Telephone No.: (804) 788-8200
       twaskom@HuntonAK.com

       *Attorneys for Defendants*