Zachary Arbitman
Partner
Telephone: 215.567.8300
Fax: 215.599.8333
zarbitman@feldmanshepherd.com

**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK DODIG LLP**

November 2, 2023

**VIA ECF**
Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      RE:   *Delahoy v. Samsung Electronics America, Inc., et al*.
              **Civil Action Nos. 22-04132 (CCC) (CLW)**

Dear Judge Waldor:

     We represent Plaintiffs in the above-captioned action and write in response to the letter motion (ECF 53) of Defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (collectively, "Samsung") seeking to stay all discovery in this case pending a ruling on their Motion to Dismiss the Consolidated Amended Complaint (ECF 51).

     Like Judge Espinosa in *Wesley v. Samsung Elec. Am., Inc*., this Court should deny Samsung's attempt to delay discovery indefinitely. *See* 2:20CV18629, ECF No. 25 (D.N.J. June 28, 2021). The pendency of a dispositive motion—particularly, one that has little chance of success—is not reason enough to issue a stay. Samsung likewise fails to provide any evidence of the hardship or inequity it claims it will suffer if it is required to comply with the Federal Rules of Civil Procedure and start discovery now. Allowing Samsung to delay discovery would, on the other hand, unduly prejudice Plaintiffs by preventing them from efficiently prosecuting their claims. Samsung's request for a stay should be denied.

## LEGAL STANDARD

     Motions to stay are disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Am. Neighborhood Mortg. Acceptance Co. v. CrossCountry Mortg., Inc*., 2022 WL 19728870, at *2 (D.N.J. July 15, 2022) (citation omitted).

     The courts of this District apply the Supreme' Court's standard in *Landis v. N. Am. Co*. 299 U.S. 248, 255 (1936), requiring the party requesting a stay to "make out a clear case of hardship or inequity" to establish the good cause needed to stay discovery. *Udeen v. Subaru of Am. Inc*., 378 F. Supp. 3d 330, 332 (D.N.J. 2019); *Actelion Pharm. Ltd. v. Apotex Inc*., No. 12-5743

Hon. Cathy L. Waldor, U.S.M.J.
November 2, 2023
Page 2

(NLH/AMD), 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013).  The factors that bear on weighing the relative hardships to the parties in entering a stay include:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Udeen*, 378 F. Supp. 3d at 332.

## ARGUMENT

**A.   Filing a Motion to Dismiss Does Not Constitute Good Cause for Staying Discovery.**

Samsung cites no controlling authority for its proposition that "discovery should not commence until plaintiffs establish a viable claim under Rule 12." ECF 53 at 3.  It instead relies primarily on case law from the Sixth, Eighth, Ninth, and Eleventh Circuits.  *Id.*  In the Third Circuit, as Samsung concedes, "the mere filing of a dispositive motion may not *per se* constitute 'good cause' to stay discovery." *Id.* at 4.

In fact, the "well settled" rule in this District is "that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *Gerald Chamales Corp. v. Oki Data Ams.*, Inc., 247 F.R.D. 453, 454 (D.N.J. 2007) (same).  This Court routinely denies the precise type of request lodged by Samsung in line with this principle.  *See Infucare Rx, Inc. v. Roy*, No. 22-cv-06342, ECF No. 62 (D.N.J. Mar. 30, 2023) (Waldor, J.) ("Finding no good cause to stay discovery pending resolution of Defendant's motion to dismiss, the Court denies the motion to stay."); *Strategic Prods. and Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-cv-00694, ECF No. 40 (D.N.J. Sept. 28, 2018) (Waldor, J.) (denying discovery stay pending motion to dismiss).

Samsung seeks to sidestep this Court's prior rulings by speculating that its Motion to Dismiss will "dispose of this matter entirely." ECF 53 at 1.  But Samsung's conjecture does not constitute the "clear case" needed to demonstrate good cause for the stay it requests.  Samsung's motion offers stock arguments that are unlikely to prevail and, certainly, unlikely to prevail wholesale.  *See Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *2 (S.D. Ohio Feb. 10, 2010) ("[A] stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."); *Gerald Chamales Corp.*, 247 F.R.D. at 454 (noting that a stay of discovery should not occur "in the absence of a clear and unmistakable result").[1]

---

[1] Samsung's cursory reference to the dismissal of plaintiffs' claims in *Tapply v. Whirlpool Corp.*, 2023 WL 4678789 (W.D. Mich. June 23, 2023) is unavailing.  *Tapply* is currently on appeal to the Sixth Circuit.  *Tapply v. Whirlpool Corp.*, No. 23-1666 (6th Cir.).  And, as will also be laid out in more detail in Plaintiffs' Opposition to Samsung's Motion to Dismiss, the matter at bar involves laws, claims, and underlying facts different from those pled in *Tapply*.

