Zachary Arbitman
Partner
Telephone: 215.567.8300
Fax: 215.599.8333
zarbitman@feldmanshepherd.com

December 20, 2024

**VIA ECF**

Hon. Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      RE:    *Delahoy v. Samsung Electronics America, Inc., et al.*
               **Civil Action No. 22-04132 (CCC) (CLW)**

Dear Judge Waldor:

We represent Plaintiffs in the above-captioned action. Pursuant to the Court's December 9, 2024 Order, the Plaintiffs, along with Defendants Samsung Electronics America, Inc. and Samsung Electronics, Co., Ltd. ("Samsung"), submit a status report regarding various outstanding discovery disputes.

On November 26, Plaintiffs submitted a letter to the Court requesting leave to file a motion to compel addressing several discovery disputes. ECF 120. Samsung filed its opposition letter on December 6 and Plaintiffs filed their reply on December 9. ECFs 123-24. Since, the parties have met and conferred by videoconference twice and through several emails. The below disputes remain. The parties could not agree on a uniform characterization of their disputes, so they submit separate position statements. Samsung does not sign on to Plaintiffs' position statement, and Plaintiffs' likewise do not sign on to Samsung's.

**Plaintiffs' Positions:**

**A.    General Objections**

**Definition of the defect.** Samsung objects to how Plaintiffs define the defect in their discovery requests. Plaintiffs believe their definition of the defect in their requests, which reference the Complaint by incorporation, is adequately precise. Yet, in an effort to compromise, Plaintiffs offered that the parties use the definition provided in Samsung's joint August 2024 recall with the CPSC of the ranges at issue for the defect complained of. Samsung does not accept this compromise.

**Ranges models at issue.** Samsung objects to producing any information regarding range models with front-mounted burner control knobs outside of those specific models owned by

December 20, 2024
Page 2

Plaintiffs. Plaintiffs challenge this objection on the basis that their claims capture other several front-mounted burner control knobs with substantially similar designs, including those that were part of Samsung's August 2024 recall.

Samsung also objects to producing any information regarding Samsung's ranges with the newly designed front-mounted burner control knobs. Plaintiffs challenge this objection on the basis that this evidence goes to, among other things, damages, including the manner and cost to repair the defective ranges.

**Temporal scope.** Samsung objects to producing otherwise discoverable materials created prior to Plaintiffs' date of purchase. Plaintiffs challenge this objection because sustaining such an objection would improperly prevent them from developing the evidence necessary to support key elements of their claims, including knowledge.

**B.     Specific Objections**

**Sales data (RPD #2).** Samsung will only produce sales data for the states in which Plaintiffs reside. Plaintiffs contest this objection because they have properly pled nationwide classes in their Complaint.

**Pricing data (RPD #3).** Samsung will only produce pricing data for the states in which Plaintiffs reside. Plaintiffs contest this objection because they have properly pled nationwide classes in their Complaint.

**Technical design materials (RPD #4)**. Samsung will not produce design materials until the parties reach agreement on Samsung's above general objections relating to the definition of the defect, which range models are at issue, and the relevant timeframe.

**Evaluation and testing (RPD #5).** Samsung will not produce evaluation and testing materials until the parties reach agreement on Samsung's above general objections relating to the definition of the defect, which range models are at issue, and the relevant timeframe.

**Complaints and claims regarding the defect (RPD #6, 9).** Samsung will not produce complaints and claims regarding the defect until the parties reach agreement on Samsung's above general objections relating to the definition of the defect, which range models are at issue, and the relevant timeframe.  And, even then, Samsung will not produce any complaints posted to Samsung.com or any complaints sent to it by the CPSC on the basis that those complaints are publicly available. Plaintiffs respond as follows: materials showing when Samsung received CPSC complaints or complaints to Samsung.com internally are important for demonstrating knowledge, among other things, and thus any purported objection based on public availability is without basis.

FELDMAN
SHEPHERD
WOHLGELERNTER
TANNER
WEINSTOCK
DODIG          LLP

December 20, 2024
Page 3

**Analysis of defect (RPD #7).** Samsung will not produce materials relating to its analysis of the defect until the parties reach agreement on Samsung's above general objections relating to the definition of the defect, which range models are at issue, and the relevant timeframe.

**Hazard and failure mode analyses (RPD #8).** Samsung will not produce materials relating to its hazard and failure mode analyses until the parties reach agreement on Samsung's above general objections relating to the definition of the defect, which range models are at issue, and the relevant timeframe.