FELDMAN
SHEPHERD
WOHLGELERNTER
TANNER
WEINSTOCK
DODIG        LLP

This case is no different from any other matter where there is a chance that some discovery may be rendered obsolete by a ruling on a pending dispositive motion. *See Thompson v. Warren*, No. CIV.A. 13-4334 PGS, 2015 WL 3386487, at *3 (D.N.J. May 26, 2015). The decisions that Samsung cites are not controlling and otherwise distinguishable. In arguing that this District maintains a practice of staying class discovery pending resolution of motions to dismiss, Samsung cites *Gross-Quatrone v. New Jersey*, No. 20-11829-SDW-LDW, ECF 17 (D.N.J. Oct. 19, 2020). ECF 53 at 3. But that case did not involve class action claims; it was a two-plaintiff discrimination case wherein the State of New Jersey sought a stay of discovery while litigating Eleventh Amendment immunity issues. Samsung also cites *Kaplan v. Gen. Elec. Co.*, but the plaintiffs' attorney in that matter did not file a response to the defendants' letter request for a stay and the Court's Order granting a stay contained no good cause analysis. *See* No. 2:22-cv-05296-BRM-ESK, ECF No. 31 (D.N.J. Feb 9, 2023). Lastly, in *Okten v. ARS Nat'l Servs., Inc.*, discovery was stayed to give the defendant time to determine whether it would withdraw its pending motion to dismiss and file a more complete Rule 12(c) motion that included all alleged bases for dismissal under Rule 12. *See* No 2:22-00443, ECF No. 12 (WJM/MAH) (D.N.J. Apr. 8. 2022). In all, the authorities cited by Samsung do not mandate that class cases be treated any differently when considering a stay of discovery.

**B.**  **Samsung Provides No Evidence of Hardship or Inequity that Would Otherwise Demonstrate Good Cause for a Stay.**

"The party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Coyle*, 2009 WL 1652399, at *3. Anticipation of expensive discovery is not sufficient to establish undue hardship. *Shire US, Inc. v. Allergan, Inc.*, No. CV177716JMVSCM, 2018 WL 10152305, at *2 (D.N.J. June 12, 2018) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)). Even if it were, Samsung has made no case—let alone a "clear case"—of its claimed hardship or inequity in being required to go forward here. Samsung offers no affidavits or documentary support for the purported "burden, expense, and distraction to [its] business" that it will allegedly face if denied its stay. ECF 53 at 5.

**C.**  **An Indefinite Stay Would Unduly Prejudice Plaintiffs.**

Plaintiffs are prejudiced when "all discovery is stayed while waiting for defendants' motion to be decided." *Udeen*, 378 F. Supp. at 332-33 (denying request for discovery stay pending disposition of motion to dismiss). "Having filed their complaint Plaintiffs have a right to move forward." *Id.* at 333. Federal Rule of Civil Procedure 26(d)(1), which governs the "timing and sequence of discovery," opens discovery upon the parties' Rule 26(f) conference. *See Rand v. Duncan*, No. CV 23-2938 (KMW/MJS), 2023 WL 5499916, at *1 (D.N.J. Aug. 25, 2023) (citing Fed. R. Civ. P. 26(f)(2)). The parties held their Rule 26(f) conference on October 25, 2023, and on that same day, Samsung filed the instant request for a stay of discovery.

Hon. Cathy L. Waldor, U.S.M.J.
November 2, 2023
Page 4

In *Udeen*, another complex product safety class action, the plaintiffs sued defendant vehicle manufacturers for their sale and leasing of vehicles with a defective infotainment system posing a safety hazard. 378 F. Supp. 3d at 332. The manufacturers denied all liability, moved to dismiss the complaint, and filed a motion to stay discovery pending disposition of its motion to dismiss. *Id*. The Court denied the manufacturers' request for a stay. *Id*. The Court held that the need to move forward with discovery is particularly acute where, as here, "plaintiffs claim the alleged defect . . . is a safety hazard." *Id*. at 333. The Court further reasoned that "[d]efendants' concern about "extremely expensive" discovery [was] overblown." *Id*. "As is always the case, the Court expects to closely manage discovery to assure that plaintiffs' efforts are proportional." *Id*. Moreover, the early stage of the matter or the fact that no trial date had been set was not persuasive to the Court. *Id*. "It is almost always the case that a trial date is not set before a motion to dismiss is decided." *Id.*

The *Udeen* Court also noted that, "[g]iven the extensive briefing on defendants' motion and the expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted." 378 F. Supp. 3d at 333. The situation is similar here: Samsung filed a 49-page memorandum in 12-point font in support of its Motion to Dismiss and Plaintiffs received permission from the Court to file an opposition equal in length. ECFs 51-1 and 52. While Samsung speculates that its "Motion will be fully briefed and ripe for decision in a matter of weeks and ready for timely resolution by this Court," ECF 53 at 4-5, Samsung does not account for the Court's busy docket and the time needed for it to issue an order and opinion—and, therefore, the time this case would be left to stagnate if a stay is granted.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully requests that the Court deny Samsung's request to stay discovery.

Very truly yours,

*/s/ Zachary Arbitman*
Zachary Arbitman

Cc: All counsel of record (*via* ECF)