**Samsung's Positions**

Over the past several weeks, the parties have narrowed their disputes about Plaintiffs' Renewed Set of Discovery Requests that are at issue now. To begin, Samsung only addresses here the status of discussions regarding that set of requests. As a result, some issues raised in Plaintiffs' sections are irrelevant because they involve Plaintiffs' First [sic: Second] Set served on November 26, to which Samsung has not yet had to respond. (For instance, Plaintiffs discuss whether Samsung should have to produce information about models the named plaintiffs did not purchase—but the Renewed Set of Discovery Requests *excludes* models the named plaintiffs did not purchase, so there cannot possibly be a ripe dispute about that issue. Plaintiffs' justification for seeking discovery of other ranges—based on an incorrect statement that the knobs have "substantially similar designs"—is irrelevant given that the requests at issue are specifically limited to "Named Plaintiffs' Range Models.") Further, in Samsung's view the most efficient way to discuss the scope of discovery and objections is in the framework of the requests themselves.

**Requests Regarding Sales and Price Data (RFPs 2 & 3)**: Plaintiffs have requested documents "sufficient to show" the volume of sales of the "Named Plaintiff Range Models," and the purchase price for those models. Samsung has agreed to produce responsive information for the states in which Plaintiffs reside. Plaintiffs argue that Samsung should be required to produce nationwide data, but they have conceded that certification of a nationwide class asserting claims like Plaintiffs' is, under current law, virtually impossible. Additionally, Samsung objects to producing information outside of a reasonable time period. Samsung has also informed Plaintiffs that in reality, Samsung does not possess much of the information responsive to these requests, which is why Plaintiffs have served subpoenas on third-party retailers.

**Requests Regarding Specifications, Testing and Analysis (RFPs 4, 5 & 8):** Plaintiffs have requested "all documents" regarding technical specifications and evaluation and testing of the range knobs and components. Samsung has not categorically objected to the production of responsive documents, but does object to producing "all documents" regarding "all materials and components" without limitation on relevance and disproportionality grounds. During the parties' December 12 meet-and-confer, Plaintiffs agreed to provide in writing a list of types of documents and information that Plaintiffs' request for specifications seeks in order to narrow the scope of the request. For example, Plaintiffs agreed that they are not seeking documents related to the chemical composition of the knobs.

December 20, 2024
Page 4

**Requests Regarding Consumer Complaints and Claims (RFPs 6 & 9):** Plaintiffs have requested "all documents" regarding "consumer complaints about the Defect," and a list of "claims" about "injury or property result[ing] from the Defect." Plaintiffs define "the Defect" as "latent defects in the design, or in the manufacture, of the Named Plaintiff Ranges Models' front-mounted burner control knobs that make the Ranges susceptible to unintentional actuation." Samsung does not object to producing documents, including consumer communications with Samsung Customer Service and a list of subrogation litigation, relevant to this action. Samsung's primary concern is that Plaintiffs' definition of "the Defect" is unworkable. If Samsung used Plaintiffs' definition, there would be no responsive documents because Samsung does not believe the ranges are "susceptible" to such inadvertent actuation (in fact, an infinitesimally small number of reports have been made against the volume of sales). To avoid that, Samsung has attempted to meet and confer regarding a definition that makes document collection and review feasible. Plaintiffs do not solve the problem by proposing to borrow language from the CPSC's recall notice: "Front-mounted knobs on the ranges can be activated by accidental contact by humans or pets, posing a fire hazard." Samsung does not agree that there is a fire hazard. Moreover, the CPSC recall pertained only to electric ranges; Plaintiffs' proposal to use the CPSC's language would expand the identification of a purported "hazard" to gas ranges for which no hazard has been identified and for which there are even fewer relevant complaints. And again, Samsung objects to producing information outside of a reasonable time period.

Samsung also objects to producing complaints that are equally accessible to Plaintiffs. For instance, all complaints made to CPSC are publicly available, and Plaintiffs' operative pleading already cites and attaches many of them. And "reviews" posted on Samsung's website are as easily collected by Plaintiffs as by Samsung.

**Requests Regarding Analysis of "the Defect" (RFP 7):** As with RFPs 6 and 9, RFP 7 is premised on a definition of "the Defect" that creates a null set of responsive documents. As discussed in the immediately preceding section, that problem must be remedied in order for Samsung to be able to meaningfully search for responsive documents.

Very truly yours,

/s/ *Zachary Arbitman*

Zachary Arbitman

Cc: All counsel of record (*via* ECF)

